IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEBEX COMMUNICATIONS, INC.; CISCO WEBEX LLC; CISCO SYSTEMS, INC., <br><br> Defendants. | CIVIL ACTION NO. 6:21-CV-00757 <br><br><br> JURY TRIAL DEMANDED |

**PALTALK, INC. COMPLAINT FOR
PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Paltalk Holdings, Inc. ("Paltalk") files this Complaint for patent infringement against defendants WebEx Communications, Inc., Cisco WebEx LLC, and Cisco Systems, Inc. (collectively, "Cisco"). This Complaint arises from Cisco's unlawful infringement of the following United States patent owned by Paltalk: U.S. Patent No. 6,683,858 ("'858 Patent") (the "Asserted Patent").

**Parties**

1.   Plaintiff Paltalk Holdings, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 30 Jericho Executive Plaza, Jericho, New York 11753. Paltalk Holdings, Inc. is a wholly owned subsidiary of Paltalk, Inc.

2.   Defendant WebEx Communications, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 170 W. Tasman Dr., San Jose, CA 95134. WebEx Communications, Inc. is registered to do business in the state of Texas. WebEx Communications, Inc. is doing business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States, and on information and belief, has a

regular and established place of business in this judicial district at its campuses at 12515-3 Research Park Loop, Austin, TX 78759, and at 18615 Tuscany Stone, San Antonio, TX 78258. On information and belief, WebEx Communications, Inc. was acquired by Cisco Systems, Inc. on March 15, 2007.

3. Defendant Cisco WebEx LLC is a corporation organized under the laws of the State of Delaware, with its principal place of business at 170 W. Tasman Dr., San Jose, CA 95134. Cisco WebEx LLC is registered to do business in the state of Texas. Cisco WebEx LLC is doing business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States, and on information and belief, has a regular and established place of business in this judicial district at its campuses at 12515-3 Research Park Loop, Austin, TX 78759, and at 18615 Tuscany Stone, San Antonio, TX 78258. Cisco WebEx LLC may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

4. Defendant Cisco Systems, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 170 W. Tasman Dr., San Jose, CA 95134. Cisco Systems is registered to do business in the state of Texas. Cisco Systems is doing business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States, and on information and belief, has a regular and established place of business in this judicial district at its campuses at 12515-3 Research Park Loop, Austin, TX 78759, and at 18615 Tuscany Stone, San Antonio, TX 78258. Cisco Systems may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

**Jurisdiction & Venue**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

6. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts of infringement of the Asserted Patent within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patent.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b). Defendants are registered to do business in Texas and, upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Defendants have a regular and established place of business in the District, including campuses at 12515-3 Research Park Loop, Austin, TX 78759, and at 18615 Tuscany Stone, San Antonio, TX 78258.[1]

**Count 1**
(Infringement of the '858 Patent)

8. Paltalk re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

---

[1] *See, e.g.*, *Contact Cisco*, CISCO, https://www.cisco.com/c/en/us/about/contact-cisco.html (last accessed Apr. 20, 2021) (showing San Antonio office address).

9. On January 27, 2004, the U.S. Patent & Trademark Office duly and legally issued the '858 Patent entitled "Hybrid server architecture for mixing and non-mixing client conferencing." A true and correct copy of the '858 Patent is attached as Exhibit A to this Complaint.

10. Paltalk is the owner of all rights, title, and interest in and to the '858 Patent, including the right to assert all causes of action arising under the '858 Patent and the right to any remedies for the infringement of the '858 Patent.

11. Claim 1 of the '858 Patent recites:

1. A method of providing audio conferencing for a plurality of clients using varying equipment and protocols, comprising the steps of:

   (1) receiving an audio packet from each of the plurality of clients;

   (2) determining which of the plurality of clients is an active speaker and forming an active speakers list;

   (3) determining that a first subset of the plurality of clients has the capability to mix multiple audio streams;

   (4) determining that a second subset of the plurality of clients does not have the capability to mix multiple audio streams;

   (5) multiplexing said packets of audio data received from each client on said active speakers list into a multiplexed stream;

   (6) sending said multiplexed stream to each of said first subset of the plurality of clients;

   (7) mixing said packets of audio data received from each client on said active speakers list into one combined packet; and

   (8) sending said combined packet to each of said second subset of the plurality of clients;

   whereby said plurality of clients can simultaneously participate in a single audio conference application.

12. Cisco has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '858 Patent in

violation of 35 U.S.C. § 271(a) because Cisco makes, uses, offers for sale, sells, and/or imports certain products, including within this District, such audio conferencing systems and methods that are implemented in at least the following products: Webex for Microsoft Windows, Webex for Apple iOS, Webex for Google Android, Webex for Apple macOS, Webex Meetings, Webex Teams (including Webex Teams Desktop), Webex VDI, Webex Training Center, Webex Support Center, Webex Event Center, Webex Sales Center, Webex Enterprise Edition, and Webex Connect ("'858 Accused Products"). Cisco's infringing use of the '858 Accused Products includes its internal use and testing of the '858 Accused Products.

13. The '858 Accused Products satisfy all claim limitations of one or more of the claims of the '858 Patent, including at least claim 1.

14. For example, the '858 Accused Products practice receiving an audio packet from each of a plurality of clients, determining which of the plurality of clients is an active speaker and forming an active speakers list, determining that a first subset of the plurality of clients has the capability to mix multiple audio streams, and determining that a second subset of the plurality of clients does not have the capability to mix multiple audio streams. Cisco provides, through its Webex products, an end-to-end Voice over Internet Protocol (VoIP) path for public switched telephone network (PSTN) users whether said users are dialing in or requesting a call back from Webex.[2] Further, Cisco's Webex software presents PSTN users alongside VoIP users, wherein both user types are shown audiovisual active speaker indicators within the software.[3]

---

[2] *Cisco Webex Edge Data Sheet*, CISCO, at 3-4, available at https://www.cisco.com/c/en/us/products/collateral/conferencing/webex-edge/data-sheet-c78-741264.pdf (last accessed Apr. 20, 2021); *Webex | Access Call Statistics*, CISCO, at 1, available at https://help.webex.com/en-us/netybjj/Webex-Access-Call-Statistics (last accessed Apr. 20, 2021) (displaying transmit and receive statistics, including codecs and transport protocols).

[3] *Webex Suite Comparison*, CISCO, at 1, available at https://www.cisco.com/c/en/us/products/conferencing/product_comparison.html (last accessed Apr. 20, 2021);

15. The '858 Accused Products also practice multiplexing packets of audio data received from each client on an active speakers list into a multiplexed stream, sending a multiplexed stream to each of a first subset of a plurality of clients, mixing packets of audio data received from each client on an active speakers list into one combined packet, and sending a combined packet to each of the second subset of the plurality of clients. Cisco's Webex products provide indicators as to multiplexing configuration changes of transported audio.[4] Webex Meetings, as one example of the '858 Accused Products, transports different audio types to different participants based upon participants' invidual connection methods (*e.g.*, PSTN vs. VoIP).[5]

16. The '858 Accused Products also practice in such a manner that a plurality of clients can simultaneously participate in a single audio conference application.[6]

17. Cisco has received notice and actual or constructive knowledge of the '858 Patent and the infringing nature of the '858 Accused Products since at least the date of service of this Complaint.

18. Since at least the date of service of this Complaint, through its actions, Cisco has indirectly infringed and continues to indirectly infringe the '858 Patent in violation of 35 U.S.C. § 271(b). Cisco has actively induced product makers, distributors, retailers, and/or end users of the '858 Accused Products to directly infringe the '858 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the '858 Accused Products in various websites, including providing and disseminating product

---

[4] *What's New in Cisco Webex Analytics and Troubleshooting*, CISCO, at 1, available at https://help.webex.com/en-us/n45okcs/What-s-New-in-Cisco-Webex-Analytics-and-Troubleshooting (last accessed Apr. 21, 2021).
[5] *Id* (noting different audio types used by participants attending Webex meetings).
[6] *Webex | The Number of People Who Can Join a Meeting*, CISCO, at 1, available at https://help.webex.com/en-us/na464seb/Webex-The-Number-of-People-Who-Can-Join-a-Meeting (last accessed Apr. 21, 2021).

descriptions, operating manuals, and other instructions on how to implement and configure the '858 Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.webex.com/
- https://www.webex.com/team-collaboration.html
- https://help.webex.com/en-us/0tow9g/Download-the-Cisco-Webex-Meetings-Desktop-App
- https://apps.apple.com/us/app/cisco-webex-meetings/id298844386
- https://apps.apple.com/us/app/cisco-webex/id833967564
- https://play.google.com/store/apps/details?id=com.cisco.webex.meetings&hl=en&gl=US
- https://play.google.com/store/apps/details?id=com.cisco.wx2.android&hl=en_US&gl=US
- https://www.webex.com/training-online.html
- https://www.cisco.com/c/en/us/td/docs/voice_ip_comm/cloudCollaboration/wbxt/vdi/wbx-teams-vdi-deployment-guide/wbx-teams-vdi-deployment_chapter_010.html
- https://www.cisco.com/c/en/us/products/conferencing/webex-support/index.html
- https://newsroom.cisco.com/press-release-content?type=webcontent&articleId=4013210
- https://www.webex.com/products/enterprise.html

19. Cisco does so knowing and intending that its customers and end users will commit these infringing acts. Cisco also continues to make, use, offer for sale, sell, and/or import the '858

Accused Products, despite its knowledge of the '858 Patent, thereby specifically intending for and inducing its customers to infringe the '858 Patent through the customers' normal and customary use of the '858 Accused Products.

20. In addition, Cisco has indirectly infringed and continues to indirectly infringe the '858 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the '858 Accused Products with knowledge that they are especially designed or adapted to operate in a manner that infringes that patent and despite the fact that the infringing technology or aspects of the products are not a staple article of commerce suitable for substantial non-infringing use.

21. For example, Cisco is aware that the technology described above included in the '858 Accused Products enables the product to operate as described above and that such functionality infringes the '858 Patent, including claim 1. Cisco continues to sell and offer to sell these products in the United States after receiving notice of the '858 Patent and how the products' functionality infringe that patent.

22. The infringing aspects of the '858 Accused Products can be used only in a manner that infringes the '858 Patent and thus have no substantial non-infringing uses. The infringing aspects of those instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

23. Paltalk has suffered damages as a result of Cisco's direct and indirect infringement of the '858 Patent in an amount adequate to compensate for Cisco's infringement, but in no event less than a reasonable royalty for the use made of the invention by Cisco, together with interest and costs as fixed by the Court.

**Demand for Jury Trial**

24. Paltalk hereby demands a jury trial for all issues so triable.

**Prayer for Relief**

WHEREFORE, Paltalk requests the that the Court:

(a) enter judgment that Cisco infringes one or more claims of the Asserted Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that Cisco has induced and/or contributed to infringement literally and/or under the doctrine of equivalents and continues to induce and/or contributed to infringement of one or more claims of the Asserted Patent;

(c) award Paltalk damages, to be paid by Cisco in an amount adequate to compensate Paltalk for such damages, together with pre-judgment and post-judgment interest for the infringement by Cisco of the Asserted Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284;

(d) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(e) award Paltalk its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: July 23, 2021    Respectfully submitted,

By: */s/ Max L. Tribble, Jr.*
    Max L. Tribble, Jr.
    State Bar No. 2021395
    Ryan Caughey
    State Bar No. 24080827
    Bryce T. Barcelo
    State Bar No. 24092081
    SUSMAN GODFREY L.L.P.
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002-5096
    Telephone: (713) 651-9366
    Fax: (713) 654-6666
    mtribble@susmangodfrey.com
    rcaughey@susmangodfrey.com
    bbarcelo@susmangodfrey.com

    Kalpana Srinivasan
    State Bar No. 237460
    SUSMAN GODFREY L.L.P.
    1900 Avenue of the Stars, 14th Floor
    Los Angeles, California 90067-6029
    Telephone: (310) 789-3100
    Fax: (310) 789-3150
    ksrinivasan@susmangodfrey.com

**COUNSEL FOR PLAINTIFF PALTALK HOLDINGS, INC.**