IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PALTALK HOLDINGS, INC., | § § § § § § § § § § | |
| **Plaintiff** | | |
| vs. | | NO. 6:21-cv-00757 |
| WEBEX COMMUNICATIONS, INC.; CISCO WEBEX LLC; CISCO SYSTEMS, INC., | | |
| **Defendants.** | | |

**DEFENDANTS CISCO SYSTEMS, INC.'S, WEBEX COMMUNICATIONS, INC.'S, AND CISCO WEBEX LLC'S ANSWER AND DEFENSES TO THE COMPLAINT**

Defendants Cisco Systems, Inc. ("Cisco"), WebEx Communications, Inc. ("WebEx Comms"), and Cisco WebEx LLC ("Cisco WebEx") (collectively, "Defendants"), answer plaintiff Paltalk Holdings, Inc.'s ("Paltalk") Complaint as follows. To the extent any allegation contained in the Complaint is not specifically admitted, it is expressly denied. Defendants deny that Paltalk is entitled to the relief requested or to any other relief.

## ANSWER

### Parties

1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and on that basis deny those allegations.

2.  WebEx admits that it is a corporation organized under the laws of the State of California, with its principal place of business at 170 W. Tasman Dr., San Jose, CA 95134. WebEx denies that it is registered to do business in the state of Texas. WebEx admits that it was acquired by Cisco Systems, Inc. on March 15, 2007. The remaining allegations in paragraph 2 of

the Complaint contain legal conclusions that require no response. To the extent that a response is required, Defendants deny these allegations. Except as expressly admitted herein, Defendants deny the remaining allegations in this paragraph.

3.     Cisco WebEx admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business at 170 W. Tasman Dr., San Jose, CA 95134. Cisco WebEx denies that it is registered to do business in the state of Texas. The remaining allegations in paragraph 3 of the Complaint contain legal conclusions that require no response. To the extent that a response is required, Defendants deny these allegations. Except as expressly admitted herein, Defendants deny the remaining allegations in this paragraph.

4.     Cisco admits that its principal place of business is located at 170 W. Tasman Dr., San Jose, CA 95134. Cisco admits it is registered to do business in the state of Texas. The remaining allegations in paragraph 4 of the Complaint contain legal conclusions that require no response. To the extent that a response is required, Defendants deny these allegations. Except as expressly admitted herein, Defendants deny the remaining allegations in this paragraph.

**Jurisdiction and Venue**

5.     Defendants admit that Paltalk purports to assert a claim arising under the patent laws of the United State, 35 U.S.C. §§ 1 *et seq.* and that Paltalk asserts that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). Otherwise, denied.

6.     Defendants admits for purposes of this action only that the Court has personal Jurisdiction over Defendants. Otherwise, denied. Defendants specifically deny that they have committed any act of infringement.

7.     Defendants Cisco WebEx and Webex deny that venue is proper under 35 U.S.C. § 1391 and 1400(b). Defendant Cisco admits that venue is proper under 35 U.S.C. § 1391 and 1400(b) for purposes of this specific action. Defendants deny that this venue is convenient or in the interest of justice, at least because Defendants are headquartered in and have their principal places of business in the Northern District of California, where likely witnesses, documents and

other sources of proof are located. Defendants specifically deny that they have infringed, or are now infringing, any patent; deny they have committed any acts that would give rise to a valid claim by Paltalk; and deny that Paltalk is entitled to any relief. Cisco admits that it has campuses at 1215-3 Research Park Loop, Austin, TX 78759 and at 18615 Tuscany Stone, San Antonio, TX 78258. The remaining allegations in paragraph 7 of the Complaint contain legal conclusions that require no response. To the extent that a response is required, Defendants deny these allegations. Except as expressly as admitted herein, Defendants deny the remaining allegations in this paragraph.

## Count 1
(Alleged Infringement of the '858 Patent)

8. Denied.

9. Defendants admit that Exhibit A of the Complaint purports to be a copy of U.S. Patent No. 6,683,858 ("'858 Patent") and bears the title, "Hybrid server architecture for mixing and non-mixing client conferencing." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint and on that basis deny those allegations.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and on that basis deny those allegations.

11. Defendants admit that the document speaks for itself.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Defendants admit that Paltalk served its Complaint on July 26, 2021. Otherwise

denied.

    18.    Denied.

    19.    Denied.

    20.    Denied.

    21.    Denied.

    22.    Denied.

    23.    Denied.

### Response to Paltalk's Demand for Jury Trial

24.    Defendants admit that Paltalk demands a trial by jury of any and all issues triable of right before a jury. Defendants deny that Paltalk is entitled to a trial by jury except as provided by law.

### Response to Paltalk's Prayer For Relief

Defendants deny any factual assertions contained in Paltalk's Prayer for Relief, and further deny that Paltalk is entitled to any relief, including but not limited to that requested in Paragraphs (a)-(e) of the Complaint's Prayer for Relief. Defendants deny any express or implied allegation within this paragraph that they have infringed, or are now infringing, any patent, and deny that Paltalk is entitled to damages, enhanced damages, attorney's fees, or any other relief.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery or otherwise.

**FIRST DEFENSE**
**(FAILURE TO STATE A CLAIM)**

Paltalk's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(NON-INFRINGEMENT OF U.S. PATENT NO. 6,683,858)**

Defendants have not infringed and do not infringe any valid and enforceable claim of the '858 Patent, either directly, indirectly, contributorily, by inducement, jointly, or in any other manner.

**THIRD DEFENSE**
**(INVALIDITY OF U.S. PATENT NO. 6,683,858)**

The claims of the '858 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101 et seq., e.g., 102, 103, and/or 112, and/or for otherwise being in violation of the sections of Parts I, II, and III of Title 35 of the United States Code.

For example, and without limitation, at least the following prior art references and prior art items offered for sale and/or publicly used or known anticipate, and/or render obvious (when considered in combination with each other), the claims of the '858 Patent that are identified in the Complaint: U.S. Pat. Nos. 6,327,276; 7,006,616; 6,657,975; 6,697,476; CA 2,242,426 A1.

**FOURTH DEFENSE**
**(NO INDUCED INFRINGEMENT)**

Defendants have never possessed and do not possess, any specific intent to induce infringement of the '858 Patent.

**FIFTH DEFENSE**
**(NO WILLFUL INFRINGEMENT)**

Defendants have not and do not willfully infringe the '858 Patent.

## SIXTH DEFENSE
## (LIMITATIONS ON DAMAGES AND COSTS)

Paltalk's claims for damages for alleged infringement are limited by 35 U.S.C. §§ 286 and/or 287, including but not limited to because Paltalk failed to provide adequate notice to Defendants of alleged infringement and is thus barred under 35 U.S.C. § 287 from recovering damages on one or more prior claims to the date of the filing of this action. Paltalk is further barred by 35 U.S.C. § 288 from recovering any costs associated with this action. In addition, Paltalk is precluded from recovering damages for any alleged infringement occurring more than six years prior to the filing of this action pursuant to 35 U.S.C. § 286.

## SEVENTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

Upon information and belief, Paltalk's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution of the '858 Patent and/or any related patents or patent applications. Defendants are investigating the facts relating to the procurement of the '858 Patent and the assertion of infringement against them and will continue to do so. To the extent that this investigation reveals any improprieties in connection with such matters, Defendants reserve the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

## EIGHTH DEFENSE
## (EQUITABLE DEFENSES)

Paltalk's claims are barred in whole or in part under principles of equity, including but not limited to prosecution laches, delay, waiver, implied waiver, acquiescence, estoppel, and/or unclean hands.

## NINTH DEFENSE
### (PALTALK CANNOT PROVE EXCEPTIONAL CASE)

Paltalk cannot prove that this is an exceptional case justifying an award of attorney's fees pursuant to 35 U.S.C. § 285.

## TENTH DEFENSE
### (STANDING)

To the extent that assignment of the '858 Patent was not effected prior to this action, Paltalk's claims are barred in whole or in part due to lack of standing.

## ADDITIONAL DEFENSES RESERVED
### (RESERVATION OF ADDITIONAL DEFENSES)

Defendants reserve all other defenses, including but not limited to those available under Rule 8 of the Federal Rules of Civil Procedure or the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available at any time in the future based on further discovery or factual investigation, any changes in the law, or any other reason permitted by law.

## PRAYER FOR RELIEF

Defendants respectfully pray for the following relief:

A. That Paltalk take nothing and that the Complaint be dismissed with prejudice.

B. That the Court enter a judgment declaring that Defendants have not infringed and does not infringe any claim of the Patents-in-Suit, either directly or indirectly, literally or under the doctrine of equivalents, willfully or in any other respect.

C. That the Court enter judgment declaring that every claim of the Patent-in-Suit is invalid.

D. That the Court award Defendants their attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285 and deny that Paltalk's case is exceptional; and

E. That the Court award Defendants any other relief the Court may deem just,

equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.

DATED:  September 30, 2021              **PERKINS COIE LLP**

By: */s/ Sarah E. Piepmeier*
Sarah E. Piepmeier (SBN 227094)
Elise S. Edlin (SBN 293756) (*pro hac vice* pending)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
spiepmeier@perkinscoie.com
eedlin@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

*Attorneys for Defendants Cisco Systems, Inc., WebEx Communications, Inc., and Cisco WebEx LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 30, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier
