# Exhibit 3



IW 8100914

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

**July 06, 2021**

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

**APPLICATION NUMBER:** *09/604,961*
**FILING DATE:** *June 28, 2000*
**PATENT NUMBER:** *6,683,858*
**ISSUE DATE:** *January 27, 2004*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

**JOHN A BURSON**
**Certifying Officer**

PT0000012

PATENT NUMBER

**6683858**

6683858

ISSUE CLASSIFICATION

JC112
16/2800

Subclass 263

Class 370

## U.S. UTILITY Patent Application

| O.I.P.E. | PATENT DATE |
|---|---|
| SCANNED | JAN 2024 |
| Q.A. | |

| APPLICATION NO. 09/604961 | CONT/PRIOR | CLASS 370 | SUBCLASS 260 | ART UNIT 2664 | EXAMINER B. Pham |
|---|---|---|---|---|---|

**APPLICANTS**

Frank Chu
Virgil Dobjanschi
Corey Gates
Katherine Kwan

**TITLE**

Hybrid server architecture for mixing and non-mixing client conferencing

PTO-2040
12/99

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLASS** | **SUBCLASS (ONE SUBCLASS PER BLOCK)** | | | | | |
| 370 | 263 | 379 | 202.01 | | | | | |

| INTERNATIONAL CLASSIFICATION | | | | | | | |
|---|---|---|---|---|---|---|---|
| H 0 4 L | 12/16 | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

☐ Continued on Issue Slip Inside File Jacket

| ☐ TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 4 | 4 | 1, 3 | 13 | 1 |

| ☐ The term of this patent subsequent to _____ (date) has been disclaimed. | BRENDA PHAM 9/15/03 | NOTICE OF ALLOWANCE MAILED |
|---|---|---|
| | (Assistant Examiner)      (Date) | 10-07-03 PSD |

| ☐ The term of this patent shall not extend beyond the expiration date of U.S Patent. No. _____ | S. Pal | ISSUE FEE |
|---|---|---|
| | | Amount Due | Date Paid |
| | 9/21/0 (Date) | 11-20-03 |
| | (Primary Examiner) | |

| ☐ The terminal _____ months of this patent have been disclaimed. | (signature) 10/8/03 | ISSUE BATCH NUMBER |
|---|---|---|
| | (Legal Instruments Examiner)   (Date) | |

**WARNING:**

The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 6/99)

FILED WITH: ☐ DISK (CRF) ☐ FICHE ☐ CD-ROM

**ISSUE FEE IN FILE**

(FACE)



FILED WITH: ☐ DISK (CRF) ☐ FICHE ☐ CD-ROM
Cust Box Nbr: RF047850606    Date: 03/17/2020
SKP Box Nbr: RF047850606    Box Type: 1.2    File Seq: 00007    1439F
Column Id: 0103185753
Location Id: M -46-01-2-19-0010-3-07-03    SP
File Descr: 09604961

DATA ENT – FILE
PT0000013

* 000007863583912 *



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

Bib Data Sheet

| SERIAL NUMBER 09/604,961 | FILING DATE 06/28/2000 RULE — | CLASS 370 | GROUP ART UNIT 2731 2664 | ATTORNEY DOCKET NO. 1719.0340000 |
|---|---|---|---|---|

**APPLICANTS**

Frank J. Chu, Cupertino, CA ;
Virgil Patrick Dobjanschi, Fremont, CA ;
Corey Gates, Belmont, CA ;
Katherine W. Kwan, San Jose, CA ;
Daniel W. Wright, San Jose, CA ;

** CONTINUING DATA *********************** none BP

** FOREIGN APPLICATIONS ****************** none BP

IF REQUIRED, FOREIGN FILING LICENSE
GRANTED ** 09/19/2000 —

| Foreign Priority claimed ☐ yes ☑ no | | STATE OR COUNTRY CA | SHEETS DRAWING 4 | TOTAL CLAIMS 13 | INDEPENDENT CLAIMS 3 |
|---|---|---|---|---|---|
| 35 USC 119 (a-d) conditions met ☐ yes ☑ no ☐ Met after Allowance | | | | | |
| Verified and Acknowledged | Examiner's Signature    Initials | | | | |

**ADDRESS**

Sterne Kessler Goldstein & Fox PLLC
Suite 600
1100 New York Avenue N W
Washington ,DC 20005-3934

**TITLE**

Hybrid server architecture for mixing and non-mixing client conferencing

| FILING FEE RECEIVED 840 | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT No. _____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees ( Filing ) |
| | | ☐ 1.17 Fees ( Processing Ext. of time ) |
| | | ☐ 1.18 Fees ( Issue ) |
| | | ☐ Other _____ |
| | | ☐ Credit |

file://C:\Apps\PreExam\correspondence\1_A.xml

12/27/00

PT0000014

Please type a sign(+) inside this bo    → ⊞

PTO/SB/05 (2/98)
for use through 09/30/2000. OMB 0651-0032
Patent and Trademar.   .ce: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**UTILITY PATENT APPLICATION TRANSMITTAL**

*(Only for new nonprovisional applications under 37 CFR § 1.53(b))*

| | |
|---|---|
| Attorney Docket No. | 1719.0340000 |
| First Inventor or Application Identifier | Frank J. Chu |
| Title | Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing |
| Express Mail Label No. | |

06/28/00   U.S. PTO   1719

**APPLICATION ELEMENTS**
*See MPEP chapter 600 concerning utility patent application contents.*

ADDRESS TO:   Assistant Commissioner for Patents
Box Patent Application
Washington, DC 20231

1. ☒ **\* Fee Transmittal Form** *(e.g., PTO/SB/17)*
   *(Submit an original, and a duplicate for fee processing)*

2. ☒ **Specification**   [Total Pages 19]
   *(preferred arrangement set forth below)*
   - Descriptive title of the Application
   - Cross References to Related Applications
   - Statement Regarding Fed sponsored R & D
   - Reference to Microfiche Appendix
   - Background of the Invention
   - Brief Summary of the Invention
   - Brief Description of the Drawings *(if filed)*
   - Detailed Description
   - Claim(s)
   - Abstract of the Disclosure

3. ☒ **Drawing(s)** (35 U.S.C. 113)   [Total Sheets 4 ]

4. ☐ **Oath or Declaration**   [Total Pages _____ ]

   a. ☐ Newly executed (original or copy)

   b. ☐ Copy from a prior application (37 CFR 1.63(d)) *(for continuation/divisional with Box 17 completed)*
   *[Note Box 5 below]*

      i. ☐ **DELETION OF INVENTOR(S)**
      Signed statement attached deleting inventor(s) named in the prior application, see 37 CFR §§ 1.63(d)(2) and 1.33(b).

5. ☐ **Incorporation By Reference** *(useable if Box 4b is checked)*
   The entire disclosure of the prior application, from which a copy of the oath or declaration is supplied under Box 4b, is considered as being part of the disclosure of the accompanying application and is hereby incorporated by reference therein.

6. ☐ Microfiche Computer Program *(Appendix)*

7. Nucleotide and/or Amino Acid Sequence Submission *(if applicable, all necessary)*

   a. ☐ Computer Readable Copy

   b. ☐ Paper Copy (identical to computer copy)

   c. ☐ Statement verifying identity of above copies

**ACCOMPANYING APPLICATION PARTS**

8. ☐ Assignment Papers (cover sheet & document(s))

9. ☐ 37 CFR 3.73(b) Statement   ☐ Power of Attorney
   (when there is an assignee)

10. ☐ English Translation Document *(if applicable)*

11. ☐ Information Disclosure   ☐ Copies of IDS Citations
    Statement (IDS)/PTO-1449

12. ☐ Preliminary Amendment

13. ☒ Return Receipt Postcard (MPEP 503)
    *(Should be specifically itemized)*

14. ☐ \*Small Entity Statement(s)   ☐ Statement filed in prior
    *(PTO/SB/09-12)*   application, Status still proper
    and desired

15. ☐ Certified Copy of Priority Document(s)
    *(if foreign priority is claimed)*

16. ☒ Other:   37 C.F.R. § 1.136(a)(3) Authorization

    ☐ Other:
    *\*NOTE FOR ITEMS 1 & 14: IN ORDER TO BE ENTITLED TO PAY SMALL ENTITY FEES, A SMALL ENTITY STATEMENT IS REQUIRED (37 C.F.R § 1.27), EXCEPT IF ONE FILED IN A PRIOR APPLICATION IS RELIED UPON (37 C.F.R. §1.28).*

17. If a **CONTINUING APPLICATION**, check appropriate box, and supply the requisite information below and in a preliminary amendment:

   ☐ Continuation   ☐ Divisional   ☐ Continuation-in-Part (CIP) of prior application No: _____ / _____

   *Prior application information:* Examiner _____   Group/Art Unit: _____

**18. CORRESPONDENCE ADDRESS**

☐ Customer Number
or Bar Code Label   *(Insert Customer No. or Attach bar code label here)*   or ☒ Correspondence
address below

| NAME | STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. |
| | Attorneys at Law |
| ADDRESS | Suite 600, 1100 New York Avenue, N.W. |
| CITY | Washington | STATE | DC | DC | ZIP CODE | 20005-3934 |
| COUNTRY | USA | TELEPHONE | (202) 371-2600 | FAX | (202) 371-2540 |

| NAME (Print/Type) | Raymond Millien | Registration No. (Attorney/Agent) | 43,806 |
| SIGNATURE | | Date | 6/28/00 |

Burden Hour Statement: this form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount **PT0000015** quired to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

SKGF Rev 6/3/98 mac

0340000.SB05

## STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

ATTORNEYS AT LAW

1100 NEW YORK AVENUE, N.W., SUITE 600

WASHINGTON, D.C. 20005-3934

www.skgf.com

PHONE: (202) 371-2600   FACSIMILE: (202) 371-2540

ROBERT GREENE STERNE
EDWARD J. KESSLER
JORGE A. GOLDSTEIN
SAMUEL L. FOX
DAVID K.S. CORNWELL
ROBERT W. ESMOND
TRACY-GENE G. DURKIN
MICHELE A. CIMBALA
MICHAEL B. RAY
ROBERT E. SOKOHL
ERIC K. STEFFE
MICHAEL Q. LEE

STEVEN R. LUDWIG
JOHN M. COVERT*
LINDA E. ALCORN
RAZ E. FLESHNER
ROBERT C. MILLONIG
MICHAEL V. MESSINGER
JUDITH U. KIM
TIMOTHY J. SHEA, JR.
DONALD R. McPHAIL
PATRICK E. GARRETT
STEPHEN G. WHITESIDE
JEFFREY T. HELVEY*

HEIDI L. KRAUS
JEFFREY R. KURIN
RAYMOND MILLIEN
PATRICK D. O'BRIEN
LAWRENCE B. BUGAISKY
CRYSTAL D. SAYLES*
EDWARD W. YEE
ALBERT L. FERRO*
DONALD R. BANOWIT
PETER A. JACKMAN
MOLLY A. McCALL
TERESA U. MEDLER

JEFFREY S. WEAVER
KRISTIN K. VIDOVICH
KENDRICK P. PATTERSON
DONALD J. FEATHERSTONE
GRANT E. REED
VINCENT L. CAPUANO
JOHN A. HARROUN*
MATTHEW M. CATLETT*
NATHAN K. KELLEY*
ALBERT J. FASULO II *
W. BRIAN EDGE*

KAREN E. MARKOWICZ**
SUZANNE E. ZISKA**
BRIAN J. DEL BUONO**
ANDREA J. KAMAGE**
NANCY J. LEITH**
TARJA H. NAUKKARINEN**

*BAR OTHER THAN D.C.
**REGISTERED PATENT AGENTS

June 28, 2000

*WRITER'S DIRECT NUMBER:*
(202) 789-5506
*INTERNET ADDRESS:*
RMILLIEN@SKGF.COM

Commissioner for Patents
Washington, D.C. 20231

***Box Patent Application***

Re:   U.S. Non-Provisional Utility Patent Application under 37 C.F.R. § 1.53(b)
      Appl. No. To Be Assigned; Filed: June 28, 2000
      For:   **Hybrid Server Architecture for Mixing And Non-Mixing Client
             Conferencing**
      Inventors:   Frank J. Chu, Virgil Patrick Dobjanschi, Corey Gates,
                   Katherine W. Kwan, and Daniel W. Wright
      Our Ref:   1719.0340000

Sir:

The following documents are forwarded herewith for appropriate action by the U.S.
Patent and Trademark Office:

1.     USPTO Utility Patent Application Transmittal Form PTO/SB/05;

2.     U.S. Utility Patent Application entitled:

       **Hybrid Server Architecture for Mixing And Non-Mixing Client
       Conferencing**

       and naming as inventors:

       **Frank J. Chu, Virgil Patrick Dobjanschi ,
       Corey Gates, Katherine W. Kwan and Daniel W. Wright**

**PT0000016**

Commissioner for Patents
June 28, 2000
Page 2

         the application comprising:

    a.    specification containing:

        i.    <u>13</u> pages of description prior to the claims;

        ii.    <u>5</u> pages of claims ( <u>13</u> claims);

        iii.    a one (1) page abstract;

    b.    <u>4</u> sheets of drawings: (Figures <u>1-4</u> );

3.    37 C.F.R. § 1.136(a)(3) Authorization to Treat a Reply As Incorporating An Extension of Time (in duplicate); and

4.    Two (2) return postcards.

    It is respectfully requested that, of the two attached postcards, one be stamped with the filing date of these documents and returned to our courier, and the other, prepaid postcard, be stamped with the filing date and unofficial application number and returned as soon as possible.

    This patent application is being submitted under 37 C.F.R. § 1.53(b) without Declaration and without filing fee.

                  Respectfully submitted,

                  STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

                  Raymond Millien
                  Attorney for Applicants
                  Registration No. 43,806

RVM\ejb
Enclosures

P:\USERS\VBLADES\Raymond Millien\1719\0340000.PTO
SKGF Rec. 5/12/00 mac

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
ATTORNEYS AT LAW
1100 NEW YORK AVENUE, N.W., SUITE 600
WASHINGTON, D.C. 20005-3934

www.skgf.com

PHONE: (202) 371-2600   FACSIMILE: (202) 371-2540

**DUPLICATE**

ROBERT GREENE STERNE
EDWARD J. KESSLER
JORGE A. GOLDSTEIN
SAMUEL L. FOX
DAVID K.S. CORNWELL
ROBERT W. ESMOND
TRACY-GENE G. DURKIN
MICHELE A. CIMBALA
MICHAEL B. RAY
ROBERT E. SOKOHL
ERIC K. STEFFE
MICHAEL O. LEE

STEVEN R. LUDWIG
JOHN M. COVERT*
LINDA A. ALCORN
RAZ E. FLESHNER
ROBERT C. MILLONIG
MICHAEL V. MESSINGER
JUDITH U. KIM
TIMOTHY J. SHEA, JR.
DONALD R. MCPHAIL
PATRICK E. GARRETT
STEPHEN G. WHITESIDE
JEFFREY T. HELVEY*

HEIDI L. KRAUS
JEFFREY R. KURIN
RAYMOND MILLIEN
PATRICK D. O'BRIEN
LAWRENCE B. BUGAISKY
CRYSTAL D. SAYLES*
EDWARD W. YEE
ALBERT L. FERRO*
DONALD R. BANOWIT
PETER A. JACKMAN
MOLLY A. MCCALL
TERESA U. MEDLER

JEFFREY S. WEAVER
KRISTIN K. VIDOVICH
KENDRICK P. PATTERSON
DONALD J. FEATHERSTONE
GRANT E. REED
VINCENT L. CAPUANO
JOHN A. HARROUN*
MATTHEW M. CATLETT*
NATHAN K. KELLEY*
ALBERT J. FASULO II *
W. BRIAN EDGE*

KAREN R. MARKOWICZ**
SUZANNE E. ZISKA**
BRIAN J. DEL BUONO**
ANDREA J. KAMAGE**
NANCY J. LEITH**
TARJA H. NAUKKARINEN**

*BAR OTHER THAN D.C.
**REGISTERED PATENT AGENTS

June 28, 2000

*WRITER'S DIRECT NUMBER:*
(202) 789-5506
*INTERNET ADDRESS:*
RMILLIEN@SKGF.COM

Commissioner for Patents
Washington, D.C. 20231

*Box Patent Application*

Re:   U.S. Non-Provisional Utility Patent Application under 37 C.F.R. § 1.53(b)
      Appl. No. To Be Assigned; Filed: June 28, 2000
      For:   **Hybrid Server Architecture for Mixing And Non-Mixing Client
             Conferencing**
      Inventors:   Frank J. Chu, Virgil Patrick Dobjanschi, Corey Gates,
                   Katherine W. Kwan, and Daniel W. Wright
      Our Ref:   1719.0340000

Sir:

     The following documents are forwarded herewith for appropriate action by the U.S.
Patent and Trademark Office:

     1.   USPTO Utility Patent Application Transmittal Form PTO/SB/05;

     2.   U.S. Utility Patent Application entitled:

          **Hybrid Server Architecture for Mixing And Non-Mixing Client
          Conferencing**

          and naming as inventors:

          **Frank J. Chu, Virgil Patrick Dobjanschi ,
          Corey Gates, Katherine W. Kwan and Daniel W. Wright**

PT0000018

Commissioner for Patents
June 28, 2000
Page 2

the application comprising:

a.    specification containing:

i.     13 pages of description prior to the claims;

ii.    5 pages of claims ( 13 claims);

iii.   a one (1) page abstract;

b.    4 sheets of drawings: (Figures 1-4 );

3.    37 C.F.R. § 1.136(a)(3) Authorization to Treat a Reply As Incorporating
      An Extension of Time (in duplicate); and

4.    Two (2) return postcards.

It is respectfully requested that, of the two attached postcards, one be stamped with the
filing date of these documents and returned to our courier, and the other, prepaid postcard, be
stamped with the filing date and unofficial application number and returned as soon as possible.

This patent application is being submitted under 37 C.F.R. § 1.53(b) without Declaration
and without filing fee.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Raymond Millien
Attorney for Applicants
Registration No. 43,806

RVM\ejb
Enclosures

P:\USERS\VBLADES\Raymond Millien\1719\0340000.PTO
SKGF Rec. 5/12/00 mac

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

ATTORNEYS AT LAW

1100 NEW YORK AVENUE, N.W. • WASHINGTON, D.C. 20005-3934

PHONE: (202) 371-2600 • FACSIMILE: (202) 371-2540 • www.skgf.com

ROBERT GREENE STERNE
EDWARD J. KESSLER
JORGE A. GOLDSTEIN
SAMUEL L. FOX
DAVID K.S. CORNWELL
ROBERT W. ESMOND
TRACY-GENE G. DURKIN
MICHELE A. CIMBALA
MICHAEL B. RAY
ROBERT E. SOKOHL
ERIC K. STEFFE
MICHAEL Q. LEE

STEVEN R. LUDWIG
JOHN M. COVERT*
LINDA E. ALCORN
ROBERT C. MILLONIG
MICHAEL V. MESSINGER
JUDITH U. KIM
TIMOTHY J. SHEA, JR.
DONALD R. McPHAIL
PATRICK E. GARRETT
STEPHEN G. WHITESIDE
JEFFREY T. HELVEY*
HEIDI L. KRAUS

JEFFREY R. KURIN
RAYMOND MILLIEN
PATRICK D. O'BRIEN
LAWRENCE B. BUGAISKY
CRYSTAL D. SAYLES
EDWARD W. YEE
ALBERT L. FERRO*
DONALD R. BANOWIT
PETER A. JACKMAN
MOLLY A. McCALL
TERESA U. MEDLER
JEFFREY S. WEAVER

KRISTIN K. VIDOVICH
KENDRICK P. PATTERSON
DONALD J. FEATHERSTONE
GRANT E. REED
VINCENT L. CAPUANO
JOHN A. HARADUN*
ALBERT J. FASULO II *
W. BRIAN EDGE*
ELDORA ELLISON FLOYD*
W. RUSSELL SWINDELL
THOMAS C. FIALA

KAREN R. MARKOWICZ**
SUZANNE E. ZISKA**
BRIAN J. DEL BUONO**
ANDREA J. KAMAGE**
NANCY J. LEITH**
ELIZABETH J. HAANES**
MARK P. TERRY**
TARJA H. NAUKKARINEN**

___

*BAR OTHER THAN D.C.
**REGISTERED PATENT AGENTS

December 19, 2000

*WRITER'S DIRECT NUMBER:*
(202) 789-5506
*INTERNET ADDRESS:*
RMILLIEN@SKGF.COM



Commissioner for Patents
Washington, D.C. 20231

*Box Missing Parts*

Re:   U.S. Patent Application
Appl. No. 09/604,961; Filed: June 28, 2000
For:   **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing**
Inventors:   Chu *et al.*
Our Ref:   1719.0340000

Sir:

In reply to the "Notice to File Missing Parts of Application--Filing Date Granted," dated September 19, 2000, Applicants submit the following documents for appropriate action by the U.S. Patent and Trademark Office:

1.   PTO Fee Transmittal Form PTO/SB/17 (in duplicate);

2.   Petition for Extension of Time under 37 C.F.R. § 1.136 (in duplicate);

3.   Copy of the Notice to File Missing Parts;

4.   Original Declaration, executed by the inventors;

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Commissioner for Patents
December 19, 2000
Page 2

5.   Our Check No. _29844_   for $950.00 to cover:

$710.00___   Filing Fee for Patent Application (37 C.F.R. § 1.16)
$130.00___   Surcharge for late filing of Declaration (37 C.F.R. § 1.16)
$110.00___   For extension of time fees under 37 C.F.R. § 1.136; and

6.   Return postcard.

It is respectfully requested that the attached postcard be stamped with the date of filing of these documents, and that it be returned to our courier.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036. If extensions of time under 37 C.F.R. § 1.136 other than those otherwise provided for herewith are required to prevent abandonment of the present patent application, then such extensions of time are hereby petitioned, and any fees therefor are hereby authorized to be charged to our Deposit Account No. 19-0036. A duplicate copy of this letter is enclosed.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Raymond Millien
Attorney for Applicants
Registration No. 43,806

0340000.pt2

# HYBRID SERVER ARCHITECTURE FOR MIXING AND NON-MIXING CLIENT CONFERENCING

*Inventors:*   Frank J. Chu
Virgil Patrick Dobjanschi
Corey Gates
Katherine W. Kwan
Daniel W. Wright

## *Background of the Invention*

### *Field of the Invention*

The present invention relates generally to computer-based telephony networks and more particularly to servers that manage telephony conferencing.

### *Related Art*

In today's technological environment, there exists many ways for several people who are in multiple geographic locations to communicate with one another simultaneously.   One such way is audio conferencing.   Audio conferencing applications serve both the needs of business users (e.g., national sales force meeting) and leisure users (e.g., audio chat room participants) who are geographically distributed.

Traditional audio conferencing involved a central conferencing server which hosted an audio conference.   Participants would use their telephones and dial in to the conferencing server over the Public Service Telephone Network (PSTN) (also called the Plain Old Telephone System (POTS)).

The availability of low-cost personal computers, networking equipment, telecommunications, and related technology, however, has dramatically changed the way people communicate.   One example of such change is the explosion of people connected to the global (sometimes referred to as the "public") Internet.

The connectivity achieved by the Internet--connecting numerous, different types of networks--is based upon a common protocol suite utilized by those **PT0000022**

-2-

computers connecting to it.  Part of the common protocol suite is the Internet
Protocol (IP), defined in Internet Standard (STD) 5, Request for Comments
(RFC) 791 (Internet Architecture Board).  IP is a network-level, packet (i.e., a
unit of transmitted data) switching protocol.

5          In recent years, the possibility of transmitting voice (i.e., audio) over the
worldwide public Internet has been recognized.  Voice over IP (VoIP) began with
computer scientists experimenting with exchanging voice using personal
computers (PCs) equipped with microphones, speakers, and sound cards.

          VoIP further developed when, in March of 1996, the International
10   Telecommunications Union-Telecommunications sector (ITU-T), a United
Nations organization, adopted the H.323 Internet Telephony Standard.  Among
its specifications, H.323 specifies the minimum standards (e.g., call setup and
control) that equipment must meet in order to send voice over the IP, and other
packet-switched network protocols where quality of sound cannot be guaranteed.
15   Thus, conferencing servers (also called multipoint control units (MCUs)) were
developed to host audio conferences where participants connected to a central
MCU using PC-based equipment and the Internet, rather than traditional phone
equipment over the PSTN.

          More recently, several alternatives to H.323 have been developed.  One
20   such alternative is the Session Initiation Protocol (SIP) developed within the
Internet Engineering Task Force (IETF) Multiparty Multimedia Session Control
(MMUSIC) Working Group.  SIP, which is well-known in the relevant art(s), is
a signaling protocol for Internet conferencing and telephony.  SIP addresses users
using an e-mail-like address and utilizes a portion of the infrastructure used for
25   Internet e-mail delivery.  SIP is more powerful than H.323 in providing call
control and extended feature sets.  It handles basic setup functions as well as
enhanced services (e.g., call forwarding).

          Given the rapid pace of development in the telephony industry--both in
protocols and equipment--and the existence of legacy equipment and protocols
30   (e.g., telephones and switching networks such as the PSTN), it is desirable **PT0000023**

-3-

conferencing servers (or MCUs) to provide support for users of both new (i.e., packet-based) and legacy (i.e., switching-based) systems. Therefore, what is needed is a hybrid server architecture for mixing and non-mixing client conferencing. The hybrid server should realize the capabilities of the various 5 participants' equipment (e.g., PC-based client versus phone-based clients) and provide the appropriate audio data to each participant.

## *Summary of the Invention*

The present invention is directed to a hybrid server architecture, that meets the above-identified needs, whereby mixing (e.g., PC-based clients) and 10 non-mixing (e.g., phone) clients can simultaneously participate in a single audio conference application.

The system of the present invention includes a receiver capable of receiving audio packets from each client, means for determining and keeping a list of clients who are currently active speakers, and means for storing 15 information (e.g., database, list, linked list, table, flag, or the like) indicative of whether each client has the capability to mix multiple audio streams.

The system also includes a multiplexor capable of multiplexing the packets of audio data received from each client on the list of active speakers into a multiplexed stream, and a mixer capable of mixing the packets of audio data 20 received from each client on the list of active speakers into one combined packet.

The system further includes means for sending the multiplexed stream to each of the clients which have the capability to mix multiple audio streams, and the combined packet to each of the plurality of clients which do not have the capability to mix multiple audio streams.

25 The method and computer program product of the present invention include the steps of receiving audio packets from each client, determining which are active speakers and forming an active speakers list. Then, the clients are divided into two categories--those which have the capability to mix multiple **PTO000024**

SKGF Ref. No. 1719.0340000

-4-

audio streams and those which do not. For those clients which can mix, the server multiplexes the packets of audio data received from each client on the active speakers list into a multiplexed stream. For those clients which cannot mix, the server mixes the packets of audio data received from each client on the active speakers list into one combined packet.

The method and computer program product of the present invention then send the multiplexed stream to each of the clients that can mix, and send the combined packet to each of the clients that cannot mix. The method and computer program product of the present invention also perform an "echo suppression" during the sending of either the multiplexed stream or combined packet so that each client, if they are an active speaker, will not hear themselves speaking.

An advantage of the present invention is that a single server or multipoint control unit (MCU) can provide conferencing services to multiple clients that are using varying equipment and protocols.

Another advantage of the present invention is that servers or MCUs, by realizing the audio mixing capabilities of their clients, can distribute the computational burden of mixing audio streams of the active speakers.

Another advantage of the present invention is that by providing multiplexed packets to clients who are capable of mixing, better sound quality is achieved by reducing the effect of "transcoding artifacts."

Yet another advantage of the present invention is that by providing multiplexed packets to clients who are capable of mixing, servers or MCUs can be scaled to support more simultaneous conferences due to the efficiency gained by not having to mix for every client.

Further features and advantages of the invention as well as the structure and operation of various embodiments of the present invention are described in detail below with reference to the accompanying drawings.

PT0000025

-5-

## *Brief Description of the Figures*

The features and advantages of the present invention will become more apparent from the detailed description set forth below when taken in conjunction with the drawings in which like reference numbers indicate identical or functionally similar elements. Additionally, the left-most digit of a reference number identifies the drawing in which the reference number first appears.

FIG. 1 is a block diagram illustrating the overall system architecture of an embodiment of the present invention, showing connectivity among the various components;

FIG. 2 is a block diagram illustrating the system architecture of a hybrid mixer according to an embodiment of the present invention;

FIG. 3 is a flowchart representing the general operational flow according to an embodiment of the present invention; and

FIG. 4 is a block diagram of an example computer system for implementing the present invention.

## *Detailed Description of the Preferred Embodiments*

### *I.    System Architecture Overview*

This present invention is directed to a hybrid server architecture for mixing (e.g., mixing capable PC clients connected via Internet Protocol (IP)) and non-mixing (e.g., phone) client conferencing. In a preferred embodiment of the present invention, a service provider supplies the infrastructure (i.e., a hybrid conferencing server or multi-point control unit (MCU)), agreement terms, and facilities so that clients (i.e., participants) who subscribe to their conferencing services can take part in a multi-party audio conference application. The service provider would also provide customer service, support, and billing as will be

PT0000026

apparent to one skilled in the relevant art(s) after reading the description herein. The clients would connect to the hybrid server using whatever equipment and protocol they currently have access to.

Referring to **FIG. 1**, a block diagram illustrating the system architecture of an embodiment of the present invention, showing connectivity among the various components, is shown. More specifically, **FIG. 1** illustrates a hybrid network architecture 100 for IP-based client and phone client conferencing. Architecture 100 includes a plurality of PC-based clients 102 (shown as clients 102a-102n) which connect to a wide area network (e.g., the public Internet) 104. The wide area network 104 is connected to the service provider's facilities through a router 106 and a switch 114 which is capable of routing IP packets.

Architecture 100 also includes a plurality of telephone-based clients 108 (shown as clients 108a-108n) which connect to the PSTN 110 (i.e., circuit-switched network). The PSTN 110 is connected to the service provider's facilities (i.e., server 116) through a gateway 112 and the switch 114.

Connected to the switch 114, is the service provider's server or multipoint control unit (MCU) 116, which includes a mixer 118. The switch 114 enables the service provider's MCU 116 to receive audio packets from both PC-based clients 102 using, for example, the SIP protocol, as well as receive H.323 protocol packets from the telephone-based clients 108 who connect via gateway 112.

The present invention is described in terms of the above example. This is for convenience only and is not intended to limit the application of the present invention. In fact, after reading the following description, it will be apparent to one skilled in the relevant art(s) how to implement the following invention in alternative embodiments (e.g., server 116 handling protocols and equipment other than those illustrated herein). Further, while **FIG. 1** illustrates mixer 118 as part of MCU 116, those skilled in the relevant art(s) will appreciate that mixer 118 can, in an alternate embodiment, be separated from, and coupled to, MCU 116.

The terms "client," "subscriber," "party," "participant," and the plural form of these terms may be used interchangeably throughout herein to refer PT00000027

those who would access, use, and/or benefit from the hybrid server of the present invention.

## II.    Mixer Architecture

Referring to **FIG. 2**, a block diagram illustrating the system architecture of a hybrid mixer 118 according to an embodiment of the present invention is shown. More specifically, the architecture of mixer 118 which allows the service provider to supply a hybrid network architecture 100 for IP-based client and phone client conferencing is now described in more detail.

Mixer 118 includes buffers 202 which receive audio packets from the clients 102 and 108 via switch 114. (See **FIG. 1**.) Mixer 118 also includes a packet retriever 206 which is coupled to buffers 202. The connection between buffers 202 and packet retriever 206, however, is only complete when a switch 204 is closed. Switch 204 is an event driven switch which can be timer driven. An event can be generated on a pre-determined time schedule (e.g., every 0.5 to 1.0 second). In an alternative embodiment, events may be buffer size driven. That is, an event may be generated every time buffers 202 receive a pre-determined number of audio data packets (e.g., 90 milliseconds of audio data for each speaker).

Mixer 118 also includes a packet mixer/multiplexor ("mix/mux") 208. The mix/mux 208 forms multiplexed audio packets to be sent to clients capable of mixing multiple audio streams (e.g., clients 102) and also forms mixed audio streams to be sent to non-mixing clients (e.g., clients 108 which have no capability to mix multiple audio streams). Mixer 118 also includes a packet sender 210 which forwards the packets created by mix/mux 208 to clients 102 and 108.

**PT0000028**

-8-

### III. System Operation

Referring to **FIG. 3**, a flowchart representing the general operational flow, according to an embodiment of the present invention, is shown. More specifically, **FIG. 3** depicts an example control flow 300 involved in providing a hybrid IP-based client and phone client audio conference. Control flow 300 begins at step 302. In step 302, an event is detected by the mixer 118 causing switch 204 to close. As mentioned above, such an event can be timer driven, where an event is generated on a pre-determined time schedule. In an alternative embodiment, events may be buffer size driven. That is, an event may be generated every time buffers 202 receive a pre-determined number of audio data packets from each speaker.

Upon detecting an event, control flow 300 proceeds to step 304. In step 304, a counter $j$ is set to one. (Assume there are $N$ clients currently participating in an audio conference application.) In step 306, control flow 300 determines whether the active speaker list needs to be updated. In an embodiment, the active speaker list is updated on a pre-determined time schedule which is independent of the event time schedule in step 302.

If the determination of step 306 is true, the list of active speakers is updated in step 308. The list of active speakers may be updated, in one embodiment, by comparing the average energy values of each participant's audio data. As will be apparent to one skilled in the relevant art(s), if a conference has $N$ participants, the sever will only allow a certain number of speakers $k$ to be considered "active" (i.e., those participants who are actually speaking rather than simply listening). (Where, for example, $k = 3 \ll N$.) This is because if the number of active speakers is too large, the data being sent by the server to every participant in the audio conference will be unintelligible (i.e., too many participants speaking on top of each other).

In step 310, control flow 300 determines whether all the parties have been sent an updated audio stream during the current event detected in step 302. **PTX0000029**

-9-

is, the determination of step 310 is whether $j$ is equal to $N$. If not, in step 312, control flow 300 determines whether party $j$ is a mixing client. Whether a particular party is a mixing client (e.g., a PC-based client 102 using SIP) or not (e.g., a telephone client 108 using H.323) is static state information which, in one embodiment, may be stored on the MCU 116 upon each client's connection to the audio conference. Such information storage can be in the form of a database, internal memory such as a list, linked list, table, or flag or the like.

Further, the determination of each client's mixing capability can be facilitated, in one embodiment, by the service provider inserting proprietary code into the audio stream or control stream received from its subscribers (i.e., clients 102 or 108). In an alternate embodiment, such mixing capability information may already be present in the audio stream received from subscribers as newer telephony protocols are developed by the IETF and the like.

In step 314, control flow 300 multiplexes (by employing mix/mux 208) the audio stream data (stored on retriever 206) for all $k$ active speakers. In step 314, active speaker audio data for each and every active speaker is multiplexed. However, as will be apparent to those skilled in the relevant art(s), if party $j$ is an active speaker, step 314 will not include party $j$'s own audio data in the multiplexed packets. This is, in essence, an echo suppression function so that party $j$ will not "hear themselves speak."

If step 312 determines that party $j$ is non-mixing client, then step 316 decodes all the active speaker audio data into raw uncompressed data. As in step 314, step 316 will decode all active speaker audio data for each and every active speaker. However, as will be apparent to those skilled in the relevant art(s), if party $j$ is an active speaker, step 316 will not include party $j$'s own audio data in the decoded data. This is, in essence, an echo suppression function so that party $j$ will not "hear themselves speak." Then, the active speaker data is mixed in step 318 and encoded into a single stream in step 320. For example, if there are two (i.e., $k = 2$) active speakers, step 320 will encode two 90ms raw frames of data and encode them into a single 90ms frame of data. **PT0000030**

-10-

Then, in step 322, control flow 300 either sends the multiplexed audio packet (created in step 314) to a mixing client or a mixed audio stream (created in step 320) to a non-mixing client. In step 324, the counter $j$ is incremented so that the next client can receive updated audio data during the current event detected in step 302. As will be appreciated by one skilled in the relevant art(s) and indicated by step 326, steps 310-324 loop until all participants (i.e., $j = N$) have been sent an updated audio stream during the current event detected in step 302. Thus, control flow 300 would continue until the server ceases to host the audio conference (i.e., the conference is over and terminated).

## IV.   Environment

The present invention (i.e., architecture 100, control flow 300, or any part thereof) may be implemented using hardware, software or a combination thereof and may be implemented in one or more computer systems or other processing systems. In fact, in one embodiment, the invention is directed toward one or more computer systems capable of carrying out the functionality described herein.

An example of a computer system 400 is shown in **FIG. 4**. The computer system 400 represents any single or multi-processor computer. The computer system 400 includes one or more processors, such as processor 404. The processor 404 is connected to a communication infrastructure 406 (e.g., a communications bus, cross-over bar, or network). Various software embodiments are described in terms of this exemplary computer system. After reading this description, it will become apparent to a person skilled in the relevant art how to implement the invention using other computer systems and/or computer architectures.

Computer system 400 can include a display interface 405 that forwards graphics, text, and other data from the communication infrastructure 402 (or from a frame buffer not shown) for display on the display unit 430.

PT0000031

-11-

Computer system 400 also includes a main memory 408, preferably random access memory (RAM), and may also include a secondary memory 410. The secondary memory 410 may include, for example, a hard disk drive 412 and/or a removable storage drive 414, representing a floppy disk drive, a magnetic tape drive, an optical disk drive, etc. The removable storage drive 414 reads from and/or writes to a removable storage unit 418 in a well-known manner. Removable storage unit 418, represents a floppy disk, magnetic tape, optical disk, etc. which is read by and written to by removable storage drive 414. As will be appreciated, the removable storage unit 418 includes a computer usable storage medium having stored therein computer software and/or data.

In alternative embodiments, secondary memory 410 may include other similar means for allowing computer programs or other instructions to be loaded into computer system 400. Such means may include, for example, a removable storage unit 422 and an interface 420. Examples of such may include a program cartridge and cartridge interface (such as that found in video game devices), a removable memory chip (such as an EPROM, or PROM) and associated socket, and other removable storage units 422 and interfaces 420 which allow software and data to be transferred from the removable storage unit 422 to computer system 400.

Computer system 400 may also include a communications interface 424. Communications interface 424 allows software and data to be transferred between computer system 400 and external devices. Examples of communications interface 424 may include a modem, a network interface (such as an Ethernet card), a communications port, a PCMCIA slot and card, etc. Software and data transferred via communications interface 424 are in the form of signals 428 which may be electronic, electromagnetic, optical or other signals capable of being received by communications interface 424. These signals 428 are provided to communications interface 424 via a communications path (i.e., channel) 426. This channel 426 carries signals 428 and may be implemented using wire or

PT0000032

-12-

cable, fiber optics, a phone line, a cellular phone link, an RF link and other communications channels.

In this document, the terms "computer program medium" and "computer usable medium" are used to generally refer to media such as removable storage drive 414, a hard disk installed in hard disk drive 412, and signals 428. These computer program products are means for providing software to computer system 400. The invention is directed to such computer program products.

Computer programs (also called computer control logic) are stored in main memory 408 and/or secondary memory 410. Computer programs may also be received via communications interface 424. Such computer programs, when executed, enable the computer system 400 to perform the features of the present invention as discussed herein. In particular, the computer programs, when executed, enable the processor 404 to perform the features of the present invention. Accordingly, such computer programs represent controllers of the computer system 400.

In an embodiment where the invention is implemented using software, the software may be stored in a computer program product and loaded into computer system 400 using removable storage drive 414, hard drive 412 or communications interface 424. The control logic (software), when executed by the processor 404, causes the processor 404 to perform the functions of the invention as described herein.

In another embodiment, the invention is implemented primarily in hardware using, for example, hardware components such as application specific integrated circuits (ASICs). Implementation of the hardware state machine so as to perform the functions described herein will be apparent to persons skilled in the relevant art(s).

In yet another embodiment, the invention is implemented using a combination of both hardware and software.

**PT0000033**

-13-

## V.    *Conclusion*

While various embodiments of the present invention have been described above, it should be understood that they have been presented by way of example, and not limitation. For example, the operational flow presented in **FIG. 3**, is for example purposes only and the present invention is sufficiently flexible and configurable such that it may flow in ways other than that shown.

Further, it will be apparent to persons skilled in the relevant art that various changes in form and detail can be made therein without departing from the spirit and scope of the invention. Thus the present invention should not be limited by any of the above-described exemplary embodiments, but should be defined only in accordance with the following claims and their equivalents.

**PT0000034**

-14-

## *What Is Claimed Is:*

1   1.   A method of providing audio conferencing for a plurality of clients using
2   varying equipment and protocols, comprising the steps of:

3        (1)   receiving an audio packet from each of the plurality of clients;

4        (2)   determining which of the plurality of clients is an active speaker
5   and forming an active speakers list;

6        (3)   determining that a first subset of the plurality of clients has the
7   capability to mix multiple audio streams;

8        (4)   determining that a second subset of the plurality of clients does not
9   have the capability to mix multiple audio streams;

10        (5)   multiplexing said packets of audio data received from each client
11   on said active speakers list into a multiplexed stream;

12        (6)   sending said multiplexed stream to each of said first subset of the
13   plurality of clients;

14        (7)   mixing said packets of audio data received from each client on said
15   active speakers list into one combined packet; and

16        (8)   sending said combined packet to each of said second subset of the
17   plurality of clients;

18        whereby said plurality of clients can simultaneously participate in a single
19   audio conference application.

1   2.   The method of claim 1, further comprising the step of:

2        before sending said multiplexed stream to one of said first subset of the
3   plurality of clients, removing from said multiplexed stream said packets of audio
4   data received from said one of said first subset of the plurality of clients when said
5   one of said first subset of the plurality of clients is on said active speakers list.

PT0000035

3.      The method of claim 1, further comprising the step of:

before sending said combined packet to one of said second subset of the plurality of clients, removing from said combined packet said packets of audio data received from said one of said second subset of the plurality of clients when said one of said second subset of the plurality of clients is on said active speakers list.

4.      The method of claim 1, wherein at least one of said first subset of the plurality of clients is using PC-based equipment and the Session Initiation Protocol (SIP).

5.      The method of claim 1, wherein at least one of said second subset of the plurality of clients is using a telephone and the H.323 protocol.

6.      A system for providing audio conferencing for a plurality of clients, comprising:

a receiver capable of receiving an audio packet from each of the plurality of clients;

means for maintaining a list of each of the plurality of clients that is an active speaker;

means for storing information indicative of whether each of the plurality of clients has the capability to mix multiple audio streams;

a multiplexor capable of multiplexing said packets of audio data received from each client on said list of active speakers into a multiplexed stream;

a mixer capable of mixing said packets of audio data received from each client on said list of active speakers into one combined packet; and

a packet sender capable of sending, based on information in said means for storing, said multiplexed stream to each of the plurality of clients which have the capability to mix multiple audio streams, and capable of sending said combined

**PT0000036**

-16-

16 packet to each of the plurality of clients which do not have the capability to mix
17 multiple audio streams;

18   whereby the plurality of clients can simultaneously participate in a single
19 audio conference application.

1  7. The system of claim 6, further comprising:

2   means for removing, before said packet sender sends said multiplexed
3 stream to one of the plurality of clients which have the capability to mix multiple
4 audio streams, from said multiplexed stream said packets of audio data received
5 from said one of the plurality of clients, when said one of the plurality of clients
6 is on said list of active speakers.

  8. The system of claim 6, further comprising:

   means for removing, before said packet sender sends said combined packet
 to one of the plurality of clients which do not have the capability to mix multiple
 audio streams, from said combined packet said packets of audio data received
 from said one of the plurality of clients, when said one of the plurality of clients
 is on said list of active speakers.

1  9. The system of claim 6, wherein at least one of the plurality of clients,
2 which has the capability to mix multiple audio streams, is using PC-based
3 equipment and the Session Initiation Protocol (SIP).

1  10. The system of claim 6, wherein at least one of the plurality of clients,
2 which does not have the capability to mix multiple audio streams, is using a
3 telephone and the H.323 protocol.

PT0000037

-17-

1    N.    A computer program product comprising a computer usable medium
2    having control logic stored therein for causing a computer to provide audio
3    conferencing for a plurality of clients using varying equipment and protocols, said
4    control logic comprising:

5         first computer readable program code means for causing the computer to
6    receive an audio packet from each of the plurality of clients;

7         second computer readable program code means for causing the computer
8    to determine which of the plurality of clients is an active speaker and forming an
9    active speakers list;

10        third computer readable program code means for causing the computer to
11   determine that a first subset of the plurality of clients has the capability to mix
12   multiple audio streams;

13        fourth computer readable program code means for causing the computer
14   to determine that a second subset of the plurality of clients does not have the
15   capability to mix multiple audio streams;

16        fifth computer readable program code means for causing the computer to
17   multiplex said packets of audio data received from each client on said active
18   speakers list into a multiplexed stream;

19        sixth computer readable program code means for causing the computer to
20   send said multiplexed stream to each of said first subset of the plurality of clients;

21        seventh computer readable program code means for causing the computer
22   to mix said packets of audio data received from each client on said active speakers
23   list into one combined packet; and

24        eighth computer readable program code means for causing the computer
25   to send said combined packet to each of said second subset of the plurality of
26   clients;

27        whereby the plurality of clients can simultaneously participate in a single
28   audio conference application.

PT0000038

-18-

12.     The computer program product of claim 11, further comprising:

ninth computer readable program code means for causing the computer, before sending said multiplexed stream to one of said first subset of the plurality of clients, to remove from said multiplexed stream said packets of audio data received from said one of said first subset of the plurality of clients when said one of said first subset of the plurality of clients is on said active speakers list.

13.     The computer program product of claim 11, further comprising:

ninth computer readable program code means for causing the computer, before sending said combined packet to one of said second subset of the plurality of clients, to remove from said combined packet said packets of audio data received from said one of said second subset of the plurality of clients when said one of said second subset of the plurality of clients is on said active speakers list.

PT0000039

-19-

# HYBRID SEVER ARCHITECTURE FOR MIXING AND NON-MIXING CLIENT CONFERENCING

## *Abstract*

A system, method and computer program product which allows both mixing (e.g., PC-based) and non-mixing (e.g., phone-based) clients to participate in a single audio conference. The system includes a hybrid multi-point control unit (i.e., conferencing server) that performs mixing for phone-based clients and multiplexing for PC-based clients. The method and computer program product determines which clients have the capability to mix multiple audio streams and which do not. For those clients capable of mixing, the server multiplexes the packets of audio data received from each client on the active speakers list into a multiplexed stream. For those clients that are not capable of mixing, the server mixes the packets of audio data received from each client on the active speakers list into one combined packet.

A277-64.wpd

**PT0000040**

SKGF Ref. No. 1719.0340000

PTO/SB/05 (2/98)
Approved for use through 09/30/2000. OMB 0651-0032
Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | |
|---|---|
| **UTILITY PATENT APPLICATION TRANSMITTAL** *(Only for new nonprovisional applications under 37 CFR § 1.53(b))* | Attorney Docket No. 1719.0340000 |
| | First Inventor or Application Identifier: Frank J. Chu |
| | Title: Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing |
| | Express Mail Label No. |

**ADDRESS TO:** Assistant Commissioner for Patents
Box Patent Application
Washington, DC 20231

## APPLICATION ELEMENTS
See MPEP chapter 600 concerning utility patent application contents.

1. ☒ * Fee Transmittal Form (e.g., PTO/SB/17)
   (Submit an original, and a duplicate for fee processing)

2. ☒ Specification [Total Pages 19]
   (preferred arrangement set forth below)
   - Descriptive title of the Invention
   - Cross References to Related Applications
   - Statement Regarding Fed sponsored R & D
   - Reference to Microfiche Appendix
   - Background of the Invention
   - Brief Summary of the Invention
   - Brief Description of the Drawings (if filed)
   - Detailed Description
   - Claim(s)
   - Abstract of the Disclosure

3. ☒ Drawing(s) (35 U.S.C. 113) [Total Sheets 4 ]

4. ☐ Oath or Declaration [Total Pages _____ ]
   a. ☐ Newly executed (original or copy)
   b. ☐ Copy from a prior application (37 CFR 1.63(d)) (for continuation/divisional with Box 17 completed)
   [Note Box 5 below]
      i. ☐ DELETION OF INVENTOR(S)
         Signed statement attached deleting inventor(s) named in the prior application, see 37 CFR §§ 1.63(d)(2) and 1.33(b).

5. ☐ Incorporation By Reference (useable if Box 4b is checked)
   The entire disclosure of the prior application, from which a copy of the oath or declaration is supplied under Box 4b, is considered as being part of the disclosure of the accompanying application and is hereby incorporated by reference therein.

6. ☐ Microfiche Computer Program (Appendix)

7. Nucleotide and/or Amino Acid Sequence Submission (if applicable, all necessary)
   a. ☐ Computer Readable Copy
   b. ☐ Paper Copy (identical to computer copy)
   c. ☐ Statement verifying identity of above copies

### ACCOMPANYING APPLICATION PARTS

8. ☐ Assignment Papers (cover sheet & document(s))
9. ☐ 37 CFR 3.73(b) Statement      ☐ Power of Attorney
   (when there is an assignee)
10. ☐ English Translation Document (if applicable)
11. ☐ Information Disclosure      ☐ Copies of IDS Citations
    Statement (IDS)/PTO-1449
12. ☐ Preliminary Amendment
13. ☒ Return Receipt Postcard (MPEP 503)
    (Should be specifically itemized)
14. ☐ *Small Entity Statement(s)      ☐ Statement filed in prior
    (PTO-SB-09-12)                         application, Status still proper
                                           and desired
15. ☐ Certified Copy of Priority Document(s)
    (if foreign priority is claimed)
16. ☒ Other: 37 C.F.R. § 1.136(a)(3) Authorization
    ☐ Other:

*NOTE FOR ITEMS 1 & 14: IN ORDER TO BE ENTITLED TO PAY SMALL ENTITY FEES, A SMALL ENTITY STATEMENT IS REQUIRED (37 C.F.R § 1.27), EXCEPT IF ONE FILED IN A PRIOR APPLICATION IS RELIED UPON (37 C.F.R. §1.28).

17. If a CONTINUING APPLICATION, check appropriate box, and supply the requisite information below and in a preliminary amendment:

☐ Continuation      ☐ Divisional      ☐ Continuation-in-Part (CIP) of prior application No: _____ / _____

Prior application information: Examiner _____      Group/Art Unit: _____

## 18. CORRESPONDENCE ADDRESS

☐ Customer Number or Bar Code Label : ....(Insert Customer No. or Attach bar code label here).... or ☒ Correspondence address below

| | |
|---|---|
| NAME | STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C. |
| | Attorneys at Law |
| ADDRESS | Suite 600, 1100 New York Avenue, N.W. |
| CITY | Washington   STATE DC   ZIP CODE 20005-3934 |
| COUNTRY | USA   TELEPHONE (202) 371-2600   FAX (202) 371-2540 |

| NAME (Print/Type) | Raymond Millien | Registration No. (Attorney/Agent) | 43,806 |
|---|---|---|---|
| SIGNATURE | | Date 6/28/00 | |

Burden Hour Statement: this form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

SKGF Rev 6/3/98 mac

0340000.SB05

PT0000041



FIG. 1

0002-63.vsd/1

PT0000042

AS ORIGINALLY FILED



FIG. 2

0002-63.vsd/2

PT0000043



**FIG. 3**

0002-63.vsd/3

PT0000044

Computer System 400



FIG. 4

0002-63.vsd/4

PT0000045



FIG. 1

6683858

0002-99.vsd/1

PT0000046



**FIG. 2**

PT0000047
0002-63.vsd/2



**FIG. 3**

PT0000048
0002-63.vsd/3

Computer System 400

Processor 404

Main Memory 408

Display Interface 402 → Display 430

Communication Infrastructure 406

Secondary Memory 410

Hard Disk Drive 412

Removable Storage Drive 414 --- Removable Storage Unit 418

Interface 420 --- Removable Storage Unit 422

428

Communications Interface 424

Communications Path 426

**FIG. 4**

0002-63.vsd/4

PT0000049

# PATENT APPLICATION FEE DETERMINATION RECORD
## Effective December 29, 1999

**Application or Docket Number:** 09 604 961

## CLAIMS AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | | (Column 2) NUMBER EXTRA | SMALL ENTITY TYPE ☐ RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | | 345.00 | OR | | 690.00 |
| TOTAL CLAIMS | 13 | minus 20= | * | X$ 9= | | OR | X$18= | |
| INDEPENDENT CLAIMS | 3 | minus 3 = | * | X39= | | OR | X78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | | +130= | | OR | +260= | |
| | | | | TOTAL | | OR | TOTAL | 690 |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| Independent | * | Minus | *** | = | X39= | | OR | X78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| Independent | * | Minus | *** | = | X39= | | OR | X78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| Independent | * | Minus | *** | = | X39= | | OR | X78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

*U.S. GPO. 2000-463-433/29044

PU0000050

FORM PTO-875
(Rev. 12/99)

|   | Type | L # | Hics | Search Text | DBs | Time Stamp | Comments |
|---|------|-----|------|-------------|-----|------------|----------|
| 1 | BRS | L1 | 901 | conferenc$3 same packet same (audio or voice) | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2003/09/15 12:29 | |
| 2 | BRS | L2 | 120 | conferenc$3 same (mix$3 or multiplex$3) same audio same packet | USPAT; US-PGPUB; EPO; JPO; DERWENT; IBM_TDB | 2003/09/15 13:02 | |
| 3 | IS&R | L3 | 449 | (370/260,261, 262,263).CCLS. | USPAT | 2003/09/15 12:45 | |

PT0000051



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

Chu *et al.*

Appl. No. To Be Assigned

Filed: June 28, 2000

For:     **Hybrid Server Architecture for
         Mixing and Non-Mixing Client
         Conferencing**

Art Unit:   To Be Assigned

Examiner:   To Be Assigned

Atty. Docket: 1719.0340000

## Authorization To Treat A Reply As Incorporating An Extension Of Time Under 37 C.F.R. § 1.136(a)(3)

Commissioner for Patents
Washington, D.C. 20231

Sir:

      The U.S. Patent and Trademark Office is hereby authorized to treat any concurrent or future reply that requires a petition for an extension of time under this paragraph for its timely submission, as incorporating a petition for extension of time for the appropriate length of time. The U.S. Patent and Trademark Office is hereby authorized to charge all required extension of time fees to our Deposit Account No. 19-0036, if such fees are not otherwise provided for in such reply. A duplicate copy of this authorization is enclosed.

      Respectfully submitted,

      STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

      Raymond Millien
      Attorney for Applicants
      Registration No. 43,806

Date:     6/28/00

1100 New York Avenue, N.W.
Suite 600
Washington, D.C. 20005-3934
(202) 371-2600
RVM\ejb
P:\USERS\VBLADES\Raymond Millien\1719\0340000.AUT

PT0000052

SKGF 4/27/00 mac

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE



In re application of:

Chu *et al*.

Appl. No. To Be Assigned

Filed: June 28, 2000

For: **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing**

Art Unit:   To Be Assigned

Examiner:   To Be Assigned

Atty. Docket: 1719.0340000

# DUPLICATE

## Authorization To Treat A Reply As Incorporating An Extension Of Time Under 37 C.F.R. § 1.136(a)(3)

Commissioner for Patents
Washington, D.C. 20231

Sir:

The U.S. Patent and Trademark Office is hereby authorized to treat any concurrent or future reply that requires a petition for an extension of time under this paragraph for its timely submission, as incorporating a petition for extension of time for the appropriate length of time. The U.S. Patent and Trademark Office is hereby authorized to charge all required extension of time fees to our Deposit Account No. 19-0036, if such fees are not otherwise provided for in such reply. A duplicate copy of this authorization is enclosed.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Raymond Millien
Attorney for Applicants
Registration No. 43,806

Date: 6/28/00

1100 New York Avenue, N.W.
Suite 600
Washington, D.C. 20005-3934
(202) 371-2600
RVM\ejb
P:\USERS\VBLADES\Raymond Millien\1719\0340000.AUT

**PT0000053**
SKGF 4/27/00 mac

 UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 |

Sterne Kessler Goldstein & Fox PLLC
Suite 600
1100 New York Avenue N W
Washington, DC 20005-3934

**FORMALITIES LETTER**


*OC000000005411202*

Date Mailed: 09/19/2000

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

#### *Filing Date Granted*

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given TWO MONTHS from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The statutory basic filing fee is missing.
  *Applicant must submit $ 690 to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).*
- The oath or declaration is missing.
  *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*
- To avoid abandonment, a late filing fee or oath or declaration surcharge as set forth in 37 CFR 1.16(e) of $130 for a non-small entity, must be submitted with the missing items identified in this letter.

- **The balance due by applicant is $ 820.**

*A copy of this notice __MUST__ be returned with the reply.*

Customer Service Center
Initial Patent Examination Division (703) 308-1202
PART 3 - OFFICE COPY

PT0000054 9/19/00



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 |

Sterne Kessler Goldstein & Fox PLLC
Suite 600
1100 New York Avenue N W
Washington, DC 20005-3934



**FORMALITIES LETTER**

*OC000000005411202*

Date Mailed: 09/19/2000

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

### FILED UNDER 37 CFR 1.53(b)

*Filing Date Granted*

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given TWO MONTHS from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The statutory basic filing fee is missing.
  *Applicant must submit $ 690 to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).*
- The oath or declaration is missing.
  *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*
- To avoid abandonment, a late filing fee or oath or declaration surcharge as set forth in 37 CFR 1.16(e) of $130 for a non-small entity, must be submitted with the missing items identified in this letter.

- **The balance due by applicant is $ 820.**

---

*A copy of this notice **MUST** be returned with the reply.*

Customer Service Center
Initial Patent Examination Division (703) 308-1202
PART 2 - COPY TO BE RETURNED WITH RESPONSE

12/20/2000 SDUONG    00000203 09604961

01 FC:101                 710.00 OP
02 FC:105                 130.00 OP

SECTOR

OIPE

DEC 1 9 2000

JC61

PATENT & TRADEMARK OFFICE

## STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

ATTORNEYS AT LAW

1100 NEW YORK AVENUE, N.W. • WASHINGTON, D.C. 20005-3934

PHONE: (202) 371-2600 • FACSIMILE: (202) 371-2540 • www.skgf.com

| | | | | |
|---|---|---|---|---|
| ROBERT GREENE STERNE | STEVEN R. LUDWIG | JEFFREY R. KURIN | KRISTIN K. VIDOVICH | KAREN R. MARKOWICZ** |
| EDWARD J. KESSLER | JOHN M. COVERT* | RAYMOND MILLIEN | KENDRICK P. PATTERSON | SUZANNE E. ZISKA** |
| JORGE A. GOLDSTEIN | LINDA E. ALCORN | PATRICK D. O'BRIEN | DONALD J. FEATHERSTONE | BRIAN J. DEL BUONO** |
| SAMUEL L. FOX | ROBERT C. MILLONIG | LAWRENCE B. BUGAISKY | GRANT E. REED | ANDREA J. KAMAGE** |
| DAVID K.S. CORNWELL | MICHAEL V. MESSINGER | CRYSTAL D. SAYLES | VINCENT L. CAPUANO | NANCY J. LEITH** |
| ROBERT W. ESMOND | JUDITH U. KIM | EDWARD W. YEE | JOHN A. HARROUN* | ELIZABETH J. HAANES** |
| TRACY-GENE G. DURKIN | TIMOTHY J. SHEA, JR. | ALBERT L. FERRO* | ALBERT J. FASULO II * | MARK P. TERRY** |
| MICHELE A. CIMBALA | DONALD R. McPHAIL | DONALD R. BANOWIT | W. BRIAN EDGE* | TARJA H. NAUKKARINEN** |
| MICHAEL B. RAY | PATRICK E. GARRETT | PETER A. JACKMAN | ELDORA ELLISON FLOYD* | |
| ROBERT E. SOKOHL | STEPHEN G. WHITESIDE | MOLLY A. McCALL | W. RUSSELL SWINDELL | |
| ERIC K. STEFFE | JEFFREY T. HELVEY* | TERESA U. MEDLER | THOMAS C. FIALA | *BAR OTHER THAN D.C. |
| MICHAEL O. LEE | HEIDI L. KRAUS | JEFFREY S. WEAVER | | **REGISTERED PATENT AGENTS |

December 19, 2000

*WRITER'S DIRECT NUMBER:*
(202) 789-5506
*INTERNET ADDRESS:*
RMILLIEN@SKGF.COM

Commissioner for Patents
Washington, D.C. 20231

**Box Missing Parts**

Re:   U.S. Patent Application
Appl. No. 09/604,961; Filed: June 28, 2000
For:   **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing**
Inventors:   Chu *et al.*
Our Ref:   1719.0340000

Sir:

In reply to the "Notice to File Missing Parts of Application--Filing Date Granted," dated September 19, 2000, Applicants submit the following documents for appropriate action by the U.S. Patent and Trademark Office:

1.   PTO Fee Transmittal Form PTO/SB/17 (in duplicate);

2.   Petition for Extension of Time under 37 C.F.R. § 1.136 (in duplicate);

3.   Copy of the Notice to File Missing Parts;

4.   Original Declaration, executed by the inventors;

PT0000056

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Commissioner for Patents
December 19, 2000
Page 2

    5.    Our Check No. _29844_ for $950.00 to cover:

        $710.00____ Filing Fee for Patent Application (37 C.F.R. § 1.16)
        $130.00____ Surcharge for late filing of Declaration (37 C.F.R. § 1.16)
        $110.00____ For extension of time fees under 37 C.F.R. § 1.136; and

    6.    Return postcard.

It is respectfully requested that the attached postcard be stamped with the date of filing of these documents, and that it be returned to our courier.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036. If extensions of time under 37 C.F.R. § 1.136 other than those otherwise provided for herewith are required to prevent abandonment of the present patent application, then such extensions of time are hereby petitioned, and any fees therefor are hereby authorized to be charged to our Deposit Account No. 19-0036. A duplicate copy of this letter is enclosed.

        Respectfully submitted,

        STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

        Raymond Millien
        Attorney for Applicants
        Registration No. 43,806

0340000.pt2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

Chu *et al.*

Appl. No. 09/604,961

Filed: June 28, 2000

For: **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing**

Art Unit: 2631

Examiner: To be assigned

Atty. Docket: 1719.0340000

## Petition For Extension of Time Under 37 C.F.R. § 1.136(a)(1)

Commissioner for Patents
Washington, D.C. 20231

Sir:

It is hereby requested that the period for replying to the outstanding Office Action be extended one (1) month from November 19, 2000 to December 19, 2000 by the filing of this Petition and fee payment.

The petition fee (37 C.F.R. § 1.17(a)) is believed to be $110.00 for a one (1) month extension for a large entity. Fee payment is provided in our accompanying Check No. _29874_. However, if extensions of time under 37 C.F.R. § 1.136 other than those provided herewith are required to prevent abandonment of the present patent application, then such extensions of time are hereby petitioned.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036. A duplicate copy of this Petition is enclosed.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

12/20/2000 SDUONG    00000203 09604961
03 FC:115                       110.00 OP

Raymond Millien
Attorney for Applicants
Registration No. 43,806

Date: _12/19/00_
1100 New York Avenue, N.W.
Suite 600
Washington, D.C. 20005-3934
(202) 371-2600

**PT0000058**

0340000.eot

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

Chu *et al.*

Appl. No. 09/604,961

Filed: June 28, 2000

For: **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing**

Art Unit:   2631

Examiner:   To be assigned

Atty. Docket: 1719.0340000

*[stamp: OIPE DEC 1 9 2000 PATENT & TRADEMARK OFFICE]*

*[stamp: DUPLICATE]*

## Petition For Extension of Time Under 37 C.F.R. § 1.136(a)(1)

Commissioner for Patents
Washington, D.C. 20231

Sir:

It is hereby requested that the period for replying to the outstanding Office Action be extended one (1) month from November 19, 2000 to December 19, 2000 by the filing of this Petition and fee payment.

The petition fee (37 C.F.R. § 1.17(a)) is believed to be $110.00 for a one (1) month extension for a large entity. Fee payment is provided in our accompanying Check No. 29844 . However, if extensions of time under 37 C.F.R. § 1.136 other than those provided herewith are required to prevent abandonment of the present patent application, then such extensions of time are hereby petitioned.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036. A duplicate copy of this Petition is enclosed.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Raymond Millien
Attorney for Applicants
Registration No. 43,806

Date: 12/19/00

1100 New York Avenue, N.W.
Suite 600
Washington, D.C. 20005-3934
(202) 371-2600

PT0000059

0340000.eot

# Declaration for Patent Application

Docket Number: **1719.0340000**

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter that is claimed and for which a patent is sought on the invention entitled **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing**, the specification of which is attached hereto unless the following box is checked:

☒ was filed on **June 28, 2000**;
   as United States Application Number **09/604,961**; and
   was amended on _____ (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information that is material to patentability as defined in 37 C.F.R. § 1.56.

I hereby claim foreign priority benefits under 35 U.S.C. § 119(a)-(d) or § 365(b) of any foreign application(s) for patent or inventor's certificate, or § 365(a) of any PCT international application, which designated at least one country other than the United States listed below, and have also identified below any foreign application for patent or inventor's certificate, or PCT international application having a filing date before that of the application on which priority is claimed.

Prior Foreign Application(s)                                                  Priority  Claimed

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | ☐ Yes | ☐ No |
| (Application No.) | (Country) | (Day/Month/Year Filed) |  |  |
|  |  |  | ☐ Yes | ☐ No |
| (Application No.) | (Country) | (Day/Month/Year Filed) |  |  |

I hereby claim the benefit under 35 U.S.C. § 119(e) of any United States provisional application(s) listed below.

_____    _____
(Application No.)                      (Filing Date)

_____    _____
(Application No.)                      (Filing Date)

I hereby claim the benefit under 35 U.S.C. § 120 of any United States application(s), or under § 365(c) of any PCT international application designating the United States, listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States or PCT international application in the manner provided by the first paragraph of 35 U.S.C. § 112, I acknowledge the duty to disclose information that is material to patentability as defined in 37 C.F.R. § 1.56 that became available between the filing date of the prior application and the national or PCT international filing date of this application.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| (Application No.) | (Filing Date) | (Status - patented, pending, abandoned) |
| _____ | _____ | _____ |
| (Application No.) | (Filing Date) | (Status - patented, pending, abandoned) |

Appl. No. **09/604,961**
Docket No. **1719.0340000**

Send Correspondence to:

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Suite 600
Washington, D.C. 20005-3934



Direct Telephone Calls to:

(202) 371-2600

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| | | |
|---|---|---|
| Full name of sole or first inventor<br>**Frank J. CHU** | | |
| Signature of sole or first inventor<br>**X** | X  12/9/00 | Date |
| Residence<br>**Cupertino, CA** | | |
| Citizenship<br>**United States of America** | | |
| Post Office Address<br>**20889 Greenleaf Drive, Cupertino, CA 95014** | | |

| | | |
|---|---|---|
| Full name of second inventor<br>**Virgil Patrick DOBJANSCHI** | | |
| Signature of second inventor<br>**X** | X  12/04/2000 | Date |
| Residence<br>**Fremont, CA** | | |
| Citizenship<br>**Romania** | | |
| Post Office Address<br>**38722 Chimaera Circle, Fremont, CA 94536** | | |

| | | |
|---|---|---|
| Full name of third inventor<br>**Corey GATES** | | |
| Signature of third inventor<br>**X** | X  12/04/2000 | Date |
| Residence<br>**Belmont, CA** | | |
| Citizenship<br>**United States of America** | | |
| Post Office Address<br>**20 Cliffside Court, Belmont, CA 94002** | | |

**PT0000061**

Appl. No. **09/604,961**
Docket No. **1719.0340000**

Full name of fourth inventor
**Katherine W. KWAN**

Signature of fourth inventor                                                    Date
X   *Kathene W. Kwa*                              X   *Dec 4, 2000*

Residence
**San Jose, CA**

Citizenship
**United States of America**

Post Office Address
**1072 Wilmington Avenue, San Jose CA 95129**

Full name of fifth inventor
**Daniel W. WRIGHT**

Signature of fifth inventor                                                     Date
X   *Dan Wright*                                 X   *12/18/2000*

Residence
**San Jose, CA**

Citizenship
**United States of America**

Post Office Address
**390 Elan Village Lane #218, San Jose, CA 95134**

(Supply similar information and signature for subsequent joint inventors, if any)

PT0000062

PTO/SB/17 (11-00)
Approved for use through 10/31/2002.  OMB 0551-0032
Pate...nd Trademark Office: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL
# for FY 2001

*Patent fees are subject to annual revision.*

OIPE
DEC 1 9 2000
PATENT & TRADEMARK OFFICE

| Complete if Known | |
|---|---|
| Application Number | 09/604,961 |
| Filing Date | June 28, 2000 |
| First Named Inventor | Frank J. CHU |
| Examiner Name | To be assigned |
| Group Art Unit | 2631 |
| Attorney Docket No. | 1719.0340000 |

**TOTAL AMOUNT OF PAYMENT** ($) 950.00

## METHOD OF PAYMENT (check one)

1. ☐ The Commissioner is hereby authorized to charge indicated fees and credit any overpayment to:

Deposit Account Number: 19-0036

Deposit Account Name: Sterne, Kessler, Goldstein & Fox P.L.L.C.

☐ Charge Any Additional Fee Required Under 37 CFR §§ 1.16 and 1.17

☐ Applicant claims small entity status See 37 CFR 1.27

2. ☒ Payment Enclosed: 29844

☒ Check ☐ Credit card ☐ Money Order ☒ Other*
*Charge any deficiencies or credit any overpayments in the fees or fee calculations of Parts 1, 2 and 3 below to Deposit Account No. 19-0036.

## FEE CALCULATION

### 1. BASIC FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 101 | 710 | 201 | 355 | Utility filing fee | 710.00 |
| 106 | 320 | 206 | 160 | Design filing fee | |
| 107 | 490 | 207 | 245 | Plant filing fee | |
| 108 | 710 | 208 | 355 | Reissue filing fee | |
| 114 | 150 | 214 | 75 | Provisional filing fee | |

SUBTOTAL (1) ($) 710.00

### 2. EXTRA CLAIM FEES

| | Extra | Fee from below | Fee Paid |
|---|---|---|---|
| Total Claims | _ - 20** = _ | X _ | = _ |
| Indep. Claims | _ - 3** = _ | X _ | = _ |
| Multiple Dependent | | = _ | |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 103 | 18 | 203 | 9 | Claims in excess of 20 |
| 102 | 60 | 202 | 40 | Independent claims in excess of 3 |
| 104 | 270 | 204 | 135 | Multiple dependent claim |
| 108 | 80 | 209 | 40 | **Reissue independent claims over original patent |
| 110 | 18 | 210 | 9 | **Reissue claims in excess of 20 and over original patent |

SUBTOTAL (2) ($) 0

** or number previously paid, if greater; For Reissues, see above

## FEE CALCULATION (continued)

### 3. ADDITIONAL FEES

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee paid |
|---|---|---|---|---|---|
| 105 | 130 | 205 | 65 | Surcharge - late filing fee or oath | $130.00 |
| 127 | 50 | 227 | 25 | Surcharge - late provisional filing fee or cover sheet | |
| 139 | 130 | 139 | 130 | Non-English specification | |
| 147 | 2,520 | 147 | 2,520 | For filing a request for *ex parte* reexamination | |
| 112 | 920* | 112 | 920* | Requesting publication of SIR prior to Examiner action | |
| 113 | 1,840* | 113 | 1,840* | Requesting publication of SIR after Examiner action | |
| 115 | 110 | 215 | 55 | Extension for reply within first month | $110.00 |
| 116 | 390 | 216 | 195 | Extension for reply within second month | |
| 117 | 890 | 217 | 445 | Extension for reply within third month | |
| 118 | 1,390 | 218 | 695 | Extension for reply within fourth month | |
| 128 | 1,890 | 228 | 945 | Extension for reply within fifth month | |
| 119 | 310 | 219 | 155 | Notice of Appeal | |
| 120 | 310 | 220 | 155 | Filing a brief in support of an appeal | |
| 121 | 270 | 221 | 135 | Request for oral hearing | |
| 138 | 1,510 | 138 | 1,510 | Petition to institute a public use proceeding | |
| 140 | 110 | 240 | 55 | Petition to revive - unavoidable | |
| 141 | 1,240 | 241 | 620 | Petition to revive - unintentional | |
| 142 | 1,240 | 242 | 620 | Utility issue fee (or reissue) | |
| 143 | 440 | 243 | 220 | Design issue fee | |
| 144 | 600 | 244 | 300 | Plant issue fee | |
| 122 | 130 | 122 | 130 | Petitions to the Commissioner | |
| 123 | 130 | 123 | 130 | Petitions related to provisional applications | |
| 126 | 180 | 126 | 180 | Submission of Information Disclosure Stmt | |
| 581 | 40 | 481 | 40 | Recording each patent assignment per property (times number of properties) | |
| 146 | 710 | 246 | 355 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 149 | 710 | 249 | 355 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| 179 | 710 | 279 | 355 | Request for Continued Examination (RCE) | |
| 169 | 900 | 169 | 900 | Request for expedited examination of a design application | |

Other fee (specify) : 

Other fee (specify) : 

*Reduced by Basic Filing Fee Paid

SUBTOTAL (3) ($) 240.00

## SUBMITTED BY

Name (Print/Type): Raymond Millien

Signature: [signature]

**Complete (if applicable)**

Registration No. (Attorney/Agent): 43,806

Telephone: P T 0 0 0 0 0 6 3 -2600

Date: 12/19/00

WARNING: Information on this form may become public. Credit card information should not

PTO/SB/17 (11-00)
Approved for use through 10/31/2002. OMB 0651-0032
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL
## for FY 2001

*Patent fees are subject to annual revision.*

O I P E
DEC 1 9 2000
PATENT & TRADEMARK

| Complete if Known | |
|---|---|
| Application Number | 09/604,961 |
| Filing Date | June 28, 2000 |
| First Named Inventor | Frank J. CHU |
| Examiner Name | To be assigned |
| Group Art Unit | 2631 |
| Attorney Docket No. | 1719.0340000 |

TOTAL AMOUNT OF PAYMENT   ($) 950.00

## METHOD OF PAYMENT (check one)

1. ☐ The Commissioner is hereby authorized to charge indicated fees and credit any overpayment to:

Deposit Account Number: 19-0036

Deposit Account Name: Sterne, Kessler, Goldstein & Fox P.L.L.C.

☐ Charge Any Additional Fee Required Under 37 CFR §§ 1.16 and 1.17

☐ Applicant claims small entity status See 37 CFR 1.27

2. ☒ Payment Enclosed: 29844

☒ Check  ☐ Credit card  ☐ Money Order  ☒ Other*
*Charge any deficiencies or credit any overpayments in the fees or fee calculations of Parts 1, 2 and 3 below to Deposit Account No. 19-0036.

## FEE CALCULATION

### 1. BASIC FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 101 | 710 | 201 | 355 | Utility filing fee | 710.00 |
| 106 | 320 | 206 | 160 | Design filing fee | |
| 107 | 490 | 207 | 245 | Plant filing fee | |
| 108 | 710 | 208 | 355 | Reissue filing fee | |
| 114 | 150 | 214 | 75 | Provisional filing fee | |

SUBTOTAL (1)   ($) 710.00

### 2. EXTRA CLAIM FEES

| | Extra | Fee from below | Fee Paid |
|---|---|---|---|
| Total Claims | _____ - 20** = _____ | X _____ | = _____ |
| Indep. Claims | _____ - 3** = _____ | X _____ | = _____ |
| Multiple Dependent | | | = _____ |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 103 | 18 | 203 | 9 | Claims in excess of 20 |
| 102 | 80 | 202 | 40 | Independent claims in excess of 3 |
| 104 | 270 | 204 | 135 | Multiple dependent claim |
| 108 | 80 | 209 | 40 | **Reissue independent claims over original patent |
| 110 | 18 | 210 | 9 | **Reissue claims in excess of 20 and over original patent |

SUBTOTAL (2)   ($) 0

** or number previously paid, if greater; For Reissues, see above

## FEE CALCULATION (continued)

### 3. ADDITIONAL FEES

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee paid |
|---|---|---|---|---|---|
| 105 | 130 | 205 | 65 | Surcharge - late filing fee or oath | $130.00 |
| 127 | 50 | 227 | 25 | Surcharge - late provisional filing fee or cover sheet | |
| 139 | 130 | 139 | 130 | Non-English specification | |
| 147 | 2,520 | 147 | 2,520 | For filing a request for ex parte reexamination | |
| 112 | 920* | 112 | 920* | Requesting publication of SIR prior to Examiner action | |
| 113 | 1,840* | 113 | 1,840* | Requesting publication of SIR after Examiner action | |
| 115 | 110 | 215 | 55 | Extension for reply within first month | $110.00 |
| 116 | 390 | 216 | 195 | Extension for reply within second month | |
| 117 | 890 | 217 | 445 | Extension for reply within third month | |
| 118 | 1,390 | 218 | 695 | Extension for reply within fourth month | |
| 128 | 1,890 | 228 | 945 | Extension for reply within fifth month | |
| 119 | 310 | 219 | 155 | Notice of Appeal | |
| 120 | 310 | 220 | 155 | Filing a brief in support of an appeal | |
| 121 | 270 | 221 | 135 | Request for oral hearing | |
| 138 | 1,510 | 138 | 1,510 | Petition to institute a public use proceeding | |
| 140 | 110 | 240 | 55 | Petition to revive - unavoidable | |
| 141 | 1,240 | 241 | 620 | Petition to revive - unintentional | |
| 142 | 1,240 | 242 | 620 | Utility issue fee (or reissue) | |
| 143 | 440 | 243 | 220 | Design issue fee | |
| 144 | 600 | 244 | 300 | Plant issue fee | |
| 122 | 130 | 122 | 130 | Petitions to the Commissioner | |
| 123 | 130 | 123 | 130 | Petitions related to provisional applications | |
| 126 | 180 | 126 | 180 | Submission of Information Disclosure Stmt | |
| 581 | 40 | 481 | 40 | Recording each patent assignment per property (times number of properties) | |
| 146 | 710 | 246 | 355 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 149 | 710 | 249 | 355 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| 179 | 710 | 279 | 355 | Request for Continued Examination (RCE) | |
| 169 | 900 | 169 | 900 | Request for expedited examination of a design application | |
| Other fee (specify) : | | | | | |
| Other fee (specify) : | | | | | |

*Reduced by Basic Filing Fee Paid

SUBTOTAL (3)   ($) 240.00

## SUBMITTED BY

Name (Print/Type): Raymond Millien

Registration No. (Attorney/Agent): 43,806

Complete (if applicable)

Telephone: 202-371-2600

PT0000064

Signature: [signature]

Date: 12/19/00

WARNING: Information on this form may become public. Credit card information should not...

2664

# STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

ATTORNEYS AT LAW

1100 NEW YORK AVENUE, N.W. • WASHINGTON, D.C. 20005-3934

PHONE: (202) 371-2600 • FACSIMILE: (202) 371-2540 • www.skgf.com

ROBERT GREENE STERNE
EDWARD J. KESSLER
JORGE A. GOLDSTEIN
SAMUEL L. FOX
DAVID K.S. CORNWELL
ROBERT W. ESMOND
TRACY-GENE G. DURKIN
MICHELE A. CIMBALA
MICHAEL B. RAY
ROBERT E. SOKOHL
ERIC K. STEFFE
MICHAEL Q. LEE

STEVEN R. LUDWIG
JOHN M. COVERT*
LINDA E. ALCORN
ROBERT C. MILLONIG
MICHAEL V. MESSINGER
JUDITH U. KIM
TIMOTHY J. SHEA, JR.
DONALD R. McPHAIL
PATRICK E. GARRETT
STEPHEN G. WHITESIDE
JEFFREY T. HELVEY*
HEIDI L. KRAUS

JEFFREY R. KURIN
RAYMOND MILLIEN
PATRICK D. O'BRIEN
LAWRENCE B. BUGAISKY
CRYSTAL D. SAYLES
EDWARD W. YEE
ALBERT L. FERRO*
DONALD R. BANOWIT
PETER A. JACKMAN
MOLLY A. McCALL
TERESA U. MEDLER
JEFFREY S. WEAVER

KRISTIN K. VIDOVICH
KENDRICK P. PATTERSON
DONALD J. FEATHERSTONE
GRANT E. REED
VINCENT L. CAPUANO
JOHN A. HARROUN*
ALBERT J. FASULO II*
W. BRIAN EDGE*
ELDORA ELLISON FLOYD*
W. RUSSELL SWINDELL
THOMAS C. FIALA

KAREN R. MARKOWICZ*
SUZANNE E. ZISKA**
BRIAN J. DEL BUONO**
ANDREA O. KAMAGE**
NANCY C. LEITH**
ELIZABETH J. HAANES**
MARK P. TERRY**
TARJA H. NAUKKARINEN**

*BAR OTHER THAN D.C.
**REGISTERED PATENT AGENTS



February 6, 2001

*WRITER'S DIRECT NUMBER:*
(202) 789-5506
*INTERNET ADDRESS:*
RMILLIEN@SKGF.COM

Commissioner for Patents
Washington, D.C. 20231

Re:   U.S. Utility Patent Application
      Appl. No. 09/604,961; Filed: June 28, 2000
      For:   **Hybrid Server Architecture for Mixing
             and Non-Mixing Client Conferencing**
      Inventors:   CHU *et al.*
      Our Ref:     1719.0340000

Sir:

Transmitted herewith for appropriate action are the following documents:

1.   SKGF Transmittal Letter *(in duplicate)*;

2.   Original Power of Attorney executed from Assignee;

3.   Original Certificate Under 37 C.F.R. § 3.73(b), along with a copy of the
     Assignment; and

4.   One (1) return postcard.

PT0000065

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Commissioner for Patents
February 6, 2001
Page 2

It is respectfully requested that the attached postcard be stamped with the date of filing of these documents, and that it be returned to our courier. In the event that extensions of time are necessary to prevent abandonment of this patent application, then such extensions of time are hereby petitioned.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036. A duplicate copy of this letter is enclosed.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Raymond Millien
Attorney for Applicants
Registration No. 43,806

RVM:dcw
Enclosures

P:\USERS\DWRIGHT\General\RAYMOND V. MILLIEN\POA-SKGF-TRANS-1719.0340000
SKGF Rev. 4/27/00 mac

# POWER OF ATTORNEY FROM ASSIGNEE



HearMe, a corporation of **California**, having a principal place of business at **685 Clyde Avenue, Mountain View, California 94043**, is assignee of the entire right, title and interest for the United States of America (as defined in 35 U.S.C. § 100), by reason of an Assignment to the Assignee executed on:  1) 12/8/00 ; 2)12/4/00 ; 3)12/4/00; 4) 12/4/00; and 5) 12/18/00 of an invention known as **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing** (Attorney Docket No. **1719.0340000**), which is disclosed and claimed in a patent application of the same title by the inventor(s) 1) Frank J. Chu, 2) Virgil Patrick Dobjanschi; 3) Corey Gates; 4) Katherine W. Kwan; and 5) Daniel W. Wright (said application filed on **June 28, 2000** at the U.S. Patent and Trademark Office, having Application Number **09/604,961**).

The Assignee hereby appoints the following U.S. attorneys to prosecute this application and any continuation, divisional, continuation-in-part, or reissue application thereof, and to transact all business in the U.S. Patent and Trademark Office connected therewith: Robert Greene Sterne, Esq., Reg. No. 28,912; Edward J. Kessler, Esq., Reg. No. 25,688; Jorge A. Goldstein, Esq., Reg. No. 29,021; Samuel L. Fox, Esq., Reg. No. 30,353; David K.S. Cornwell, Esq., Reg. No. 31,944; Robert W. Esmond, Esq., Reg. No. 32,893; Tracy-Gene G. Durkin, Esq., Reg. No. 32,831; Michele A. Cimbala, Esq., Reg. No. 33,851; Michael B. Ray, Esq., Reg. No. 33,997; Robert E. Sokohl, Esq., Reg. No. 36,013; Eric K. Steffe, Esq., Reg. No. 36,688, Michael Q. Lee, Esq., Reg. No. 35,239; Steven R. Ludwig, Esq., Reg. No. 36,203; John M. Covert, Esq., Reg. No. 38,759; and Linda E. Alcorn, Esq., Reg. No. 39,588. The Assignee hereby grants said attorneys the power to insert on this Power of Attorney any further identification that may be necessary or desirable in order to comply with the rules of the U.S. Patent and Trademark Office.

Send correspondence to:

> STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
> 1100 New York Avenue, N.W.
> Suite 600
> Washington, D.C. 20005-3934
> U.S.A.

Direct phone calls to 202-371-2600.

FOR: **HearMe**

SIGNATURE: X  *James R. Schmidt*

BY: X  James R. Schmidt

TITLE: X  Chief Technology Officer

DATE: X  16-JAN-2001

©2000,
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

# Certificate Under 37 C.F.R. § 3.73(b)

Applicant/Patent Owner: **Chan _et al._**

Application No./Patent No.: **09/604,961**　　　　　　　　　　Filed/Issue Date: **June 28, 2000**

Entitled: **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing**

**HearMe**　　　　　　　　　　　　　　, a **Corporation**
　　　(Name of Assignee)　　　　　　　　(Type of Assignee, e.g., corporation, partnership, university, government agency, etc.)

states that it is:

1. **[X]**　the assignee of the entire right, title, and interest, or

2. **[ ]**　an assignee of an undivided part interest

in the patent application/patent identified above by virtue of either:

A. **[X]**　An Assignment from the inventor(s) of the patent application/patent identified above. The assignment
　　　will be recorded in the Patent and Trademark Office under separate copy, a copy thereof is attached.

OR

B. **[ ]**　A chain of title from the inventor(s) of the patent application/patent identified above to the current
　　　assignee as shown below:

　　　1. From: _____ To: _____
　　　　　The document was recorded in the Patent and Trademark Office at
　　　　　Reel _____, Frame _____, or for which a copy thereof is attached.

　　　2. From: _____ To: _____
　　　　　The document was recorded in the Patent and Trademark Office at
　　　　　Reel _____, Frame _____, or for which a copy thereof is attached.

　　　3. From: _____ To: _____
　　　　　The document was recorded in the Patent and Trademark Office at
　　　　　Reel _____, Frame _____, or for which a copy thereof is attached.

　　　[ ] Additional documents in the chain of title are listed on a supplemental sheet.

[ ] Copies of assignments or other documents in the chain of title are attached.
　　　**[NOTE:** A separate copy (_i.e._, the original assignment document or a true copy of the original
　　　document) must be submitted to Assignment Division in accordance with 37 CFR Part 3, if
　　　the assignment is to be recorded in the records of the PTO. See MPEP 302-302.8]

The undersigned (whose title is supplied below) is empowered to act on behalf of the assignee.

Date: **X**　_16-JAN-01_

Name: **X**　_James R. Schmidt_

Title: **X**　_Chief Technology Officer_

Signature: **X**　_James R. Schmidt 16-JAN01_

**PT0000068**

P:\USERS\VBLADES\Raymond Millien\1719\0340000.373(b)
SRGE Rev. 3/11/00 mac

**ASSIGNMENT**

DO NOT FORWARD
TO ASSIGNMENT BRANCH
NOT FOR RECORDATION

In consideration of the sum of One Dollar ($1.00) or equivalent and other good and valuable consideration paid to each of the undersigned inventor(s): **1) Frank J. CHU; 2) Virgil Patrick DOBJANSCHI; 3) Corey GATES; 4) Katherine W. KWAN; and 5) Daniel W. WRIGHT**, the undersigned inventor(s) hereby sell(s) and assign(s) to **HearMe, 685 Clyde Avenue, Mountain View, CA 94043** (the Assignee) his/her entire right, title and interest, including the right to sue for past infringement and to collect for all past, present and future damages:

*check applicable box(es)* ☒ for the United States of America (as defined in 35 U.S.C. § 100),
☒ and throughout the world,

(a) in the invention(s) known as **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing** for which application(s) for patent in the United States of America has (have) been executed by the undersigned on 1) _12/8/00_ ; 2) _12/4/00_ ; 3) _12/4/00_ ;4) _12/4/00_ ; and 5) _12/18/00_ (also known as United States Application No. **09//604,961**, filed **June 28, 2000**), in any and all applications thereon, in any and all Letters Patent(s) therefor, and

_MBK_
_12/19/00_

(b) in any and all applications that claim the benefit of the patent application listed above in part (a), including continuing applications, reissues, extensions, renewals and reexaminations of the patent application or Letters Patent therefor listed above in part (a), to the full extent of the term or terms for which Letters Patents issue, and

(c) in any and all inventions described in the patent application listed above in part (a), and in any and all forms of intellectual and industrial property protection derivable from such patent application, and that are derivable from any and all continuing applications, reissues, extensions, renewals and reexaminations of such patent application, including, without limitation, patents, applications, utility models, inventor's certificates, and designs together with the right to file applications therefor; and including the right to claim the same priority rights from any previously filed applications under the International Agreement for the Protection of Industrial Property, or any other international agreement, or the domestic laws of the country in which any such application is filed, as may be applicable;

all such rights, title and interest to be held and enjoyed by the above-named Assignee, its successors, legal representatives and assigns to the same extent as all such rights, title and interest would have been held and enjoyed by the Assignor had this assignment and sale not been made.

The undersigned inventor(s) agree(s) to execute all papers necessary in connection with the application(s) and any continuing (continuation, divisional, or continuation-in-part), reissue, reexamination or corresponding application(s) thereof and also to execute separate assignments in connection with such application(s) as the Assignee may deem necessary or expedient.

The undersigned inventor(s) agree(s) to execute all papers necessary in connection with any interference or patent enforcement action (judicial or otherwise) related to the application(s) or any continuing (continuation, divisional, or continuation-in-part), reissue or reexamination application(s) thereof and to cooperate with the Assignee in every way possible in obtaining evidence and going forward with such interference or patent enforcement action.

The undersigned inventor(s) hereby represent(s) that he/she has full right to convey the entire interest herein assigned, and that he/she has not executed, and will not execute, any agreement in conflict therewith.

The undersigned inventor(s) hereby grant(s) Robert Greene Sterne, Esquire, Registration No. 28,912; Edward J. Kessler, Esquire, Registration No. 25,688; Jorge A. Goldstein, Esquire, Registration No. 29,021; Samuel L. Fox, Esquire, Registration No. 30,353; David K.S. Cornwell, Esquire, Registration No. 31,944; Robert W.

**PT0000069**

) NOT FORWARD
TO ASSIGNMENT BRANCH
NOT FOR RECORDATION

Esmond, Esquire, Registration No. 32,893; Tracy-Gene G. Durkin, Esquire, Registration No. 32,831; Michele A. Cimbala, Esquire, Registration No. 33,851; Michael B. Ray, Esquire, Registration No. 33,997; Robert E. Sokohl, Esquire, Registration No. 36,013; Eric K. Steffe, Esquire, Registration No. 36,688; Michael Q. Lee, Esquire, Registration No. 35,239; Steven R. Ludwig, Esquire, Registration No. 36,203; John M. Covert, Esquire, Registration No. 38,759; and Linda E. Alcorn, Esquire, Registration No. 39,588; all of STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C., 1100 New York Avenue, N.W., Suite 600, Washington, D.C. 20005-3934, power to insert in this assignment any further identification that may be necessary or desirable in order to comply with the rules of the United States Patent and Trademark Office for recordation of this document.

IN WITNESS WHEREOF, executed by the undersigned inventor(s) on the date opposite his/her name.

Date: 14/1/00                Signature of Inventor: _____
                                                     1) Frank J. CHU

Date: 12/04/2000             Signature of Inventor: _____
                                                     2) Virgil Patrick DOBJANSCHI

Date: 12/04/2000             Signature of Inventor: _____
                                                     3) Corey GATES

Date: 12/04/2000             Signature of Inventor: _____
                                                     4) Katherine W. KWAN

Date: 12/18/2000             Signature of Inventor: _____
                                                     5) Daniel W. WRIGHT

**PT0000070**

015.PTO                              Page 2 of 2                    SKGF Rev. 8/31/00 mac

**DUPLICATE**

2600 MAILR FEB -7 2001 RECEIVED

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
ATTORNEYS AT LAW
1100 NEW YORK AVENUE, N.W. • WASHINGTON, D.C. 20005-3934

PHONE: (202) 371-2600 • FACSIMILE: (202) 371-2540 • www.skgf.com

ROBERT GREENE STERNE
EDWARD J. KESSLER
JORGE A. GOLDSTEIN
SAMUEL L. FOX
DAVID K.S. CORNWELL
ROBERT W. ESMOND
TRACY-GENE G. DURKIN
MICHELE A. CIMBALA
MICHAEL B. RAY
ROBERT E. SOKOHL
ERIC K. STEFFE
MICHAEL Q. LEE

STEVEN R. LUDWIG
JOHN M. COVERT*
LINDA E. ALCORN
ROBERT C. MILLONIG
MICHAEL V. MESSINGER
JUDITH U. KIM
TIMOTHY J. SHEA, JR.
DONALD R. MCPHAIL
PATRICK E. GARRETT
STEPHEN G. WHITESIDE
JEFFREY T. HELVEY
HEIDI L. KRAUS

JEFFREY R. KURIN
RAYMOND MILLIEN
PATRICK D. O'BRIEN
LAWRENCE B. BUGAISKY
CRYSTAL D. SAYLES
EDWARD W. YEE
ALBERT L. FERRO*
DONALD R. BANOWIT
PETER A. JACKMAN
MOLLY A. MCCALL
TERESA U. MEDLER
JEFFREY S. WEAVER

KRISTIN K. VIDOVICH
KENDRICK P. PATTERSON
DONALD J. FEATHERSTONE
GRANT E. REED
VINCENT L. CAPUANO
JOHN A. HARROUN*
ALBERT J. FASULO II*
W. BRIAN EDGE*
ELDORA ELLISON FLOYD*
W. RUSSELL SWINDELL
THOMAS C. FIALA

KAREN R. MARKOWICZ**
SUZANNE E. CESKA**
BRIAN J. DEL BUONO**
ANDREA J. KAMAGE**
NANCY J. LEITH**
ELIZABETH J. HAANES**
MARK P. TERRY**
TARJA H. NAUKKARINEN**

*BAR OTHER THAN D.C.
**REGISTERED PATENT AGENTS

February 6, 2001

*WRITER'S DIRECT NUMBER:*
(202) 789-5506
*INTERNET ADDRESS:*
RMILLIEN@SKGF.COM

Mr. Jim Schmidt
Chief Technology Officer
**HearMe**
685 Clyde Avenue
Mountain View, CA 94043

Re:  U.S. Utility Patent Application
Appl. No. 09/604,961; Filed: June 28, 2000
For:  **Hybrid Server Architecture for Mixing
and Non-Mixing Client Conferencing**
Inventors:  CHU *et al.*
Your Ref:  Audio-P004
Our Ref:  1719.0340000

Dear Jim:

We are pleased to report the filing in the U.S. Patent and Trademark Office of the
following documents:

1.  SKGF Transmittal Letter;

2.  Original Power of Attorney executed from Assignee;

3.  Original Certificate Under 37 C.F.R. § 3.73(b), along with a copy of the
Assignment; and

4.  One (1) return postcard.

PT0000071

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Mr. Jim Schmidt
February 6, 2001
Page 2

Copies of these documents are enclosed for your records. Please review them and contact us immediately if you have any comments.

Please be reminded that the duty of disclosure continues throughout the entire patent application process and ends only with the actual issuance of a patent. Therefore, if anyone substantively involved in the patent application process becomes aware of information that might be considered material, please forward it to us immediately.

We will keep you informed of any further developments in this case. If you have any questions, do not hesitate to contact us.

Very truly yours,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

Raymond Millien

RVM:dcw
Enclosures

P:\USERS\DWRIGHT\General\RAYMOND V. MILLIEN\POA-REPORTING-LTR-1719.0340000
SKGF Rev. 10/4/00 mac

Attorney Docke. o.: PT-034 (1719.0340000)

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | | |
|---|---|---|---|---|---|
| Applicant | : | Frank J. Chu *et al.* | Group | : | 2664 |
| Serial No. | : | 09/604,961 | Examiner | : | Not Yet Assigned |
| Filed | : | June 28, 2000 | | | |
| Title | : | Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing | | | |



COPY OF PAPERS
ORIGINALLY FILED

## REVOCATION AND POWER OF ATTORNEY

RECEIVED

MAR 1 4 2002

Technology Center 2600

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

As an officer of Paltalk Holdings, Inc., owner of the entire right, title and interest in, to and under the invention described and claimed in the above-identified patent application, I hereby revoke all previous powers of attorney and appoint the following attorneys, with full power of substitution and revocation, to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith Daniel A. Devito (32,125), Edward V. Filardi (25,757), David W. Hansen (38,910), Constance S. Huttner (35,903), Ronald S. Laurie (25,431), Robert B. Smith (28,538), Robert B. Beyers (46,552), Meir Y. Blonder (40,517), Ian R. Blum (42,336), John L. Dauer, Jr. (39,953), Jose Esteves (41,011), Michael D. Fabiano (44,675), Stacey J. Farmer (42,526 ), Di Jiang-Schuerger (44,806), Frederick D. Kim (38,513), Thomas R. Lane (42,718), Daniel J. Lin (47,750), Douglas R. Nemec (41,219), Guy Perry (46,194), Constance F. Ramos (47,883), Andrew F. Strobert (35,375), Todd J. Tiberi (37,455), Joseph Yang (41,387), and Matthew B. Zisk (45,257), all of Skadden, Arps, Slate, Meagher & Flom LLP, whose address is Four Times Square, New York, NY 10036.

Please direct all future correspondence to Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, and direct all phone calls to Skadden, Arps et al. at (212) 735-3000.

Respectfully submitted,

Date: February , 2002

By: _____ 2/4/02

Name: Robert Lee (print name)

Title: President (print title)

**PT0000073**

2664

Attorney Docket No.: PT-034 (1719.0340000)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | | |
|---|---|---|---|---|---|
| Applicant | : | Frank J. Chu *et al.* | Group | : | 2664 |
| Serial No. | | 09/604,961 | Examiner | : | Not Yet Assigned |
| Filed | MAR 0 8 2002 | June 28, 2000 | | | |
| Title | | Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing | | | |

**CERTIFICATE OF MAILING**

I hereby certify that this paper and all enclosures referred to therein are being deposited with the United States Postal Service as First Class Mail, with sufficient postage in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231 on Feb. 15, 2002.

Name of Person Mailing: Josephine Hardy

Signature of Person Mailing

## TRANSMITTAL OF REVOCATION AND POWER OF ATTORNEY

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Enclosed please find a Revocation and Power of Attorney in the above-identified application which revokes all previous powers of attorney and appoints the attorneys at Skadden, Arps, Slate, Meagher & Flom LLP to conduct all business in the Patent and Trademark Office connected therewith.

Accordingly, all correspondence should be addressed to Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, telephone number (212) 735-3000.

Respectfully submitted,

Date: **February 15, 2002**    By:_____

Andrew F. Strobert    Reg. No. 35,375
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000

*Enclosure*

RECEIVED

MAR 08 2002

Technology Center 2600



## UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 |

**CONFIRMATION NO. 6370**

*OC000000007728695*

SKADDEN ARPS, ET AL.
MEAGHER & FLOM LLP
FOUR TIMES SQUARE
1100 New York Avenue N W
NEW YORK, NY 10036

Date Mailed: 03/27/2002

## NOTICE REGARDING POWER OF ATTORNEY

This is in response to the Power of Attorney filed 03/08/2002.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

APRIL V. CHEEVES
2600 (703) 306-4140

OFFICE COPY

PT0000075



## UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 |

**CONFIRMATION NO. 6370**

*OC000000007728615*

Sterne Kessler Goldstein & Fox PLLC
Suite 600
1100 New York Avenue N W
Washington, DC 20005-3934

Date Mailed: 03/27/2002

## NOTICE REGARDING POWER OF ATTORNEY

This is in response to the Power of Attorney filed 03/08/2002.

• The Power of Attorney to you in this application has been revoked by the applicant. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

APRIL V CHEEVES
2600 (703) 306-4140

OFFICE COPY

2664

Attorney Docket ]  PT-034 (1719.0340000)

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

MAY 1 9 2003

| | | | | | |
|---|---|---|---|---|---|
| Applicant | : | Frank J. Chu *et al.* | Group | : | 2664 |
| Serial No. | : | 09/604,961 | Examiner | : | Not Yet Assigned |
| Filed | : | June 28, 2000 | | | |

6683858

**Title** : **Hybrid Server Architecture for Mixing and Non-Mixing Client Conferencing**

### CERTIFICATE OF MAILING

I hereby certify that this paper and all enclosures referred to therein are being deposited with the United States Postal Service as First Class Mail, with sufficient postage in an envelope addressed to the Commissioner for Patents, P.O. Box 1450, Arlington, VA 22313-1450 on  May 15, 2003.

Name of Person Mailing: Josephine Hardy

Signature of Person Mailing

## REQUEST FOR STATUS

Commissioner for Patents
P.O. Box 1450
Arlington, VA 22313-1450

**RECEIVED**

MAY 2 1 2003

Technology Center 2600

Sir:

The above-identified application was filed on June 28, 2000 and no Office Action on the merits has been received. Applicants respectfully request information concerning the status of the application.

Any questions concerning this application may be directed to the undersigned attorney for Applicant at the address and phone number indicated.

☒  The Commissioner is hereby authorized to charge payment of any fee required in connection with this Request to Skadden, Arps, Slate, Meagher & Flom LLP **Deposit Account No. 19-2385**. (Please reference Attorney Docket No. **PT-034**).

Respectfully submitted,

Date: **May 15, 2003**                    By:

Andrew F. Strobert                Reg. No. 35,375
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000    **TC 2600 CSO
STATUS RESPONSE DATE**

TC 2600 CSO
STATUS INQUIRY
RECEIVED

MAY 2 2 2003

Initials:

**PT0000077**

JUN 1 6 2003

Initials:



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 7590 | 10/03/2003 |
|---|---|

SKADDEN ARPS, ET AL.
MEAGHER & FLOM LLP
FOUR TIMES SQUARE
1100 New York Avenue N W
NEW YORK, NY 10036

| EXAMINER |
|---|
| PHAM, BRENDA H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2664 | 7 |

DATE MAILED: 10/03/2003

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 | 6370 |

TITLE OF INVENTION: HYBRID SERVER ARCHITECTURE FOR MIXING AND NON-MIXING CLIENT CONFERENCING

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1330 | $0 | $1330 | 01/05/2004 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.**

## HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.                                                **PT0000078**

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** <u>Mail</u>

**Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**

or <u>Fax</u>   **(703) 746-4000**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

7590        10/03/2003

SKADDEN ARPS, ET AL.
MEAGHER & FLOM LLP
FOUR TIMES SQUARE
1100 New York Avenue N W
NEW YORK, NY 10036

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 | 6370 |

TITLE OF INVENTION: HYBRID SERVER ARCHITECTURE FOR MIXING AND NON-MIXING CLIENT CONFERENCING

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1330 | $0 | $1330 | 01/05/2004 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| PHAM, BRENDA H | 2664 | 370-263000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent);   ☐ individual   ☐ corporation or other private group entity   ☐ government

| 4a. The following fee(s) are enclosed: | 4b. Payment of fee(s): |
|---|---|
| ☐ Issue Fee | ☐ A check in the amount of the fee(s) is enclosed. |
| ☐ Publication Fee | ☐ Payment by credit card. Form PTO-2038 is attached. |
| ☐ Advance Order - # of Copies _____ | ☐ The Director is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form). |

Director for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)          _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Alexandria, Virginia 22313-1450.

PT0000079



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark  Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 | 6370 |

| | | |
|---|---|---|
| 7590 | 10/03/2003 | |

SKADDEN ARPS, ET AL.
MEAGHER & FLOM LLP
FOUR TIMES SQUARE
1100 New York Avenue N W
NEW YORK, NY 10036

| EXAMINER |
|---|
| PHAM, BRENDA H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2664 | |

DATE MAILED: 10/03/2003

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 758 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 758 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified  application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (703) 305-1383.  Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 | 6370 |

7590        10/03/2003

SKADDEN ARPS, ET AL
MEAGHER & FLOM LLP
FOUR TIMES SQUARE
1100 New York Avenue N W
NEW YORK, NY 10036

| EXAMINER |
|---|
| PHAM, BRENDA H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2664 | |

DATE MAILED: 10/03/2003

### Notice of Fee Increase on October 1, 2003

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after October 1, 2003, then the amount due will be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there will be an increase in fees effective on October 1, 2003. See Revision of Patent Fees for Fiscal Year 2004; Final Rule, 68 Fed. Reg. 41532, 41533, 41534 (July 14, 2003).

The current fee schedule is accessible from (http://www.uspto.gov/main/howtofees.htm).

If the fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due" but not the correct amount in view of the fee increase, a "Notice of Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice of Pay Balance of Issue Fee," if the response to the Notice of Allowance is to be filed on or after October 1, 2003 (or mailed with a certificate of mailing on or after October 1, 2003), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously-paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Effective October 1, 2003, 37 CFR 1.18 is amended by revising paragraphs (a) through (c) to read as set forth below.

Section 1.18 Patent post allowance (including issue) fees.

(a) Issue fee for issuing each original or reissue patent,
except a design or plant patent:
    By a small entity (Sec. 1.27(a))..................... $665.00
    By other than a small entity........................ $1,330.00

(b) Issue fee for issuing a design patent:
    By a small entity (Sec. 1.27(a))..................... $240.00
    By other than a small entity........................ $480.00

(c) Issue fee for issuing a plant patent:
    By a small entity (Sec. 1.27(a))..................... $320.00
    By other than a small entity........................ $640.00

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

PTOL-85 (Rev. 10/03) Approved for use through 04/30/2004.

**PT0000081**

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Allowability*** | 09/604,961 | CHU ET AL. |
| | Examiner | Art Unit |
| | Brenda Pham | 2664 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *6/2000*.

2. ☒ The allowed claim(s) is/are *1-13*.

3. ☐ The drawings filed on _____ are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f)
    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
        International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____ .

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.
    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
        1) ☐ hereto or 2) ☐ to Paper No. _____ .
    (b) ☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.
    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

**Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet.**

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)

1 ☒ Notice of References Cited (PTO-892)
2 ☐ Notice of Informal Patent Application (PTO-152)
3 ☒ Notice of Draftsperson's Patent Drawing Review (PTO-948)
4 ☐ Interview Summary (PTO-413), Paper No._____ .
5 ☐ Information Disclosure Statements (PTO-1449), Paper No. _____ .
6 ☐ Examiner's Amendment/Comment
7 ☐ Examiner's Comment Regarding Requirement for Deposit
    of Biological Material
8 ☐ Examiner's Statement of Reasons for Allowance
9 ☐ Other

## REASONS FOR ALLOWANCE

1. Claims 1-13 allowed.

2. The following is an examiner's statement of reasons for allowance: the prior art made of record does not teach the method, apparatus and computer program product include the steps of receiving audio packets from each client, determining which are active speakers and forming an active speakers list. Then, the clients are divided into two categories—those have the capability to mix multiple audio streams and those do not. For those clients that can mix, the server multiplexes the packets of audio data received from each client on the active speakers list into a multiplexed stream. For those clients that cannot mix, the server mixes the packets of audio data received from each client on the active speakers list into one combined packet. The method further include the step of send the multiplexed stream to each of the clients that can mix, and send the combined packet to each of the clients that cannot mix.

3. Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

PT0000083

Application/Control Number: 09/604,961                                        Page 3
Art Unit: 2664

### *Conclusion*

4.     The prior art made of record and not relied upon is considered pertinent to

Applicant's disclosure

       Oran (US 6,418,125 B1) discloses a processor selects which audio packets and
what speaker information to retain in memory. The processor determines which of the
selected audio-packets to store in memory and mix together to produce an audio output
signal by determining from the speaker information which of the multiple speakers are
actively talking and which speaker has not actively talked for the longest period of time.

       Fukuoka et al (US 5,914,940) discloses a multipoint video conference controlling
method and system capable of synchronizing video and audio packets.

5.     Any response to this action should be mailed to:

              Commissioner of Patents and Trademarks
              Washington, D.C. 20231

       Fax to:

              (703) 872-9314, (for informal or draft communications, please label
              "PROPOSED" or "DRAFT")

              Hand-delivered responses should be brought to Crystal Park II, 2121
              Crystal Drive, Arlington VA., Sixth Floor  (Receptionist)

6.     Any inquiry concerning this communication or earlier communications from the
examiner should be directed to Brenda Pham whose telephone number is (703) 308-
0148. The examiner can normally be reached on Monday-Friday from 9:00 to 5:00.

       If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Wellington Chin, can be reached on (703) 305-4366.

       Any inquiry of a general nature or relating to the status of this application or
proceeding should be directed to the Group receptionist whose telephone number is
(703) 305-3900.

Brenda Pham
September 18, 2003

Form PTO-948 (Rev. 03/03)  09160 4961
Application No.

U.S. DEPARTMENT OF COMMERCE
U.S. Patent and Trademark Office

## NOTICE OF DRAFTSPERSON'S PATENT DRAWING REVIEW

The drawing(s) filed (insert date)  6|28|00  are:

A. ___ approved by the Draftsperson under 37 CFR 1.84 or 1.152.

B. _X_ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 for the reasons indicated below. Corrected drawings are required.

**1. DRAWINGS.** 37 CFR 1.84(a): Acceptable categories of drawings: Black ink or Color (3 sets required)
___ Color drawings are not acceptable until petition is granted. Fig(s)____
___ Pencil and non black ink not permitted. Fig(s)____
**2. PHOTOGRAPHS.** 37 CFR 1.84(b)
___ 1 full-tone set is required. Fig(s)____
___ Photographs may not be mounted. 37 CFR 1.84(e)
___ Photographs must meet paper size requirements of 37 CFR 1.84(f). Fig(s)____
___ Poor quality (half-tone). Fig(s)____
**3. TYPE OF PAPER.** 37 CFR 1.84(e)
___ Paper not flexible, strong, white, and durable. Fig(s)____
___ Erasures, alterations, overwritings, interlineations, folds, copy machine marks not accepted. Fig(s)____
**4. SIZE OF PAPER.** 37 CFR 1.84(f): Acceptable sizes:
21.0 cm by 29.7 cm (DIN size A4) or
21.6cm by 27.9cm (8 1/2x 11 inches)
___ All drawing sheets not the same size. Sheet(s)____
___ Drawings sheets not an acceptable size. Fig(s)____
**5. MARGINS.** 37 CFR 1.84(g): Acceptable margins:
Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
___ Margins not acceptable. Fig(s)____
_X_ Top (T)   _X_ Left (L)
___ Right (R)   ___ Bottom (B)
**6. VIEWS.** 37 CFR 1.84(h)
REMINDER: Specification may require revision to correspond to drawing changes, e.g., if Fig. 1 is changed to Fig. 1A, Fig 1B and Fig. 1C, etc., the specification, at the Brief Description of the Drawings, must likewise be changed.
___ Views not labeled separately or properly. Fig(s)____
**7. SECTIONAL VIEWS.** 37 CFR 1.84(h)(3)
___ Sectional designation should be noted with Arabic or Roman numbers. Fig(s)____

**8. ARRANGEMENT OF VIEWS.** 37 CFR 1.84(i)
___ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned so that the top becomes the right side, except for graphs. Fig(s)____
**9. SCALE.** 37 CFR 1.84(k)
___ Scale not large enough to show mechanism without crowding when drawing is reduced in size to two-thirds in reproduction. Fig(s)____
**10. CHARACTER OF LINES, NUMBERS, & LETTERS.** 37 CFR 1.84(l)
___ Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (poor line quality). Fig(s)____
**11. SHADING.** 37 CFR 1.84(m)
___ Solid black areas pale. Fig(s)____
___ Solid black shading not permitted. Fig(s)____
**12. NUMBERS, LETTERS, & REFERENCE CHARACTERS.** 37 CFR 1.84(p)
___ Numbers and reference characters not plain and legible. Fig(s)____
___ Figure legends are poor. Fig(s)____
___ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(1) Fig(s)____
___ English alphabet not used. 37 CFR 1.84(p)(2) Fig(s)____
___ Numbers, letters and reference characters must be at least 32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3). Fig(s)____
**13. LEAD LINES.** 37 CFR 1.84(q)
___ Lead lines missing. Fig(s)____
**14. NUMBERING OF SHEETS OF DRAWINGS.** 37 CFR 1.84(t)
___ Sheets not numbered consecutively, and in Arabic numerals beginning with number 1. Sheet(s)____
**15. NUMBERING OF VIEWS.** 37 CFR 1.84(u)
___ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig(s)____
**16. DESIGN DRAWINGS.** 37 CFR 1.152
___ Surface shading shown not appropriate. Fig(s)____
___ Solid black surface shading is not permitted except when used to represent the color black as well as color contrast. Fig(s)____

**COMMENTS:**

Reviewer _____ R. D _____   Date _____ 10|2|03 _____

If you have questions, call (703) 305-8404.   Attachment to Paper No. _____

PT0000085





PT0000086

| | | | | |
|---|---|---|---|---|
| **Notice of References Cited** | Application/Control No. 09/604,961 | | Applicant(s)/Patent Under Reexamination CHU ET AL. | |
| | Examiner Brenda Pham | | Art Unit 2664 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-6,418,125 B1 | 07-2002 | Oran | 370/266 |
| | B | US-5,914,940 | 06-1999 | Fukuoka et al | 370/263 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 7

NOV 2 0 2003

| | | |
|---|---|---|
| Appl. No. | : | 09/604,961 |
| Applicant | : | Frank J. Chu |
| Filed | : | June 28, 2000 |
| TC/A.U. | : | 2664 |
| Examiner | : | Pham, Brenda H |
| | | |
| Docket No. | : | 1719.0340000 (PT-034) |
| Customer No. | : | 26137 |
| Conf. No. | : | 6370 |

**CERTIFICATE OF MAILING**

I hereby certify that this paper and all enclosures referred to therein are being deposited with the United States Postal Service as First Class Mail, with sufficient postage in an envelope addressed to the Commissioner for Patents, MS Issue Fee, P.O. Box 1450, Alexandria, VA 22313-1450 on **November 18 , 2003.**

Michael McGuire

Commissioner for Patents
MS Issue Fee
P.O. Box 1450
Alexandria VA 22313-1450

### SUBMISSION OF FORMAL DRAWINGS

Sir:

Submitted herewith is <u>one</u> sheet of formal drawings in the above-identified application in response to a Notice of Draftsperson's Drawing Review accompanying the Notice of Allowability mailed October 3, 2003.

No fee is believed to be required for this submission. If there is a fee, however, please charge such fee to Skadden, Arps, Slate, Meagher & Flom LLP Deposit Account No. 19-2385

Respectfully submitted,

Skadden, Arps, Slate, Meagher & Flom LLP

By _____
Andrew F. Strobert Reg. No. 35,375
Guy Perry Reg. No. 46,194
Tel.: 212-735-3000

**Enclosures**

435191-New York Server 3A - MSW

**PT0000088**



C9604961



FIG. 4

PT0000089

# ~ t B - FEE(S) TRANSMITTAL

Complete and mail this form, together will all applic... ...es, to: Mail Stop Issue Fee, Commissioner for Patents, P.O. 1   450, Alexandria, VA 22313-1450

Mailing Instructions: This for should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the patent, advance orders and notifications of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

Current Correspondence Address:

PATENT DEPARTMENT
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Customer Number: 21637

OIPE
NOV 2 0 2003
TRADEMARK

### CERTIFICATE OF MAILING

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to Mail Stop Issue Fee, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on _November 18, 2003._

Name of Person Mailing: Michael McGuire

Signature of Person Mailing

Note: This certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/604,961 | 6/28/2000 | Frank J. Chu | 1719.0340000 (PT-034) | 6370 |

TITLE OF INVENTION :
HYBRID SERVER ARCHITECTURE FOR MIXING AND NON-MIXING CLIENT CONFERENCING

| APPLICATION TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEES DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1,330 | $0 | $1330 | 1/5/2004 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| Pham, Brenda H | 2664 | 370-263000 |

If the SMALL ENTITY is shown as NO:
A.   Pay TOTAL FEE(S) DUE shown above, or
B.   If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and ½ the ISSUE FEE shown above

☐   **Applicant claims SMALL ENTITY status.**
See 37 CFR 1.27.

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.
☐   Change of correspondence address (or Change of Correspondence form PTO/SB/122 attached.
☐   "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47 attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1. Skadden, Arps, Slate
   Meagher & Flom LLP
2. _____
3. _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type):

A) NAME OF ASSIGNEE:
   Paltalk Holdings, Inc.

B) RESIDENCE: (City & State or Country) New York, NY

Please Note: Unless an assignee is identified in Block 3, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.
Please check the appropriate assignee category indicated below:
☐ individual   ☒ corporation or other private group entity ☐ government

4a. The following fees are enclosed:
☒ Issue Fee
☒ Publication Fee
☒ Advanced Order - # of copies  5

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Commissioner is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account No. 19-2385 (enclose an extra copy of this form).

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee and Publication fee (if any) or to re-apply any previously paid Issue Fee to the application identified above.

(Authorized signature)         (Reg. No.)              (Date)

Andrew Strobert                35,375          November 18, 2003

Note: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

TRANSMIT THIS FORM WITH FEE(S)

TOL-85 (Modified)

435194-New York S3A

PT0000090





# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 09/604,961 | 06/28/2000 | Frank J. Chu | 1719.0340000 |

**CONFIRMATION NO. 6370**

SKADDEN ARPS, ET AL.
MEAGHER & FLOM LLP
FOUR TIMES SQUARE
1100 New York Avenue N W
NEW YORK, NY 10036



**POWER OF ATTORNEY NOTICE**



*OC000000061298960*

Date Mailed: 05/16/2013

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 04/08/2013.

• The Power of Attorney to you in this application has been revoked by the assignee who has intervened as provided by 37 CFR 3.71. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

/rmturner myles/

Office of Data Management, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101

PT0000091



**OPAP/IPD Mail**

Organization ————— Bldg./Room —————
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. Box 1450
Alexandria, VA. 22313–1450
If Undeliverable Return In Ten Days

Official Business
Penalty For Private Use, $300

AN EQUAL OPPORTUNITY EMPLOYER

RECEIVED
MAY 28 2013
USPTO MAIL CENTER

NIXIE          100 DC 1          05/22/13

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 22313145050          *1892-03254-16-41*

PT0000092



US006683858B1

(12) **United States Patent**

Chu et al.

(10) Patent No.: **US 6,683,858 B1**

(45) Date of Patent: **Jan. 27, 2004**

(54) **HYBRID SERVER ARCHITECTURE FOR MIXING AND NON-MIXING CLIENT CONFERENCING**

(75) Inventors: **Frank J. Chu**, Cupertino, CA (US); **Virgil Patrick Dobjanschi**, Fremont, CA (US); **Corey Gates**, Belmont, CA (US); **Katherine W. Kwan**, San Jose, CA (US); **Daniel W. Wright**, San Jose, CA (US)

(73) Assignee: **Paltalk Holdings, Inc.**, New York, NY (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 758 days.

(21) Appl. No.: **09/604,961**

(22) Filed: **Jun. 28, 2000**

(51) Int. Cl.[7] .............................................. **H04L 12/16**

(52) U.S. Cl. .................................... **370/263**; 379/202.01

(58) Field of Search ................................ 370/260, 261, 370/262, 263, 265, 266, 352–356; 379/158, 202.01

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,914,940 A * 6/1999 Fukuoka et al. ............ 370/263

6,418,125 B1 * 7/2002 Oran ........................ 370/266

* cited by examiner

*Primary Examiner*—Ajit Patel
*Assistant Examiner*—Brenda Pham
(74) *Attorney, Agent, or Firm*—Skadden, Arps, Slate, Meagher & Flom LLP

(57) **ABSTRACT**

A system, method and computer program product which allows both mixing (e.g., PC-based) and non-mixing (e.g., phone-based) clients to participate in a single audio conference. The system includes a hybrid multi-point control unit (i.e., conferencing server) that performs mixing for phone-based clients and multiplexing for PC-based clients. The method and computer program product determines which clients have the capability to mix multiple audio streams and which do not. For those clients capable of mixing, the server multiplexes the packets of audio data received from each client on the active speakers list into a multiplexed stream. For those clients that are not capable of mixing, the server mixes the packets of audio data received from each client on the active speakers list into one combined packet.

**13 Claims, 4 Drawing Sheets**





Case 6:21-cv-00757-ADA   Document 26-4   Filed 01/04/22   Page 84 of 96



FIG. 1

PT0000094



**FIG. 2**

PT0000095

Case 6:21-cv-00757-ADA Document 26-4 Filed 01/04/22 Page 86 of 96



**FIG. 3**

PT0000096



Computer System 400

FIG. 4

# HYBRID SERVER ARCHITECTURE FOR MIXING AND NON-MIXING CLIENT CONFERENCING

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates generally to computer-telephony networks and more particularly to servers that manage telephony conferencing.

### 2. Related Art

In today's technological environment, there exists many ways for several people who are in multiple geographic locations to communicate with one another simultaneously. One such way is audio conferencing. Audio conferencing applications serve both the needs of business users (e.g., national sales force meeting) and leisure users (e.g., audio chat room participants) who are geographically distributed.

Traditional audio conferencing involved a central conferencing server which hosted an audio conference. Participants would use their telephones and dial in to the conferencing server over the Public Service Telephone Network (PSTN) (also called the Plain Old Telephone System (POTS)).

The availability of low-cost personal computers, networking equipment, telecommunications, and related technology, however, has dramatically changed the way people communicate. One example of such change is the explosion of people connected to the global (sometimes referred to as the "public") Internet.

The connectivity achieved by the Internet—connecting numerous, different types of networks—is based upon a common protocol suite utilized by those computers connecting to it. Part of the common protocol suite is the Internet Protocol (IP), defined in Internet Standard (STD) 5, Request for Comments (RFC) 791 (Internet Architecture Board). IP is a network-level, packet (i.e., a unit of transmitted data) switching protocol.

In recent years, the possibility of transmitting voice (i.e., audio) over the worldwide public Internet has been recognized. Voice over IP (VoIP) began with computer scientists experimenting with exchanging voice using personal computers (PCs) equipped with microphones, speakers, and sound cards.

VoIP further developed when, in March of 1996, the International Telecommunications Union-Telecommunications sector (ITU-T), a United Nations organization, adopted the H.323 Internet Telephony Standard. Among its specifications, H.323 specifies the minimum standards (e.g., call setup and control) that equipment must meet in order to send voice over the IP, and other packet-switched network protocols where quality of sound cannot be guaranteed. Thus, conferencing servers (also called multipoint control units (MCUs)) were developed to host audio conferences where participants connected to a central MCU using PC-based equipment and the Internet, rather than traditional phone equipment over the PSTN.

More recently, several alternatives to H.323 have been developed. One such alternative is the Session Initiation Protocol (SIP) developed within the Internet Engineering Task Force (IETF) Multiparty Multimedia Session Control (MMUSIC) Working Group. SIP, which is well-known in the relevant art(s), is a signaling protocol for Internet conferencing and telephony. SIP addresses users using an e-mail-like address and utilizes a portion of the infrastructure used for Internet e-mail delivery. SIP is more powerful than H.323 in providing call control and extended feature sets. It handles basic setup functions as well as enhanced services (e.g., call forwarding).

Given the rapid pace of development in the telephony industry—both in protocols and equipment—and the existence of legacy equipment and protocols (e.g., telephones and switching networks such as the PSTN), it is desirable for conferencing servers (or MCUs) to provide support for users of both new (i.e., packet-based) and legacy (i.e., switching-based) systems. Therefore, what is needed is a hybrid server architecture for mixing and non-mixing client conferencing. The hybrid server should realize the capabilities of the various participants' equipment (e.g., PC-based client versus phone-based clients) and provide the appropriate audio data to each participant.

## SUMMARY OF THE INVENTION

The present invention is directed to a hybrid server architecture, that meets the above-identified needs, whereby mixing (e.g., PC-based clients) and non-mixing (e.g., phone) clients can simultaneously participate in a single audio conference application.

The system of the present invention includes a receiver capable of receiving audio packets from each client, means for determining and keeping a list of clients who are currently active speakers, and means for storing information (e.g., database, list, linked list, table, flag, or the like) indicative of whether each client has the capability to mix multiple audio streams.

The system also includes a multiplexor capable of multiplexing the packets of audio data received from each client on the list of active speakers into a multiplexed stream, and a mixer capable of mixing the packets of audio data received from each client on the list of active speakers into one combined packet.

The system further includes means for sending the multiplexed stream to each of the clients which have the capability to mix multiple audio streams, and the combined packet to each of the plurality of clients which do not have the capability to mix multiple audio streams.

The method and computer program product of the present invention include the steps of receiving audio packets from each client, determining which are active speakers and forming an active speakers list. Then, the clients are divided into two categories—those which have the capability to mix multiple audio streams and those which do not. For those clients which can mix, the server multiplexes the packets of audio data received from each client on the active speakers list into a multiplexed stream. For those clients which cannot mix, the server mixes the packets of audio data received from each client on the active speakers list into one combined packet.

The method and computer program product of the present invention then send the multiplexed stream to each of the clients that can mix, and send the combined packet to each of the clients that cannot mix. The method and computer program product of the present invention also perform an "echo suppression" during the sending of either the multiplexed stream or combined packet so that each client, if they are an active speaker, will not hear themselves speaking.

An advantage of the present invention is that a single server or multipoint control unit (MCU) can provide conferencing services to multiple clients that are using varying equipment and protocols.

Another advantage of the present invention is that servers or MCUs, by realizing the audio mixing capabilities of their

PT0000098

US 6,683,858 B1

3

clients, can distribute the computational burden of mixing audio streams of the active speakers.

Another advantage of the present invention is that by providing multiplexed packets to clients who are capable of mixing, better sound quality is achieved by reducing the effect of "transcoding artifacts."

Yet another advantage of the present invention is that by providing multiplexed packets to clients who are capable of mixing, servers or MCUs can be scaled to support more simultaneous conferences due to the efficiency gained by not having to mix for every client.

Further features and advantages of the invention as well as the structure and operation of various embodiments of the present invention are described in detail below with reference to the accompanying drawings.

BRIEF DESCRIPTION OF THE FIGURES

The features and advantages of the present invention will become more apparent from the detailed description set forth below when taken in conjunction with the drawings in which like reference numbers indicate identical or functionally similar elements. Additionally, the left-most digit of a reference number identifies the drawing in which the reference number first appears.

FIG. 1 is a block diagram illustrating the overall system architecture of an embodiment of the present invention, showing connectivity among the various components;

FIG. 2 is a block diagram illustrating the system architecture of a hybrid mixer according to an embodiment of the present invention;

FIG. 3 is a flowchart representing the general operational flow according to an embodiment of the present invention; and

FIG. 4 is a block diagram of an example computer system for impementing the present invention.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

I. System Architecture Overview

This present invention is directed to a hybrid server architecture for mixing (e.g., mixing capable PC clients connected via Internet Protocol (IP)) and non-mixing (e.g., phone) client conferencing. In a preferred embodiment of the present invention, a service provider supplies the infrastructure (i.e., a hybrid conferencing server or multi-point control unit (MCU)), agreement terms, and facilities so that clients (i.e., participants) who subscribe to their conferencing services can take part in a multi-party audio conference application. The service provider would also provide customer service, support, and billing as will be apparent to one skilled in the relevant art(s) after reading the description herein. The clients would connect to the hybrid server using whatever equipment and protocol they currently have access to.

Referring to FIG. 1, a block diagram illustrating the system architecture of an embodiment of the present invention, showing connectivity among the various components, is shown. More specifically, FIG. 1 illustrates a hybrid network architecture 100 for IP-based client and phone client conferencing. Architecture 100 includes a plurality of PC-based clients 102 (shown as clients 102a–102n) which connect to a wide area network (e.g., the public Internet) 104. The wide area network 104 is connected to the service provider's facilities through a router 106 and a switch 114 which is capable of routing IP packets.

Architecture 100 also includes a plurality of telephone-based clients 108 (shown as clients 108a–108n) which

4

connect to the PSTN 110 (i.e., circuit-switched network). The PSTN 110 is connected to the service provider's facilities (i.e., server 116) through a gateway 112 and the switch 114.

Connected to the switch 114, is the service provider's server or multipoint control unit (MCU) 116, which includes a mixer 118. The switch 114 enables the service provider's MCU 116 to receive audio packets from both PC-based clients 102 using, for example, the SIP protocol, as well as receive H.323 protocol packets from the telephone-based clients 108 who connect via gateway 112.

The present invention is described in terms of the above example. This is for convenience only and is not intended to limit the application of the present invention. In fact, after reading the following description, it will be apparent to one skilled in the relevant art(s) how to implement the following invention in alternative embodiments (e.g., server 116 handling protocols and equipment other than those illustrated herein). Further, while FIG. 1 illustrates mixer 118 as part of MCU 116, those skilled in the relevant art(s) will appreciate that mixer 118 can, in an alternate embodiment, be separated from, and coupled to, MCU 116.

The terms "client," "subscriber," "party," "participant," and the plural form of these terms may be used interchangeably throughout herein to refer to those who would access, use, and/or benefit from the hybrid server of the present invention.

II. Mixer Architecture

Referring to FIG. 2, a block diagram illustrating the system architecture of a hybrid mixer 118 according to an embodiment of the present invention is shown. More specifically, the architecture of mixer 118 which allows the service provider to supply a hybrid network architecture 100 for IP-based client and phone client conferencing is now described in more detail.

Mixer 118 includes buffers 202 which receive audio packets from the clients 102 and 108 via switch 114. (See FIG. 1.) Mixer 118 also includes a packet retriever 206 which is coupled to buffers 202. The connection between buffers 202 and packet retriever 206, however, is only complete when a switch 204 is closed. Switch 204 is an event driven switch which can be timer driven. An event can be generated on a pre-determined time schedule (e.g., every 0.5 to 1.0 second). In an alternative embodiment, events may be buffer size driven. That is, an event may be generated every time buffers 202 receive a pre-determined number of audio data packets (e.g., 90 milliseconds of audio data for each speaker).

Mixer 118 also includes a packet mixer/multiplexor ("mix/mux") 208. The mix/mux 208 forms multiplexed audio packets to be sent to clients capable of mixing multiple audio streams (e.g., clients 102) and also forms mixed audio streams to be sent to non-mixing clients (e.g., clients 108 which have no capability to mix multiple audio streams). Mixer 118 also includes a packet sender 210 which forwards the packets created by mix/mux 208 to clients 102 and 108.

III. System Operation

Referring to FIG. 3, a flowchart representing the general operational flow, according to an embodiment of the present invention, is shown. More specifically, FIG. 3 depicts an example control flow 300 involved in providing a hybrid IP-based client and phone client audio conference. Control flow 300 begins at step 302. In step 302, an event is detected by the mixer 118 causing switch 204 to close. As mentioned above, such an event can be timer driven, where an event is generated on a pre-determined time schedule. In the alternative embodiment, events may be buffer size driven. That is,

Petitioner RPX Corporation - Ex. 1008, p.0000099

an event may be generated every time buffers 202 receive a pre-determined number of audio data packets from each speaker.

Upon detecting an event, control flow 300 proceeds to step 304. In step 304, a counter j is set to one. (Assume there are N clients currently participating in an audio conference application.) In step 306, control flow 300 determines whether the active speaker list needs to be updated. In an embodiment, the active speaker list is updated on a pre-determined time schedule which is independent of the event time schedule in step 302.

If the determination of step 306 is true, the list of active speakers is updated in step 308. The list of active speakers may be updated, in one embodiment, by comparing the average energy values of each participant's audio data. As will be apparent to one skilled in the relevant art(s), if a conference has N participants, the sever will only allow a certain number of speakers k to be considered "active" (i.e., those participants who are actually speaking rather than simply listening). (Where, for example, k=3<<N.) This is because if the number of active speakers is too large, the data being sent by the server to every participant in the audio conference will be unintelligible (i.e., too many participants speaking on top of each other).

In step 310, control flow 300 determines whether the parties have been sent an updated audio stream during the current event detected in step 302. That is, the determination of step 310 is whether j is equal to N. If not, in step 312, control flow 300 determines whether party j is a mixing client. Whether a particular party is a mixing client (e.g., a PC-based client 102 using SIP) or not (e.g., a telephone client 108 using H.323) is static state information which, in one embodiment, may be stored on the MCU 116 upon each client's connection to the audio conference. Such information storage can be in the form of a database, internal memory such as a list, linked list, table, or flag or the like.

Further, the determination of each client's mixing capability can be facilitated, in one embodiment, by the service provider inserting proprietary code into the audio stream or control stream received from its subscribers (i.e., clients 102 or 108). In an alternate embodiment, such mixing capability information may already be present in the audio stream received from subscribers as newer telephony protocols are developed by the IETF and the like.

In step 314, control flow 300 multiplexes (by employing mix/mux 208) the audio stream data (stored on retriever 206) for all k active speakers. In step 314, active speaker audio data for each and every active speaker is multiplexed. However, as will be apparent to those skilled in the relevant art(s), if party j is an active speaker, step 314 will not include party j's own audio data in the multiplexed packets. This is, in essence, an echo suppression function so that party j will not "hear themselves speak."

If step 312 determines that party j is non-mixing client, then step 316 decodes all the active speaker audio data into raw uncompressed data. As in step 314, step 316 will decode all active speaker audio data for each and every active speaker. However, as will be apparent to those skilled in the relevant art(s), if party j is an active speaker, step 316 will not include party j's own audio data in the decoded data. This is, in essence, an echo suppression function so that party j will not "hear themselves speak." Then, the active speaker data is mixed in step 318 and encoded into a single stream in step 320. For example, if there are two (i.e., k=2) active speakers, step 320 will encode two 90 ms raw frames of data and encode them into a single 90 ms frame of data.

Then, in step 322, control flow 300 either sends the multiplexed audio packet (created in step 314) to a mixing

client or a mixed audio stream (created in step 320) to a non-mixing client. In step 324, the counter j is incremented so that the next client can receive updated audio data during the current event detected in step 302. As will be appreciated by one skilled in the relevant art(s) and indicated by step 326, steps 310–324 loop until all participants (i.e., j=N) have been sent an updated audio stream during the current event detected in step 302. Thus, control flow 300 would continue until the server ceases to host the audio conference (i.e., the conference is over and terminated).

IV. Environment

The present invention (i.e., architecture 100, control flow 300, or any part thereof) may be implemented using hardware, software or a combination thereof and may be implemented in one or more computer systems or other processing systems. In fact, in one embodiment, the invention is directed toward one or more computer systems capable of carrying out the functionality described herein.

An example of a computer system 400 is shown in FIG. 4. The computer system 400 represents any single or multi-processor computer. The computer system 400 includes one or more processors, such as processor 404. The processor 404 is connected to a communication infrastructure 406 (e.g., a communications bus, cross-over bar, or network). Various software embodiments are described in terms of this exemplary computer system. After reading this description, it will become apparent to a person skilled in the relevant art how to implement the invention using other computer systems and/or computer architectures.

Computer system 400 can include a display interface 405 that forwards graphics, text, and other data from the communication infrastructure 402 (or from a frame buffer not shown) for display on the display unit 430.

Computer system 400 also includes a main memory 408, preferably random access memory (RAM), and may also include a secondary memory 410. The secondary memory 410 may include, for example, a hard disk drive 412 and/or a removable storage drive 414, representing a floppy disk drive, a magnetic tape drive, an optical disk drive, etc. The removable storage drive 414 reads from and/or writes to a removable storage unit 418 in a well-known manner. Removable storage unit 418, represents a floppy disk, magnetic tape, optical disk, etc. which is read by and written to by removable storage drive 414. As will be appreciated, the removable storage unit 418 includes a computer usable storage medium having stored therein computer software and/or data.

In alternative embodiments, secondary memory 410 may include other similar means for allowing computer programs or other instructions to be loaded into computer system 400. Such means may include, for example, a removable storage unit 422 and an interface 420. Examples of such may include a program cartridge and cartridge interface (such as that found in video game devices), a removable memory chip (such as an EPROM, or PROM) and associated socket, and other removable storage units 422 and interfaces 420 which allow software and data to be transferred from the removable storage unit 422 to computer system 400.

Computer system 400 may also include a communications interface 424. Communications interface 424 allows software and data to be transferred between computer system 400 and external devices. Examples of communications interface 424 may include a modem, a network interface (such as an Ethernet card), a communications port, a PCM-CIA slot and card, etc. Software and data transferred via communications interface 424 are in the form of signals 428 which may be electronic, electromagnetic, optical or other

PT0000100

**7**

signals capable of being received by communications interface **424**. These signals **428** are provided to communications interface **424** via a communications path (i.e., channel) **426**. This channel **426** carries signals **428** and may be implemented using wire or cable, fiber optics, a phone line, a cellular phone link, an RF link and other communications channels.

In this document, the terms "computer program medium" and "computer usable medium" are used to generally refer to media such as removable storage drive **414**, a hard disk installed in hard disk drive **412**, and signals **428**. These computer program products are means for providing software to computer system **400**. The invention is directed to such computer program products.

Computer programs (also called computer control logic) are stored in main memory **408** and/or secondary memory **410**. Computer programs may also be received via communications interface **424**. Such computer programs, when executed, enable the computer system **400** to perform the features of the present invention as discussed herein. In particular, the computer programs, when executed, enable the processor **404** to perform the features of the present invention. Accordingly, such computer programs represent controllers of the computer system **400**.

In an embodiment where the invention is implemented using software, the software may be stored in a computer program product and loaded into computer system **400** using removable storage drive **414**, hard drive **412** or communications interface **424**. The control logic (software), when executed by the processor **404**, causes the processor **404** to perform the functions of the invention as described herein.

In another embodiment, the invention is implemented primarily in hardware using, for example, hardware components such as application specific integrated circuits (ASICs). Implementation of the hardware state machine so as to perform the functions described herein will be apparent to persons skilled in the relevant art(s).

In yet another embodiment, the invention is implemented using a combination of both hardware and software.

V. Conclusion

While various embodiments of the present invention have been described above, it should be understood that they have been presented by way of example, and not limitation. For example, the operational flow presented in FIG. **3**, is for example purposes only and the present invention is sufficiently flexible and configurable such that it may flow in ways other than that shown.

Further, it will be apparent to persons skilled in the relevant art that various changes in form and detail can be made therein without departing from the spirit and scope of the invention. Thus the present invention should not be limited by any of the above-described exemplary embodiments, but should be defined only in accordance with the following claims and their equivalents.

What is claimed is:

1. A method of providing audio conferencing for a plurality of clients using varying equipment and protocols, comprising the steps of:

(1) receiving an audio packet from each of the plurality of clients;

(2) determining which of the plurality of clients is an active speaker and forming an active speakers list;

(3) determining that a first subset of the plurality of clients has the capability to mix multiple audio streams;

(4) determining that a second subset of the plurality of clients does not have the capability to mix multiple audio streams;

**8**

(5) multiplexing said packets of audio data received from each client on said active speakers list into a multiplexed stream;

(6) sending said multiplexed stream to each of said first subset of the plurality of clients;

(7) mixing said packets of audio data received from each client on said active speakers list into one combined packet; and

(8) sending said combined packet to each of said second subset of the plurality of clients;

whereby said plurality of clients can simultaneously participate in a single audio conference application.

2. The method of claim 1, further comprising the step of:

before sending said multiplexed stream to one of said first subset of the plurality of clients, removing from said multiplexed stream said packets of audio data received from said one of said first subset of the plurality of clients when said one of said first subset of the plurality of clients is on said active speakers list.

3. The method of claim 1, further comprising the step of:

before sending said combined packet to one of said second subset of the plurality of clients, removing from said combined packet said packets of audio data received from said one of said second subset of the plurality of clients when said one of said second subset of the plurality of clients is on said active speakers list.

4. The method of claim 1, wherein at least one of said first subset of the plurality of clients is using PC-based equipment and the Session Initiation Protocol (SIP).

5. The method of claim 1, wherein at least one of said second subset of the plurality of clients is using a telephone and the H.323 protocol.

6. A system for providing audio conferencing for a plurality of clients, comprising:

a receiver capable of receiving an audio packet from each of the plurality of clients;

means for maintaining a list of each of the plurality of clients that is an active speaker;

means for storing information indicative of whether each of the plurality of clients has the capability to mix multiple audio streams;

a multiplexor capable of multiplexing said packets of audio data received from each client on said list of active speakers into a multiplexed stream;

a mixer capable of mixing said packets of audio data received from each client on said list of active speakers into one combined packet; and

a packet sender capable of sending, based on information in said means for storing, said multiplexed stream to each of the plurality of clients which have the capability to mix multiple audio streams, and capable of sending said combined packet to each of the plurality of clients which do not have the capability to mix multiple audio streams;

whereby said plurality of clients can simultaneously participate in a single audio conference application.

7. The system of claim 6, further comprising:

means for removing, before said packet sender sends said multiplexed stream to one of the plurality of clients which have the capability to mix multiple audio streams, from said multiplexed stream said packets of audio data received from said one of the plurality of clients, when said one of the plurality of clients is on said list of active speakers.

PT0000101

9                                                        10

**8**. The system of claim **6**, further comprising:

means for removing, before said packet sender sends said combined packet to one of the plurality of clients which do not have the capability to mix multiple audio streams, from said combined packet said packets of audio data received from said one of the plurality of clients, when said one of the plurality of clients is on said list of active speakers.

**9**. The system of claim **6**, wherein at least one of the plurality of clients, which has the capability to mix multiple audio streams, is using PC-based equipment and the Session Initiation Protocol (SIP).

**10**. The system of claim **6**, wherein at least one of the plurality of clients, which does not have the capability to mix multiple audio streams, is using a telephone and the H.323 protocol.

**11**. A computer program product comprising a computer usable medium having control logic stored therein for causing a computer to provide audio conferencing for a plurality of clients using varying equipment and protocols, said control logic comprising:

first computer readable program code means for causing the computer to receive an audio packet from each of the plurality of clients;

second computer readable program code means for causing the computer to determine which of the plurality of clients is an active speaker and forming an active speakers list;

third computer readable program code means for causing the computer to determine that a first subset of the plurality of clients has the capability to mix multiple audio streams;

fourth computer readable program code means for causing the computer to determine that a second subset of the plurality of clients does not have the capability to mix multiple audio streams;

fifth computer readable program code means for causing the computer to multiplex said packets of audio data received from each client on said active speakers list into a multiplexed stream;

sixth computer readable program code means for causing the computer to send said multiplexed stream to each of said first subset of the plurality of clients;

seventh computer readable program code means for causing the computer to mix said packets of audio data received from each client on said active speakers list into one combined packet; and

eighth computer readable program code means for causing the computer to send said combined packet to each of said second subset of the plurality of clients;

whereby the plurality of clients can simultaneously participate in a single audio conference application.

**12**. The computer program product of claim **11**, further comprising:

ninth computer readable program code means for causing the computer, before sending said multiplexed stream to one of said first subset of the plurality of clients, to remove from said multiplexed stream said packets of audio data received from said one of said first subset of the plurality of clients when said one of said first subset of the plurality of clients is on said active speakers list.

**13**. The computer program product of claim **11**, further comprising:

ninth computer readable program code means for causing the computer, before sending said combined packet to one of said second subset of the plurality of clients, to remove from said combined packet said packets of audio data received from said one of said second subset of the plurality of clients when said one of said second subset of the plurality of clients is on said active speakers list.

\*   \*   \*   \*   \*

PT0000102

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| | | | 07/07/00 |
| FEE DETERMINATION | | | |
| O.I.P.E. CLASSIFIER | RSD | | 7/11/00 |
| FORMALITY REVIEW | | 71531 | 9.19.00 |
| RESPONSE FORMALITY REVIEW | | 71473 | 12-22-00 |

## INDEX OF CLAIMS

| | | | | |
|---|---|---|---|---|
| ✔ | ................................. Rejected | N | ................................. Non-elected |
| = | ................................. Allowed | I | ................................. Interference |
| — | (Through numeral)... Canceled | A | ................................. Appeal |
| ÷ | ................................. Restricted | O | ................................. Objected |

| Final | Original | 9/15/63 | | | | | Date | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| → 1 | = | | | | | | | | | | |
| 2 | = | | | | | | | | | | |
| 3 | = | | | | | | | | | | |
| 4 | = | | | | | | | | | | |
| 5 | = | | | | | | | | | | |
| 6 | = | | | | | | | | | | |
| 7 | = | | | | | | | | | | |
| 8 | = | | | | | | | | | | |
| 9 | = | | | | | | | | | | |
| 10 | = | | | | | | | | | | |
| 11 | = | | | | | | | | | | |
| 12 | = | | | | | | | | | | |
| 13 | = | | | | | | | | | | |
| 14 | | | | | | | | | | | |
| 15 | | | | | | | | | | | |
| 16 | | | | | | | | | | | |
| 17 | | | | | | | | | | | |
| 18 | | | | | | | | | | | |
| 19 | | | | | | | | | | | |
| 20 | | | | | | | | | | | |
| 21 | | | | | | | | | | | |
| 22 | | | | | | | | | | | |
| 23 | | | | | | | | | | | |
| 24 | | | | | | | | | | | |
| 25 | | | | | | | | | | | |
| 26 | | | | | | | | | | | |
| 27 | | | | | | | | | | | |
| 28 | | | | | | | | | | | |
| 29 | | | | | | | | | | | |
| 30 | | | | | | | | | | | |
| 31 | | | | | | | | | | | |
| 32 | | | | | | | | | | | |
| 33 | | | | | | | | | | | |
| 34 | | | | | | | | | | | |
| 35 | | | | | | | | | | | |
| 36 | | | | | | | | | | | |
| 37 | | | | | | | | | | | |
| 38 | | | | | | | | | | | |
| 39 | | | | | | | | | | | |
| 40 | | | | | | | | | | | |
| 41 | | | | | | | | | | | |
| 42 | | | | | | | | | | | |
| 43 | | | | | | | | | | | |
| 44 | | | | | | | | | | | |
| 45 | | | | | | | | | | | |
| 46 | | | | | | | | | | | |
| 47 | | | | | | | | | | | |
| 48 | | | | | | | | | | | |
| 49 | | | | | | | | | | | |
| 50 | | | | | | | | | | | |

(SAME)

| Final | Original | | | | Date | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 51 | | | | | | | | | |
| 52 | | | | | | | | | |
| 53 | | | | | | | | | |
| 54 | | | | | | | | | |
| 55 | | | | | | | | | |
| 56 | | | | | | | | | |
| 57 | | | | | | | | | |
| 58 | | | | | | | | | |
| 59 | | | | | | | | | |
| 60 | | | | | | | | | |
| 61 | | | | | | | | | |
| 62 | | | | | | | | | |
| 63 | | | | | | | | | |
| 64 | | | | | | | | | |
| 65 | | | | | | | | | |
| 66 | | | | | | | | | |
| 67 | | | | | | | | | |
| 68 | | | | | | | | | |
| 69 | | | | | | | | | |
| 70 | | | | | | | | | |
| 71 | | | | | | | | | |
| 72 | | | | | | | | | |
| 73 | | | | | | | | | |
| 74 | | | | | | | | | |
| 75 | | | | | | | | | |
| 76 | | | | | | | | | |
| 77 | | | | | | | | | |
| 78 | | | | | | | | | |
| 79 | | | | | | | | | |
| 80 | | | | | | | | | |
| 81 | | | | | | | | | |
| 82 | | | | | | | | | |
| 83 | | | | | | | | | |
| 84 | | | | | | | | | |
| 85 | | | | | | | | | |
| 86 | | | | | | | | | |
| 87 | | | | | | | | | |
| 88 | | | | | | | | | |
| 89 | | | | | | | | | |
| 90 | | | | | | | | | |
| 91 | | | | | | | | | |
| 92 | | | | | | | | | |
| 93 | | | | | | | | | |
| 94 | | | | | | | | | |
| 95 | | | | | | | | | |
| 96 | | | | | | | | | |
| 97 | | | | | | | | | |
| 98 | | | | | | | | | |
| 99 | | | | | | | | | |
| 100 | | | | | | | | | |

| Final | Original | | | | Date | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 101 | | | | | | | | | |
| 102 | | | | | | | | | |
| 103 | | | | | | | | | |
| 104 | | | | | | | | | |
| 105 | | | | | | | | | |
| 106 | | | | | | | | | |
| 107 | | | | | | | | | |
| 108 | | | | | | | | | |
| 109 | | | | | | | | | |
| 110 | | | | | | | | | |
| 111 | | | | | | | | | |
| 112 | | | | | | | | | |
| 113 | | | | | | | | | |
| 114 | | | | | | | | | |
| 115 | | | | | | | | | |
| 116 | | | | | | | | | |
| 117 | | | | | | | | | |
| 118 | | | | | | | | | |
| 119 | | | | | | | | | |
| 120 | | | | | | | | | |
| 121 | | | | | | | | | |
| 122 | | | | | | | | | |
| 123 | | | | | | | | | |
| 124 | | | | | | | | | |
| 125 | | | | | | | | | |
| 126 | | | | | | | | | |
| 127 | | | | | | | | | |
| 128 | | | | | | | | | |
| 129 | | | | | | | | | |
| 130 | | | | | | | | | |
| 131 | | | | | | | | | |
| 132 | | | | | | | | | |
| 133 | | | | | | | | | |
| 134 | | | | | | | | | |
| 135 | | | | | | | | | |
| 136 | | | | | | | | | |
| 137 | | | | | | | | | |
| 138 | | | | | | | | | |
| 139 | | | | | | | | | |
| 140 | | | | | | | | | |
| 141 | | | | | | | | | |
| 142 | | | | | | | | | |
| 143 | | | | | | | | | |
| 144 | | | | | | | | | |
| 145 | | | | | | | | | |
| 146 | | | | | | | | | |
| 147 | | | | | | | | | |
| 148 | | | | | | | | | |
| 149 | | | | | | | | | |
| 150 | | | | | | | | | |

PT0000103

If more than 150 claims or 10 actions

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 370 | 260 | 9/14/03 | BP |
| | 261 | | |
| | 262 | | |
| | 263 | | |
| | 265 | | |
| | 266 | | |
| | 352- | | |
| | 356 | | |
| 379 | 158 | | |
| " | 202.01 | " | |

## SEARCH NOTES
### (INCLUDING SEARCH STRATEGY)

| | Date | Exmr. |
|---|---|---|
| Text Search | 9/15/03 | BP |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 370 | 260 | 9/15/03 | BP |
| | 261 | | |
| | 262 | | |
| | 263 | | |
| | 265 | | |
| | 266 | | |
| | 352- | | |
| | 356 | | |
| 379 | 158 | | |

PT0000104



ATTACH
DISK/FICHE/CD-ROM
ENVELOPE
HERE

PT0000105

(RIGHT INSIDE)



**PATENT APPLICATION**

09604961



06/28/00

INITIALS

# CONTENTS

Date Received
(Incl. C. of M.)
or
Date Mailed

Date Received
(Incl. C. of M.)
or
Date Mailed

1. Application _____ papers.
2. Re: Dec, Fees
3. _____
4. _____
5. _____
6. Accept Retur
7. Notice of Allowability 10-3-03
8. _____
9. Power of attorney 5/28/13
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____
16. _____
17. _____
18. _____
19. _____
20. _____
21. _____
22. _____
23. _____
24. _____
25. _____
26. _____
27. _____
28. _____
29. _____
30. _____
31. _____
32. _____
33. _____
34. _____
35. _____
36. _____
37. _____
38. _____
39. _____
40. _____
41. _____

42. _____
43. _____
44. _____
45. _____
46. _____
47. _____
48. _____
49. _____
50. _____
51. _____
52. _____
53. _____
54. _____
55. _____
56. _____
57. _____
58. _____
59. _____
60. _____
61. _____
62. _____
63. _____
64. _____
65. _____
66. _____
67. _____
68. _____
69. _____
70. _____
71. _____
72. _____
73. _____
74. _____
75. _____
76. _____

IF   09604961                       SP
1439F   RET   259161567 – 000001   RT ID: VI
M  -46-01-2-19-0010-3-07-03 0103185753

SKP:RF047850606 – 00007   CUST:RF047850606
                                NRM
6683858                Srv: 04/19 2:30pm EDT   For: Thomps:
                                RECORDS MANAGEMENT
R                                          HALF

PT0000106

(LEFT OUTSIDE)