**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **PALTALK HOLDINGS, INC.,** | |
| Plaintiff, | **Case No. 6:21-CV-00757-ADA** |
| v. | |
| **CISCO SYSTEMS, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Paltalk Holdings, Inc. ("Paltalk") and Defendant Cisco Systems, Inc. (hereafter referred to as "the Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing

transcripts) for which such protection is sought.   For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "RESTRICTED - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.      With respect to documents, information, or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d)

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED - SOURCE CODE," individually and collectively.

affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED - SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

    (a)    Outside counsel of record in this Action for the Parties.

    (b)    Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

    (c)    In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mock jurors, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only

upon a good faith belief that the documents, information, or material contains confidential

or proprietary information or trade secrets of the Party or a Third Party to whom the Party

4

reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.      Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED - SOURCE CODE."

9.      For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.    For Protected Material designated RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g).

11.    For Protected Material designated RESTRICTED - SOURCE CODE, the following additional restrictions apply:

    (a)    Access to a Party's Source Code Material shall only be permitted by persons designated under paragraph 5(a) and up to three experts under 5(e).

    (b)    A Party's Source Code Material shall be provided only on a remote thin client over a secured connection to Defendant's source code repository (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet.  When source code is provided on a remote thin client, it must function identically to a standalone computer. The client may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11(i and j) below.   Additionally, except as provided in paragraph 11(j) below, the client may only be located at the offices of the producing Party's outside counsel or another location mutually agreeable to the Parties.

    The client shall be provisioned with software sufficient to review and search the source code on the client, provided, however, that no tools shall be used by the reviewing Party to assemble, compile, or convert source code to object code.   Upon the receiving Party's request, other commercially available software tools for viewing and searching source code shall be installed on the computers, provided that (a) the receiving Party possesses an appropriate license to such software tools; and (b) the producing Party approves such software tools (which approval shall not be unreasonably withheld). Such request for software shall be provided at least ten (10) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the computer. Further, the client shall be of suitably modern grade, and with an external mouse and keyboard.

    Upon request, the producing Party will provide a note-taking laptop to the reviewing Party separate from the client upon request.

    The note-taking laptop shall not be linked to any network, including a LAN, an intranet, or the Internet.  Under no circumstances shall a reviewer transcribe any portion of the source code into his or her notes, with the exception of file names or routine names, as necessary.  In addition, any such notes must be marked with the following header on each page: "CONFIDENTIAL – SOURCE CODE."  Then, the producing Party will transfer the identified file

containing the notes from the note-taking laptop to an encrypted hard drive provided by the producing Party.  The producing Party will do so in the presence of the receiving Party's agents and will not open the file containing the notes.  The encrypted hard drive containing the notes will at all times be kept in a secured, locked location.  The files containing notes shall not be transferred from the encrypted hard drive for any purpose. Any computer to which the encrypted hard drive is connected must be disconnected from all networks and much have the most up-to-date security software installed (e.g., antivirus).  To the extent any computer to which the encrypted hard drive was connected becomes infected with any malware, the receiving Party will promptly notify the producing Party.

(c) The receiving Party shall make reasonable efforts to restrict its requests for such access to the client to normal business hours, which for purposes of this paragraph shall be based upon the COVID-19 operating hours of the office in which the source code is produced.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the client outside of normal business hours.   The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The Source Code Material will be made available from the date it is produced until the end of trial. The following additional restrictions shall apply:

   i. The client will be maintained in a secured room.  The producing Party may maintain a daily log of the names and persons who enter the designated facility to view the materials and when they enter and depart.   The producing Party shall be entitled to have a person observe all entrances and exits from the reviewing room. The producing Party may visually monitor the activities of the Receiving Party's representative during any source code review from outside the room, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code and will not monitor what is being specifically reviewed on the source code computer's screen by the receiving Party, nor will the producing Party view the notes taken by the receiving Party nor will the producing Party log the receiving Party's keystrokes on the source code computer or otherwise attempt to record the receiving Party's work-product.  All access to the source code shall be maintained on a source code Access Log identifying, for each and every time any source code is viewed, accessed, or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; and (3) the date and time at which such access ended.  The producing Party will provide the receiving Party with an unmonitored breakout room.  The receiving Party shall not be permitted to bring any materials (other than handwritten notes) from the review room into the

7

breakout room including, but not limited to: the note taking computer, the source code computer, or any other device or program from the reviewing room, but can utilize other electronic devices not permitted in the review room (e.g., cell phone) in the breakout room.

(d)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the client in order to access the produced Source Code Material on the client. With the exception of the note-taking laptop, no recordable media, recordable devices, input/output devices, devices with Internet or network access, or other electronic devices capable of recording, copying, or transmitting the source code, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the source code reviewing room. Nor shall the reviewing Party or its expert(s) attempt to circumvent the security of the review computer or confidentiality of the source code displayed.

(e)    The producing Party will produce Source Code Material in computer searchable format on the client as described above.

(f)    Access to Source Code Material shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.   A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, discovery document, deposition transcript, or other Court document (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(g)    To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as RESTRICTED - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED - SOURCE CODE.

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

(h)     Except as set forth in paragraph 11(j) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(i)     The receiving party shall not have the right to, and agrees not to, copy, transmit or duplicate CONFIDENTIAL – SOURCE CODE materials in any manner, including scanning or otherwise creating an electronic image of the CONFIDENTIAL – SOURCE CODE materials, except as set forth herein:

   i.   To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as RESTRICTED - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED - SOURCE CODE.

   ii.  Except as set forth in paragraph 11(i)(iii) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

   iii. The receiving Party shall not print more than 1,000 pages for each software release, and no more than 50 consecutive pages of source code from any single file, all of which shall be designated and clearly labeled "RESTRICTED - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied. The receiving Party may request permission to print additional pages (including additional consecutive pages) of Source Code. Such requests shall not be unreasonably denied by the producing Party.

   iv.  Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "RESTRICTED - SOURCE CODE" and shall continue to be treated as such.

   v.   If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).  However, all CONFIDENTIAL – SOURCE CODE materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time, will any CONFIDENTIAL – SOURCE CODE material be given

to or left with the Court Reporter or any other individual.

(j)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(f) above to another person authorized under paragraph 11(f) above, on paper or removable electronic media (*e.g*., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.   Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Notwithstanding the above provisions of 11(i)(v), if a deposition proceeds by videoconference, and Source Code Material is to be used during such a deposition, the Parties agree to cooperate to develop reasonable procedures for the use of such Source Code Materials during the deposition.  In any deposition of Defendant's witnesses requiring source code, said witnesses will bring their own defendant-issued client (such as a laptop) and log in to access the source code.  Alternatively, defendant may separately provide a client (e.g., laptop) for the witness to remotely log in to review source code.  Plaintiff will use pre-printed hard copies of the source code for their preparations and questioning, in compliance with paragraph 11(i). Plaintiff reserves the right to seek electronic code subject to the parties conferring further. Defendant shall be given seven (7) days' notice if source code is required in a deposition in order to ensure remote access to the source code for the witness.

(k)    If the producing Party has elected to use the procedure set out in paragraph 11, it must provide the code or other materials to the receiving Party in the same file format that it uses when providing the code or other materials to the producing Party's own experts and consultants.  In addition, the producing Party's expert will be subject to the same printing restrictions as that of the receiving Party (i.e., the producing Party may only print for its expert pages in excess of the limits stated in paragraph 11(i) above after notifying the receiving Party of the number of pages that it prints, and permitting the receiving party to print the same total number of pages).  Finally, the producing Party will not send to its expert any removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") or computers containing source code.

12.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED - ATTORNEYS' EYES ONLY, RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY, and/or RESTRICTED - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise

learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals or two years after such person last reviewed the HIGHLY SENSITIVE MATERIAL, whichever is period is longer.   To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13.   Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by

11

promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

15.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to

access to DESIGNATED MATERIAL.    DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED - SOURCE CODE" pursuant to this Order.   Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.    Exhibits to a filing shall conform to the labeling requirements set forth in this Order.    If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at

the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.     If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or

"RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties.   The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.    Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

23.    Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed.    The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24.    The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.    The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.    Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.   Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.   Nothing in this Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

Dated:  January 27, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **PALTALK HOLDINGS, INC.,** | |
| Plaintiff, | **Case No. 6:21-CV-00757-ADA** |
| v. | |
| **CISCO SYSTEMS, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED - SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY,"

"RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____