IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| PALTALK HOLDINGS, INC., | |
|---|---|
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:21-CV-00757-ADA |
| WEBEX COMMUNICATIONS, INC.; CISCO WEBEX LLC; CISCO SYSTEMS, INC., | |
| Defendants. | JURY TRIAL DEMANDED |

## AMENDED SCHEDULING ORDER

To resolve any ambiguity in scheduling after the entry of the Court's Order Governing Proceedings version 4.0, Paltalk Holdings, Inc. and Cisco Systems, Inc. agree to this revised scheduling order.

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following revised schedule will govern deadlines up to and including the trial of this matter:

| Date | Event |
|---|---|
| 08/30/2021 | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.[1] |
| 10/12/2021 | Parties submit an agreed Scheduling Order. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| 10/26/2021 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 11/9/2021 | Parties exchange claim terms for construction. |
| 11/23/2021 | Parties exchange proposed claim constructions. |
| 11/30/2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 12/7/2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 12/14/2021 | Defendant files Opening claim construction brief, including any arguments that any claim terms are not indefinite. |
| 01/4/2022 | Plaintiff files Responsive claim construction brief. |
| 1/18/2022 | Defendant files Reply claim construction brief. |
| 02/1/2022 | Plaintiff files Sur-Reply claim construction brief. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

10085891v1/103051

| | |
|---|---|
| 2/4/2022 | Parties submit Joint Claim Construction Statement. |
| 2/8/2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| 2/24/2022 | *Markman* Hearing at 9:00 a.m. [This is a place holder date, which may be adjusted as the *Markman* hearing approaches]. |
| 2/25/2022 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 4/7/2022 (6 weeks after the *Markman* hearing) | Deadline to add parties. |
| 4/28/2022 (By agreement of the parties) | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 6/16/2022 (16 weeks after the *Markman* hearing) | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 8/25/2022 (26 weeks after the *Markman* hearing) | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a conference with the Court to resolve the disputed issues. |
| 9/22/2022 (30 weeks after the *Markman* hearing) | Close of Fact Discovery. |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

10085891v1/103051

| | |
|---|---|
| 9/29/2022<br>(31 weeks after the *Markman* hearing) | Deadline for Opening Expert Reports. |
| 10/27/2022<br>(35 weeks after the *Markman* hearing) | Deadline for Rebuttal Expert Reports. |
| 11/17/2022<br>(38 weeks after the *Markman* hearing) | Close of Expert Discovery. |
| 11/24/2022<br>(39 weeks after the *Markman* hearing) | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 12/1/2022<br>(40 weeks after the *Markman* hearing) | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 12/1/2022<br>(40 weeks after the *Markman* hearing) | Deadline to file Joint Report on results of meet and confer. |
| 12/15/2022<br>(42 weeks after the *Markman* hearing) | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery, and deposition designations). |
| 12/29/2022<br>(44 weeks after the *Markman* hearing) | Serve objections to pretrial disclosures/rebuttal disclosures. |

| | |
|---|---|
| 1/05/2023<br>(45 weeks after the *Markman* hearing) | Serve objections to rebuttal disclosures and file motions in limine. |
| 1/12/2023<br>(46 weeks after the *Markman* hearing) | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions in limine. |
| 1/19/2023<br>(47 weeks after the *Markman* hearing) | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions in limine. |
| 8 weeks before trial | Parties email the Court's law clerk to confirm pretrial and trial dates. |
| 3 business days before Final Pretrial Conference | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in limine. |
| 02/02/2023<br>(49 weeks after the last *Markman* hearing or as soon as practicable) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| 2/23/2023<br>(52 weeks after the last *Markman* hearing) | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

10085891v1/103051


SIGNED this 18th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

6