**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| PALTALK HOLDINGS, INC., § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | No. 6:21-cv-00757 |
| § | |
| CISCO SYSTEMS, INC., § | JURY TRIAL DEMANDED |
| § | |
| Defendant. § | |

**DEFENDANT'S NOTICE OF OPPOSED MOTION AND OPPOSED MOTION TO STAY
PENDING *EX PARTE* REEXAMINATION ADDRESSING ALL ASSERTED CLAIMS**

## TABLE OF CONTENTS

                                                                                                                                                                          **Page**

I. Introduction ........................................................................................................................ 1

II. factual Background ............................................................................................................ 2

III. Legal Standard ................................................................................................................... 3

IV. Argument ........................................................................................................................... 4

      A. Granting a Stay Will Likely Eliminate the Need for Trial ..................................... 4

      B. Paltalk Will Not Be Unduly Prejudiced ................................................................. 6

      C. The Early Stage of the Litigation Supports Staying the Case ................................ 8

V. Conclusion ......................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)..................................................................................................6

*Clinton v. Jones*,
   520 U.S. 681 (1997)..................................................................................................................3

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
   No. A-13-CA-1025, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ........................................8

*DynaEnergetics Europe GmbH et al v. GR Energy Servs. Operating GP LLC et al*,
   No. 6:21-cv-00085 (W.D. Tex. Dec. 20, 2021) ........................................................................5

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013).................................................................................................5

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
   No. 6:20-cv-00317, 2021 WL 4555610 (W.D. Tex. Oct. 4, 2021)................................3, 4, 6, 7

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
   No. 6:18-cv-00207, 2019 WL 11706231 (W.D. Tex. May 30, 2019) ...................................4, 8

*Norman IP Holdings, LLC v. TPLink Techs., Co.*,
   No. 6:13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014).................................................8

*PalTalk Holdings, Inc. v. Microsoft Corp.*,
   No. 2:06-cv-00367 (E.D. Tex. May 8, 2009).............................................................................2

*PalTalk Holdings, Inc. v. Riot Games, Inc.*,
   810 F. App'x 904 (Fed. Cir. 2020).........................................................................................2, 7

*PalTalk Holdings, Inc. v. Sony Computer Ent. Am., Inc. et al*,
   No. 2:09-cv-00274 (E.D. Tex. Oct. 25, 2011) ..........................................................................2

*Patlex Corp. v. Mossinghoff*,
   758 F.2d 594 (Fed. Cir.) on reh'g, 771 F. 2d 480 (Fed Cir. 1985)............................................4

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
   No. 2:19-cv-00225, 2021 WL 121154 (E.D. Tex. Jan. 13, 2021) .........................................5, 8

*Small Axe Enters., Inc. v. Helen of Troy Ltd.*,
   No. 3:20-cv-00042 (W.D. Tex. Apr. 17, 2020) ........................................................................4

*TC Tech. LLC v. Sprint Corp. et al.*,
   No. 1:16-cv-00153, 2021 WL 4521045 (D. Del. Oct. 4, 2021).................................................7

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*TC Tech. LLC v. T-Mobile USA, Inc.*,
 No. 6:20-cv-00899, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ....................................... 5, 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
 759 F.3d 1307 (Fed. Cir. 2014) .................................................................................... 4, 5, 6

**STATUTES**

35 U.S.C. § 103(a) ........................................................................................................................ 3

**REGULATIONS**

37 C.F.R. § 1.530(j) ...................................................................................................................... 5

**OTHER AUTHORITIES**

U.S. Patent and Trademark Office, Ex Parte Reexamination Filing data (Sept. 30, 2020),
 https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up
 _21Q1.pdf ................................................................................................................................ 5

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 16, 2022, Defendant Cisco Systems Inc. ("Cisco") will, and hereby does, move to stay the case pending the United States Patent and Trademark Office's *ex parte* reexamination of U.S. Patent No. 6,683,858. The Motion is based on the pleadings, the Memorandum of Points and Authorities and the corresponding exhibits submitted herewith, the Proposed Order submitted herewith, and such other and further papers and arguments as may be submitted to the Court in connection with the Motion. The parties met and conferred, and Plaintiff Paltalk Holdings, Inc. opposes this motion.

Dated:  September 16, 2022    Respectfully submitted,

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

I.      INTRODUCTION

Plaintiff Paltalk Holdings, Inc. ("Paltalk") asserts a single expired patent against Defendant Cisco Systems Inc. ("Cisco"). Last week, in connection with an *ex parte* reexamination ("EPR") of that patent, the examiner issued an initial office action rejecting the asserted claims 1–10 ("Asserted Claims") as invalid over the prior art. Cisco respectfully requests that the Court stay this case pending resolution of the EPR because the parties and the Court should not expend additional resources litigating what is statistically likely to be an invalid patent.

All three factors governing whether to stay a case pending EPR favor stay. First, and "most important," there will undoubtedly be simplification of issues for trial. The PTO has already rejected the Asserted Claims as invalid; because the patent is expired, Paltalk *cannot amend* to overcome objections. Unless the PTO changes its mind in advance of making its final decision, which is statistically unlikely, the Asserted Claims will be cancelled, and this case will be over. As the Federal Circuit has observed, mooting the need for trial altogether is "the ultimate simplification of issues."

Second, the early stage of the litigation strongly favors a stay. The parties have taken only two depositions, and on the current schedule (which Paltalk wishes to extend), expert discovery will not be completed until the middle of November. Third, Paltalk will suffer no undue prejudice or tactical disadvantage by a stay because the parties are not competitors, Paltalk seeks only money damages, the sole asserted patent has expired, and Cisco is solvent. Given that Paltalk has delayed filing this suit for 17 years, it clearly has no need for an immediate trial. The '858 patent issued in 2004, but Paltalk waited until 2021 to bring suit, despite being aware of Cisco and its products. If Paltalk were concerned about timeliness, it would have sued a decade ago, and it would not have waited years for Cisco's revenues to grow, only to sue right before the patent expired.

On the other hand, Cisco would be gravely prejudiced by the expense of continuing to defend itself against Paltalk's assertions of an invalid patent. This is particularly so because this

is not the first time that Paltalk has stood to benefit from litigation involving an invalid patent. Paltalk previously settled two patent lawsuits (involving two patents in the same portfolio as the Asserted Patent) during or on the eve of trial, and both asserted patents were later invalidated by the PTAB, which was affirmed by the Federal Circuit. *PalTalk Holdings, Inc. v. Riot Games, Inc.*, 810 F. App'x 904 (Fed. Cir. 2020) (affirming PTAB's obviousness determinations for U.S. Patent Nos. 5,822,523 and 6,226,686); *see PalTalk Holdings, Inc. v. Sony Computer Ent. Am., Inc. et al*, No. 2:09-cv-00274 (E.D. Tex. Oct. 25, 2011) (ECF No. 460) (order granting motion to dismiss suit with prejudice for the alleged infringement of U.S. Patent Nos. 5,822,523 and 6,226,686); *see also PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-cv-00367 (E.D. Tex. May 8, 2009) (ECF No. 299) (order granting stipulation of dismissal for the alleged infringement of U.S. Patent Nos. 5,822,523 and 6,226,686).

As such, Cisco respectfully requests that this case be stayed pending final disposition of the EPR.

## II.   FACTUAL BACKGROUND

The application that resulted in U.S. Patent No. 6,683,858 ("the '858 Patent") was filed on June 28, 2000, with HearMe, Inc. ("HearMe") as the assignee. In 2001, prior to its allowance, Paltalk acquired HearMe and its assets. Without a single office action from the PTO, the '858 Patent issued on January 27, 2004. ECF No. 26, Ex. 4 ('858 Patent Prosecution History) at 68–74. The patent expired July 26, 2022. *Id.* at 70.

On July 23, 2021, Paltalk filed this suit asserting that Cisco's Webex products infringe claims 1–10 of the '858 Patent. Paltalk, Inc. Compl. for Patent Infringement and Jury Demand, July 23, 2021, ECF. No. 1. Cisco answered on September 30, 2021 denying the allegations. Defendants Cisco Sys., Inc.'s, Webex Commc'ns., Inc.'s and Cisco Webex LLC's Answer and Defenses to the Compl., Sept., 30, 2021, ECF No. 19. The Court held the *Markman* hearing on February 24, 2022, and we are in the middle of fact discovery, which currently ends on September 22, 2022, but just this week, Paltalk has requested that Cisco agree to an extension. Am. Scheduling Order at 3, April 18, 2022, ECF No. 42; Edlin Decl. at 1. Although fact

discovery opened at the end of February, Paltalk did not request any depositions until August 3, 2022, or issue any deposition notices until August 10, 2022. Edlin Decl. at Exs. 3 & 4. Only two depositions have occurred. Edlin Decl. at 2. Expert discovery has not yet begun. Am. Scheduling Order at 4. Trial is estimated to begin on February 23, 2023. *Id.* at 5.

On February 22, 2022, Cisco filed a request for an EPR of the '858 Patent. Edlin Decl. at Ex. 5 (Cisco's Request for EPR of the '858 Patent). On April 18, the PTO issued an order granting the EPR. Edlin Decl. at Ex. 6 (PTO's Order Granting Cisco's Request). Last week, on September 7, the examiner issued a non-final office action, rejecting the Asserted Claims 1-10 of the '858 Patent under the following three grounds of invalidity. Edlin Decl. at Ex. 7 at 6–14 (PTO's Non-Final Office Action of the '858 Patent).

| Claims | EPR Instituted Grounds |
|---|---|
| 1, 6 | 35 U.S.C. § 103(a) – Obvious over Pearce[1] in view of Oran[2] |
| 4, 5, 9, and 10 | 35 U.S.C. § 103(a) – Obvious over Pearce in view of Oran and Rosenberg[3] |
| 2, 3, 7, and 8 | 35 U.S.C. § 103(a) – Obvious over Pearce in view of Oran and Roberts[4] |

### III.   LEGAL STANDARD

"A district court has the inherent power to control its docket, including the power to stay proceedings before it." *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-cv-00317, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 4, 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In deciding whether to stay a case pending resolution of PTO proceedings, courts will consider three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is

---

[1] U.S. Patent No. 7,079,495.
[2] U.S. Patent No. 6,418,125.
[3] "An RTP Payload Format for User Multiplexing," IETF Internet Draft Memorandum to Rosenberg, et al. (Apr. 14, 1998)
[4] U.S. Patent No. 6,327,276.

complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Id.* at *2.

A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1 (citation and quotation omitted). Patent office proceedings that are directed to all asserted claims and therefore can "dispose of the entire litigation" present "the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

One specific purpose of the reexamination legislation was to allow district courts to stay cases pending PTO review of asserted patents. Order at 5, *Small Axe Enters., Inc. v. Helen of Troy Ltd.*, No. 3:20-cv-00042 (W.D. Tex. Apr. 17, 2020) (ECF No. 13) (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir.) on reh'g, 771 F. 2d 480 (Fed Cir. 1985). When "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues," a stay is strongly justified. *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-cv-00207, 2019 WL 11706231, at *1 (W.D. Tex. May 30, 2019).

### IV.   ARGUMENT

All three applicable factors weigh heavily in favor of a stay. First, a stay will simplify the issues because the PTO is reviewing the patentability of every Asserted Claim on multiple grounds. Second, there is no undue prejudice because damages for the expired claims of the '858 Patent are no longer accruing, and Cisco is not a competitor whose alleged infringement is causing irreparable harm. Third, expert discovery has not begun, Paltalk has requested that Cisco agree to extend the schedule, and the bulk of the work in this case has yet to come.

#### A.   Granting a Stay Will Likely Eliminate the Need for Trial.

The "most important" factor is whether the stay "will result in simplification of issues before the Court." *Kirsch Rsch.*, 2021 WL 4555610, at *3 (citation, quotation omitted). Here, a stay will likely eliminate the need for a trial. Paltalk asserts claims 1 through 10, all of which the

PTO has now rejected as invalid. Invalidating those claims will fully resolve this case. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). This is "the ultimate simplification of issues." *VirtualAgility*, 759 F.3d at 1314; *see also, e.g.*, *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-cv-00225, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021) (staying case on eve of trial after initial office action because "the asserted claims that have been rejected in the reexamination proceedings are almost surely to be modified in some material way in response to their rejection, and they may be dropped completely").

PTO statistics confirm that it is unlikely that the Asserted Claims will survive reexam. According to the PTO's most recent published data, approximately 80% of EPRs initiated by third-party requesters result in cancellation of all claims, or amendment.[5] Because the '858 Patent has expired, *its claims cannot be amended*, so any defects in the claims would require the claims to be *cancelled*. 37 C.F.R. § 1.530(j). Because the examiner has already issued an initial office action rejecting the Asserted Claims, it is exceedingly likely that the Asserted Claims will be cancelled.

Further, the likely simplification of issues for trial is at least as great as it was in *TC Tech. LLC v. T-Mobile USA, Inc.*, where this Court stayed litigation pending resolution of an EPR in which the PTO issued a non-final action rejecting the asserted claims of the expired patent. No. 6:20-cv-00899, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021); *see also DynaEnergetics Europe GmbH et al v. GR Energy Servs. Operating GP LLC et al*, No. 6:21-cv-00085 (W.D. Tex. Dec. 20, 2021) (text order granting motion to stay until such time as the later of PTAB's entry of final judgment of pending PGR and PTO's issuance of the reexamination certificate pending EPR). Similarly, here, the PTO has already issued an initial office action rejecting the

---

[5] U.S. Patent and Trademark Office, Ex Parte Reexamination Filing data (Sept. 30, 2020), https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf, last visited Sep. 12, 2022.

Asserted Claims of the expired '858 Patent. As mentioned above, the Asserted Claims will likely be cancelled. And, regardless of the outcome, Paltalk's statements during the EPR can act as a prosecution disclaimer that may affect its infringement arguments here. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017).

A stay pending the EPR would simplify the issues and prevent unnecessary complications down the line.

### B. Paltalk Will Not Be Unduly Prejudiced.

This Court has recognized that a patentee has a general interest in the timely enforcement of its patent rights. *Kirsh Rsch.*, 2021 WL 4555610, at *2. Yet, that is not dispositive, and the weight of a plaintiff's interest in timely enforcement is "diminished [] where a stay would merely delay [p]laintiff's potential monetary recovery." *Id.* (further recognizing that "mere delay in collecting monetary damages does not constitute undue prejudice").

Here, any theoretical harm Paltalk might suffer from a stay would be *de minimis*. Paltalk does not compete with Cisco, and it seeks only money damages on an expired patent.[6] Even if Paltalk convinces the PTO that one or more of the Asserted Claims are patentable, Paltalk will only be able to seek limited money damages up until the '858 Patent's expiration in July of 2022, and a stay will not affect any damages calculation. In addition, Cisco is solvent, and Paltalk will not be prejudiced by a delay in any monetary damages it might receive. *See VirtualAgility*, 759 F.3d at 1318 (recognizing that a stay "will not diminish the monetary damages to which [a patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages").

Paltalk's own conduct confirms it is not in a rush. After acquiring HearMe in 2001, Paltalk was aware of the '858 Patent's corresponding patent application. One of two prior art cited on the face of the '858 Patent was assigned to Cisco, and thus, Paltalk was aware of Cisco

---

[6] Paltalk, Inc., Paltalk's parent company does not compete with Cisco and Paltalk has stated that it does not sell products that practice the asserted patent. Paltalk's Suppl. Resp. to Cisco's Second Interrog. Nos. 17 & 18 at 4–5.

operating in the same field of technology. ECF No. 1, Ex. A (the '858 Patent) at 1. With this knowledge, instead of filing suit against Cisco or Webex after the '858 Patent issued, Paltalk sat on its rights for more than *seventeen years* before finally suing Cisco in 2021. ECF No. 1. Even now, Paltalk is seeking to extend fact discovery, which will likely require delaying other court deadlines and trial.[7] Edlin Decl. at Ex. 1.

Moreover, any hypothetical prejudice to Paltalk is less than the prejudice faced against the plaintiffs in *Kirsch Research* (where this Court granted a stay) for at least three reasons. First, as noted above, Paltalk's own conduct confirms it is not in a rush. Second, in *Kirsch Research*, the Court identified the risk of loss of evidence as a potential prejudicial factor. 2021 WL 4555610, at *2. Here, the parties have already produced documents, and there is no reason to fear that testimony would be lost by any delay. The patent is expired, and trial is, at minimum, a half year away. The difference in the quality of evidence in a trial in five months (if no stay) versus, for example, in a year and a half (with a stay) is minimal. Third, in an IPR proceeding, the plaintiff is bound by the IPR schedule. Here, Paltalk can self-expedite the reexamination proceeding by, for example, responding faster to office actions than the full time provided by the rules. *TC Tech.*, 2021 WL 8083373, at *2 (TC Technology not harmed because it can self-expedite the reexamination process); *see also TC Tech. LLC v. Sprint Corp. et al.,* No. 1:16-cv-00153, 2021 WL 4521045, at *8 (D. Del. Oct. 4, 2021).

By contrast, Cisco has been diligent in seeking this stay. Cisco drafted and filed a request for an EPR only a few months after Paltalk filed suit. Within ten days of receiving the initial office action, Cisco drafted and filed this instant motion. The outstanding expense Cisco will incur to defend itself against an invalid patent is prejudicial, especially considering that Paltalk has previously profited by licensing patents asserted in litigation that were later invalidated. *Riot Games, Inc.*, 810 F. App'x 904.

---

[7] The parties met and conferred in advance of this motion on September 14, 2022, and Paltalk refused Cisco's offer to temporarily stay discovery deadlines while this motion is decided, even though Cisco offered an expedited briefing schedule. However, Paltalk is still asking for an extension of fact discovery.

A stay pending the EPR would thus not unduly prejudice Paltalk.

### C. The Early Stage of the Litigation Supports Staying the Case.

This case is still early enough that a stay will benefit the Court and the parties. The Court has not yet issued its opinion supporting its claim construction. ECF No. 39. Fact discovery is scheduled to close at the end of the month, but Paltalk has requested that Cisco agree to an extension. *Id.*; Edlin Decl. at Ex. 1. Although fact discovery opened in February 2022, Paltalk did not serve its first deposition notice until August 10, and only two depositions have occurred. Edlin Decl. at 2 & Ex. 3. Expert discovery is currently scheduled to end two months from now. Am. Scheduling Order at 4. The current estimated trial date is not until February 2023. *Id.* at 5. Comparing this to *Ramot at Tel Aviv Univ. Ltd. v. Cisco*, where the Court stayed the litigation on the eve of trial pending resolution of an EPR "with discovery complete, pretrial briefing submitted, and jury selection impending," the bulk of the work for the parties and the Court here lies ahead. 2021 WL 121154, at *2; *Norman IP Holdings, LLC v. TPLink Techs., Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court."). Any further claim construction, infringement, or validity judgments issued by this Court regarding the '858 Patent will remain "dubious" while the PTO retains the ability to invalidate the Asserted Claims. *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025, 2015 WL 3773014, at *4 (W.D. Tex. June 16, 2015).

Finally, Cisco has diligently pursued both the EPR proceeding and this stay. Cisco filed a request for EPR just a few months after the complaint was filed, in February 2022. Cisco quickly met and conferred with counsel and prepared this motion to stay following the PTO's initial office action rejecting the Asserted Claims of the '858 Patent, so as not to allow the case to progress any further than necessary. *See Multimedia*, 2019 WL 11706231, at *3 ("The Court also considers 'whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay.'") (citation omitted).

Given the very early stage of the litigation, and the timeliness in seeking EPR review as well as filing this motion, this factor favors staying the case.

## V.     CONCLUSION

For the forgoing reasons, Cisco respectfully requests that the Court stays this case until the EPR proceeding cancelling the Asserted Claims of the '858 Patent is complete.

Dated:  September 16, 2022              Respectfully submitted,


                                        */s/ Sarah E. Piepmeier*
                                        Sarah E. Piepmeier
                                        Elise Edlin (admitted *pro hac vice*)
                                        PERKINS COIE LLP
                                        505 Howard Street, Suite 1000
                                        San Francisco, CA  94105
                                        SPiepmeier@perkinscoie.com
                                        EEdlin@perkinscoie.com
                                        Telephone: (415) 344-7000
                                        Facsimile: (415) 344-7050

                                        ATTORNEYS FOR DEFENDANT
                                        CISCO SYSTEMS, INC.

## CERTIFICATE OF CONFERENCE

Counsel for Cisco met and conferred with counsel for Plaintiff Paltalk Holdings, Inc. ("Paltalk") regarding this motion to stay. Counsel for Paltalk stated that Paltalk opposes this motion.

/s/ *Sarah E. Piepmeier*
Sarah E. Piepmeier

## CERTIFICATE OF SERVICE

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 16, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                          */s/ Sarah E. Piepmeier*
                                          Sarah E. Piepmeier