IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | CIVIL ACTION NO. 6:21-CV-00757-ADA <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF PALTALK HOLDINGS, INC.'S
BRIEF IN OPPOSITION TO CISCO SYSTEMS INC.'S
<u>MOTION TO STAY PENDING REEXAMINATION</u>**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

LEGAL STANDARD......................................................................................................................3

ARGUMENT ...................................................................................................................................3

      I.      Paltalk would suffer undue prejudice from a stay. ..................................................4

      II.     This case has reached an advanced stage, with discovery closing imminently. ................................................................................................................6

      III.    A stay would not simplify the issues before the Court. ...........................................8

CONCLUSION..............................................................................................................................10

CERTIFICATE OF SERVICE ......................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
   2010 WL 11469800 (E.D. Tex. June 4, 2010) ............................................................................6

*CANVS Corp. v. United States*,
   118 Fed. Cl. 587 (2014) ............................................................................................................6

*EchoStar Techs. Corp. v. TiVo, Inc.*,
   2006 WL 2501494 (E.D. Tex. July 14, 2006) ..........................................................................3

*Evolutionary Intelligence, LLC v. Millennial Media, Inc.*,
   2014 WL 2738501 (N.D. Cal. June 11, 2014) .........................................................................3

*Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*,
   2018 WL 11363370 (E.D. Tex. Dec. 13, 2018) .......................................................................4

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
   2021 WL 4555610 (W.D. Tex. Oct. 5, 2021) ......................................................................3, 5

*MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*,
   2015 WL 11573771 (W.D. Tex. Jan 5, 2015) ..........................................................................4

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
   2019 WL 11706231 (W.D. Tex. May 30, 2019) ...........................................................4, 5, 6, 7

*NFC Tech. LLC v. HTC Am., Inc.*,
   2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) .........................................................................3

*Realtime Data, LLC v. Rackspace US, Inc.*,
   2017 U.S. Dist. LEXIS 27421 (E.D. Tex. Feb. 27, 2017) ........................................................3

*SenoRX, Inc. v. Hologic, Inc.*,
   2013 WL 144255 (D. Del. Jan. 11, 2013) ................................................................................6

*TC Tech. LLC v. T-Mobile USA, Inc.*,
   2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ......................................................................3, 9

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   943 F. Supp.2d 1028 (C.D. Cal. 2013) .....................................................................................6

*VideoShare, LLC v. Meta Platforms Inc.*,
   2022 WL 2718986 (W.D. Tex. July 12, 2022) (Albright, J.) ................................................6, 7

10272360v1/016889

**Other Authorities**

https://www.uspto.gov/sites/default/files/documents/
    ex_parte_historical_stats_roll_up_21Q1.pdf ........................................................................... 8, 9

https://www.uspto.gov/sites/default/files/documents/
    reexamination-op-stats-FY22Q1.pdf ......................................................................................... 4

U.S. Patent No. 6,683,858 ............................................................................................................ *passim*

10272360v1/016889

## INTRODUCTION

Cisco's stay motion is a desperate gambit to avoid a quickly approaching trial date. *Markman* is long past. Discovery has formally closed.[1] Cisco has taken all its depositions and received all of the documents it will receive. The only remaining items are potentially a few depositions of Cisco witnesses, likely to be taken by agreement. The parties are discussing narrowed terms and invalidity references for trial. Opening expert reports will be served on or around September 29. Trial is set for February 23, 2023. There is no basis for a stay.

Cisco's reexamination petition provides no basis to stay this late-stage litigation. Cisco's motion to stay is misguided because: (1) Cisco's reexamination petition is very unlikely to result in the cancellation of all ten asserted claims of the '858 Patent, (2) Cisco's reexamination petition won't be resolved until after trial and final judgment, largely due to Cisco's own delay in filing its petition, and (3) Cisco delayed filing its motion to stay until the end of discovery and nearly seven months after the parties' *Markman* hearing.

## BACKGROUND

Paltalk sued Cisco for infringement of U.S. Patent No. 6,683,858 ("the '858 Patent"). The '858 Patent discloses several features integral to audioconferencing applications, including the ability to host both traditional phones and computers in a single conference, echo cancellation, the identification of active speakers and creation of an active speakers' list, and the ability to have the aforementioned features at relatively low bandwidths. Since Paltalk filed its complaint in July 2021, both parties have vigorously litigated this lawsuit over the past fourteen months:

- Paltalk served 62 pages of preliminary infringement contentions on August 30, 2021.
- Cisco answered Paltalk's complaint on September 30, 2021.

---

[1] The parties are negotiating a potential de minimis extension of certain pretrial deadlines.

1

- Cisco began producing technical documents in October 2021.

- Cisco served 653 pages of preliminary invalidity contentions on October 26, 2021.

- The parties filed their claim construction briefs from December 2021 to February 2022.

- The *Markman* hearing was on February 24, 2022.

- Discovery began in earnest on February 25, 2022. Both parties served requests on February 25, and through the end of discovery, Paltalk has served 20 interrogatories on Cisco and 64 requests for production. Cisco has served 28 interrogatories on Paltalk and 42 requests for production. Both parties are substantially complete with written discovery, and the parties have exchanged thousands of pages of documents.

- From February 2022 to September 2022, the parties have met and conferred about written discovery requests and outstanding discovery obligations at least five times.

- Paltalk served its Initial Disclosures on February 25, 2022.

- Cisco served its Initial Disclosures on March 1, 2022.

- Paltalk conducted its first review of Cisco's source code from March 14, 2022–March 18, 2022.

- Paltalk served 86 pages of final infringement contentions on April 28, 2022.

- Cisco served 887 pages of final invalidity contentions on April 28, 2022.

- The parties have each disclosed multiple expert witnesses.

- Paltalk conducted its second review of Cisco's source code from August 22, 2022–August 23, 2022.

- The parties' document productions are substantially complete.

- Cisco has taken all its fact depositions.

- Paltalk has taken four fact depositions, and all depositions can be completed in the coming two weeks.

- The parties have exchanged privilege logs.

- The parties will exchange opening expert reports in the near future.

The die has largely been cast in this lawsuit, and Cisco's attempts to stall an inevitable trial should fail.

## LEGAL STANDARD

The Court has discretion in deciding whether to stay a case in United States Patent & Trademark ("PTO") proceedings, including *ex parte* reexaminations. *TC Tech. LLC v. T-Mobile USA, Inc.*, 2021 WL 8083373, at *1 (W.D. Tex. Dec. 7, 2021). A stay may be prudent when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (quoting *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014)). But "there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

"In determining whether a stay pending a PTO proceeding is proper, a district court will consider three factors: '(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.'" *TC Tech. LLC*, 2021 WL 8083373, at *2 (quoting *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, 2021 WL 4555610, at *1 (W.D. Tex. Oct. 5, 2021)). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

## ARGUMENT

Cisco's reexamination petition provides no basis to stay this litigation in its final stages. Cisco's motion to stay is misguided because: (1) Paltalk would be greatly prejudiced by a stay that would delay its trial date and reduce the quality of information available to the parties at trial; (2)

3

this litigation is in its late stages, and the parties have substantially completed discovery; and (3) Cisco's reexamination petition is unlikely to result in the cancellation of all ten asserted claims of the '858 Patent.

I.     **Paltalk would suffer undue prejudice from a stay.**

Any stay of the litigation would unduly prejudice Paltalk. As a patent owner, Paltalk has an interest in the timely enforcement of its patent rights. Even when a patent holder has sought only monetary relief, as Paltalk does, this Court and others have recognized the interest of a patent holder in enforcing its rights. *See, e.g.*, *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015) (citations omitted); *see also Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive.").

Second, a stay would prejudice Paltalk by depriving it of a timely trial date by nearly two years. *See Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019). Once a party files a petition for reexamination, on average, it takes the PTO 4.85 months to issue its first office action on the merits and 18.3 months to issue a certificate of reexamination.[2] The PTO has already taken longer than average (roughly 6.5 months) to issue its first office action on the merits in the ongoing reexamination, indicating that the PTO may take even longer to issue Paltalk's certificate of reexamination.

Cisco filed its reexamination petition on February 22, 2022, more than seven months after this litigation began and two days before the *Markman* hearing. Given's Cisco delay, Paltalk is

---

[2] U.S. Patent and Trademark Office, Reexaminations FY2022, at 2 (March 2, 2022), https://www.uspto.gov/sites/default/files/documents/reexamination-op-stats-FY22Q1.pdf last visited Sep. 22, 2022.

unlikely to receive its certificate of reexamination until August 2023 at the earliest. If the Court were to stay the case pending reexamination, expert discovery and pretrial motions would resume in late 2023, and the earliest possible trial date would be in early 2024. A delay of trial by two years would constitute undue prejudice and weighs in favor of denying Cisco's motion to stay. *See Multimedia Content Mgmt.,* 2019 WL 11706231, at *2 ("[E]ven under the best of scenarios, the final decision at the PTAB would come months after the jury trial that is scheduled for July 2020. Accordingly, the Court concludes that this factor weighs against granting a stay.").

Third, a stay would thwart Paltalk's efforts to efficiently protect its intellectual property. Contrary to Cisco's assertions, Paltalk has been diligently asserting its rights against Cisco since it learned of possible infringement of the '858 Patent in 2020. Paltalk sought the guidance of counsel, conducted a pre-suit investigation, identified Cisco as a possible infringer in 2021, and filed this lawsuit shortly thereafter. *See* Katz Rough Dep. 33:6-20.

None of Cisco's arguments overcome the risk of undue prejudice to Paltalk. Cisco bases its argument for a stay on *Kirsch Research*, 2021 WL 4555610, but *Kirsch Research* does not support Cisco's position. This Court's decision to grant a stay in *Kirsch Research* turned on two important facts relevant to the simplification of issues analysis (and notably absent here): the complexity of the PTAB procedures with multiple patents and multiple IPRs and the fact that the PTAB would issue its final decision *before* the parties' trial date. *See Kirsch Rsch. & Dev., LLC*, 2021 WL 4555610, at *1, *3.

Contrary to Cisco's assertions, *Kirsch Research* supports Paltalk's argument for undue prejudice. This Court determined that the plaintiff would be prejudiced by a stay given the risk of losing both testimonial and documentary evidence during the stay. *Id*. at *2. Paltalk would be equally prejudiced by a stay of trial for nearly two years while "witnesses become unavailable and

5

memories fade." *Allvoice Devs. US, LLC v. Microsoft Corp.*, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010).

Unable to overcome the indisputable prejudice to Paltalk, Cisco conjures up its own prejudice argument, saying that it may suffer prejudice from the expenses associated with litigating the '858 Patent. The likelihood that all claims of the '858 Patent will be cancelled after reexamination is small[3], so Cisco is not prejudiced by having to litigate this case on schedule.

Even if the Court finds that Cisco risks some prejudice, any prejudice to Cisco should be disregarded given Cisco's delay in seeking a stay nearly seven months after the *Markman* hearing. *See Multimedia Content Mgmt.*, 2019 WL 11706231, at *2 ("However, the Court finds particularly critical, at least in this case, Dish's delay in filing for a stay after the Parties had briefed and argued claim construction at the Markman hearing. As such, the Court finds that this outweighs any future expense that the Parties might incur."). This factor strongly favors denying Cisco's motion to stay.

**II.    This case has reached an advanced stage, with discovery closing imminently.**

These proceedings have reached an advanced stage. It is well-established that "[Once] the Court and the parties have already expended significant resources … the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion." *SenoRX, Inc. v. Hologic, Inc.*, 2013 WL 144255, at *5-6 (D. Del. Jan. 11, 2013); *accord VideoShare, LLC v. Meta Platforms Inc.*, 2022 WL 2718986, at *4 (W.D. Tex. July 12, 2022) (Albright, J.). Indeed, if "the court has expended significant resources, then courts have found that this factor weighs against a stay.'" *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595-96 (2014) (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031-32

---

[3] That likelihood is at most 14% based on historical data from the PTO. This is discussed in more detail *infra* III.

(C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings.")).

In *VideoShare,* this Court recently denied a motion to stay pending *ex parte* reexamination. 2022 WL 2718986, at *1. That case involved a far more persuasive argument for a stay—yet this Court still denied defendant's motion to stay. In *Videoshare*, the Court conducted a *Markman* hearing on January 7, 2022, and the PTO instituted *ex parte* reexamination of all claims less than two weeks later, on January 20, 2022. *Id*. Defendant filed its motion to stay proceedings on February 16, 2022, nine months before the November 2022 close of discovery, and fifteen months before the parties' May 2023 trial date. *Id.* Thus, when the PTO instituted reexamination in *Videoshare*, trial in this Court remained 14 months away. *See id.* Still, this Court denied a stay, finding that the length of PTO proceedings made it more likely than not that the district court case would lead to a trial and judgment before the PTO's decision and appeals were exhausted. *Id.* at *4-5.

Here, a stay is far less warranted. Unlike the 14-month span until the close of discovery in *Videoshare*, fact discovery was mostly complete on September 22, 2022. Paltalk's modest request to extend the fact discovery deadline by two weeks was an effort to work around Cisco's delay in timely presenting its witnesses for depositions. Even without an official extension of discovery, all outstanding depositions can be completed in the next two weeks. In contrast to the diligence of the *Videoshare* defendants in filing their motion to stay well in advance of the close of discovery, Cisco delayed seeking a stay until a mere six days before the current close of discovery and more than six months after the *Markman* hearing. *See Multimedia Content Mgmt. LLC.*, 2019 WL 11706231, at *2 (concluding that the movant's delay in filing a motion to stay until well after the parties' *Markman* hearing weighs against granting a stay).

7

The Court has issued its claim construction order, and the parties have engaged in rigorous and now substantially complete fact discovery, retained experts, and exchanged hundreds of pages of infringement and invalidity contentions while marching towards a February 2023 trial date. The parties are exactly five months from trial. Given the advanced stage of the litigation and Cisco's own delay in filing its motion to stay, this factor strongly favors denying Cisco's motion to stay.

### III.     A stay would not simplify the issues before the Court.

Finally, a stay would not simplify the issues before the Court for two reasons. First, the reexamination is more likely to result in the survival of Paltalk's claims than the cancellation of all of Paltalk's claims. And second, the reexamination is unlikely to conclude and become final until well after the conclusion of the parties' February 2023 trial.

Reexamination is not a silver bullet to a patent holder's claims, and Paltalk is far more likely to prevail than it is to have all its claims cancelled. The PTO grants reexamination in 92.2% of all reexamination requests.[4] There are three possible outcomes of the reexamination process: (1) a total victory for the patent holder where all claims are confirmed; (2) a partial victory for the patent holder where at least one claim is changed through amendment, and then some combination of the remaining claims are confirmed or cancelled; and (3) a total loss for the patent holder where every challenged claim is canceled by the PTO.[5]

On reexaminations requested by third parties, the likelihood of a total victory for a patent holder is 21.4%.[6] The likelihood of having a partial victory is reflected in the "claims changed" header, and that likelihood is 64.4%.[7] Combining the two paths to victory for patent holders, patent

---

[4] U.S. Patent and Trademark Office, *Ex Parte* Reexamination Filing Data (Sept. 30, 2020), https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf, last visited Sep. 22, 2022.
[5] *Id.*
[6] *Id.*
[7] *Id.*

8

holders prevail in 86% of initiated reexamination proceedings by exiting the proceeding with valid patent claims that are ready for trial.

Cisco asks this Court to delay trial based on the possibility that the PTO will at some point in the future issue a final order canceling all 10 asserted claims of the '858 Patent. The PTO's non-final office action issued on September 7, 2022 and requires a response from Paltalk by November 7, 2022, at which time the examiner will reconsider the rejections issued in the office action in view of Paltalk's arguments. The issuance of a first office action on the merits in reexamination is common because, at the time of the first office action, the examiner has only had the benefit of the third-party requester's interpretations of the prior art. The issuance of a first office action on the merits is not a forecast that all claims will ultimately be canceled by the examiner.

Moreover, Cisco is wrong about the data from the PTO. Historical PTO data shows that only 14.2% of third-party reexaminations result in the cancellation of all claims.[8] Further, it is wrong to assume that for each of the reexaminations that end in "claims changed," which accounts for the majority of reexaminations, every claim would have been canceled but for the amendment made during reexamination. Nothing supports Cisco's limited view of the "claims changed" result. In contrast to the language of the "*all* claims confirmed" and "*all* claims canceled" categories, the "claims changed" category encompasses a variety of possible outcomes, including outcomes where one claim is changed, and the remainder are confirmed.[9]

Cisco's reliance on *TC Technology,* 2021 WL 8083373, is misplaced. Though the Court granted the stay in *TC Technology*, the situation there was far different. In *TC Technology*, the Court *knew* that the PTO's final office action would be completed *five months before trial*. A stay could be reasonable where the PTO will conclude the reexamination process prior to trial. But it

---

[8] *Id.*
[9] *Id.*

is unlikely that the PTO will resolve the '858 Patent reexamination prior to trial, in part due to Cisco's own delay in seeking reexamination. According to historical data from the PTO, the '858 Patent reexamination will not resolve before August 2023, more than five months *after* the parties' trial date.[10] Given the likelihood that at least one of Paltalk's patent claims survives reexamination, this factor also favors denying Cisco's motion to stay.

## CONCLUSION

The Court should deny Cisco's motion to stay.

Dated: September 23, 2022

Respectfully submitted,

By: */s/ Max L. Tribble, Jr.*
 Max L. Tribble, Jr.
 State Bar No. 2021395
 SUSMAN GODFREY L.L.P.
 1000 Louisiana Street, Suite 5100
 Houston, Texas 77002-5096
 Telephone: (713) 651-9366
 Fax: (713) 654-6666
 mtribble@susmangodfrey.com

 **ATTORNEY-IN-CHARGE FOR PLAINTIFF PALTALK HOLDINGS, INC.**

---

[10] In fact, it's likely that only a favorable outcome for Paltalk whereby all claims are preserved would result in shorter reexamination proceedings. If the reexamination continues to a second office action, the reexamination is unlikely to conclude before August.

10

OF COUNSEL:

Ryan Caughey (*admitted pro hac vice*)
State Bar No. 24080827
Bryce T. Barcelo
State Bar No. 24092081
Amber B. Magee *(admitted pro hac vice)*
State Bar No. 24121572
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
rcaughey@susmangodfrey.com
bbarcelo@susmangodfrey.com
amagee@susmangodfrey.com

Kalpana Srinivasan
State Bar No. 237460
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was filed electronically using the Court's CM/ECF system, on the 23rd day of September 2022.

                                                  */s/ Amber B. Magee*
                                                  Amber B. Magee