**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § | |
| Plaintiff | § § § | |
| vs. | § § | No. 6:21-cv-00757 |
| **CISCO SYSTEMS, INC.,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**CISCO'S REPLY IN SUPPORT OF MOTION TO STAY PENDING *EX PARTE*
REEXAMINATION ADDRESSING ALL ASSERTED CLAIMS**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ........................................................................................................................ 1
    A. Staying the Case Will Simplify the Issues. ............................................................. 1
    B. A Stay Will Not Prejudice Paltalk. ......................................................................... 3
    C. The Status of the Case Supports a Stay. ................................................................. 4
III. CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
    No. 6:09-cv-00366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) ..........................................3

*VideoShare, LLC v. Meta Platforms Inc.*,
    No. 6-21-cv-00254, 2022 WL 2718986 (W.D. Tex. July 12, 2022) ....................................4, 5

*Kirsch Research and Development, LLC v. Iko Industries, Inc.*,
    No. 6:20-cv-00317, 2021 WL 4555610 (W.D. Tex. Oct. 5, 2021)............................................4

*Multimedia Content Management LLC v. Dish Network LLC*,
    No. 6:18-cv-00207, 2019 WL 11706231 (W.D. Tex. May 30, 2019)...................................3–4

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
    No. 2:19-cv-00225, 2021 WL 121154 (E.D. Tex. Jan. 13, 2021) ........................................2, 3

*TC Tech. LLC v. Sprint Corp. et al*,
    No. 1:16-cv-00153, 2021 WL 4521045 (D. Del. Oct. 4, 2021)............................................2, 3

*TC Tech. LLC v. T-Mobile USA, Inc.*,
    No. 6:20-cv-00899, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021)...................................2, 3, 5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)................................................................................................4

## I.       INTRODUCTION

Paltalk identifies no legitimate basis to deny a stay of this litigation. Instead, Paltalk focuses the Court's attention on the discovery the parties have conducted in the past two months, failing to consider the long road ahead for the parties and the Court. Paltalk's tunnel vision is curious given that (1) it has shown zero interest in hurrying things along until Cisco indicated its intent to file a stay motion, and (2) this afternoon, it requested additional Cisco fact depositions.

Viewed properly, all three factors favor stay. (1) The simplification of issues, the "most important" factor, is likely if a stay is granted. The PTO has issued a non-final office action, rejecting all (expired) Asserted Claims of the '858 Patent, and Paltalk *cannot amend* to overcome the rejections. Cisco filed this motion within days of the non-final action. (2) Paltalk also demonstrates no prejudice: It is a non-practicing entity and cannot seek injunctive relief; its patent is expired; and its damages claims will not change regardless of when trial occurs. A short one year delay (if its claims survive) is minimal, and Paltalk can also expedite the EPR proceeding itself. (3) Finally, much work remains for both parties and the Court, including responsive expert reports, dispositive and *Daubert* motions, and typical pretrial issues, such as motions in limine. And then there is the jury trial. Paltalk's myopic view of what remains is particularly odd given that it delayed seeking any substantive discovery (other than propounding a few written discovery requests) until last month and is still asking for more fact discovery as of today. Cisco respectfully requests that this case be stayed pending final disposition of the EPR.

## II.      ARGUMENT

### A.       Staying the Case Will Simplify the Issues.

Paltalk argues that a stay would not simplify the issues because the Asserted Claims are more likely to survive than be cancelled. *See* Opp'n at 8. Paltalk incorrectly concludes that because 21.4% of EPRs filed by third party requestors result in no changes, and 64.4% result in a patent's claims being amended, "patent holders prevail 86% of initiated reexamination proceedings by exiting the proceeding with valid patent claims that are ready for trial." *Id.* at 8–9. But an amendment to a patent's claims during an EPR is likely due to a rejection of the

patent's claims. And if the Asserted Claims are invalidated, Paltalk *cannot amend* the Asserted Claims because the '858 Patent is expired. It is thus improper to include the 64.4% of EPRs that result in amendments on Paltalk's side of the equation. The Asserted Claims have a 21.4% chance of surviving EPR, and a corresponding 78.6% chance, or "approximately 80%," of being invalidated. *See* Cisco's Mot. to Stay, ECF No. 45 at 5 ("Motion").

Paltalk also remarkably asserts that "[t]he issuance of a first office action on the merits is not a forecast that all claims will ultimately be canceled by the examiner." Opp'n at 9. To the contrary, "[i]nvalidation is especially likely because the examiner has already rejected [the asserted] claims as invalid in an initial office action." *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-cv-00899, 2021 WL 8083373, at *3 (W.D. Tex. Dec. 7, 2021). Faced with an initial office action rejecting all asserted claims, courts routinely recognize the likelihood of simplification. *Id.* ("Invalidation is especially likely because the examiner has already rejected [the asserted] claims as invalid in an initial office action."); *see also Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-cv-00225, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021) ("[T]he asserted claims that have been rejected in the reexamination proceedings are almost surely to be modified in some material way in response to their rejection, and they may be dropped completely."); *see also TC Tech. LLC v. Sprint Corp.*, No. 1:16-cv-00153, 2021 WL 4521045, at *6 (D. Del. Oct. 4, 2021) ("[I]f the examiner finds the challenged claims to be flawed—as the PTO statistics indicate has occurred approximately 80 percent of the time in reexamination proceedings—cancellation of the claims is the only option. For that reason, the fact that a reexamination involves an expired patent has been regarded as weighing in favor of a stay."). A non-final action rejecting all Asserted Claims of an expired patent heavily weighs in favor of a stay.

Paltalk makes a token attempt to distinguish this Court's opinion in *TC Technology*, stating that this Court "knew that the PTO's final office action would be completed five months before trial." *See* Opp'n at 9–10. But the factors cited and analysis provided by this Court mirror the facts here: (1) the PTO issued a non-final office action rejecting all asserted claims of the expired patent, and (2) the plaintiff, a patent assertion entity, waited many years after the

patent was issued to file a complaint. With the exception that the motion in *TC Technology* was filed prior to *Markman*, *TC Technology* and this instant case are extremely similar.[1]

### B. A Stay Will Not Prejudice Paltalk.

Paltalk speculates that it will be prejudiced because the EPR could "depriv[e] it of a timely trial date by nearly two years." *See* Opp'n at 4. Since trial is set for late February 2023, Paltalk's calculated early 2024 trial suggests a *one year* delay, not two. Opp'n at 5. Paltalk also failed to respond to Cisco's explanation that Paltalk can reduce any delay itself. Mot. at 7; *TC Tech.*, 2021 WL 8083373, at *2 (TC Technology not harmed because it can self-expedite the reexamination process); *see also Sprint*, 2021 WL 4521045, at *8.

And this potential one year delay is marginal given that Paltalk waited **seventeen years** to file this suit after the '858 Patent issued **in 2004** with Cisco's patent cited on its face. *TC Tech.*, 2021 WL 8083373, at *2 (providing that "risk of a loss of evidence or witnesses' memories … is likely marginal given the eight-year delay TC Tech allowed in waiting to file this lawsuit after it acquired the patent."). Paltalk never responds to Cisco's argument that it knew about the accused functionality well before it asserted this patent, regardless of when it engaged counsel.

Paltalk's speculation of prejudice because "witnesses become unavailable and memories fade" does not fit here. Opp'n at 5–6 (citing *Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-cv-00366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010)). Paltalk already has the relevant documents, discovery responses, and the fact-witness depositions. It cannot claim on the one hand that this discovery does not exist, while also itemizing in excruciating detail how much discovery the parties have taken. Opp'n at 5–6, 8. Paltalk has also failed to identify any specific evidence or witnesses that may become stale or unavailable.

Paltalk's reliance on this Court's decision in *Multimedia Content Mgmt. LLC v. Dish Network LLC* fails. *See* Opp'n at 4–5. There, this Court refused to grant a late-filed stay motion in favor of an IPR because the IPR had *not yet been instituted*. *See Multimedia Content*, No.

---

[1] Paltalk fails to address Cisco's cite to *Ramot at Tel Aviv Univ.*, where the Court there granted a stay on the eve of trial after the issuance of an initial office action. 2021 WL 121154, at *2.

6:18-cv-00207, 2019 WL 11706231, at *3 (W.D. Tex. May 30, 2019).  Here, by contrast, the reexamination was instituted about half a year ago, and the examiner *already issued an initial office action rejecting the Asserted Claims*.  Paltalk also misstates the applicability of *Kirsch Rsch. and Dev., LLC v. IKO Indus., Inc.*, which grants a stay despite some prejudice to the plaintiff.  *See* 6:20-CV-00317, 2021 WL 4555610, at *2–3 (W.D. Tex. Oct. 5, 2021).  As Cisco explained, *Kirsch Research* demonstrates that "any hypothetical prejudice to Paltalk is less than the prejudice faced against the plaintiffs in *Kirsh Research* (where this Court granted a stay)," because, as discussed above, there is no genuine risk of losing testimonial or documentary evidence here.  Mot. at 7.  Further, the Court relied on the simplification of issues in *Kirsch Research*, and that factor also strongly favors a stay here.  2021 WL 4555610, at *3.

Paltalk invites the Court to disregard the prejudice to Cisco based on when Cisco sought the stay.  Opp'n at 6.  But Cisco did not delay in bringing this Motion, which it filed only nine days after the office action issued, while also conducting the final days of discovery.  If Cisco had moved any earlier, such as after the institution of the EPR, simplification of issues would have been deemed speculative.  *VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-cv-00254, 2022 WL 2718986, at *2 (W.D. Tex. July 12, 2022) ("[A]ny purported simplification is purely speculative" because "[t]he PTO has yet to issue a preliminary Office Action, let alone reject any of the asserted claims"), *reconsideration denied*, No. 6-21-cv-00254, 2022 WL 3142622 (W.D. Tex. Aug. 5, 2022).  Cisco filed this Motion at the right time.

Finally, Paltalk will not be unduly prejudiced.  Paltalk seeks only money damages of an expired patent, and thus, a stay will not affect any damages calculations.  In addition, Cisco is solvent, and Paltalk will not be prejudiced by a delay in any monetary damages it might receive.  *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (a stay "will not diminish the monetary damages to which [a patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages").

**C.    The Status of the Case Supports a Stay.**

While work certainly has been done (mostly in the past few weeks), even more

remains—indeed, Paltalk requested new fact discovery today.[2] The parties served opening Expert Reports yesterday; expert discovery, *Daubert* and dispositive motions, and all pre-trial deadlines lie ahead. Am. Scheduling Order at 3, April 18, 2022, ECF No. 42 at 4–5. And then there is jury selection, trial, and post-trial motions. *Id.* Notably, the bulk of the work facing the Court also lies ahead. The benefit of avoiding such cost and effort outweighs any downside to a short and unprejudicial stay in the unlikely event that the claims survive.

Paltalk's assertion that "a stay [in this case] is far less warranted" than in *VideoShare*, Opp'n at 7, fails to acknowledge that the basis for denying the stay was that simplification of the issues was still speculative when defendant filed its motion to stay **before** receiving a non-final office action. 2022 WL 2718986, at *1; *id.* at *5 (defendant "has not shown that the PTAB will likely invalidate all asserted claims—only that a substantial new question of validity was raised."). In fact, when discussing the stages of the proceedings, this Court found that "the case is approximately midway through," much like this instant case, "which neither weighs for nor against a stay." *Id.* at *4. Unlike *VideoShare*, although Cisco sought a stay "six days before the current close of discovery," Cisco has already received a non-final action rejecting all Asserted Claims of the expired '858 Patent. As this Court explained in *TC Technology*, this is enough to show that "[i]nvalidation is especially likely." 2021 WL 8083373, at *3. With so much to be done, the stage of this case should not weigh against a stay; even if the Court finds this factor neutral, the simplification of issues and lack of prejudice still weigh heavily in favor of the stay.

## III.   CONCLUSION

Cisco respectfully requests that the Court stays this case until the EPR proceeding cancelling the Asserted Claims of the '858 Patent is complete.

---

[2] In the final weeks of discovery, Paltalk cancelled the timely scheduled depositions of two Cisco witnesses and requested to extend fact discovery. Declaration of Sarah E. Piepmeier ("Piepmeier Decl.") at Ex. 1. The parties negotiated Paltalk's requested extension but were unable to come to an agreement. *Id.* at Ex. 2-4. Fact discovery closed. Yet, this afternoon, Paltalk demanded that Cisco produce fact witnesses past the close of fact discovery. *Id.* at Ex. 5.

Dated:  September 30, 2022 	Respectfully submitted,

                */s/ Sarah E. Piepmeier*
                Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX  75702
mikejones@potterminton.com
shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 30, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier