# EXHIBIT 19

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| **PALTALK HOLDINGS, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**CISCO SYSTEMS, INC.,**<br><br>Defendant. | Case No. 6:21-cv-00757-ADA |

### PALTALK HOLDINGS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CISCO SYSTEMS, INC.'S SECOND INTERROGATORIES

Plaintiff Paltalk Holdings, Inc. ("Paltalk") serves these objections and supplemental responses to Cisco's Second Set of Interrogatories.

### GENERAL OBJECTIONS

Paltalk makes the following general objections to Cisco's interrogatory requests. The restatement of any of these objections in the specific responses below shall not be construed to be a waiver of any of the general objections stated in this section, which hereby are incorporated in full into the responses below.

1. Paltalk objects to Cisco's first definition as overbroad. Paltalk Holdings, Inc. does not control all agents, directors, officers, employees, representatives, consultants, attorneys, of its predecessor or successor companies. Paltalk will produce documents within its possession, custody, or control.

2. Paltalk objects to each interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine, the common interest doctrine, or any other applicable law, privilege, or protection. The production of any privileged

information or document by Paltalk is unintentional, and Paltalk does not intend to waive any applicable objection or privilege because of such unintentional production.

3. Paltalk objects to each interrogatory to the extent that it calls for a legal conclusion. Any responses or the production of documents by Paltalk shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Cisco's interrogatories.

4. Paltalk objects to each interrogatory to the extent that it seeks information or documents beyond Paltalk's possession, custody, or control, or calls for Paltalk to prepare documents that do not currently exist.

5. Paltalk objects to each interrogatory to the extent that it seeks information or documents that Paltalk is not allowed to disclose pursuant to either a court order or pursuant to confidentiality obligations or agreements with third parties.

6. Paltalk objects to each interrogatory to the extent that it seeks discovery of material within the scope of Federal Rule of Civil Procedure 26(b)(4), and therefore constitutes an improper and premature attempt to conduct discovery of expert opinion.

7. Paltalk objects to the definition of "identify" as overly broad and unduly burdensome.

8. Paltalk objects to the definition of "communication(s)" to the extent it calls for the unrestricted production of email or any other electronic communications as overly broad, unduly burdensome, and inconsistent with the Court's Order Governing Proceedings.

**RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 17:**

Identify and describe all efforts made by You or any other Person to develop or market

any product embodying or purportedly embodying any alleged invention claimed in the Asserted Patent or any Related Patents, including without limitation any marking of a product embodying or purportedly embodying any claim of the Asserted Patent in accordance with 35 U.S.C. §287, any products sold or attempted to be sold by Plaintiff or any predecessor, any marketing materials for such products, and a detailed description of the function and operation of such products.

**RESPONSE:**

Paltalk objects to Interrogatory No. 17 because it seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this litigation. Paltalk further objects to this interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the local rules of the Western District of Texas.

Paltalk objects to this interrogatory as vague and ambiguous to the extent it seeks materials relating to products "embodying or purportedly" embodying inventions in the Asserted Patents. Paltalk also objects to this interrogatory as beyond the scope of the Federal Rules of Civil Procedure to the extent it seeks information about the actions of others that is outside Paltalk's possession, custody, and control.

Subject to and without waiving its foregoing objections, Paltalk responds with the information it currently has based on a reasonable investigation. HearMe.com owned the rights to the Asserted Patent. HearMe liquidated its assets in 2001, and Paltalk purchased the rights to the Asserted Patent, including the patent application and all rights to the intellectual property of the Asserted Patent, on December 19, 2001. Paltalk has provided information presently known to

it about HearMe.

**SUPPLEMENTAL RESPONSE:**

Paltalk does not have any further knowledge about HearMe or any other entities that may have developed or marketed a product that embodies one or more of the Asserted Claims. Paltalk further responds that Paltalk has not developed or marketed a product that embodies one or more of the Asserted Claims. Paltalk's investigation is ongoing, and it reserves the right to supplement this response.

**INTERROGATORY NO. 18:**

Identify and explain any damages theory you intend to assert in the Action, including without limitation (i) the basis for any damages calculations (including but not limited to any purported reasonable royalty or lost profits for the Asserted Patent, a breakdown of the specific amounts of damages, and the mathematical calculations and/or theories used to calculate such damages); (ii) any Person or Persons who participated in the computation of such damages; and (iii) all factual and legal bases for any contentions by Plaintiff regarding apportionment of damages in this Action, including how Plaintiff's contentions regarding entitlement to damages in the form of a reasonable royalty allegedly satisfy all applicable requirements related to apportionment.

**RESPONSE:**

Paltalk objects to Interrogatory No. 18 to the extent it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rules.

Subject to and without waiving its foregoing objections, Paltalk responds that its position on damages and methodology for determining damages will be provided according to the Court's deadlines for expert discovery. *See, e.g., StratosAudio, Inc. v. Volvo Cars USA, LLC*, No. 6:20-cv-1129-ADA, 2022 WL 1261651, at *3 (W.D. Tex. Apr. 28, 2022) ("For interrogatories typically answered in expert reports, the Court's usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due.")

**SUPPLEMENTAL RESPONSE:**

Paltalk further responds that the identification of comparable licenses is a topic of expert discovery.

Subject to and without waiving its objections, Paltalk responds that its damages theories may utilize licenses previously produced by Cisco, licenses that Cisco is obligated to produce but has not yet produced, and licenses produced by Paltalk at PT_0000979 - PT_0001028. Paltalk reserves the right to supplement this response.

Dated: September 7, 2022                    Respectfully submitted,

                                            SUSMAN GODFREY L.L.P.

                                            */s/ Max L. Tribble, Jr.*
                                            Max L. Tribble, Jr.
                                            Bar No. 2021395
                                            Ryan Caughey
                                            Bar No. 24080827 *(pro hac vice)*
                                            Bryce Barcelo
                                            Bar No. 24092081

        Amber B. Magee
        Bar No. 24121572 *(pro hac vice)*
        mtribble@susmangodfrey.com
        bbarcelo@susmangodfrey.com
        amagee@susmangodfrey.com
        **SUSMAN GODFREY LLP**
        1000 Louisiana St, Suite 5100
        Houston, TX 77002-5096
        Tel: (713) 651-9366

        Kalpana Srinivasan
        Bar No. 237460 *(pro hac vice)*
        ksrinivasan@susmangodfrey.com
        **SUSMAN GODFREY LLP**
        1900 Avenue Of The Stars, Suite 1400
        Los Angeles, CA 90067-6029
        Tel: (310) 789-3100

        *Counsel for Paltalk Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that, on Wednesday, September 7th, 2022 all counsel of record who have appeared in this case were served with a copy of the foregoing via email.

        */s/ Max J. Tribble, Jr.*
        Max J. Tribble, Jr.