—1—

1               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
2                        WACO DIVISION

3   PALTALK HOLDINGS, INC.   *     November 6, 2022
                             *
4   VS.                      *  CIVIL ACTION NO. W-21-CV-757
                             *
5   WEBEX COMMUNICATIONS,     *
      INC.                   *
6   CISCO WEBEX LLC          *
    CISCO SYSTEMS, INC.      *

7
            BEFORE THE HONORABLE ALAN D ALBRIGHT
8              DISCOVERY HEARING (via Zoom)

9   APPEARANCES:

10  For the Plaintiff:   Amber Brianna Magee, Esq.
                         Ryan V. Caughey, Esq.
11                       Susman Godfrey LLP
                         1000 Louisiana Street, Suite 5100
12                       Houston, TX 77002

13                       Kalpana Srinivasan, Esq.
                         Susman Godfrey LLP
14                       1900 Avenue Of The Stars, Ste 1400
                         Los Angeles, CA 90067-6029
15
    For the Defendant:   Sarah E. Piepmeier, Esq.
16                       Perkins Coie LLP
                         505 Howard Street
17                       San Francisco, CA 94117

18                       Ryan Hawkins, Esq.
                         Perkins Coie LLP
19                       11452 El Camino Real, Suite 300
                         San Diego, CA 92130
20
    Court Reporter:      Kristie M. Davis, CRR, RMR
21                       PO Box 20994
                         Waco, Texas 76702-0994
22                       (254) 340-6114

23    Proceedings recorded by mechanical stenography,

24  transcript produced by computer-aided transcription.

25

2

| | | |
|---|---|---|
| 10:00 | 1 | (Hearing begins.) |
| 10:00 | 2 | DEPUTY CLERK:  A Civil Action in Case |
| 10:00 | 3 | 6:21-CV-757, Paltalk Holdings, Incorporated versus |
| 10:00 | 4 | WebEx Communications, Incorporated, et al.  Case called |
| 10:00 | 5 | for a discovery hearing. |
| 10:00 | 6 | THE COURT:  If I could have announcements |
| 10:00 | 7 | from counsel, please. |
| 10:00 | 8 | MR. JONES:  Your Honor, on behalf of |
| 10:00 | 9 | Cisco, Mike Jones.  And the arguments today will be |
| 10:00 | 10 | made for Cisco by Sarah Piepmeier.  And I'll let her |
| 10:00 | 11 | introduce the others on the phone. |
| 10:01 | 12 | MS. PIEPMEIER:  Good morning, Your Honor. |
| 10:01 | 13 | Sarah Piepmeier from Perkins Coie on behalf of Cisco. |
| 10:01 | 14 | And I have my colleague Ryan Hawkins with me, also from |
| 10:01 | 15 | Perkins Coie. |
| 10:01 | 16 | On behalf of Cisco we have Bill Silverio |
| 10:01 | 17 | who is on the screen.  And I believe we may also have |
| 10:01 | 18 | on audio Brian -- I'm sorry.  Brian Sinclair and Xiao |
| 10:01 | 19 | Chang.  Thank you. |
| 10:01 | 20 | THE COURT:  Good morning, everyone.  I |
| 10:01 | 21 | appreciate the client representatives attending. |
| 10:01 | 22 | And for the defendant? |
| 10:01 | 23 | MR. CAUGHEY:  Good morning, Your Honor. |
| 10:01 | 24 | This is Ryan Caughey from Susman Godfrey for the |
| 10:01 | 25 | plaintiff.  And I'll talk -- |

| | | |
|---|---|---|
| 10:01 | 1 | THE COURT:  And I guess y'all are the |
| 10:01 | 2 | plaintiff.  Okay.  Very good. |
| 10:01 | 3 | MR. CAUGHEY:  Yep. |
| 10:01 | 4 | And with me is my colleague Amber Magee. |
| 10:01 | 5 | She's going to be handling the argument.  And she is a |
| 10:01 | 6 | young associate just basically finishing her first year |
| 10:01 | 7 | at the firm.  I thought you might want to know. |
| 10:01 | 8 | THE COURT:  I think that's terrific.  My |
| 10:02 | 9 | class at University of Texas Law School just ended on |
| 10:02 | 10 | Friday.  And it's always good to have young folks |
| 10:02 | 11 | participate in these -- in these hearings. |
| 10:02 | 12 | So I'm happy to take up any issues that |
| 10:02 | 13 | you have. |
| 10:02 | 14 | MR. CAUGHEY:  Thank you, Your Honor. |
| 10:02 | 15 | MS. PIEPMEIER:  Thank you, Your Honor. |
| 10:02 | 16 | This is Sarah Piepmeier, again, for |
| 10:02 | 17 | Cisco.  And probably I should kick things off because |
| 10:02 | 18 | we're here today at our request. |
| 10:02 | 19 | Counsel, is that okay with you? |
| 10:02 | 20 | MR. CAUGHEY:  That's perfectly fine. |
| 10:02 | 21 | MS. PIEPMEIER:  Okay.  Thank you. |
| 10:02 | 22 | And I should say, Your Honor, Ms. Magee |
| 10:02 | 23 | probably has more oral argument experience than almost |
| 10:02 | 24 | anyone on this line.  She's had a busy year in the |
| 10:02 | 25 | past.  So looking forward to this. |

4

| 10:02 | 1 | We're here, Your Honor, today because an |
| 10:02 | 2 | issue arose during the deposition of plaintiff's |
| 10:02 | 3 | infringement expert that revealed that the parties have |
| 10:02 | 4 | a claim construction dispute regarding the meaning of |
| 10:03 | 5 | the term or the word "each."  That word appears five |
| 10:03 | 6 | times in Claim 1. |
| 10:03 | 7 | And there are two limitations that I |
| 10:03 | 8 | think we would generally agree are pretty central to |
| 10:03 | 9 | the parties' dispute on infringement.  It became |
| 10:03 | 10 | apparent for the first time during the deposition of |
| 10:03 | 11 | plaintiff's infringement expert that plaintiff is |
| 10:03 | 12 | interpreting the word "each" to mean one or more. |
| 10:03 | 13 | That is not a term that had been raised |
| 10:03 | 14 | in Markman before, Your Honor.  Your Honor heard |
| 10:03 | 15 | arguments on Markman on February 24, determined that |
| 10:03 | 16 | each issue -- that each term that came up before Your |
| 10:03 | 17 | Honor that was raised as an issue for Markman would be |
| 10:03 | 18 | accorded its plain and ordinary meaning, but has never |
| 10:03 | 19 | ruled on this issue because it was not raised. |
| 10:03 | 20 | At that time, Cisco certainly had no idea |
| 10:03 | 21 | that Paltalk would take this position.  Our position |
| 10:03 | 22 | is, of course, that Paltalk should have raised it at |
| 10:04 | 23 | that time, but be that as it may... |
| 10:04 | 24 | We now have a clear claim construction |
| 10:04 | 25 | dispute.  Because if "each" means and is construed to |

| | | |
|---|---|---|
| 10:04 | 1 | mean one or more, there is a very different reading of |
| 10:04 | 2 | the claim than if it is construed to mean "all," which |
| 10:04 | 3 | is Cisco's understanding of the plain and ordinary |
| 10:04 | 4 | meaning of the term. |
| 10:04 | 5 | We believe, Your Honor, that it is now |
| 10:04 | 6 | within the Court's province to decide this dispute as a |
| 10:04 | 7 | matter of law under 02 Micro.  And I know Your Honor is |
| 10:04 | 8 | more familiar with 02 Micro than certainly anyone on |
| 10:04 | 9 | this conference. |
| 10:04 | 10 | But I will just note that I think it's |
| 10:04 | 11 | particularly instructive here, because the issue in |
| 10:04 | 12 | 02 Micro was also a pretty simple word -- or two words, |
| 10:04 | 13 | in fact.  It was "only if."  And I know Your Honor |
| 10:04 | 14 | knows that.  I'm speaking more for the benefit of |
| 10:04 | 15 | others who may not. |
| 10:04 | 16 | And the Court in that case, the district |
| 10:04 | 17 | court, construed that or said essentially it doesn't |
| 10:04 | 18 | need to be construed because it's so simple. |
| 10:04 | 19 | And then when the parties got to a jury |
| 10:05 | 20 | trial it was apparent that they were -- there was a |
| 10:05 | 21 | claim construction dispute that had never been resolved |
| 10:05 | 22 | by the Court.  And as Your Honor knows, the Federal |
| 10:05 | 23 | Circuit found that was improper. |
| 10:05 | 24 | So we have here right now a claim |
| 10:05 | 25 | construction dispute that first became apparent in the |

| | | |
|---|---|---|
| 10:05 | 1 | deposition of Paltalk's infringement expert.  We |
| 10:05 | 2 | believe that it is a significant dispute, that it |
| 10:05 | 3 | requires attention. |
| 10:05 | 4 | I want to make two brief points and then |
| 10:05 | 5 | I'll turn it over to Ms. Magee. |
| 10:05 | 6 | The first is that we anticipate that |
| 10:05 | 7 | Paltalk will argue, you know, this issue is now moot, |
| 10:05 | 8 | or at least we don't need to address a separate claim |
| 10:05 | 9 | construction proceeding.  Because Cisco briefed this |
| 10:05 | 10 | issue in its summary judgment filings that it filed |
| 10:05 | 11 | last week. |
| 10:05 | 12 | That is true, we did.  But there are |
| 10:05 | 13 | three reasons why I don't think that changes the |
| 10:05 | 14 | result. |
| 10:05 | 15 | The first is that we had a summary |
| 10:05 | 16 | judgment deadline.  We had no choice but to brief this |
| 10:05 | 17 | issue because we believe it is case dispositive.  We |
| 10:05 | 18 | couldn't simply wait and, you know, presume that Your |
| 10:06 | 19 | Honor would, A, agree to take up this hearing and, B, |
| 10:06 | 20 | would agree to hear briefing on the substance here. |
| 10:06 | 21 | So we had to file it in summary judgment. |
| 10:06 | 22 | The second point, Your Honor, is that |
| 10:06 | 23 | while it may also be a summary judgment issue, it is |
| 10:06 | 24 | primarily a claim construction issue.  And those two |
| 10:06 | 25 | issues are different. |

7

| | | |
|---|---|---|
| 10:06 | 1 | And we believe, Your Honor, that Cisco |
| 10:06 | 2 | and the parties, frankly, have a right to a decision as |
| 10:06 | 3 | a matter of law in the claim construction issue.  That |
| 10:06 | 4 | may inform the summary judgment issue. |
| 10:06 | 5 | In fact, I would suggest that the two may |
| 10:06 | 6 | rise and fall together.  Although I'm sure Paltalk |
| 10:06 | 7 | would dispute that if we get to that point. |
| 10:06 | 8 | But it is a claim construction issue.  It |
| 10:06 | 9 | can be addressed without deciding whether there is a |
| 10:06 | 10 | material dispute of fact as to infringement.  And it |
| 10:06 | 11 | would certainly aid the parties in getting ready for |
| 10:06 | 12 | pretrial issues to have that decision. |
| 10:06 | 13 | The third issue, Your Honor, is that I |
| 10:06 | 14 | actually think Paltalk's argument, or their anticipated |
| 10:06 | 15 | argument, I believe they're going to raise it, Your |
| 10:07 | 16 | Honor, because they asked us on Sunday to cancel this |
| 10:07 | 17 | hearing in light of the summary judgment briefing which |
| 10:07 | 18 | we declined. |
| 10:07 | 19 | But I think that the very fact that this |
| 10:07 | 20 | is highlighted in the summary judgment briefing shows |
| 10:07 | 21 | how important it is.  In other words, it is not the |
| 10:07 | 22 | case that we're simply randomly asking Your Honor to |
| 10:07 | 23 | construe a word that seems relatively clear on its |
| 10:07 | 24 | face.  This is a central dispute between the parties. |
| 10:07 | 25 | And we believe on our end -- and Paltalk |

8

10:07  1    may dispute this -- that it is case dispositive.  And I

10:07  2    say that, Your Honor, because there's one patent at

10:07  3    issue.  The word "each" appears in the one independent

10:07  4    claim that they are currently asserting five times.

10:07  5    And we believe, Your Honor, that this would resolve the

10:07  6    matter.

10:07  7              And so for those reasons we believe that

10:07  8    it is appropriate to handle this as a claim

10:07  9    construction issue and then let the chips fall where

10:07  10   they may on summary judgment.

10:07  11             The last point I'll raise just briefly,

10:07  12   Your Honor, and I don't want to get into the weeds

10:07  13   here.  And so I can address in more granular detail if

10:08  14   that is something that Paltalk thinks is an issue.  But

10:08  15   this is not something we could have known sooner.

10:08  16   Paltalk took the position during Markman that every --

10:08  17             THE COURT:  Yeah.  I'm not worried about

10:08  18   that.

10:08  19             MS. PIEPMEIER:  Okay.  Thank you.

10:08  20             THE COURT:  I mean, this comes up a lot.

10:08  21             But I'm a little bit confused in this

10:08  22   sense.  It is not unusual for me -- let's say that you

10:08  23   had raised -- let's say you all had fussed over this

10:08  24   word "each" at the Markman and I had said I don't think

10:08  25   it needs to be construed yet.  It's plain and ordinary

| | | |
|---|---|---|
| 10:08 | 1 | meaning. |
| 10:08 | 2 | I probably would have said -- I have said |
| 10:08 | 3 | it a thousand times -- probably that I would take this |
| 10:08 | 4 | up is -- at the summary judgment once -- stage once the |
| 10:08 | 5 | plaintiff's position is in concrete with respect to |
| 10:08 | 6 | their understanding of it in their infringement |
| 10:09 | 7 | expert's opinion. |
| 10:09 | 8 | And so what I'm curious about is, in your |
| 10:09 | 9 | motion for summary judgment I'm not -- what's not clear |
| 10:09 | 10 | to me because I haven't seen your motion -- is whether |
| 10:09 | 11 | your motion says we win -- let me -- does your motion |
| 10:09 | 12 | say we win because "each," as a matter of law, means X. |
| 10:09 | 13 | We don't do X and therefore as a matter of law we win. |
| 10:09 | 14 | Is that the way it's framed?  Or how is |
| 10:09 | 15 | your motion for summary judgment with respect to "each" |
| 10:09 | 16 | framed? |
| 10:09 | 17 | MS. PIEPMEIER:  Your Honor, that argument |
| 10:09 | 18 | is there.  I'm not going to say that's the only |
| 10:09 | 19 | argument, but that argument is certainly there. |
| 10:09 | 20 | Respectfully, Your Honor, the reason that |
| 10:09 | 21 | we believe that we should have a separate determination |
| 10:09 | 22 | on claim construction is that we believe that that |
| 10:09 | 23 | determination should come sooner.  And that it |
| 10:09 | 24 | shouldn't require Your Honor to look at all of the |
| 10:09 | 25 | other issues in summary judgment.  In other words, |

| | | |
|---|---|---|
| 10:10 | 1 | that's not the only issue in the brief.  And Your Honor |
| 10:10 | 2 | is going to have to decide -- |
| 10:10 | 3 | THE COURT:  Oh, oh, oh, no.  No.  No. |
| 10:10 | 4 | I'm -- okay.  To that extent, I get it.  And I can look |
| 10:10 | 5 | at that one issue quicker.  For right now -- and I was |
| 10:10 | 6 | not following you and that helps. |
| 10:10 | 7 | I definitely think that these are the |
| 10:10 | 8 | kind of issues that need to be addressed right away.  I |
| 10:10 | 9 | had -- my first patent trial as a judge basically we |
| 10:10 | 10 | had almost this exact situation where the plaintiffs |
| 10:10 | 11 | were saying, there's infringement because word -- I |
| 10:10 | 12 | forgot what it was -- word X means this and they |
| 10:10 | 13 | infringe, and the other side was saying it means Y. |
| 10:10 | 14 | They lose. |
| 10:10 | 15 | And so, again, I'm just going back |
| 10:10 | 16 | thinking there's a great potential in this case -- had |
| 10:11 | 17 | you all asked me to construe the word "each," probably |
| 10:11 | 18 | it would have been you that would have asked me to |
| 10:11 | 19 | construe it and probably the plaintiff would have said |
| 10:11 | 20 | plain and ordinary meaning.  And I think I would have |
| 10:11 | 21 | said back then, the time when I can take this up is in |
| 10:11 | 22 | a summary judgment context. |
| 10:11 | 23 | And if on this one issue you all -- |
| 10:11 | 24 | again, I'm -- if the defendant has framed this one |
| 10:11 | 25 | issue in the way that they think it needs to be framed |

| | | |
|---|---|---|
| 10:11 | 1 | to where the plaintiff could respond to it and I could |
| 10:11 | 2 | take up this discrete issue more quickly, as a general |
| 10:11 | 3 | rule, I would be happy to do that, and it's probably |
| 10:11 | 4 | what I would have recommended. |
| 10:11 | 5 | So help me out again. Is your summary |
| 10:11 | 6 | judgment on this adequately briefed because that was |
| 10:11 | 7 | the position you were always going to take, or is there |
| 10:11 | 8 | something that happened because the depo of the |
| 10:12 | 9 | technical expert that is a problem for you? |
| 10:12 | 10 | MS. PIEPMEIER: Your Honor, let me try to |
| 10:12 | 11 | answer that succinctly. |
| 10:12 | 12 | The deposition occurred before the |
| 10:12 | 13 | summary judgment filing that Cisco made. And so |
| 10:12 | 14 | Cisco's brief reflects that issue that arose, and it |
| 10:12 | 15 | also reflects, you know, the -- our arguments on |
| 10:12 | 16 | summary judgment. So it addresses claim construction |
| 10:12 | 17 | in the context of having taken the deposition of |
| 10:12 | 18 | plaintiff's expert. |
| 10:12 | 19 | I'll note one other curious thing. I |
| 10:12 | 20 | want to make sure I'm being clear here because I may |
| 10:12 | 21 | have not framed this. |
| 10:12 | 22 | Plaintiff Paltalk is taking the position |
| 10:12 | 23 | here that the term means something other than what we |
| 10:12 | 24 | understand it to be its plain and ordinary meaning. So |
| 10:12 | 25 | this is not something Cisco could have raised before |

—12—

10:12  1  because it never occurred to us anyone would take that

10:12  2  position.

10:12  3            So Cisco is not seeking an alternate

10:12  4  construction of this term.  And I think that's clear,

10:12  5  but I just want to make sure.

10:13  6            We're just saying under the plain and

10:13  7  ordinary meaning, you know, this is what it means and

10:13  8  we're (audio distortion) briefed in the context of a

10:13  9  lot of other issues and the resolution of, you know, we

10:13  10  believe there's a factual issue in dispute.

10:13  11            And so I believe it would be easier for

10:13  12  Your Honor to address this simply as a brief claim

10:13  13  construction issue.

10:13  14            The second thing I'd say, Your Honor, is

10:13  15  we've never seen plaintiff's position on this.  They

10:13  16  have not responded to our summary judgment brief yet

10:13  17  because that deadline isn't until next Thursday.  We've

10:13  18  never seen Markman briefing from them.

10:13  19            The only thing we know about their

10:13  20  position on this term is a few statements from their

10:13  21  expert in depositions.  So we're operating a little bit

10:13  22  blind here.

10:13  23            We raised this to Your Honor immediately

10:13  24  because we didn't want to delay, but we do not have the

10:13  25  benefit of actually knowing what their argument is as

| | | |
|---|---|---|
| 10:13 | 1 | to why each should be something other than all. |
| 10:13 | 2 | And so I would say that, you know, for |
| 10:13 | 3 | this process to actually occur, we would need to see |
| 10:14 | 4 | what their arguments are. |
| 10:14 | 5 | THE COURT:  Okay.  And that's helpful |
| 10:14 | 6 | too. |
| 10:14 | 7 | And let me add something else.  I have, |
| 10:14 | 8 | you know, and I am -- I have a passing familiarity with |
| 10:14 | 9 | 02 Micro.  And so that doesn't mean that I haven't been |
| 10:14 | 10 | in situations before where I thought -- and I'm not -- |
| 10:14 | 11 | I'm using the word "each" without indicating any |
| 10:14 | 12 | opinion on the merit one way or the other. |
| 10:14 | 13 | But I have -- I have been in situations |
| 10:14 | 14 | where you all have argued that a word like "each" had |
| 10:14 | 15 | different meanings, and I felt like each, because of |
| 10:14 | 16 | the context that it was used in the patent, still had a |
| 10:14 | 17 | plain and ordinary meaning that I wasn't going to give |
| 10:14 | 18 | to it and that a jury would be able to figure out the |
| 10:15 | 19 | right -- whether or not there's infringement. |
| 10:15 | 20 | Which is a long way to say again that -- |
| 10:15 | 21 | I'm just musing out loud as I'm trying to figure out |
| 10:15 | 22 | the right method to take here, whether it would be to |
| 10:15 | 23 | have a separate Markman hearing on this word and hear |
| 10:15 | 24 | the competing proposed constructions and the briefing |
| 10:15 | 25 | or whether or not it's in -- it's already been framed |

10:15  1    up in a way that once I have the response from the
10:15  2    plaintiff that I might not be able to handle.  But
10:15  3    everything you said has been very informative.
10:15  4                Is there anything else you wanted to say
10:15  5    before I heard from plaintiff?
10:15  6                MS. PIEPMEIER:  No, Your Honor.  I'll
10:15  7    pass to Ms. Magee.
10:15  8                THE COURT:  Okay.  I think I've got a
10:15  9    pretty good handle on it, though.  You did a great job
10:15  10   of explaining it to me.
10:15  11               So I'll hear from plaintiff now.
10:15  12               MS. PIEPMEIER:  Thank you, Your Honor.
10:15  13               MS. MAGEE:  Good morning, Your Honor.
10:15  14   Thank you.  Amber Magee here for the plaintiff Paltalk
10:15  15   Holdings.
10:15  16               Your Honor --
10:16  17               THE COURT:  Which office are you in?
10:16  18               MS. MAGEE:  I'm out of the Houston
10:16  19   office, Your Honor.
10:16  20               THE COURT:  Okay.  I'm told by some
10:16  21   Susman lawyers that's where the real Susman lawyers
10:16  22   are, but my most recent law clerk is in New York, so I
10:16  23   will -- I'll defer on that.  But I was just curious.  I
10:16  24   look forward to hearing your argument.
10:16  25               MS. MAGEE:  Yes, Your Honor.  We don't

10:16   1    have any non-Houston SG lawyers on the call.  So no one

10:16   2    here to speak for New York or LA or Seattle.

10:16   3                  But, Your Honor, Paltalk disagrees with

10:16   4    Cisco's positions both as to the need for sort of

10:16   5    supplemental or extra briefing particularly on this

10:16   6    purported claim construction issue but also of course

10:16   7    as to the merits of each.

10:16   8                  Cisco's position is that Paltalk and its

10:16   9    expert Dr. Schaefer are creating some sort of

10:16   10   definition of each.  But, in fact, Your Honor, at all

10:17   11   times, Paltalk's definition of each has been based on

10:17   12   the plain and ordinary meaning in light of the patent

10:17   13   specification, as is commanded from decades of Federal

10:17   14   Circuit precedent.

10:17   15                  So the idea that Paltalk has deviated

10:17   16   from the plain and ordinary meaning of each is simply

10:17   17   untrue.

10:17   18                  Your Honor, Cisco requested five pages of

10:17   19   supplemental briefing to address this issue in its

10:17   20   discovery dispute letter to the Court.  As of today,

10:17   21   Cisco has dedicated 28 pages of summary judgment and

10:17   22   Daubert briefing to address this issue.

10:17   23                  Docket Entry 53, that's eight pages of

10:17   24   Cisco's Daubert arguments about the construction of

10:17   25   each against Dr. Schaefer.

—16—

10:17    1          Docket Entry 54, 20 more pages of Cisco

10:17    2    raising primarily this exact issue with respect to the

10:17    3    understanding of the term "each."

10:17    4          Paltalk doesn't see how five more pages

10:17    5    of briefing could clarify this issue any more than the

10:18    6    28 pages that Cisco has already drafted and that

10:18    7    Paltalk is undertaking a response to.

10:18    8          Our responsive briefs are due on this

10:18    9    point on December 15th, so next Thursday, and that's

10:18    10   where Paltalk plans to engage with the substance of

10:18    11   Cisco's motion.

10:18    12          And, Your Honor, Ms. Piepmeier also

10:18    13   suggested that Cisco could not have known about this

10:18    14   issue prior to Dr. Schaefer's deposition, which

10:18    15   occurred in the -- right before Thanksgiving.

10:18    16          Your Honor, that's simply not true.  As

10:18    17   pointed out even in the dispute chart submitted to the

10:18    18   Court, Dr. Schaefer's infringement contentions, his

10:18    19   final contentions in April 28th of 2022, there's

10:18    20   evidence there of Dr. Schaefer's plain and ordinary

10:18    21   meaning construction of the term "each."

10:18    22          And so Paltalk thinks that Cisco has

10:18    23   probably waived this argument by waiting until December

10:18    24   to bring it, particularly when it was apparent back in

10:19    25   April.

```
10:19   1              Your Honor, you mentioned earlier that
10:19   2    maybe a thousand times or so you've said that the
10:19   3    appropriate place to take up, you know, sort of
10:19   4    late-coming claim construction issues would be at
10:19   5    summary judgment.
10:19   6              Your Honor, you actually said that in the
10:19   7    parties' Markman hearing, and I believe Paltalk quoted
10:19   8    the part of the transcript in its part of the discovery
10:19   9    dispute chart.
10:19  10              So Paltalk thinks that Cisco has had
10:19  11    nearly 30 pages of briefing at this point to express
10:19  12    its views on this each issue.  Paltalk should get an
10:19  13    ample amount of pages to respond and plans to respond
10:19  14    to those arguments on December 15th.  Additional
10:19  15    briefing is not necessary and not needed.
10:19  16              Cisco would very much like to sort of
10:19  17    brief this as a standalone issue now and sort of thwart
10:19  18    Paltalk's efforts to respond to summary judgment, Your
10:19  19    Honor, but it doesn't make sense to Paltalk, quite
10:19  20    frankly, to implement this sort of parallel briefing
10:19  21    when Cisco could have raised this issue earlier and
10:19  22    this issue will certainly be teed up for the Court by
10:20  23    Paltalk's December 15th response date.
10:20  24              This isn't the appropriate forum to talk
10:20  25    about sort of the substance of the arguments, Your
```

| | | |
|---|---|---|
| 10:20 | 1 | Honor.  But again, I'll note, and Dr. Schaefer said as |
| 10:20 | 2 | much in his deposition, his understanding of each is |
| 10:20 | 3 | based on the specification, and that's clearly the |
| 10:20 | 4 | right approach based on case law. |
| 10:20 | 5 | Cisco's expert, in fact, tried to add |
| 10:20 | 6 | some sort of construction in his own deposition and in |
| 10:20 | 7 | his own report.  And that's really the crux of, you |
| 10:20 | 8 | know, any new constructions that should be applied to |
| 10:20 | 9 | the term "each." |
| 10:20 | 10 | We think the plain and ordinary meaning |
| 10:20 | 11 | is apparent from the specification and is consistent |
| 10:20 | 12 | with Dr. Schaefer's positions. |
| 10:20 | 13 | Lastly, Your Honor, both now and in the |
| 10:20 | 14 | February Markman hearing, Cisco has repeatedly |
| 10:20 | 15 | mentioned 02 Micro.  The specter of 02 Micro is ever |
| 10:20 | 16 | looming according to Cisco. |
| 10:20 | 17 | But, Your Honor, as teed up in Paltalk's |
| 10:20 | 18 | response, the 02 Micro issue pertains to whether or not |
| 10:20 | 19 | the scope of claims is encompassed by a certain term. |
| 10:20 | 20 | That's different than a dispute over the meaning of the |
| 10:21 | 21 | terms, as indicated on Page 1361 of the 02 Micro |
| 10:21 | 22 | decision. |
| 10:21 | 23 | So Cisco often throws out the 02 Micro |
| 10:21 | 24 | term, you know, as something that the Court should |
| 10:21 | 25 | always be worried about, but this is not an 02 Micro |

10:21 1    issue per the meaning of 02 Micro itself.

10:21 2                    So, Your Honor, Paltalk believes there's

10:21 3    no need for supplemental briefing and that the parties

10:21 4    should be able to take this up on summary judgment as

10:21 5    Your Honor instructed.  And disagrees with Cisco's

10:21 6    explanation of how we got to be in this position where

10:21 7    there's a purported claim construction issue in early

10:21 8    December.  And ultimately on the merits of how that

10:21 9    claim construction issue should be resolved.

10:21 10                   THE COURT:  Anything else from Cisco?

10:21 11                   MS. PIEPMEIER:  Yes, Your Honor.  Very

10:21 12   briefly.  Sarah Piepmeier again.

10:21 13                   Just a couple of points.

10:21 14                   The first is that Ms. Magee's point that

10:21 15   there's 28 pages of briefing on this precisely

10:21 16   demonstrates why we should address this to Your Honor

10:21 17   as a discrete issue.

10:21 18                   There's a lot of other stuff in those

10:21 19   briefs too.  It's not just the issue of claim

10:22 20   construction.  And we believe that this could be

10:22 21   decided much more easily without the Court having to

10:22 22   wade into all of that, and that that would make sense.

10:22 23                   That is why our proposal was for five

10:22 24   pages of briefing.

10:22 25                   Now, I will say in one amendment to our

—20—

10:22   1   suggested relief that I believe that either Paltalk

10:22   2   should go first because they are the ones who are

10:22   3   seeking a construction that is -- that differs from the

10:22   4   plain and ordinary meaning, or that Cisco should have a

10:22   5   reply.

10:22   6          But in any event, Your Honor, we think we

10:22   7   can do this a lot easier without Your Honor having to

10:22   8   wade into six different sets of briefing.

10:22   9          The second point, Your Honor, is I'm not

10:22  10   going to address the substance here.  I believe Your

10:22  11   Honor has enough to deal with on procedures (audio

10:22  12   disruption) that we disagree.  But I'm not going to

10:22  13   address substance here.

10:22  14          The final point on 02 Micro, Your Honor,

10:22  15   I don't agree with that reading of 02 Micro.  And I

10:22  16   certainly don't agree with how it applies here.

10:22  17          I don't think it makes sense to get into

10:22  18   that here, although I would be delighted to go into

10:22  19   that in great detail.  But I just think that

10:23  20   distinction is, A, wrong and not applicable here.

10:23  21          And finally, Your Honor, we're not trying

10:23  22   to thwart their ability to respond to summary judgment.

10:23  23   They're going to respond to summary judgment on

10:23  24   December 15th (audio distortion) and should be

10:23  25   addressed separately.  And that that would be, frankly,

—21—

10:23  1    a better use of the parties' resources and judicial

10:23  2    resources.

10:23  3                    Thank you, Your Honor.

10:23  4                    THE COURT:  Thank you, ma'am.

10:23  5                    Anything else for plaintiff?

10:23  6                    MR. CAUGHEY:  Your Honor, may I just --

10:23  7    very briefly a practical point about all this.

10:23  8                    As has been said several times, Paltalk's

10:23  9    summary judgment response is due on December 15th.

10:23  10   Also due on December 15th are pretrial exchanges around

10:23  11   witnesses and exhibits and such.  Trial's set for

10:23  12   February 23rd, and there's obviously a number of

10:23  13   deadlines and summary judgment adjudication in the

10:24  14   interim.

10:24  15                    We received 60 pages-ish of summary

10:24  16   judgment and Daubert briefing across four separate

10:24  17   briefs.

10:24  18                    The notion of Paltalk filing additional

10:24  19   briefing while it's also responding to those, in

10:24  20   28 pages of briefing, is just not aligned with this

10:24  21   Court's schedule.  And we're talking about judicial

10:24  22   resources and efficiency.  You've done a trillion of

10:24  23   these obviously.

10:24  24                    If you look at this issue that's going to

10:24  25   be very cleanly briefed and presented by both sides,

| | |
|---|---|
| 10:24 | 1 |

```
10:24   1    obviously you can decide that issue on the summary
10:24   2    judgment papers first, if that's your inclination or
10:24   3    not, or in connection with everything else.
10:24   4              But having a parallel briefing on
10:24   5    something that's already briefed, given the load and
10:24   6    the schedule presently, just doesn't seem like a
10:24   7    practical and sufficient solution to me.
10:24   8              MS. PIEPMEIER:  Your Honor, if I may --
10:24   9              THE COURT:  Got it.
10:24  10              MS. PIEPMEIER:  Oh.  I'm sorry, Your
10:25  11    Honor.
10:25  12              THE COURT:  Sure.  No, no, please.
10:25  13              MS. PIEPMEIER:  Thank you, Your Honor.
10:25  14              I would note there is some compression in
10:25  15    the schedule certainly.  And I'm not going to get into
10:25  16    why that happened.
10:25  17              But, Your Honor, we would certainly be
10:25  18    amenable to pushing the briefing on summary judgment
10:25  19    and Daubert just a little bit to provide time and space
10:25  20    in the schedule for this to occur.  The remaining
10:25  21    briefing, that is.
10:25  22              We're also responding to Daubert briefing
10:25  23    from them, Your Honor.  It's not just a one-way street.
10:25  24              We certainly would be amenable to pushing
10:25  25    jury instructions and other pretrial disclosures which
```

23

```
10:25    1    absolutely could be taken up.  There's no urgency to
10:25    2    that happening next Thursday.
10:25    3                The final point I'll note as a
10:25    4    housekeeping note, Your Honor, is that also pending at
10:25    5    this time is Cisco's motion to stay pending re-exam of
10:25    6    this one patent case.  And that is another
10:25    7    consideration in terms of housekeeping and how Your
10:25    8    Honor may wish to stagger, you know, hearing all of
10:25    9    this.  If Your Honor chooses to.
10:25   10                THE COURT:  My general experience is the
10:26   11    only limitation on Daubert motions is the number of
10:26   12    experts that are expected to appear and the page limit.
10:26   13    So none of that comes as a surprise.
10:26   14                Let me do this -- and is there anything
10:26   15    that anyone else wanted to say before I move on?
10:26   16                MR. CAUGHEY:  The only thing I would
10:26   17    say -- this is Ryan Caughey for Paltalk, Your Honor --
10:26   18    is obviously -- if it's not obvious, we would prefer to
10:26   19    keep the current schedule deadlines in place, all of
10:26   20    them, because we think it leads to an orderly process
10:26   21    before trial which is going to come upon us before we
10:26   22    know it.
10:26   23                THE COURT:  Okay.  So this isn't
10:26   24    really -- in 99 percent of my -- 100 percent of my
10:26   25    discovery hearings I'm able to figure out what you all
```

```
10:26    1    need and kind of play Oprah Winfrey and try and work
10:26    2    them out for you.
10:26    3                 This is a little more substantive.  So
10:26    4    I'm going to resist the temptation to shoot from the
10:27    5    hip.
10:27    6                 But I -- what I will do is, my clerks and
10:27    7    I will take a look at what has been filed on this issue
10:27    8    in the motion for summary judgment.  I think I have a
10:27    9    very clear understanding of both sides' positions and
10:27   10    why they want what they want.
10:27   11                 And within a day or so -- you'll know by
10:27   12    tomorrow at the latest what additional briefing, if
10:27   13    any, I think is necessary.
10:27   14                 But let us take a look at the summary
10:27   15    judgment papers on this specific issue and decide
10:27   16    whether or not, first, it's necessary.  If it's
10:27   17    necessary -- if we decide it's necessary, we'll have
10:27   18    more briefing.  We'll do a separate Markman.
10:27   19                 If we find it's unnecessary but we need
10:27   20    more briefing, we'll let you know there.
10:27   21                 And if we find that we think we can rule
10:27   22    on this issue just by the motion for summary judgment
10:27   23    that's been filed by Cisco and the response that's
10:28   24    going to be filed by the plaintiff, then we'll let you
10:28   25    know that as well.
```

10:28  1          But I appreciate you all doing such a

10:28  2   great job explaining it to me so I have a clear

10:28  3   understanding of what the issues are.

10:28  4          Is there anything else anyone needs to

10:28  5   raise before we go?

10:28  6          MR. CAUGHEY:  Not for Paltalk, Your

10:28  7   Honor.

10:28  8          MS. PIEPMEIER:  And not from Cisco, Your

10:28  9   Honor.

10:28  10          Thank you again for the opportunity to

10:28  11   present this to you.

10:28  12          MR. CAUGHEY:  Thank you for your time.

10:28  13          THE COURT:  I apologize.  After four

10:28  14   years of going back and forth between Austin and Waco,

10:28  15   I knew inevitably I-35 would -- I'd have one bad day on

10:28  16   I-35 and it was today.  And so I ordinarily would have

10:28  17   been on the Zoom video and in my office.  But greater

10:28  18   forces than me prevented that.

10:28  19          And actually it was nice to have the call

10:28  20   this way to help me get to Waco easier.

10:28  21          So if I don't see any of you before

10:28  22   Christmas or the holidays, I hope you have a wonderful

10:29  23   Christmas and holidays.  And we'll get this resolved in

10:29  24   the very near future.  Thanks, everyone.

10:29  25          (Hearing adjourned.)

1    UNITED STATES DISTRICT COURT  )

2    WESTERN DISTRICT OF TEXAS      )

3

4

5              I, Kristie M. Davis, Official Court

6    Reporter for the United States District Court, Western

7    District of Texas, do certify that the foregoing is a

8    correct transcript from the record of proceedings in

9    the above-entitled matter.

10             I certify that the transcript fees and

11   format comply with those prescribed by the Court and

12   Judicial Conference of the United States.

13             Certified to by me this 6th day of

14   December 2022.

15

16                         /s/ Kristie M. Davis
                           KRISTIE M. DAVIS
17                         Official Court Reporter
                           800 Franklin Avenue
18                         Waco, Texas 76701
                           (254) 340-6114
19                         kmdaviscsr@yahoo.com

20

21

22

23

24

25

10:29