**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § § § | |
| Plaintiff | § § | |
| vs. | § § | No. 6:21-cv-00757-ADA |
| **CISCO SYSTEMS, INC.,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | **FILED UNDER SEAL** |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE PORTIONS OF
<u>EXPERT TESTIMONY BY DR. SCOTT SCHAEFER</u>**

## TABLE OF CONTENTS

**PAGE(S)**

I.    INTRODUCTION ........................................................................................................ 1
II.    BACKGROUND ......................................................................................................... 1
III.    LEGAL STANDARD................................................................................................. 2
IV.    DR. SCHAEFER'S INFRINGEMENT OPINIONS ARE UNRELIABLE ................... 4
V.    CONCLUSION........................................................................................................... 8
CERTIFICATE OF SERVICE .................................................................................................. 10

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*ATEN Int'l Co. v. Uniclass Tech. Co.*,
   932 F.3d 1364 (Fed. Cir. 2019)..................................................................................................3

*Cordis Corp. v. Boston Sci. Corp.*,
   561 F.3d 1319 (Fed. Cir. Mar. 31, 2009)...................................................................................3

*CytoLogix Corp. v. Ventara Med. Sys., Inc.*,
   424 F.3d 1168 (Fed. Cir. 2005)..................................................................................................3

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).......................................................................................................2, 3, 7, 8

*EMC Corp. v. Pure Storage, Inc.*,
   154 F. Supp. 3d 81 (D. Del. 2016)..............................................................................................3

*Hathaway v. Bazany*,
   507 F.3d 312 (5th Cir. 2007) .....................................................................................................2

*Lind v. Int'l Paper Co.*,
   No. A-13-CV-249-LY, 2014 WL 11332304 (W.D. Tex. Mar. 12, 2014) ..................................3

*Liquid Dynamics Corp. v. Vaughan Co.*,
   449 F.3d 1209 (Fed. Cir. 2006)..................................................................................................4

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996)................................................................................................................3, 8

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).........................................................3

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
   No. 6:11-CV-492-RWS-KNM, 2017 WL 4020591 (E.D. Tex. Sept. 13, 2017) .......................3

*Personalized User Model, L.L.P. v. Google Inc.*,
   No. 09-525-LPS, 2014 WL 807736 (D. Del. Feb. 27, 2014) ....................................................3

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (en banc)..................................................................................4

*TQ Delta, LLC v. ADTRAN, Inc.*,
   No. 14-954-RGA (D. Del. Oct. 31, 2019), ECF No. 915 ..........................................................4

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
   No. A-15-CV-597-RP, 2017 WL 404519 (W.D. Tex. Jan. 27, 2017).........................3, 4, 7, 8

## TABLE OF AUTHORITIES (continued)

**PAGE**

**OTHER AUTHORITIES**

Fed. R. Evid. 702 ...................................................................................................................1, 2

U.S. Patent No. 6,683,858.............................................................................................................1

I.  **INTRODUCTION**

Paltalk Holdings, Inc. ("Paltalk") accuses Cisco Systems, Inc. ("Cisco") and its WebEx audio conferencing products of infringing U.S. Patent No. 6,683,858 ("the '858 Patent"). Paltalk's infringement expert, Dr. Scott Schaefer, has provided an opinion that the accused Webex products infringe claims 1-5 of the '858 patent. That opinion, however, relies on an improper claim construction of the term "each" as it is used in all asserted claims of the patent. Because neither party sought construction of the term "each" during Markman, it is to be understood based on its plain and ordinary meaning. But in his deposition, Dr. Schaefer ███████████████████████████████████████████████████████████████████

███████████████████████████████████████. In effect, Dr. Schaefer invented a new claim construction that was never raised to (much less endorsed by) the Court. As such, Dr. Schaefer's infringement opinions are unreliable and should be excluded under FRE 702.

II. **BACKGROUND**

Paltalk asserts claims 1-5 of the '858 Patent, which at a high level relates to audio conferencing. Claim 1, which is a method claim, is the only independent asserted claim. More specifically, the alleged invention generally relates to a specific process that allows both newer, computer-based devices (what the patent refers to as devices being capable of mixing their own audio) and legacy telephones (what the patent refers to as clients without the capability to mix audio on their own, or "non-mixing clients") to participate in the same audio conference. ECF No. 1-1 (the '858 Patent) at Abstract.

Claim 1 is reproduced below. For purposes of this motion, we have highlighted the five instances in Claim 1 in which the term "each" is used:[1]

> 1. A method of providing audio conferencing for a plurality of clients using varying equipment and protocols, comprising the steps of:
>    (1) receiving an audio packet from *each* of the plurality of clients,
>    (2) determining which of the plurality of clients is an active speaker and forming an active speakers list;
>    (3) determining that a first subset of the plurality of clients has the capability to mix multiple audio streams,
>    (4) determining that a second subset of the plurality of clients does not have the capability to mix multiple audio streams,
>    (5) multiplexing said packets of audio data received from *each* client on said active speakers list into a multiplexed stream;
>    (6) sending said multiplexed stream to *each* of said first subset of the plurality of clients;
>    (7) mixing said packets of audio data received from *each* client on said active speakers list into one combined packet; and
>    (8) sending said combined packet to *each* of said second subset of the plurality of clients;
> whereby said plurality of clients can simultaneously participate in a single audio conference application.

### III. LEGAL STANDARD

Under Rule 702 and Daubert, the trial court acts as a "gatekeeper" to determine "whether the reasoning or methodology underlying [an expert's] testimony is scientifically valid and [] whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 600 (1993). The Supreme Court in Daubert charged trial courts with determining whether expert testimony under Rule 702 is "not only relevant, but reliable." *Id.* at 589; *see also Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) ("the existence of sufficient facts and a reliable methodology is in all instances mandatory. Without

---

[1] In the related Motion for Summary Judgment of Non-Infringement, Cisco ███████████████████████████████████████████

more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible") (internal citations omitted). The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion. *See Daubert*, 509 U.S. at 584–85. A court is not required to admit opinion evidence "that is connected to existing data only by the ipse dixit of the expert." *Lind v. Int'l Paper Co.*, No. A-13-CV-249-LY, 2014 WL 11332304, at *2 (W.D. Tex. Mar. 12, 2014) (citation omitted).

Claim construction is a legal question and "exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). Accordingly, "in a case tried to a jury, the court has the power and obligation to construe as a matter of law the meaning of language used in the patent claim." *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 404519, at *2 (W.D. Tex. Jan. 27, 2017) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996)). "It is thus improper for an expert witness to testify before the jury regarding claim construction." *ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1364, 1370 (Fed. Cir. 2019) (citing *CytoLogix Corp. v. Ventara Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005)). It is "improper to argue claim construction to the jury because the risk of confusing the jury is high when experts opine on claim construction." *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. Mar. 31, 2009) (internal quotation and citation omitted).

Moreover, "expert testimony inconsistent with the Court's claim construction is unreliable and unhelpful to the finder of fact," and "should be excluded under the Daubert standard." *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-CV-492-RWS-KNM, 2017 WL 4020591, at *3 (E.D. Tex. Sept. 13, 2017) (quoting *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016) (internal quotation omitted)); *see also Personalized User*

*Model, L.L.P. v. Google Inc.*, No. 09-525-LPS, 2014 WL 807736, at *1 (D. Del. Feb. 27, 2014); Mem. Order at 2, *TQ Delta, LLC v. ADTRAN, Inc.*, No. 14-954-RGA (D. Del. Oct. 31, 2019), ECF No. 915 ("Expert testimony based on an impermissible claim construction is properly excluded as irrelevant and on the basis that the evidence could confuse the jury."); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (finding it proper that the district court "excluded the expert opinion evidence as irrelevant because it was based on an impermissible claim construction" that "could prejudice and confuse the jury"). "The court is the final authority on the meaning of claim terms, and the jury must be instructed by the court, not the parties or their experts, on those meanings." *YETI Coolers,* 2017 WL 404519, at *2 (W.D. Tex. Jan. 27, 2017).

## IV.   DR. SCHAEFER'S INFRINGEMENT OPINIONS ARE UNRELIABLE

No party sought to construe the term "each" during the Markman process. In the absence of any special construction, the term is to be given its plain and ordinary meaning to a person of ordinary skill in the art at the time of invention. *Yeti Coolers*, 2017 WL 404519, at *1 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc)). Not only did Paltalk fail to raise what is clearly a claim construction issue during Markman, it also failed to disclose this theory in its infringement contentions or even its expert report.[2]

Dr. Schaefer first revealed that his infringement analysis was not based on the plain and ordinary meaning of the term "each" during his deposition. In particular, Dr. Schaefer disclosed that he was ████████████████████████████████████████ Ex. 1 (Schaefer Tr.) at 158:17-22 (████████████████████████████████████

---

[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

-4-

██████████████████████████████████████████████████████████████

████████████████); *see also*, *id*. at 260:16-18 (████████████████████████████

██████████████████████████████████████████████). Dr. Schaefer further

opined that the term does not mean ████ *Id*. at 160:21-25 (████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████). Finally,

he opined that it also ████████████████ *Id*. at 94:22-95:5 ("█████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████) .

      Dr. Schaefer's interpretation of "each" required additional modifications to the plain language of the claims. The "multiplexing limitations" of Claim 1 require the creation of "a multiplexed stream" and then "sending said multiplexed stream" to each of the first subset of clients.

> (5) multiplexing said packets of audio data received from each client on said active speakers list into ***a multiplexed stream***;
>
> (6) sending ***said multiplexed stream*** to each of said first subset of the plurality of clients;

But, as a result of Dr. Schafer's opinion that ████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████. Schaefer Rough at 158:15-25. This meant that, in his

opinion, the ███████████████████████████████████████████████

████ Dr. Schaefer argued that "██████████████████████████████████

-6-



Schaefer Rough at 158:1-7 (emphasis added).

Dr. Schaefer conceded that his ▌

Ex. 1 (Schaefer Tr.) at 166:16-167:20 (emphasis added); *see also*, 167:22-168:6.

---

[3] As noted above, because of Dr. Schaefer's opinion that ▌

Eschewing the ███████████████████, Dr. Schaefer opined that the claim ███████████████████████████████████████████████████████████████████ ███████████████████████████. *Id.* at 167:10-20 ███████████████████ ███████████████████████████); *see also* 183:19-25. To be clear, Dr. Schaefer's reasoning for departing from the plain and ordinary meaning is ███████████████ ███████████████████████████████████████████████████████████ ███████████████████████ Instead, he grounds this interpretation in his ███████████████████████████████████████████████████████████████████ ███████████████████████. *See, e.g.*, 164:16-19 ("██████████████ ███████████████████████████████████████████████████████████ ███████████████████████████).

Paltalk is thus attempting to have Dr. Schaefer supplant the Court's role as the sole arbiter of claim construction.

Much like Paltalk, the defendant in *YETI Coolers* attempted to have their expert "explain the plain and ordinary meaning" of a term that was not raised during Markman. *YETI Coolers*, 2017 WL 404519, at *2 (granting a *Daubert* motion to exclude an expert from offering an opinion as to the plain and ordinary meaning of a term where such a construction would "confuse the jury"). The Court excluded the testimony in part because the defendant had failed to raise his interpretation of the term during claim construction. *Id.* at *3 (a party having an "expert testify to the meaning of a claim it did not raise as needing construction by the Court, it is arguable that [the party] is trying to avoid the requirements of the detailed scheduling order."). Further, the Court noted that the expert had provided no explanation of this interpretation of his apparent plain and ordinary meaning of the term. *Id.* At deposition, the expert claimed for the first time

that as "one of ordinary skill in the art" he was interpreting the claim in light of the specification. *Id*. The Court however dismissed this and noted that it is not enough to "merely state that 'one skilled in the art' would understand a phrase to mean something other than the plain and ordinary meaning." *Id*. Rather, there "must be some explanation to support such a claim, as otherwise infringement and *Markman* experts would be completely unconstrained by the words of a patent." *Id*.

Accordingly, this Court should exclude Dr. Schaefer's infringement opinion because it applies a construction of the term "each" that contradicts the plain and ordinary meaning of the term.

## V.     CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court exclude as unreliable and impermissible under *Daubert* and its progeny the opinions offered by Dr. Schaefer in his report in which he provides an opinion on a limitation that depends on his improper interpretation of the term "each:" Limitation (1) "receiving an audio packet from *each* of the plurality of clients" (Ex. 2 (Shaefer Expert Report) ¶¶ 54-64); Limitation (5) "multiplexing said packets of audio data received from *each* client on said active speakers list into a multiplexed stream" (*id.* ¶¶ 85-89); Limitation (6) "sending said multiplexed stream to *each* of said first subset of the plurality of clients" (*id.* ¶¶ 90-92); Limitation (7) "mixing said packets of audio data received from *each* client on said active speakers list into one combined packet" (*id.* ¶¶ 93-98); Limitation (8) "sending said combined packet to *each* of said second subset of the plurality of clients" (*id.* ¶¶ 99-103); and summaries of his infringement opinion which depend on this interpretation (*id.* ¶¶ 15, 45, 206, and Section VIII title).

Dated: December 1, 2022                                    Respectfully submitted,

/s/ Sarah E. Piepmeier
Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Ryan Hawkins (admitted *pro hac vice*)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
RHawkins@perkinscoie.com
Telephone: (858) 720-5709
Facsimile: (858) 720-5809

Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
JDelacenserie@perkinscoie.com
Telephone: (206) 359-3644

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX  75702
mikejones@potterminton.com
shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 1, 2022.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on December 1, 2022.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case and Judge Albright's Amended Standing Order Regarding Filing Documents Under Seal in patent Cases and Redacted Pleadings.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier