**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **No. 6:21-cv-00757-ADA** |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | **FILED UNDER SEAL** |
| | § | |

**CISCO SYSTEMS, INC.'S MOTION FOR
<u>SUMMARY JUDGMENT OF NON-INFRINGEMENT</u>**

**TABLE OF CONTENTS**

1.  INTRODUCTION ................................................................................................ 1

2.  THE ASSERTED '858 PATENT ....................................................................... 2

3.  LEGAL STANDARD ......................................................................................... 4

4.  STATEMENT OF UNDISPUTED FACTS ...................................................... 5

    4.1  WebEx does not create a multiplexed stream comprising all of the active
         speaker's audio that is sent to all of the first subset of clients. .......................... 5

    4.2  Paltalk contends that "each" does not mean ███████████████
         ███████████ ................................................................................................. 7

    4.3  As a result of this new interpretation, Paltalk now contends that ████
         ████████████████████████████████████ .......................... 8

    4.4  Paltalk's interpretation that ██████████████████ and its impact on
         the rest of the claim is not a typical construction ............................................... 9

5.  CISCO'S ACCUSED PRODUCTS DO NOT INFRINGE ANY CLAIM OF THE
    '858 PATENT ................................................................................................... 10

    5.1  Paltalk has waived its new and unconventional interpretation of "each." ........ 10

    5.2  The plain and ordinary meaning of "each" is not ███████████ ................... 12

    5.3  Paltalk's claim construction position explicitly contradicts it prior
         Markman positions ............................................................................................. 12

    5.4  The intrinsic and extrinsic evidence all confirm that "each" does not mean
         ███████████ ................................................................................................. 13

    5.5  Every court that has considered Paltalk's argument has held that "each"
         does not mean ███████████ ........................................................................ 16

    5.6  WebEx does not infringe under the plain and ordinary meaning of "each." .... 18

    5.7  WebEx does not infringe because it does not meet the limitation "sending
         said multiplexed stream" ................................................................................... 19

6.  CONCLUSION ................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)........................................................................................................4

*Apple, Inc. v. Samsung Elecs. Co.*,
  No. 12-cv-00630-LHK, 2014 WL 252045 (N.D. Cal. Jan. 21, 2014) ...................................11

*Applied Med. Res. Corp. v. U.S. Surgical Corp.*,
  448 F.3d 1324 (Fed. Cir. 2006).......................................................................................15

*ATEN Int'l Co. v. Uniclass Tech. Co.*,
  932 F.3d 1364 (Fed. Cir. 2019).......................................................................................11

*CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*,
  224 F.3d 1308 (Fed. Cir. 2000).......................................................................................15

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)......................................................................................................4, 5

*CytoLogix Corp. v. Ventara Med. Sys., Inc.*,
  424 F.3d 1168 (Fed. Cir. 2005).......................................................................................11

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-CV-00011-RSP, 2017 WL 5137401 (E.D. Tex. Nov. 4, 2017)...............................11

*FCA US LLC v. Signal IP, Inc.*,
  IPR2015-01118, Paper No. 7 (PTAB Oct. 21, 2015) ..........................................................17

*Freedom Wireless, Inc. v. Alltel Corp.*,
  No. 2:06CV504, 2008 WL 4647270 (E.D. Tex. Oct. 17, 2008)............................................17

*Genlyte Thomas Grp. LLC v. Lutron Elecs. Co.*,
  No. CIV.A.3:02CV0602-K, 2005 WL 839438 (N.D. Tex. Mar. 9, 2005) ..............................17

*Google LLC v. Sonos, Inc.*,
  No. 20-CV-03845-EMC, 2021 WL 2321952 (N.D. Cal. June 7, 2021).................................14

*Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*,
  No. 4:03-CV-1384-Y (N.D. Tex. Dec. 20, 2006), ECF No. 367...........................................18

*Huawei Techs., Co v. Samsung Elecs. Co.*,
  340 F. Supp. 3d 934 (N.D. Cal. 2018) ..............................................................................11

# TABLE OF AUTHORITIES (continued)

**Page(s)**

*Intellicall, Inc. v. Phonometrics*,
  952 F.2d 1384 (Fed. Cir. 1992)...............................................................14

*Intervet Am., Inc. v. KeeVet Labs., Inc.*,
  887 F.2d 1050 (Fed. Cir. 1989)..............................................................13

*Lucent Technologies, Inc. v. Gateway, Inc.*,
  525 F.3d 1200 (Fed. Cir. 2008)..............................................................16

*Markman v. Westview Instruments, Inc.*,
  517 U.S. 370 (1996).............................................................................11

*Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986)...............................................................................4

*Medtronic, Inc. v. Guidant Corp.*,
  No. 00-14732004, WL 1179338, at *42 (D. Minn. May 25, 2004).........17

*Microstrategy, Inc. v. Business Objects, S.A.*,
  331 F. Supp. 2d 432 (E. D. Va. 2004), *aff'd* 429 F.3d 1344 (Fed. Cir. 2005) .......................17

*Music Choice v. Stingray Dig. Grp. Inc.*,
  No. 2:16-CV-00586-JRG-RSP, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019) ...................10

*Neville v. Found. Constructors, Inc.*,
  972 F.3d 1350 (Fed. Cir. 2020)..............................................................15

*Optimum Imaging Techs. LLC v. Canon Inc.*,
  No. 2:19-CV-00246-JRG, 2020 WL3104290 (E.D. Tex. June 11, 2020) ..............................13

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) (en banc).........................................12, 13

*ResQNet.com, Inc. v. Lansa, Inc.*,
  346 F.3d 1374 (Fed. Cir. 2003)..............................................................17

*Shopify Inc. v Express Mobile*,
  No. CV 19-439-RGA, 2021 WL 4288113 (D. Del. Sept. 21, 2021) ......................16

*T.M. Pats., L.P. v. Cisco Sys., Inc.*,
  982 F. Supp. 2d 93 (D. Mass. 2013), *aff'd*, 568 F. App'x 896 (Fed. Cir. 2014) ...................17

*Thorner v. Sony Comput. Entm't Am. LLC*,
  669 F.3d 1362 (Fed. Cir. 2012)..............................................................14

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*TimeBase Pty Ltd. v. Thomson Corp.*,
  No. 07-1687, 2011 WL 221858 (D. Minn. Jan. 21, 2011), *aff'd sub nom.*, 470
  Fed. Appx. 905 (Fed. Cir. 2012) ............................................................................................17

*TM Patents v. Cisco,*
  No. 00-1473 MJD/JGL, 2004 WL 1179338, at *42 (D. Minn. May 25, 2004) ......................17

*Tolan v. Cotton*,
  572 U.S. 650 (2014) ...............................................................................................................4

*Trilogy Software, Inc. v. Selectica, Inc.*,
  405 F. Supp. 2d 731 (E.D. Tex. 2005) ...........................................................................13, 14

*VLSI Technology LLC v. Intel Corp.*,
  No. 21-CV-00057, 2021 WL 1432705, at *8 (W.D. Tex. Feb. 25, 2021) .............................19

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
  No. A-15-CV-597-RP, 2017 WL 404519 (W.D. Tex. Jan. 27, 2017) ....................................11

**OTHER AUTHORITIES**

Each, https://www.apstylebook.com/perkinscoie/websters/webster-s-e-each (last
  visited Nov. 29, 2022) ............................................................................................................15

Each, https://www.collinsdictionary.com/us/dictionary/english/each (last visited
  Nov. 29, 2022) ........................................................................................................................15

Each, https://www.dictionary.com/browse/each (last visited Nov. 29, 2022) ..............................15

Each, https://www.macmillandictionary.com/us/dictionary/american/each (last
  visited Nov. 29, 2022) ............................................................................................................15

Each, https://www.oed.com/view/Entry/58924?redirectedFrom=Each#eid ..................................15

Fed. R. Civ. P. 56(a) .......................................................................................................................4

https://dictionary.cambridge.org/us/dictionary/english/each (last visited Nov. 29,
  2022) ........................................................................................................................................15

*New Oxford Am. Dictionary* 544 (Angus Stevenson & Christine A. Lindberg eds.,
  4th ed. 2010) ...........................................................................................................................17

New Oxford American Dictionary 544 (Angus Stevenson & Christine A.
  Lindberg eds., 4th ed.2010) ....................................................................................................15

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

U.S. Patent No. 6,683,858.........................................................................................2, 3, 4, 10

1.      **Introduction**

Plaintiff Paltalk Holdings, Inc.'s ("Paltalk") tenuous infringement read hangs by the thread of its belated and unconventional interpretation of the word "each." Paltalk accuses Cisco Systems, Inc. ("Cisco") and its WebEx audio conferencing products of infringing a single asserted patent, which expired last year. Cisco brings this motion for summary judgment of non-infringement because the deposition of Paltalk's infringement expert revealed a fundamental flaw in Paltalk's infringement read: ████████████████████████████████████████████ ████████████ Notably, neither party raised this term during the Markman proceedings. In fact, during those proceedings, Paltalk argued strenuously that every single term at issue should be accorded its plain and ordinary meaning. And it is hard to imagine a word more deserving of its plain and ordinary meaning than "each."

Paltalk never disclosed this position before its expert explained it in deposition. Indeed, this remarkable about-face came after Markman; after Paltalk analyzed Cisco's code, reviewed Cisco's documents, and deposed Cisco's engineers; and after Paltalk submitted its opening expert report of infringement, *which did not disclose this unconventional interpretation.* Paltalk now contends that the ████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████. Put another way, Paltalk would simply rewrite the claim to ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

Similarly, the claim term "████████████████████████████████

1



. Again, Paltalk would simply replace ████████████████

████████████████████

There can be no serious dispute that the plain and ordinary meaning of the word "each" is not "one or more." Even Paltalk's expert concedes that this is ████████████████ ████████████████████ *See* Ex. 1[1] (Schaefer Tr.) at 166:16-167:22. Instead, he asserted—for the first time in deposition—that ████████████████████ ████████████████████. *Id*. at 260:16-18. The specification and claims of the asserted patent do not support (much less compel) this interpretation. But regardless, Paltalk has waived any ability to make this belated claim construction argument, especially given its repeated insistence to this Court during Markman proceedings that it would be improper to read any embodiment (even a sole embodiment) into a claim.

Because Paltalk's expert conceded that WebEx never creates a multiplexed stream of each/all active speaker's audio that is sent to each/all first subset participants, the Court should grant summary judgement of noninfringement of all asserted claims.

2.      **The Asserted '858 Patent**

Paltalk asserts that Cisco infringes U.S. Patent No. 6,683,858 ("the '858 Patent"), which expired on July 26, 2022. The application that led to the '858 Patent was filed on June 28, 2000, and Paltalk purchased the rights to that application in 2001. Nearly twenty years later, on July

---

[1] All exhibits referenced herein are exhibits attached to the Ryan B. Hawkins Declaration in Support of Motion for Summary Judgment - Non-infringement, unless otherwise noted.

23, 2021, Paltalk filed this suit alleging Cisco's WebEx audio conferencing products infringe the
'858 Patent.

Paltalk asserts claims 1-5 of the '858 Patent, which at a high level relates to audio
conferencing. Claim 1, which is a method claim, is the only independent asserted claim. More
specifically, the alleged invention generally relates to a specific process that allows both newer,
computer-based devices (what the patent refers to as devices being capable of mixing their own
audio) and legacy telephones (what the patent refers to as clients without the capability to mix
audio on their own, or "non-mixing . . . clients") to participate in the same audio conference. ECF
No. 1-1 (the '858 Patent) at Abstract.

To accomplish this, once everyone has joined the audio conference, the claims first require
determining which of the participants are "active speakers"—the people actively talking on the
audio conference at any given time—and creating an "active speakers list." *Id*. at Claim 1 at
Limitation 2.

Then, everyone who joins the audio conference is categorized into one of the two "subsets"
based on the capabilities of the devices they used to join the audio conference: (1) mixing capable
devices, or (2) non-mixing capable devices. *Id*. at Limitations 3 and 4.

The next two limitations of Claim 1 are the focus of this motion: "a multiplexed stream" is
then created using the data received from "each client on said active speakers list" that is sent to
"each" of the participants in the first subset (participants that are connected using newer devices
that are capable of mixing their own audio):

> (5) multiplexing said packets of audio data received from *each* client
> on said active speakers list into a multiplexed stream;
>
> (6) sending said multiplexed stream to *each* of said first subset of
> the plurality of clients;

*Id*. at Limitations 5 and 6 (emphasis added).

3

Finally, "one combined packet" is created by using the data received from "each client on said active speakers list" and that "said combined packet" is sent to "each" of the participants that are in the second subset (participants connecting via older technologies that cannot mix their own audio). *Id*. at Limitations 7 and 8.

Dependent claims 2 and 3 add limitations regarding the removal of audio from the stream or packet of an active speaker before the stream or packet is sent to that person. More specifically, Claim 2 requires the audio of an active speaker to be "removed" from the multiplexed stream before the stream is sent to that speaker, only if that speaker is part of the first subset (newer technologies that can mix). *Id*. at Claim 2. Dependent Claim 3 is identical to Claim 2 but addresses removing the active speaker's audio from the combined packet before the combined packet is sent to that speaker, only if the speaker is part of the second subset (older technologies that cannot mix audio).

### 3.    Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). A material fact will have a reasonable likelihood to affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating a lack of a genuine dispute of material fact lies with the movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

4.      **Statement of Undisputed Facts**

4.1    **WebEx does not create a multiplexed stream comprising all of the active speaker's audio that is sent to all of the first subset of clients.**

Demonstrating that Cisco's accused products infringe requires Paltalk to show that they "multiplex[] said packets of audio data received from each client on said active speakers list into a multiplexed stream" and then "send[] said multiplexed stream to each of said first subset of the plurality of clients:"

> (5) multiplexing said packets of audio data received from *each* client on said active speakers list into a multiplexed stream;
>
> (6) sending said multiplexed stream to *each* of said first subset of the plurality of clients;

*Id*. at Limitations 5 and 6 (emphasis added). In short, Paltalk needs to prove that Cisco's accused products create a multiplexed stream with audio from everyone on the active speaker's list on an audio conference and then send that stream to the first of two subsets of people that joined the audio conference.

But as explained above, it is undisputed that WebEx simply never does this. More specifically, ███████████████████████████████████████████████████████████████████████████████. *See* Ex. 2 (Willis Expert Report) at ¶117 ████████████████████████████████████████ ███████); Ex. 3 (Buckles Tr.) 120:18-19 ████████████████████████ ████████████████████████).

Paltalk's infringement contentions confirmed WebEx does not create a multiplexed stream comprising the audio of all active speakers: ████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

 Ex. 4 (Paltalk's 4/28/2022 Final Infringement Contentions) at 23.

Instead, WebEx works in a different way— . Ex. 3 (Buckles Tr.) at 120:23-121:16 ; Ex. 2 (Willis Expert Report) at ¶116.

Again, Paltalk's expert agrees that this is the way in which WebEx operates:



Ex. 1 (Schaefer Tr.) at 151:5-12.

In fact, even Paltalk's own infringement expert agreed that WebEx does not meet the limitations of the asserted claims if the term "each" is understood in its plain and ordinary meaning as "all:"





*Id.* at 170:13-173:24 (emphasis added; quotation marks added for readability).

**4.2** ████████████████████████████████████████████████
████████████████████

Paltalk (through its expert, Dr. Schaefer) now[2] contends that ███████████████████████
████████████████████████████



*Id.* at 158:17-22; *see also, id.* at 260:16-18 ████████████████████████████████████

████████████████████████████████████████

---

[2] Paltalk's infringement contentions and expert report asserted that Webex ██████████████
███████████████████████████████████████████. Ex. 5 (Schaefer Expert Report) at ¶88 and ¶91; Ex. 4 (Paltalk's 4/28/2022 Infringement Contentions) at 23. But in the next sentence noted that "████████████████████████████████████████████████████
███████████ *Id.* Paltalk never disclosed that it was asserting infringement by interpreting "████████
████████████████████████████. The term ████████████
████████████████████████████████████████████████████
██████████████████████ *Id.* Similarly, Paltalk's new position that "████████████████████████████████████████████████
████████████ was not disclosed in Paltalk's contentions or expert report.

[3] Paltalk's infringement contentions designated the Limitations 1.pre through 1.i. The "multiplexing said packets of audio data…" limitation as Limitation 1.f. The parties have referenced the limitations using these shorthands since.

| CLAIM 1 AS WRITTEN | PALTALK'S INTERPRETATION |
|---|---|
| (5) multiplexing said packets of audio data received from *each* client on said active speakers list into a multiplexed stream; | (5) multiplexing said packets of audio data received from *one or more* client on said active speakers list into a multiplexed stream; |
| (6) sending said multiplexed stream to *each* of said first subset of the plurality of clients; | (6) sending said multiplexed stream to *one or more* of said first subset of the plurality of clients; |

Similarly, Dr. Schaefer is not interpreting "each" to mean "all" or "every:"



*Id.* at 160:21-25.



*Id.* at 94:22-95:5.

### 4.3    As a result of this new interpretation, Paltalk now contends that ▮

Dr. Schaefer's unconventional interpretation of the word "each" requires further re-interpretation of the claim. The multiplexing limitations of Claim 1 require the creation of "a multiplexed stream" and then "sending said multiplexed stream" to each of the first subset of clients:

> (5) multiplexing said packets of audio data received from each client on said active speakers list into *a multiplexed stream*;
>
> (6) sending *said multiplexed stream* to each of said first subset of the plurality of clients;

8

*Id*. at Limitations 5 and 6 (emphasis added). A ripple effect of Dr. Schaefer's new interepretation of "each," however, is a similarly new opinion (first disclosed in deposition) that the claim term ███████████████████████████████████████████████████

████████

████████████████████████████████████████

████████████████████████████████████████████

Ex. 1 (Schaefer Tr.) at 169:21-170:6. Dr. Schaefer thus opines that ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████

████████████████████████████████████████

████████████████████████████████████████████████

*Id.* at 169:7-18 (emphasis added).

**4.4    Paltalk's interpretation that "each"** ██████████████ **and its impact on the rest of the claim is not a typical construction.**

Dr. Schaefer conceded that his interpretation of ████████████████████

██████████████████████████████████████████████████████

██████████████████████



*Id.* (Schaefer Tr.) at 166:16-167:20 (emphasis added).



*Id.* at 167:22-168:6.

**5.      Cisco's Accused Products Do Not Infringe Any Claim of the '858 Patent**

**5.1      Paltalk has waived its new and unconventional interpretation of "each."**

No party sought construction of the term "each." ECF No. 33 (Joint Claim Construction
Statement (filed Feb. 4, 2022)). As a result, Paltalk has waived any right to argue for this
construction now. *Music Choice v. Stingray Dig. Grp. Inc.*, No. 2:16-CV-00586-JRG-RSP, 2019
WL 8110069, at *3 (E.D. Tex. Nov.  19, 2019) ("failure to timely raise ... claim construction

arguments should ordinarily result in waiver of the arguments.") (citing *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *15 (E.D. Tex. Nov. 4, 2017) (internal citations omitted)).

Accordingly, the term "each" is given its "plain and ordinary meaning." *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 404519, at *1 (W.D. Tex. Jan. 27, 2017) (when "neither party request[s] [a term's] construction… the plain and ordinary meaning of that phrase applies"). As a result, Paltalk has waived any ability to seek a construction of this term at this point in the case. *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630-LHK, 2014 WL 252045, at *3–4 (N.D. Cal. Jan. 21, 2014) (rejecting as untimely a new claim construction raised for the first time at summary judgment); *see also, Huawei Techs., Co v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 947 (N.D. Cal. 2018) (same).

Further, it would be improper[4] to allow Paltalk to argue this claim construction position to the jury as claim construction is a legal question and "exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). "It is thus improper for an expert witness to testify before the jury regarding claim construction." *ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1364, 1370 (Fed. Cir. 2019) (citing *CytoLogix Corp. v. Ventara Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005)).

Finally, it would be highly prejudicial to Cisco were the Court to allow Paltalk to proceed with this previously undisclosed interpretation of the claims. Cisco was unable to seek fact discovery into this interpretation. Cisco was not aware of this interpretation while searching for prior art. Had Cisco been aware of this, there would have been additional statutory invalidity

---

[4] Cisco has concurrently filed a Motion to Exclude Portions of the Expert Testimony of Dr. Schott Schaefer related to this new claim construction position.

defenses, such as written description and indefiniteness. And Cisco was not able to address this
████████████ interpretation in its expert reports. Paltalk's time to raise an argument for a non-plain and ordinary meaning construction has passed.

### 5.2   The plain and ordinary meaning of "each" ████████████

Of course, any layperson can tell you that "each" does not mean "one or more." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc) (the ordinary meaning of claim language, as understood by a person of skill in the art, is "readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words."). As Cisco's expert aptly explained, ████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
Ex. 6 (Willis Tr.) at 138:25-139:5. And to a person of ordinary skill in the art at the time of the invention, the intrinsic and extrinsic evidence all confirm that the plain and ordinary meaning of each is not ████████████ as Paltalk now contends for the first time.

### 5.3   Paltalk's claim construction position explicitly contradicts it prior Markman positions.

Even if Paltalk could belatedly request that the Court adopt a construction of "each" that is not its plain and ordinary meaning, it would directly contradict its positions at Markman, where it insisted that all terms in the patent should be given their plain and ordinary meaning and argued that it was improper to limit any term to any of the embodiments in the patent. Paltalk Opp'n Claim Construction Br., ECF No. 26, at 3 ("The Federal Circuit has repeatedly held 'that courts cannot alter what the patentee has chosen to claim as his invention, that limitations appearing in the specification will not be read into the claims, and that interpreting what is meant by a word in a claim is not to be confused with adding an extraneous limitation appearing in the specification,

which is improper.'") (citation omitted).

Similarly, Paltalk claimed "[t]here is not a sole embodiment, and, in any event, limitations from embodiments cannot be read into the claim language." *Id.* at 7. And further that "the Patent clearly states … 'While various embodiments of the present invention have been described above, it should be understood that they have been presented by way of example, and not limitation…. Thus the present invention should not be limited by any of the above-described exemplary embodiments, but should be defined only in accordance with the following claims and their equivalents." *Id*. Yet, now, faced with the dissolution of its infringement read, Paltalk apparently contends that an otherwise straightforward term—"each"—should be interpreted to mean ████ ██████████████████████████████████████████████████ However, that would "violate fundamental canons of construction prohibiting reading into the claims limitations from the specification." *Optimum Imaging Techs. LLC v. Canon Inc.*, No. 2:19-CV-00246-JRG, 2020 WL3104290, at *6 (E.D. Tex. June 11, 2020) (citing *Phillips*, 415 F.3d at 1323).

### 5.4   The intrinsic and extrinsic evidence all confirm that "each" does not mean ████████████

There is no evidence that the patentee intended the term "each" to have any meaning other than its well understood plain and ordinary meaning. As Paltalk argued in Markman, the Federal Circuit has repeatedly held "that courts cannot alter what the patentee has chosen to claim as his invention, that limitations appearing in the specification will not be read into claims, and that interpreting what is meant by a word in a claim is not to be confused with adding an extraneous limitation appearing in the specification, which is improper." ECF No. 26 (Paltalk's Markman Br.) at 7 (citing *Intervet Am., Inc. v. KeeVet Labs., Inc.*, 887 F.2d 1050, 1053 (Fed. Cir. 1989) (quotation marks omitted)). If a term is well understood by a POSITA and the patentee did not set forth a "special definition," plain and ordinary meaning applies. *Trilogy Software, Inc. v. Selectica, Inc.*,

405 F. Supp. 2d 731, 734 (E.D. Tex. 2005).

It is well settled that while a "patentee is free to be his own lexicographer, … any special definition given to a word must be clearly set forth in the specification." *Id*. (*citing Intellicall, Inc. v. Phonometrics*, 952 F.2d 1384, 1388 (Fed. Cir. 1992)). "[I]t is not enough for a patentee "to simply disclose a single embodiment." *Google LLC v. Sonos, Inc.*, No. 20-CV-03845-EMC, 2021 WL 2321952, at *8 (N.D. Cal. June 7, 2021) (citing *Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012)). Instead, the patentee must "'clearly express an intent'" to redefine the term. *Id*. Here, Paltalk cannot point to any evidence that the patentee clearly intended the term "each" to mean ███████████.

Paltalk interpretation is directly contradicted by the surrounding claim language which as "each" modifies "client" which is singular not plural. Paltalk's interpretation that the preceding "each" means ███████████ would require "client" to be plural.



This further confirms the patentee's intent to multiplex the audio data from "each client"—every client—on said active speakers list.

Further, the patent itself uses the terms "each," "one," and "one or more" throughout in their plain and ordinary way. For instance, whereas Claim 1 discusses "sending said multiplexed stream to ***each*** of said first subset of the plurality of clients," Claim 2 describes "sending said multiplexed stream to ***one*** of said first subset of the plurality of clients." Separately, the specification uses the phrase "one or more" when talking about how the invention "may be implemented in ***one or more*** computer systems" and how those computer systems include "one or

more processors." That the inventors used all three terms distinctly, indicates that they intended

them to have different meaning. *CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224

F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of any evidence to the contrary, we must

presume that the use of these different terms in the claims connotes different meanings."); *Neville*

*v. Found. Constructors, Inc.*, 972 F.3d 1350, 1357 (Fed. Cir. 2020) (affirming non-infringement

and stating that the "use of [ ] 'two terms in a claim requires that they connote different

meanings.'") (quoting *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 448 F.3d 1324, 1333 n.3

(Fed. Cir. 2006)). And it further shows that when the inventors wanted to use the term "one or

more," they did. The intrinsic evidence itself thus contradicts Paltalk's attempt to re-define the

term "each" as █████████

    To the extent extrinsic evidence is necessary, every dictionary one can find reiterates that

"each" means "all" or "every."[5] And Cisco's noninfringement expert, Dean Willis, opined that a

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

---

[5] https://dictionary.cambridge.org/us/dictionary/english/each (last visited Nov. 29, 2022) (
"every thing, person, etc. in a group of two or more, considered separately"); Each,
https://www.dictionary.com/browse/each (last visited Nov. 29, 2022) ( "every one of two or
more considered individually or one by one"); New Oxford American Dictionary 544 (Angus
Stevenson & Christine A. Lindberg eds., 4th ed.2010) (Each is "[U]sed to refer to every one of
two or more people or things."); Each,
https://www.oed.com/view/Entry/58924?redirectedFrom=Each#eid, last visited Nov. 29, 2022 (
"[u]sed as a universal quantifier with a singular noun" and "[u]sed as an equivalent to all or both
with a plural noun and without reference to the separate members of the set" or "every" when an
adjective); Each, https://www.apstylebook.com/perkinscoie/websters/webster-s-e-each, (last
visited Nov. 29, 2022)( "every one of two or more considered separately [each(one) of you will
be notified]"); Each, https://www.collinsdictionary.com/us/dictionary/english/each, (last visited
Nov. 29, 2022) ( "If you refer to each thing or each person in a group, you are referring to every
member of the group and considering them as individuals."); Each,
https://www.macmillandictionary.com/us/dictionary/american/each (last visited Nov. 29, 2022) (
"used for referring to all the people or things in a group, especially when considering every one
separately").

Ex. 6 (Willis Tr.) at 138:19-22; 147:23-25. Mr. Willis testified that this is ████████████
█████████████████████████████████████████ *Id.* (Willis Tr.) at 149:4-8.

### 5.5    Every court that has considered Paltalk's argument has held that "each" does not mean ██████████

Every court that has heard a party attempt to redefine "each" as "one or more" has dismissed the argument. For example, Judge Andrews recently agreed that the term "each" in the phrase "including data defining, for ***each object***, an object number, and an indication of the web page that each object is part of" meant "all" objects had to have an object number. As there was no dispute that the objects in the accused products did not all have an "object number," the court granted summary judgment of non-infringement. *Shopify Inc. v Express Mobile*, No. CV 19-439-RGA, 2021 WL 4288113 (D. Del. Sept. 21, 2021).

Similarly, in *Lucent Technologies, Inc. v. Gateway, Inc.*, 525 F.3d 1200 (Fed. Cir. 2008), the patent at issue involved a protocol and methods for digitizing speech, and the claim term at issue recited "[a] method for producing a speech message comprising . . . . iteratively forming a sequence of pulses for said time frame . . . and each successive iteration including the steps of," followed by steps 1-5. *Id.* at 1204-05. The district court construed the phrase "***each*** successive iteration including the steps of" to require that ***all*** of the steps following this clause (i.e., steps 1-5) must each be performed in forming each excitation pulse sequence. *Id.* at 1213 (emphasis added). This interpretation was contradicted by the sole embodiment in the specifications, which showed that calculation of pitch redundancy (steps 1-4) was performed outside the pulse-forming loop. *Id.* at 1214-15. Despite the contradiction between the district court's construction and the sole embodiment, the Federal Circuit upheld the construction, because the claim language "expressly require[d] execution of steps 1-5 during each pulse-forming iteration and the specification d[id] not redefine the claim term to have an alternative meaning." *Id.* at 1215-16.

16

Indeed, every case Cisco has located that has addressed this issue has dismissed ███████ ██████████████████████████ or something less than "all." In *ResQNet.com v. Lansa, Inc.*, the Federal Circuit held that "each" in the phrase "length of each field in said first image" means "all fields." *ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1377 (Fed. Cir. 2003). In *FCA v. Signal*, the petitioner argued that "each" is well understood to mean all of the things in a group (not some) and the PTAB agreed "that 'each' generally is understood to mean all." *FCA US LLC v. Signal IP, Inc.*, IPR2015-01118, Paper No. 7, at 8-9 (PTAB Oct. 21, 2015). In *TM Patents v. Cisco* the court agreed with Cisco that "each" means "each and every" as opposed to Plaintiff's argument that "each" means "some." *T.M. Pats., L.P. v. Cisco Sys., Inc.*, 982 F. Supp. 2d 93, 101 (D. Mass. 2013), *aff'd*, 568 F. App'x 896 (Fed. Cir. 2014). In *TimeBase v. Thomson Corp.* the court agreed that "each" means "every one considered separately" and relied on a dictionary definition of each: "[U]sed to refer to every one of two or more people or things." *TimeBase Pty Ltd. v. Thomson Corp.*, No. 07-1687 (JNE/JJG), 2011 WL 221858, at *13 (D. Minn. Jan. 21, 2011), *aff'd sub nom.*, 470 Fed. Appx. 905 (Fed. Cir. 2012) (quoting *New Oxford Am. Dictionary* 544 (Angus Stevenson & Christine A. Lindberg eds., 4th ed. 2010)). In *Freedom Wireless v. Alltel Corp.* the court agreed that "each" means "every one of two or more considered individually or one by one." *Freedom Wireless, Inc. v. Alltel Corp.*, No. 2:06CV504 (TJW-CE), 2008 WL 4647270, at *12 (E.D. Tex. Oct. 17, 2008) (quoting *Microstrategy, Inc. v. Business Objects, S.A.,* 331 F. Supp. 2d 432 (E. D. Va. 2004), *aff'd* 429 F.3d 1344, 1351, 52 (Fed. Cir. 2005); *Medtronic, Inc. v. Guidant Corp.,* No. 00-1473 MJD/JGL, 2004 WL 1179338, at *42 (D. Minn. May 25, 2004)). *Genlyte v. Lutron* is a case in which the court adopted a construction of "each" to mean "every" or "every one" (depending on the specific claim), over the plaintiff's proposed construction of "any or all." *Genlyte Thomas Grp. LLC v. Lutron Elecs. Co.,* No.

17

CIV.A.3:02CV0602-K, 2005 WL 839438 (N.D. Tex. Mar. 9, 2005). *Highmark v. Allcare Health Management* is a case in which the court agreed with the plaintiff that "each" means "every one, individually" over defendants proposal that "each" means "one." The court was not persuaded by defendants' argument that the specification required a "a special definition of 'each.'" Special Master's Report and Recommended Decisions on Claim Construction, *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, No. 4:03-CV-1384-Y (N.D. Tex. Dec. 20, 2006), ECF No. 367.

### 5.6     WebEx does not infringe under the plain and ordinary meaning of "each."

If the Court agrees that "each" does not mean "one or more," then Cisco is entitled to summary judgment of noninfringement because there is no dispute that WebEx does not send the same stream to all users as required under the plain and ordinary meaning of the term "each."

The WebEx documents and source code confirm that WebEx does not do this. *See* Ex. 4 (Paltalk's 4/28/2022 Infringement Contentions) at 23 ████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██  ███████████  ██████  █████████████████  ████  ████
████████████████████████████████████████████████████████████████
██████████████████████████

WebEx's engineers testified that WebEx ████████████████████████████ Ex. 3 (Buckles Tr.) at 176:21-177:7; *id.* at 120:18-19 ██████████████████████
████████████████████ *id.* at 121:12-15 ████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████

Cisco's expert confirmed this to be true. Ex. 2 (Willis Expert Report) at ¶116 ████████
████████████████████████████████████████████████████████ *id.* at 117

███████████████████████████████████████████████████████████

███████

In the end, the evidence is undeniable, and Paltalk's expert admitted in his deposition that Cisco does not infringe any asserted claim if the term "each" ████████████████ Ex. 1 (Schaefer Tr.) at 163:24-164:8. Paltalk's expert further acknowledged that WebEx ████████ ███████████████████████ *Id.* at 151:5-12; 180:7-12. He was not aware of ███████ ████████████████████████ *Id.* at 152:25-153:22.

The undisputed evidence in the record, including the concessions from Paltalk's expert, confirms that there are no genuine issues of material fact remaining to be resolved and that the issue is ripe for resolution on summary judgment.

### 5.7    WebEx does not infringe because it does not meet the limitation "sending said multiplexed stream"

As noted, Dr. Schaefer also conceded that WebEx does not meet the "sending said mulitplexed stream" limitation as written. The claim term "a multiplexed stream" in Limitation 5 provides the antecedent basis for "the multiplexed stream" in Limitation 6. But Dr. Schaefer's opinion is that █████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████ Ex. 1 (Schaefer Tr.) at 169:7-18. This new claim interpretation was also not raised at Markman, nor was it disclosed in Paltalk's contentions or expert report. This is a separate ground for summary judgment.

In *VLSI Technology LLC v. Intel Corp.*, this Court granted summary judgment of non-infringement where the antecedent relationship between terms established that the claims required one voltage—the same voltage—in order to be infringed. No. 21-CV-00057, 2021 WL 1432705, at *8 (W.D. Tex. Feb. 25, 2021) (Order Granting Intel's Motion for Summary Judgment). VLSI

pointed to two power voltage values despite the claim langauge "the power supply voltage." *Id*. The Court held that "the use of the word 'the' indicates 'reduced power supply voltage' refers back to a previous limitation. … Therefore, 'the reduced power supply voltage' must be ***the same*** voltage…" *Id*. (emphasis added). The Court agreed with Intel that VLSI had only provided evidence of "two different voltages" and therefore granted summary judgment of non-infringement.

Again, Paltalk's expert conceded that WebEx does not infringe if the claim ██████████ ████████████████████████ Ex. 1 (Schaefer Tr.) at 172:25-173:24. Accordingly, separate from the Court's decision on Paltalk's interpretation of "each," the Court should find that WebEx is entitled to summary judgment of non-infringement because Paltalk has failed to establish that WebEx meets the "sending said multiplexed stream" limitation.

## 6.    Conclusion

There is no genuine dispute of material fact about how WebEx works—Paltalk agrees that WebEx ███████████████████████████████████████████████████ ██████████████████████████████████████. Since the plain and ordinary meaning of the claims require this, Cisco does not infringe, and the Court should enter summary judgment of non-infringement.

Dated: December 1, 2022                    Respectfully submitted,


                                           /s/ Sarah E. Piepemeier
                                           Sarah E. Piepmeier
                                           Elise Edlin (admitted *pro hac vice*)
                                           PERKINS COIE LLP
                                           505 Howard Street, Suite 1000
                                           San Francisco, CA  94105
                                           SPiepmeier@perkinscoie.com
                                           EEdlin@perkinscoie.com
                                           Telephone: (415) 344-7000
                                           Facsimile: (415) 344-7050

                                           Ryan Hawkins (admitted *pro hac vice*)
                                           PERKINS COIE LLP
                                           11452 El Camino Real, Suite 300
                                           San Diego, CA 92130-2080
                                           RHawkins@perkinscoie.com
                                           Telephone: (858) 720-5709
                                           Facsimile: (858) 720-5809

                                           Jessica J. Delacenserie (admitted *pro hac vice*)
                                           PERKINS COIE LLP
                                           1201 Third Avenue, Suite 4900
                                           Seattle, WA 98101-3099
                                           JDelacenserie@perkinscoie.com
                                           Telephone: (206) 359-3644

                                           Michael E. Jones (SBN: 10929400)
                                           Shaun W. Hassett (SBN: 24074372)
                                           POTTER MINTON
                                           110 North College
                                           500 Plaza Tower
                                           Tyler, TX  75702
                                           mikejones@potterminton.com
                                           shaunhassett@potterminton.com
                                           Telephone: (903) 597.8311
                                           Facsimile: (903) 593.0846

                                           ATTORNEYS FOR DEFENDANT
                                           CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 1, 2022.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on December 1, 2022.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case and Judge Albright's Amended Standing Order Regarding Filing Documents Under Seal in patent Cases and Redacted Pleadings.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier