IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., § | |
| § | |
| Plaintiff § | |
| § | No. 6:21-cv-00757 |
| vs. § | |
| § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC., § | |
| § | |
| Defendant. § | |

## DISCOVERY ORDER

On November 28, 2022, counsel for Defendant Cisco Systems, Inc. ("Cisco") and Plaintiff Paltalk Holdings, Inc. ("Paltalk") submitted to the Court a chart summarizing a discovery dispute, which the Court indicated would be addressed at a December 6, 2022 discovery conference.

As to the dispute, Cisco requested that the Court "[a]llow each party five (5) pages of supplemental claim construction briefing on an expedited briefing schedule with Cisco's brief due seven (7) days after the Court's granting of Cisco's request and Paltalk's response brief due seven (7) days thereafter." Paltalk requested that the Court deny Cisco's request.

## CISCO'S POSITION

The Court conducted *Markman* in February of this year. *See* Dkts. 25-27, 30, 39. Neither party sought construction of the term "each" that is now at issue. *See* Dkts. 25-27, 30, 33. The term "each" appears several times in both independent claims. *See, e.g.,* Claim 1 ("multiplexing said packets of audio data received from *each* client on said active speakers list") (emphasis added). Having not been construed by the Court it is presumed that the term "each" is afforded its plain and ordinary meaning.

However, as part of expert discovery, Paltalk's expert disclosed that his infringement analysis of all asserted claims was dependent on an interpretation of the term "each" as meaning "one or more."

> Q: Your interpretation of Claim 1.f, that limitation in Claim 1.f is that the term "each" means "one or more"; is that correct?
>
> A: That's interesting. That's the way I have previously been interpreting it.

Schaefer Rough Tr. at 147:12-17 (quotation marks added to the rough transcript for readability); see also, *id*. at 249:10-12 ("Q. Okay. So that limitation, in your mind, that "each" means "one or more" again? A. Based on the specification, yes."). Dr. Schaefer confirmed he is not interpreting the term to mean "all."

> Q. Well, what is your interpretation as you have used to determine infringement in this case of Claim 1.f, specifically the term "each"? Is it that that requires "all" or "one or more"?
>
> A. No, it doesn't require "all."

*Id*. at 149:15-19.

Cisco could not raise this claim construction issue during the Markman process because it only arose as a result of Dr. Schaefer's recent testimony. Paltalk's late-breaking construction of the term "each" is in conflict with the term's plain and ordinary meaning, and, as a result, raises exactly the type of disputed claim construction issue that must be resolved prior to trial. *See O2 Micro*.

Accordingly, Cisco requests that the Court grant its requested relief.

## PALTALK'S POSITION

Cisco tries to create a *Markman* dispute where there is none. Dr. Schaefer offered no construction of "each" in his infringement report. His opinions are based on a plain and ordinary reading of "each," as understood by a POSITA in light of the specification. Cisco's expert Mr.

Willis, by contrast, proposed a limiting construction of "each" for the first time in his non-infringement report of October 27. Willis Rpt. at 121 ("A POSITA would understand the literal claim language to require the same stream to be sent to each/all of the first subset of clients.").

When Cisco pressed Dr. Schaefer for his interpretation of the term "each" in his deposition, he disagreed with Cisco's interpretation, explaining his "understanding of the term 'each' here is based off the specification itself …. My interpretation of those embodiments is that you don't have to receive from every or all, as you're saying in this case." Schaefer Tr. 94:24-95:5. Dr. Schaefer construed "each" properly: he looked at the claim language in light of the specification. *See id.* 95:19-21 ("My interpretation … is based off the text of the claims, but it's also in light of the specification of the patent."); *see also* '858 Pat, 5:44-6:10; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (POSITA "is deemed to read the claim term not only in the context of the particular claim … but in the context of the entire patent, including the specification.").

Cisco tries to interject an unneeded, late-stage, purported *Markman* issue that could have been raised long ago. While Cisco casts this as the result of "late-breaking testimony," Cisco was aware of Paltalk's positions from Paltalk's infringement contentions and Dr. Schaefer's report (both served months ago). *See* Willis Rpt. at 121 ("[T]o the extent that Paltalk attempts to argue that the claim does not require the same stream to be sent to each/all of the first subset of clients, I note that such a position is contrary to the plain language of the claim."). Yet Cisco waited until Dr. Schaefer's deposition to force an interpretation of "each," and didn't seek a construction until three months before trial. If Cisco wanted a construction, even though one is not needed here, the appropriate time was the February 2022 *Markman* hearing.

*O2 Micro* also belies Cisco's position. Cisco is not challenging the "scope that should be encompassed" by the claims—Cisco simply complains about the "meaning of the words themselves." 521 F.3d 1351, 1361 (Fed. Cir. 2008). Further, the *O2 Micro* dispute was over a term for which its ordinary meaning was disputed during the claim construction hearing and was acknowledged specifically by that court—that's not the case here. *See id.* at 1360-61.

Finally, there is no need for supplemental *Markman* briefing. It has been nine months since *Markman*, and Cisco provides no reason for a second *Markman*. If Cisco has merits arguments based on Dr. Schaefer's infringement report, it can raise them on December 1 via summary judgment briefing.

## CONCLUSION

The Court, upon consideration of the parties' respective requests is of the opinion that this issue is adequately addressed in Cisco's pending motion for summary judgment (Dkt. 54) and that the briefing on Cisco's motion for summary judgment will be sufficient to resolve this issue. Accordingly, Cisco's request is DENIED.

SIGNED this 14th day of December, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE