# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | CIVIL ACTION NO. 6:21-CV-00757-ADA <br><br><br> JURY TRIAL DEMANDED |

## PALTALK'S OPPOSITION TO CISCO'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT
## <u>DAMAGES DUE TO FAILURE TO COMPLY WITH 35 U.S.C. § 287</u>

[redacted]

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................1

LEGAL STANDARD ..............................................................................................................3

ARGUMENT ...........................................................................................................................5

I.      Paltalk asserts only method claims—it does not assert claims subject to any marking requirement. ...................................................................................................5

II.     Disputed issues of fact preclude summary judgment on Cisco's marking defense. ........................................................................................................................7

          A.      Cisco has not met its initial burden of production. .......................................7

          B.      The Issue Of Paltalk's Compliance With Marking Requirements As To Unasserted Apparatus Claims Is Wrong. ....................9

          C.      Because Cisco has not met its burden of production, Paltalk not address whether any licensed products practice the '858 Patent. ..............10

CONCLUSION .....................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993).................................................................................................3, 9

*Arctic Cat Inc. v. Bombardier Recreational Products Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017).............................................................................................7, 8

*CliniComp Int'l, Inc. v. Athenahealth, Inc.*,
  2020 WL 5745914 (W.D. Tex. Aug. 12, 2020)....................................................................5, 9

*ContentGuard v. Amazon*,
  2015 WL 11089750 (E.D. Tex. Aug. 10, 2015) ...................................................................4, 6

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009).............................................................................................4, 5

*Hanson v. Alpine Valley Ski Area, Inc.*,
  718 F.2d 1075 (Fed. Cir. 1983)................................................................................................4

*Huawei Technologies v. T-Mobile US, Inc.*,
  2017 WL 5165606 (E.D. Tex. Oct. 15, 2017) .........................................................................9

*Nola Spice Designs, L.L.C. v. Haydel Enters.*,
  783 F.3d 527 (5th Cir. 2015) ...................................................................................................3

*Rembrandt Wireless Tech., LP v. Samsung Elec. Co., Ltd.*,
  853 F.3d 1370 (Fed. Cir. 2017)................................................................................................9

*Soverain Software LLC v. Amazon.com, Inc.*,
  383 F. Supp. 2d 904 (E.D. Tex. 2005)......................................................................................4

*Tesco Corp. v. Weatherford Int'l, Inc.*,
  722 F. Supp. 2d 755 (S.D. Tex. 2010) ......................................................................................4

*Trent v. Wade*,
  776 F.3d 368 (5th Cir. 2015) ...................................................................................................3

**Statutes**

35 U.S.C. § 287................................................................................................................................1, 7

35 U.S.C. § 287(a) ..................................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 56(a) ............................................................................................................................3

## TABLE OF EXHIBITS

| No. | Description |
|---|---|
| A | Excerpts from September 14, 2022 deposition of Jason Katz. |
| B | Email correspondence dated November 23, 2022 from Ryan Caughey to Ryan Hawkins. |
| C | Correspondence dated September 29, 2022 from Elise Edlin to Ryan Caughey. |

## INTRODUCTION

As a matter of law, Paltalk's asserted method claims did not give rise to an obligation to provide any notice to Cisco, as an accused infringer, for "failing" to inform the public of its patent per the marking requirements of 35 U.S.C. § 287. Cisco's factual assertions are therefore irrelevant. Because only method claims are asserted, it does not matter whether Paltalk required any licensees to mark products practicing the sole asserted patent; it does not matter whether Paltalk provided notice to potential infringers by requiring that embodying products were marked; and it does not matter whether Paltalk provided Cisco with notice before filing this suit.

Cisco's entire motion is premised upon marking requirements directed to *apparatus claims* which are no longer asserted in this case. Cisco's motion is thus meritless. In accordance with the Court's scheduling deadlines, Paltalk timely and appropriately withdrew its apparatus claims (cls. 6-10) while maintaining only its method claims (cls. 1-5). Resultantly, Paltalk's damages are not limited only to those accruing from the date of suit until the expiration of the '858 patent.

As there are genuine issues of material fact disputed by Paltalk as to the marking requirements of 35 U.S.C. § 287, the Court should deny summary judgment of no pre-suit damages.

## BACKGROUND

Cisco's background section is replete with inaccuracies that bear correction, despite their irrelevance.

First, Paltalk did not identify Microsoft Teams as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These purported facts are not part of the record in this case. While Paltalk does not dispute that ▮▮▮▮▮▮▮▮

1

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████ *See id.* Moreover, Mr. Katz's deposition testimony does not support Cisco's sweeping statements about ████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████

Second, Cisco's mere identification of certain ███████████████████ does not amount to a showing that those products "incorporat[e] substantially the same functionality in Cisco's products that Paltalk accuses of infringement." *See* Cisco Summ. J. Mot. at 3. Those products, as Cisco states, ████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████ Cisco's interrogatory responses do

2

not amount to even *prima facie* evidence that any of these Cisco-identified products from ▮▮▮▮▮▮▮▮▮▮ practice the asserted claims.

Finally, Cisco's letter from counsel and interrogatory response are insufficient to shift the burden to Paltalk on marking. As will be explained further, Cisco's basis is fundamentally deficient because it does not apply to the *only* type of asserted claims (*i.e.*, method claims only) in this dispute. But even if Paltalk were asserting device claims or device claims in combination with its asserted method claims, Cisco's notice is deficient and the burden remains upon Cisco to show that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ embody the '858 patent.

## LEGAL STANDARD

Summary judgment is appropriate *only* "when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (cleaned up).

The marking requirements of § 287(a) are directed to apparatus claims. The marking statute does not apply to method or process claims because there is nothing to mark. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) ("The law is clear that the notice provisions of section 287(a) do not apply where the patent is directed to a process or method."). Courts have held that "to the extent that there is a tangible item to mark," a party is obligated to mark its product in order to avoid a reduction in damages under § 287(a). *Am. Med.*, 6 F.3d at 1538-39 (Fed. Cir. 1993). Therefore, "[w]hen a patent contains both method and apparatus claims, a patentee is required to mark to the extent that there is a tangible item to mark by which notice of

3

the asserted method claims can be given." *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 908 (E.D. Tex. 2005).

The Federal Circuit has held that where a patent contains apparatus and method claims, if the patentee chooses to assert only the method claims, then there is no duty to mark under § 287(a). *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1083 (Fed. Cir. 1983); *see Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1310 (Fed. Cir. 2009) ("Additionally, because we are bound by our holding in *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed.Cir.1983)—that the marking requirement of 35 U.S.C. § 287(a) does not apply when only method claims are asserted—we reverse the district court's grant of summary judgment dismissing Rexam's counterclaim based on a failure to mark."). Courts in the Fifth Circuit have also adopted this approach.

For example, the Eastern District of Texas stated in *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, "35 U.S.C. § 287(a) d[oes] not apply where the patentee only assert[s] the method claims of a patent which included both method and apparatus claims." No. 2:13-CV-1112-JRG, 2015 WL 11089750, at *2 (E.D. Tex. Aug. 10, 2015). The court in *ContentGuard* denied the accused infringer's motion for summary judgment of no damages for failure to mark for patents that included both apparatus and method claims where the patentee had dropped its infringement claims for the apparatus claims ***before the accused infringer had filed its motion for summary judgment***, the court finding that the apparatus claims were timely dropped such that the patent would be treated as only having method claims and would therefore not be subject to a duty to mark. *Id.* at *3-4; *see Tesco Corp. v. Weatherford Int'l, Inc.,* 722 F. Supp. 2d 755, 769 (S.D. Tex. 2010).

4

**ARGUMENT**

**I.      Paltalk asserts only method claims—it does not assert claims subject to any marking requirement.**

Cisco belabors § 287(a) but relegates the dispositive question—whether Paltalk failed to satisfy the requirements of § 287(a) for its *asserted* claims—to the end of their brief. But the asserted claims speak for themselves: because Paltalk asserts **only method claims**, there is no § 287(a) marking requirement for Paltalk to claim pre-suit damages. *See Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1310 (Fed. Cir. 2009) ("[T]he marking requirement of 35 U.S.C. § 287(a) does not apply when only method claims are asserted….").

This Court has echoed the Federal Circuit's approach in *Crown Packaging*. In *CliniComp Int'l, Inc. v. Athenahealth, Inc.*, 2020 WL 5745914 (W.D. Tex. Aug. 12, 2020), the defendant contended—much like Cisco now—"that despite the … dismissal of the apparatus claims, because CliniComp originally alleged infringement of the … patent's apparatus claims, CliniComp continues to be subject to the damages restrictions of Section 287(a)" and that, as a result, the plaintiff should not have been entitled to presuit damages. *CliniComp* at *3-4 (citing *Crown Packaging Tech.*, 559 F.3d at 1310). As in the present dispute, the patent-at-issue in *CliniComp* expired prior to the beginning of the lawsuit, so the entirety of plaintiff's asserted damaged were pre-suit damages. *Id.* at *3.

Notwithstanding the *CliniComp* defendant's arguments, the court found that a plaintiff's decision to withdraw asserted apparatus claims[1] rendered the marking requirement "not an issue." *Id.* at *5. The defendant "suffered no prejudice by the stipulated dismissal of the infringement allegations of the … patent's apparatus claims." *Id.* As a result, "[t]he court [did] not hold

---

[1] Like Paltalk, CliniComp originally asserted apparatus and method claims, but chose to dismiss the apparatus claims before the Defendant in that suit filed its motion for summary judgment.

5

CliniComp's allegations of infringement of the … patent's method claims to the limitations of Section 287(a)." *Id*. Likewise, this Court's sister court has found that method claims are not subject to § 287(a) damages limitation when a plaintiff dismissed infringement allegations of apparatus claims before the court was presented with failure-to-mark defense. *See ContentGuard v. Amazon*, 2015 WL 11089750 (E.D. Tex. Aug. 10, 2015).

Paltalk narrowed its asserted claims to the remaining pool (method claims 1-5)—in alignment with this Court's scheduling order—on November 23, 2022, before the deadline for the parties' second meet and confer to discuss narrowing the number of claims and references, s*ee* Ex. B, and **more than a week** before Cisco's motion was due. *See* Amd. Sched. Order, ECF No. 42. Despite Paltalk's timely narrowing, Cisco complains of delay. But Cisco's complaints disregard the purpose of the scheduling order under which Paltalk had an absolute right to narrow its claims and Paltalk exercised that right. It is nonsensical, then, that Paltalk's timeliness in accordance with the Court's scheduling order is fodder for Cisco's motion.

Furthermore, Cisco could have disclosed their failure-to-mark defense at least as early as September 7, 2022, when they ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which they premise nearly their entire motion upon. But Cisco chose not to do so, waiting until a week after the close of fact discovery to prevent Paltalk from even investigating Cisco's marking allegations. *See* Ex. C. Thus, any purported delay is entirely of Cisco's own making.

Cisco was on notice of Paltalk's dismissal of its apparatus claims for more than a week before the dispositive motions deadline yet chose to draft and file its baseless motion anyway. The Federal Circuit, the Fifth Circuit, and this Court have all held that no marking requirement applies under § 287(a) when only method claims are asserted. As Paltalk's asserted claims are all method

6

claims, § 287(a) is inapplicable and Cisco's partial motion for summary judgment should be denied.

## II. Disputed issues of fact preclude summary judgment on Cisco's marking defense.

*Arctic Cat* established that "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). While this is a "low bar," the alleged infringer is required to put the patentee "on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer **believes practice the patent**." *Id*. (emphasis added). Cisco cannot believe that its ▮▮▮▮▮▮▮▮▮▮ relate to its own infringement of the '858 patent. Further, as the § 287(a) marking requirement does not apply to Paltalk's method claims, Cisco's additional arguments amount to no more than a dispute over material facts (*e.g.*, as to the licensed products' relationship to the Asserted Patent) between the parties, thus precluding summary judgment.

### A. Cisco has not met its initial burden of production.

Cisco's bare-bones, non-substantive disclosure of allegedly unmarked and infringing products does not meet even the "low bar" that was established by *Arctic Cat*. *See id.* Cisco has pointed to ▮▮▮▮▮▮▮▮▮▮ and then, without any analysis, concluded that because those ▮▮▮▮▮▮ and b▮▮▮▮▮▮ ▮▮▮▮▮▮, that Cisco has met its burden. Cisco Summ. J. Mot. at 7-8. Cisco's position stretches *Arctic Cat* well beyond its breaking point. *Arctic Cat* was clear that this exact type of "unbounded" burden shifting was not its purpose; rather, *Arctic Cat* found that the infringer was required to put the patentee on notice that the infringer was aware of

7

"authorized licensees [that] *sold specific unmarked products*." *Arctic Cat*, 876 F.3d at 1368 (emphasis added). Here, Cisco has not identified a single product which practices the patent—

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████ Cisco—a sophisticated tech company—has not provided anything, other than attorney rhetoric, to support this counterintuitive "belief" as to products clearly outside the purview of the invention claimed by the '858 patent. *See Arctic Cat*, 876 F.3d at 1368 (describing an array of Defendant-provided evidence, including expert testimony, licenses specific to the infringing throttle technology, and more as satisfying Defendant's burden). Thus, Cisco's alleged unmarked patented articles cannot, for the reasons provided above and in § I, *supra*, qualify as satisfying Cisco's burden of production.

A genuine dispute of material fact exists between the parties as Cisco has not substantiated its claim that Paltalk's unrelated licensed products actually practice *any* claims of the '858 Patent. Summary judgment should, therefore, be denied.

---

2 ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

### B. The Issue Of Paltalk's Compliance With Marking Requirements As To Unasserted Apparatus Claims Is Wrong.

Given that Paltalk presently asserts only method claims, it is irrelevant for purposes of this litigation whether Paltalk required its licensees to mark products that practice the '858 patent. Whether Paltalk met an inapplicable statutory requirement for unasserted claims is not something the Court even needs to consider.

Cisco's caselaw is not to the contrary. Cisco relies upon *Huawei Technologies v. T-Mobile US, Inc.*, 2017 WL 5165606, at *2 (E.D. Tex. Oct. 15, 2017), which was distinguished by *CliniComp* (discussed *supra*) three years later. The *CliniComp* case turned on *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993), which required that "to the extent that ***there is a tangible item to mark*** by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *Id.* (emphasis added). Even if this Court found *American Medical Systems* was persuasive as to the Eastern District's strict view of the text and purpose of § 287(a),[3] *Huawei Technologies* would still not support Cisco's position because the accused products are not tangible items which can be marked. *See CliniComp Int'l.*, 2020 WL 5745914, at *5 (W.D. Tex. Aug. 12, 2020).[4]

---

[3] *But see* § I, *supra* (describing the general, opposing view held by the Federal Circuit, Fifth Circuit, W.D. Tex., and E.D. Tex. as to the application of § 287(a) ***not applying*** to fact patterns like the one at-issue here).

[4] *CliniComp Int'l* also declined to follow other distinguishable caselaw, like *Rembrandt Wireless Tech., LP v. Samsung Elec. Co., Ltd.*, 853 F.3d 1370 (Fed. Cir. 2017), as the plaintiff in that case dropped asserted claims in response to a motion for summary judgment. That is not the case here where Paltalk dropped its asserted apparatus claims before any summary judgment motion was filed.

9

**C.     Because Cisco has not met its burden of production, Paltalk not address whether any licensed products practice the '858 Patent.**

As explained, Cisco has not met its initial burden of production. Even if Cisco had met its initial burden, that burden is not applicable to this case because there are no claims within the purview of § 287(a). Thus, it is irrelevant whether any of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

Cisco has further failed to provide material evidence, including as to any purported "Identified Products" (Cisco Summ. J. Mot. at 10) which bear rebuttal. Cisco is simply *guessing* as to what may or may not infringe and does not provide support for its failure to mark claim as to any products for any patent.

## CONCLUSION

The Court should deny Cisco's motion for partial summary judgment of no pre-suit damages.

Dated: December 15, 2022               Respectfully submitted,

                                       By: */s/ Max L. Tribble, Jr.*
                                           Max L. Tribble, Jr.
                                           State Bar No. 2021395
                                           SUSMAN GODFREY L.L.P.
                                           1000 Louisiana Street, Suite 5100
                                           Houston, Texas 77002-5096
                                           Telephone: (713) 651-9366
                                           Fax: (713) 654-6666
                                           mtribble@susmangodfrey.com

                                           **ATTORNEY-IN-CHARGE FOR
                                           PLAINTIFF PALTALK HOLDINGS, INC.**

OF COUNSEL:

Ryan Caughey (*admitted pro hac vice*)
State Bar No. 24080827
Bryce T. Barcelo
State Bar No. 24092081
Amber B. Magee *(admitted pro hac vice)*
State Bar No. 24121572
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
rcaughey@susmangodfrey.com
bbarcelo@susmangodfrey.com
amagee@susmangodfrey.com

Kalpana Srinivasan
State Bar No. 237460
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was emailed to all counsel of record on the 15th day of December 2022.

>*/s/ Bryce T. Barcelo*
>Bryce T. Barcelo