**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § § § | |
| Plaintiff | § § | |
| vs. | § § | No. 6:21-cv-00757-ADA |
| **CISCO SYSTEMS, INC.,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | **FILED UNDER SEAL** |

**REPLY IN SUPPORT OF CISCO'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT OF NON-INFRINGEMENT</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1
II. UNDISPUTED FACTS ....................................................................................................... 2
III. ARGUMENT ........................................................................................................................ 3
    A. The Court should apply the plain and ordinary meaning of the term "each." ........ 3
    B. Paltalk confirms that the patentee did not act as its own lexicographer. ................ 4
    C. There is no basis to read the "not including" embodiment into the claims. ........... 4
    D. There is no embodiment where the multiplexed stream is sent to fewer than all clients. .................................................................................................................... 6
    E. Cisco's interpretation is consistent with all the claims, including the dependent claims and their approach to echo suppression. ...................................................... 7
    F. Paltalk's Response ignores Cisco's intrinsic and extrinsic evidence ...................... 8
    G. Paltalk did not disclose its infringement theory before its expert's deposition. ..... 9
    H. Paltalk failed to address Cisco's additional summary judgment argument that WebEx does not send the same multiplexed stream. ........................................... 10
IV. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Apple, Inc. v. Samsung Elecs. Co.*,
   No. 12-CV-00630, 2014 WL 660857 (N.D. Cal. Feb. 20, 2014) ..............................................3

*Chef Am., Inc. v. Lamb-Weston, Inc.*,
   358 F.3d 1371 (Fed. Cir. 2004)..............................................................................................4

*Cordis Corp. v. Boston Sci. Corp.*,
   561 F.3d 1319 (Fed. Cir. 2009)..............................................................................................3

*Enzo Biochem Inc. v. Applera Corp.*,
   780 F.3d 1149 (Fed. Cir. 2015).............................................................................................7

*Hill-Rom Servs., Inc. v. Stryker Corp.*,
   755 F.3d 1367 (Fed. Cir. 2014)..............................................................................................4

*Identity Sec. LLC v. Apple, Inc.*,
   No. 1:22-CV-58-LY, 2022 WL 16641851 (W.D. Tex. Nov. 2, 2022) ....................................4

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
   358 F.3d 898 (Fed. Cir. 2004)................................................................................................5

*Mobile Telecomms. Techs., LLC v. Blackberry Corp.*,
   No. 3:12-CV-1652, 2016 WL 2907735 (N.D. Tex. May 17, 2016) ........................................9

*O2 Micro Int'l v. Beyond Innovation Tech. Co.*,
   521 F.3d 1351 (Fed. Cir. 2008)..............................................................................................3

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (en banc).............................................................................3

*Sesaco Corp. v. Equinom Ltd.*,
   No. 1:20-CV-01053-LY, 2022 WL 17257244 (W.D. Tex. Nov. 28, 2022) ........................4, 5

*Trilogy Software, Inc. v. Selectica, Inc.*,
   405 F. Supp. 2d 731 (E.D. Tex. 2005)....................................................................................4

*VLSI Tech. LLC v. Intel Corp.*,
   No. 21-CV-00057, 2021 WL 1432705 (W.D. Tex. Feb. 25, 2021).......................................10

**I.     INTRODUCTION**

Paltalk argues that because an embodiment in the specification discusses echo cancellation, the Court should rewrite Claim 1 to "accommodate" that embodiment. According to Paltalk, this embodiment requires "each" to be given a "broader meaning" than it would have otherwise—that "each" should be contorted to mean "one or more" as opposed to the ordinary "all" or "every."

Paltalk thus seeks to replace five instances of "each" with "one or more." But this is not the only revision that Paltalk tries to make. Its interpretation also requires the Court to rewrite Claim 1 to say "clients" (plural) instead of "client." It requires replacing "said multiplexed stream" with "a [different] multiplexed stream." It requires that "remove" in Claims 2 and 3 be replaced with "not include." And Paltalk would have the Court insert the newly revised "not include" versions of Claims 2 and 3 into Claim 1. Ultimately, Paltalk asks the Court to rewrite almost every limitation.

Paltalk's own expert acknowledged that this is not how one would ▓▓▓▓ or ▓▓▓▓ interpret the claim language. And Paltalk's massive amendments are unnecessary and improper because the dependent claims add limitations that address echo suppression. Properly and naturally read, Claim 1 does not address echo suppression. Claims 2 and 3 narrow Claim 1 by adding a form of echo suppression. A skilled artisan, or even a lay person, would understand the claims as written. The only reason Paltalk attempts to distort that

language is that Cisco does not infringe the claims Paltalk drafted and which the Patent Office allowed. There is simply no basis for the Court to rewrite the claims to—in Paltalk's expert's words—▮▮▮▮ Paltalk's ▮▮▮▮▮▮▮

## II.   UNDISPUTED FACTS

Paltalk does not respond to the undisputed facts listed in Cisco's motion.

*Undisputed Fact 4.1 (infringement):* Cisco's motion quoted Paltalk's expert's concession that Cisco does not infringe if "each" means ▮▮ or ▮▮▮ ECF No. 54 ("Cisco MSJ") at 6. Paltalk's Response does not address this testimony and instead simply says that "Paltalk has presented evidence that WebEx infringes." ECF No. 78 ("Response") at 4. But Paltalk has not presented evidence that WebEx infringes if "each" is given its plain and ordinary meaning of "all" or "every." Paltalk's expert confirmed this, and Paltalk's Response does nothing to refute that conclusion.

*Undisputed Fact 4.2 (Paltalk's interpretation of "each"):* Cisco's motion explained that Paltalk contends "each" means "one or more," citing Paltalk's expert deposition. Paltalk's Response says it "disputes fact 4.2," but its Response confirms that this is, in fact, its position.

*Undisputed Fact 4.3 (Paltalk's position that "said multiplexed stream" does not refer to "a multiplexed stream"):* Cisco's motion quoted Paltalk's expert's testimony that "▮▮▮▮▮▮▮▮ does not refer to the immediately preceding term, ▮▮▮▮▮▮▮ The quotations confirm that in his view ▮▮▮▮▮▮▮▮ should be rewritten as ▮▮▮▮ ▮▮▮▮▮▮ It is unclear why Paltalk claims this issue was addressed during claim construction—the testimony is from Dr. Schaefer's deposition eight months after the *Markman* hearing.

*Undisputed Fact 4.4 (Paltalk's expert's testimony that his interpretation is not normal or typical):* Cisco's motion quoted testimony from Dr. Schaefer that his interpretation is not ▮▮

████████████████████████████ and that ███████████████████████████████

████████████ he was interpreting it differently. Paltalk's Response ignores this testimony.

### III. ARGUMENT

#### A. The Court should apply the plain and ordinary meaning of the term "each."

Paltalk's Response makes clear that Paltalk requires an *extraordinary* meaning of the term "each." At several points, Paltalk urges the Court to adopt the "understanding of 'each' implied by" its infringement analysis or expert's testimony. Response at 8. Nonetheless, Paltalk continues tell this Court that "each" should have its plain and ordinary meaning. The Court should indeed apply the plain and ordinary meaning of "each" to the undisputed facts. That meaning is "readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc). Dictionary definitions, cases, and linguistic analysis all confirm that the ordinary meaning of "each" is not "one or more"; it is "all" or "every."

Paltalk says it is entitled to present the jury with evidence of the meaning of "each." Response 6. But that just confirms that it wants to improperly argue claim construction to the jury. *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009). Insisting that a claim term has its plain meaning is not a license to argue its interpretation to the jury—especially where the parties dispute it in a way that affects the claims' scope. *O2 Micro Int'l v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360-63 (Fed. Cir. 2008) (construing "only if" limitation). It is especially problematic when, as here and unlike in the cases Paltalk cites, a party argues an interpretation that does not "fit within a permissible explanation of those terms' plain and ordinary meanings." *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630, 2014 WL 660857, at *3 (N.D. Cal. Feb. 20, 2014). Paltalk has not shown how its interpretation fits within a permissible ordinary

meaning of "each."

> **B.    Paltalk confirms that the patentee did not act as its own lexicographer.**

Recently, this Court declined to essentially "rewrite the claim language" as a required patentee's proposed interpretation would have required. *Sesaco Corp. v. Equinom Ltd.*, No. 1:20-CV-01053-LY, 2022 WL 17257244, at *10 (W.D. Tex. Nov. 28, 2022) (citing *Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) (emphasizing that "[w]e construe the claim as written, not as the patentees wish they had written it.")). The Court noted that "a patentee can act as his own lexicographer to specifically define terms of claim contrary to their ordinary meaning," but it found no evidence indicating the patentee intended to do so there. *Id.*

The same logic applies here. Paltalk confirms that the patentee "did not act as his own lexicographer." Response at 6 n.1. If a term is well understood by a POSITA and the patentee did not set forth a "special definition," the plain and ordinary meaning applies. *Trilogy Software, Inc. v. Selectica, Inc.*, 405 F. Supp. 2d 731, 734 (E.D. Tex. 2005). Because Paltalk agrees that the patentee did not intend this term to have a "special definition," the plain and ordinary meaning applies. It is improper "rewrite unambiguous patent claim language," even where that language renders the claims inoperable, or embodiments suggest otherwise. *Chef America, Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374-75 (Fed. Cir. 2004). In any event, the ordinary meaning of "each" is consistent with disclosed embodiments here.

> **C.    There is no basis to read the "not including" embodiment into the claims.**

Although a court "may read claims in view of the specification, ... it cannot import limitations from the specification into the claims." *Identity Sec. LLC v. Apple, Inc.*, No. 1:22-CV-58-LY, 2022 WL 16641851, at *7 (W.D. Tex. Nov. 2, 2022) (citing *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014)). During *Markman*, Paltalk agreed: "limitations from

embodiments cannot be read into the claim language." ECF No. 26 at 7. But now Paltalk urges the Court to do just the opposite by contending that "each" should be given a "broader meaning" to "accommodate" an embodiment in the specification. Response at 16.

Paltalk focuses on one embodiment that describes a way of avoiding echo cancellation, but it ignores other embodiments that do not. For example, the embodiment described in the Summary of the Invention says nothing about echo cancellation. *See* '858 Patent at 2:24-41. And in the "Detailed Description of the Preferred Embodiments," the patent describes Figure 2 and "the system architecture of a hybrid mixer 118 according to an embodiment of the present invention." This portion of the specification discusses all the limitations of Claim 1 and says nothing about "echo cancellation" or "not including" or "removing" an audio stream. '858 Patent at 4:29-57.

It is true that the discussion of Figure 3 describes an embodiment that excludes audio for one speaker to avoid echo cancellation, but that is just a single embodiment. Contradicting its position at *Markman*, ECF No. 26 at 7, Paltalk argues that this is "the preferred embodiment." But even assuming it is the preferred embodiment, it is nonetheless "improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." *Sesaco Corp.*, 2022 WL 17257244, at *2 (quoting *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004)). Paltalk has already argued that "the preferred embodiment was not intended to limit the claim language, as the Patent clearly states." ECF No. 26 at 7. Paltalk also previously argued that the Court should *not* read an embodiment of Figure 3 into the claims because the patent says that Figure 3's description "is for example purposes only and the present invention is sufficiently flexible and configurable such that it may flow in ways other than that shown." *Id*.; '858 Patent at 7:43-46.

### D. There is no embodiment where the multiplexed stream is sent to fewer than all clients.

Paltalk focuses on the "not including" embodiment in support of its position that not "all" active speakers' audio must be included in the multiplexed stream as part of the multiplexing step (limitation 5) of Claim 1 and, accordingly, "each" in this limitation should be interpreted as "one or more." But Paltalk further contends that this embodiment also dictates interpreting the "each" in the sending step (limitation 6) in the same manner. For instance, Paltalk argues that the sending limitation calls for "the *sending* of one or more multiplexed streams *to one or more* clients capable of mixing." Response at 13 (emphasis added).

But even if the "not including" embodiment supported Paltalk's interpretation of the multiplexing step (limitation 5), Paltalk's expert admitted in deposition that there is no embodiment in the specification where the multiplexed stream (whatever it contains) is sent to fewer than all clients (limitation 6). ECF No. 53-2 ("Schaefer Tr.") at 162:23-163:21 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇). Indeed, Figure 3, illustrating the operational flow, includes a step of confirming that the multiplexed stream has been sent to *all* clients. *See* ECF No. 1-1, Fig. 3 ("Done sending to all parties?"). The "not including" embodiment concerns what is *included*, or not, in the multiplexed stream (limitation 5) and therefore provides no support for modifying the plain and ordinary meaning of the "each" term as used in the *sending* step (limitation 6). That the specification exclusively supports interpreting "each" in the *sending* step (limitation 6) as having its plain and ordinary meaning (i.e., specifically as "all," not a wider spectrum of possibilities within "one or more") cuts against Paltalk's argument that "each" in other limitations (e.g., limitation 6) should be interpreted differently.

E.  **Cisco's interpretation is consistent with all the claims, including the dependent claims and their approach to echo suppression.**

Paltalk argues that Cisco's interpretation would exclude echo suppression and therefore conflict with the additional limitations of the dependent claims, but that is simply untrue. Echo suppression of the sort described in the dependent claims is within the scope of Claim 1. To be sure, the claimed echo suppression differs somewhat from the description in column 5, but that was the patentee's choice. Column 5 refers to "not including a party's own audio data" in the multiplexed stream at all. Claim 1, by contrast, requires multiplexing audio data for "each" active speaker (i.e., all active speakers) and Claim 2 further requires "removing" packets for one speaker "before sending said multiplexed stream" to that speaker. Paltalk contends that "not including" is a form of "removing," but that again defies plain and ordinary English. "Removing" means to take away something that was already present. The echo suppression recited in the dependent claims and encompassed by Claim 1 requires combining audio data for all active speakers and then stripping out data for one of them.

Paltalk's reliance on claim differentiation is also misplaced because Cisco's construction recognizes the distinction between Claim 1 and its dependents. Claim 1 requires combining audio data for all active speakers and sending out the combined data. Claims 2 and 3 recite an intermediate step of removing certain packets from the combined data before sending it. The claims are consistent and distinct. In any event, claim differentiation is not an absolute rule. When an independent claim is limited "by its own plain meaning, it would be inappropriate to use the doctrine of claim differentiation to broaden [that] claim ... to include a limitation imported from a dependent claim." *Enzo Biochem Inc. v. Applera Corp.*, 780 F.3d 1149, 1156-57 (Fed. Cir. 2015). Paltalk acknowledges that the interpretation of the term that it is seeking is "broader" than what it would otherwise be afforded. Response at 14. But the limitations of Claims 2 and 3 cannot broaden

the plain meaning of Claim 1, as Paltalk argues.

### F. Paltalk's Response ignores Cisco's intrinsic and extrinsic evidence.

Paltalk argues that Cisco's position is "not supported by intrinsic evidence, extrinsic evidence, or precedent." Response at 15. But all three support Cisco's construction.

As discussed above, the plain claim language supports Cisco's interpretation, whereas Paltalk's position would require the Court to rewrite almost every limitation. Claim differentiation also supports Cisco's construction, and the specification does not contradict this.

Extrinsic evidence also supports Cisco's reading. Cisco provided seven dictionary definitions supporting its interpretation of "each." ECF No. 54 at 15 n.5. Paltalk has not provided a single dictionary definition in support of its position, and Paltalk's Response does not even mention the dictionary definitions Cisco provided. Cisco has also pointed to Paltalk's arguments during claim construction that flatly contradict the position it takes now. Finally, Cisco provided its expert's opinion as to how a POSITA would interpret the claim language.

As to precedent, Paltalk has not cited a single case supporting its theory that "each" means "one or more," while Cisco has cited numerous cases confirming that "each" means "all" or "every." ECF No. 54 at 16-18. Paltalk attempts to dismiss each (i.e., all) of these cases, suggesting they were different because those parties' arguments that "each" means "one or more" were "not supported by intrinsic evidence like the text of the patent claims or the specification." Response at 19. But that is false. In each of Cisco's cited cases, the party that argued "each" meant something other than "all" or "every" contended the specification and/or surrounding claim language supported their interpretation. And in each (i.e., every) case, the courts disagreed that the cited evidence required deviation from the plain and ordinary meaning of "each," namely "all" or "every."

### G. Paltalk did not disclose its infringement theory before its expert's deposition.

Paltalk argues out of both sides of its mouth regarding whether it previously disclosed its "each = one or more" infringement theory. At times, Paltalk contends that the two lines in its infringement contentions (served after claim construction) implicitly disclosed this theory, which is not true. At others, Paltalk confirms that the theory was disclosed for the first time at deposition: "Paltalk's expert offered his view of the term *only* in response to specific questioning in deposition." Response at 1 (emphasis added); *see also* Paltalk's Opp to Daubert, ECF No. 75 at 4 ("Dr. Schaefer has advanced (but only in response to solicitous questioning in deposition) a broader plain-language reading of the word 'each'"). Paltalk also asks the Court to adopt the "understanding of 'each' *implied* by Paltalk's infringement analysis" or "the understanding *implied* by Dr. Schaefer's infringement analysis." Response at 8 (emphasis added).

It is not sufficient to "imply" a contention. *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016) ("Proper infringement contentions provide notice of the accusing party's *specific* theories of infringement." (emphasis added)). And what Paltalk points to now did not even imply what it is now arguing. The two sentences in Paltalk's contentions and expert report said that the ███████████████ ███████████████ and said nothing about "one or more":

███████████████
███████████████
███████████████

ECF No. 74-10 (Schaefer Expert Report) at ¶ 110.

Cisco reasonably interpreted these sentences to mean that Paltalk was interpreting "each" to have its plain and ordinary meaning of "all" or "every."

Paltalk argues that Cisco knew about Paltalk's theory because of a statement in Cisco's expert report that ███████████████

███ ECF No. 59-10 (Willis Expert Report) at ¶ 121. This statement confirms that Cisco was not aware of Paltalk disclosing any other contention.

### H. Paltalk failed to address Cisco's additional summary judgment argument that WebEx does not send the same multiplexed stream.

Paltalk does not even respond to the second, independent, reason why summary judgment is warranted. Paltalk's infringement theory depends on its position that "sending *said* multiplexed stream," as recited in Claim 1, does not refer to sending the "multiplexed stream" just previously recited. According to Dr. Schaefer, ███ may refer to ███ even a stream that is ███ in the previous limitation. ECF No. 53-2 (Schaefer Tr.) at 169:7-18. He conceded that WebEx does not infringe if the claims require ███ multiplexed stream discussed in the preceding limitation. *Id.* at 172:25-173:24.

That argument is untenable. Claim 1 expressly requires creation of "a multiplexed stream" and then sending "said multiplexed stream" to "each of first subset of the plurality of clients." Dr. Schaefer admitted that the specification has no embodiment in which the same multiplexed stream is sent to less than all of the plurality of clients. *Id.* at 162:23-163:21 ███

███. The Court should grant summary judgment of noninfringement because the antecedent relationship requires , and there is no dispute that the accused products do not do that. *See VLSI Tech. LLC v. Intel Corp.*, No. 21-CV-00057, 2021 WL 1432705, at *8 (W.D. Tex. Feb. 25, 2021).

### IV.   CONCLUSION

The Court should grant summary judgment of non-infringement.

Dated: December 22, 2022 	Respectfully submitted,

/s/ *Sarah E. Piepmeier*
Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Ryan Hawkins (admitted *pro hac vice*)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
RHawkins@perkinscoie.com
Telephone: (858) 720-5709
Facsimile: (858) 720-5809

Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
JDelacenserie@perkinscoie.com
Telephone: (206) 359-3644

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX  75702
mikejones@potterminton.com
shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 22, 2022.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on December 22, 2022.

/s/Sarah E. Piepmeier
Sarah E. Piepmeier


**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case and Judge Albright's Amended Standing Order Regarding Filing Documents Under Seal in patent Cases and Redacted Pleadings.

/s/Sarah E. Piepmeier
Sarah E. Piepmeier