**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § § § | |
| Plaintiff | § § | |
| vs. | § § | No. 6:21-cv-00757-ADA |
| **CISCO SYSTEMS, INC.,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | **FILED UNDER SEAL** |

**REPLY IN SUPPORT OF DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO
EXCLUDE PORTIONS OF EXPERT TESTIMONY BY DR. SCOTT SCHAEFER**

## TABLE OF CONTENTS

**PAGE(S)**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | Dr. Schaefer's "each" means "one or more" theory is based entirely on legal requirements of claim construction. | 1 |
| | B. | None of the claim interpretation analysis that Paltalk seeks to have Dr. Schaefer explain to the jury was disclosed in his expert report. | 3 |
| | C. | *YETI Coolers* is directly on point and similarly precluded an expert from providing a new claim construction analysis to the jury. | 4 |
| III. | CONCLUSION | | 5 |
| CERTIFICATE OF SERVICE | | | 8 |

## TABLE OF AUTHORITIES

**PAGE(S)**

CASES

*Apple, Inc. v. Samsung Elecs. Co.*,
   No. 12-CV-00630-LHK, 2014 WL 660857 (N.D. Cal. Feb. 20, 2014)......................................2

*ATEN Int'l Co. v. Uniclass Tech. Co.*,
   932 F.3d 1364 (Fed. Cir. 2019).................................................................................................3

*Cordis Corp. v. Boston Sci. Corp.*,
   561 F.3d 1319 (Fed. Cir. Mar. 31, 2009)..................................................................................3

*CytoLogix Corp. v. Ventara Med. Sys., Inc.*,
   424 F.3d 1168 (Fed. Cir. 2005).................................................................................................3

*Liquid Dynamics Corp. v. Vaughan Co.*,
   449 F.3d 1209 (Fed. Cir. 2006).................................................................................................3

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996)..................................................................................................................3

*Nichia Corp. v. Feit Elec. Co., Inc.*,
   No. CV 20-359-GW-Ex, 2022 WL 17222250 (C.D. Cal. Oct. 12, 2022) .................................2

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
   No. A-15-CV-597-RP, 2017 WL 404519 (W.D. Tex. Jan. 27, 2017)..................................4, 5

I.  **INTRODUCTION**

Paltalk's Response confirms that it intends to have Dr. Schaefer argue claim construction to the jury. Dr. Schaefer's opinion regarding the proper construction of is not based on any knowledge specific to a POSITA at the time of the invention. It is based solely on his understanding of the law of claim construction. Paltalk's Response confirms this—it is entirely legal argument about how claims should be interpreted. Moreover, none of the argument that Paltalk wants to have Dr. Schaefer present to the jury was disclosed in Dr. Schaefer's expert report. Paltalk's Response does not include any citations to Dr. Schaefer's expert report because that report did not present the "one or more" theory, let alone explain it.

Because Dr. Schaefer's infringement analysis on the "each" limitations is essentially claim-construction argument, not expert analysis, and because even that argument was not timely disclosed, the Court should preclude Dr. Schaefer from offering this opinion at trial.

II.  **ARGUMENT**

   A.  **Dr. Schaefer's "each" means "one or more" theory is based entirely on legal requirements of claim construction.**

Paltalk's Response confirms that it intends to have Dr. Schaefer argue its legal interpretation of the claim term "each." At no point in Paltalk's Response does Paltalk point to any evidence of how a person skilled in this particular art would interpret the term at the time of invention. All the arguments that Paltalk seeks to have Dr. Schaefer present to the jury are legal canons of claim construction: (1) the presumption of claim differentiation; (2) the principles governing reading an embodiment from the specification into the claims; and (3) the relationship between independent and dependent claims. *See* Paltalk's Response at 4-6. Paltalk's response never suggests that Dr. Schaefer intends to explain what "each" means to a POSITA in this field at the time of the invention, that "each" had a "plain and ordinary meaning" to a POSITA at the

time of the invention, that "each" has a different meaning in this art, or that evidence such as dictionaries or trade journals support such an understanding in the art. The basis for his opinions is patent law—they are not derived from or unique to the the understanding of a person of ordinary skill in the art at the time of the invention.

Instead, Paltalk intends to have Dr. Schaefer argue the opposite—that contrary to the plain and ordinary meaning of the term, the jury should interpret "each" the way Paltalk wants to read it in order to accuse Cisco's products of infringement. Dr. Schaefer testified:



ECF No. 53-02 (Schaefer Tr.) at 159:4-8.



Declaration of Ryan B. Hawkins in Support of Cisco's Reply in Support of its Motion to Exclude Portions of Expert Testimony by Dr. Scott Schaefer, Ex. 3 (Schaefer Tr.) at 152:3-16.

Courts have permitted experts to "introduce evidence as to the plain and ordinary meaning of terms not construed by the Court to one skilled in the art." *E.g., Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2014 WL 660857, at *3 (N.D. Cal. Feb. 20, 2014). But that is not what Paltalk is asking the Court to allow Dr. Schaefer to do here. Instead, Paltalk wants its expert to provide a "legal interpretation" of the claims. *Nichia Corp. v. Feit Elec. Co., Inc.*, No. CV 20-359-GW-Ex, 2022 WL 17222250, at *11 (C.D. Cal. Oct. 12, 2022) (holding that an expert "may explain how a POSA would understand [a] term" so long as they are "not

offer[ing] a legal interpretation" thereof.). Allowing an expert to tell the jury what the claim construction should be is improper. *See, e.g., Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) (Claim construction is a legal question and "exclusively within the province of the court."); *ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1364, 1370 (Fed. Cir. 2019) ("It is thus improper for an expert witness to testify before the jury regarding claim construction.") (citing *CytoLogix Corp. v. Ventara Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005)); *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. Mar. 31, 2009) (It is "improper to argue claim construction to the jury because the risk of confusing the jury is high when experts opine on claim construction.") (internal quotation and citation omitted); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (holding that the district court properly "excluded the expert opinion evidence as irrelevant because it was based on an impermissible claim construction" that "could prejudice and confuse the jury").

**B.    None of the claim interpretation analysis that Paltalk seeks to have Dr. Schaefer explain to the jury was disclosed in his expert report.**

The legal analysis that Paltalk seeks to have Dr. Schaefer provide is not only improper; it is also new—none of it appeared in Dr. Schaefer's expert report. Even if the subject matter of the testimony were permissible, Paltalk fails to explain why Dr. Schaefer should be allowed to present his theory that "each" means "one or more" when it did not appear in his report or Paltalk's contentions.

Here is the full text of what Paltalk contends disclosed this theory:



ECF No. 53-3 (Schaefer Expert Report) at ¶ 88; *see also id*. at ¶ 110. That is all his expert report (and Paltalk's infringement contentions) say on the subject. Paltalk's Responses to Cisco's MSJ and this *Daubert* motion cite nothing more. Dr. Schaefer's expert report did not disclose anything about the theory that "each" means "one or more." In fact, the words "one or more" never appear in Paltalk's infringement contentions and appear in Dr. Schaefer's expert report only in a background section discussing the technology—they do not show up in his analysis of the asserted claims. Thus, even if Dr. Schaefer and Paltalk had disclosed the *existence* of the theory that "each" means "one or more," he did not provide any *analysis* of such a theory. Nor did he explain why a POSITA would understand "each" to mean "one or more." Therefore, even if Paltalk is permitted to argue that "each" means "one or more," Dr. Schaefer should not be permitted to explain that theory for the first time at trial.

      **C.**     ***YETI Coolers* is directly on point and similarly precluded an expert from providing a new claim construction analysis to the jury.**

Paltalk's attempt to distinguish *YETI Coolers* misses the mark.

Paltalk is correct that there were three terms at issue in that case—two of which were raised during claim construction and given their plain and ordinary meaning, and one of which was not raised during claim construction and therefore also given its plain and ordinary meaning. *YETI Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 404519, at *1 (W.D. Tex. Jan. 27, 2017). For all three terms, the defendant sought to have its expert explain the "plain and ordinary meaning" of the terms to the jury.

The plaintiff in *Yeti Coolers* sought to preclude the defendant from doing so, arguing the defendant's expert had adopted his own constructions of the claim terms, and used those constructions—not the plain and ordinary meaning—to support his opinion. *Id*. at *1. The defendant argued that having its expert explain the plain and ordinary meaning to the jury was

appropriate, as Paltalk argues here, citing the same case law. But the Court was unpersuaded and observed that "there [wa]s little question that [the defendant] [wa]s attempting to have its expert argue claim construction to the jury." *Id*. at *3. Specifically, regarding the third term, which had not been addressed during claim construction, the Court noted that "[n]owhere in his report … [did the expert] explain why a person skilled in the art" would interpret the claims in the way in which the defendant intended to have him testify at trial. *Id*. The Court also observed that it was "not a coincidence that [the expert's] overly complex definition just happen[ed] to support [the expert's] conclusion that [the defendant's product] d[id] not infringe the claims of the patent." *Id*. at *2.

The same is true here. Indeed, the facts in *YETI Coolers* are almost identical except for the fact that the expert had at least disclosed its theory in his expert report even though he had not explained it. And as in *YETI Coolers*, the Court should preclude Paltalk's expert from providing his opinions based on his interpretation of the term "each."

## III.   CONCLUSION

The Court should exclude the opinions offered by Dr. Schaefer in his report in which addresses the proper interpretation of the term "each," namely his opinions on Limitation (1) ("receiving an audio packet from *each* of the plurality of clients") (ECF No. 53-3 (Schaefer Expert Report) ¶¶ 54-64); Limitation (5) ("multiplexing said packets of audio data received from *each* client on said active speakers list into a multiplexed stream") (*id.* ¶¶ 85-89); Limitation (6) ("sending said multiplexed stream to *each* of said first subset of the plurality of clients") (*id.* ¶¶ 90-92); Limitation (7) ("mixing said packets of audio data received from *each* client on said active speakers list into one combined packet") (*id.* ¶¶ 93-98); Limitation (8) ("sending said combined packet to *each* of said second subset of the plurality of clients") (*id.* ¶¶ 99-103); and

the summaries of his infringement opinion that depend on that interpretation (*id*. ¶¶ 15, 45, 206, and Section VIII).

Dated: December 22, 2022			Respectfully submitted,

						/s/ Sarah E. Piepmeier
						Sarah E. Piepmeier
						Elise Edlin (admitted *pro hac vice*)
						PERKINS COIE LLP
						505 Howard Street, Suite 1000
						San Francisco, CA  94105
						SPiepmeier@perkinscoie.com
						EEdlin@perkinscoie.com
						Telephone: (415) 344-7000
						Facsimile: (415) 344-7050

						Ryan Hawkins (admitted *pro hac vice*)
						PERKINS COIE LLP
						11452 El Camino Real, Suite 300
						San Diego, CA 92130-2080
						RHawkins@perkinscoie.com
						Telephone: (858) 720-5709
						Facsimile: (858) 720-5809

						Jessica J. Delacenserie (admitted *pro hac vice*)
						PERKINS COIE LLP
						1201 Third Avenue, Suite 4900
						Seattle, WA 98101-3099
						JDelacenserie@perkinscoie.com
						Telephone: (206) 359-3644

						Michael E. Jones (SBN: 10929400)
						Shaun W. Hassett (SBN: 24074372)
						POTTER MINTON
						110 North College
						500 Plaza Tower
						Tyler, TX  75702
						mikejones@potterminton.com
						shaunhassett@potterminton.com
						Telephone: (903) 597.8311
						Facsimile: (903) 593.0846

						ATTORNEYS FOR DEFENDANT
						CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 22, 2022.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on December 22, 2022.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case and Judge Albright's Amended Standing Order Regarding Filing Documents Under Seal in patent Cases and Redacted Pleadings.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier