# Exhibit 1

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,062 | 02/22/2022 | 6683858 | 136129-0007.US00 | 6370 |

42624    7590    12/28/2022
DAVIDSON BERQUIST JACKSON & GOWDEY LLP
8300 Greensboro Dr, Suite 500
McLean, VA 22102

| EXAMINER |
|---|
| FOSTER, ROLAND G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/28/2022 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

PERKINS COIE LLP, WASHINGTON DC
c/o PATENT DOCKETING DEPARTMENT
PO BOX 1247
SEATTLE, WA 98111-1247

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,062* .

PATENT UNDER REEXAMINATION *6683858* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Notice of Intent to Issue Ex Parte Reexamination Certificate** | 90/019,062 | 6683858 |
| | Examiner<br>ROLAND G FOSTER | Art Unit: 3992    AIA Status: No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☑ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☑ Patent owner's communication(s) filed: 11/7/2022.
   (b) ☐ Patent owner's failure to file an appropriate timely response to the Office action mailed: ____.
   (c) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (d) ☐ The decision on appeal by the ☐ Board of Patent Appeals and Interferences ☐ Court dated ____
   (e) ☐ Other: ____.

2. The Reexamination Certificate will indicate the following:
   (a) Change in the Specification: ☐ Yes ☑ No
   (b) Change in the Drawing(s): ☐ Yes ☑ No
   (c) Status of the Claim(s):
      (1) Patent claim(s) confirmed: 1-10.
      (2) Patent claim(s) amended (including dependent on amended claim(s)): ____.
      (3) Patent claim(s) canceled: ____.
      (4) Newly presented claim(s) patentable: ____.
      (5) Newly presented canceled claims: ____.
      (6) Patent claim(s) ☐ previously ☐ currently disclaimed: ____
      (7) Patent claim(s) not subject to reexamination: 11-13.

3. ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.

4. ☑ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

5. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

6. ☐ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

7. ☐ The drawing correction request filed on ____ is: ☐approved ☐disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
      a) ☐ All    b) ☐ Some*    c) ☐None of the certified copies have
         ☐been received.
         ☐not been received.
         ☐been filed in Application No. ____.
         ☐been filed in reexamination Control No. ____.
         ☐been received by the International Bureau in PCT Application No. ____.
      * Certified copies not received: ____.

9. ☐ Note attached Examiner's Amendment.

10. ☐ Note attached Interview Summary (PTO-474).

11. ☐ Other: ____.

**All correspondence** relating to this reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

/ROLAND G FOSTER/
Primary Examiner, Art Unit 3992

cc: Requester (if third party requester)

Application/Control Number: 90/019,062 Page 2
Art Unit: 3992

### *Notice of Pre-AIA or AIA Status*

The present application is being examined under the pre-AIA first to invent provisions.

### *Procedural History*

Claims 1-10 of US Patent No. 6,683,858 B1 to Chu et al. (the "Chu" patent) are currently under reexamination in this *ex parte* reexamination proceeding 90/019,062.

The subject claims are rejected below based on prior art held to raise a Substantial New Question ("SNQ") of patentability in the Order granting *ex parte* reexamination, mailed April 18, 2022 (hereinafter the "Order") in response to the request for *ex parte* reexamination filed February 22, 2022 (the "Request").

    U.S. Patent No. 7,079,495 to Pearce, et al. ("Pearce"), attached as Exhibit "G" to the Request.

    U.S. Patent No. 6,418,125 to Oran ("Oran"), attached as Exhibit "H" to the Request.

    "Proposal of a Method of for Voice Stream Multiplexing for IP Telephony Systems" to Hoshi, et al. ("Hoshi''), attached as Exhibit "I" to the Request.

    "An RTP Payload Format for User Multiplexing", IETF Internet Draft, to Rosenberg, et al. ("Rosenberg"), attached as Exhibit "J" to the Request.

    U.S. Patent No. 6,327,276 to Robert, et al. ("Robert"), attached as Exhibit "K" to the Request.

    U.S. Patent No. 6,584,093 to Salama, et al. ("Salama") , attached as Exhibit "L" to the Request.

    U.S. Patent No. 6,141,597 to Botzko, et al. ("Botzko") , attached as Exhibit "M" to the Request.

    U.S. Patent No. 6,006,253 to Kumar, et al. ("Kumar") , attached as Exhibit "N" to the Request.

    ITU-T Recommendation H.323 (11/96) ("H.323 Protocol"), attached as Exhibit "P" to the Request.

Request, 16, 17.

Accordingly, a non-final Office action was mailed September 7, 2022 rejecting all pending claims.

In response, the Patent Owner requested then held a personal interview on October 19, 2022 (hereinafter the "Interview"). See the Examiner's Interview Summary Form, mailed November 23, 2022 for additional details. See also the Patent Owner's Statement of the Interview, Response to Office Action (hereinafter the "Response"), filed November 7, 2022, pp. 34, 35.

In said Response, the Applicant also presented arguments and accompanying declaration evidence in the form of Declaration of Keith W. Goossen, Ph.D. filed with said Response (hereinafter the "Goossen Declaration").

The arguments and accompanying declaration evidence presented in said Response and Interview have been considered by the Examiner, which the Examiner concludes places all pending claims 1-10 in a condition for patentability over the applied, prior art of record in this proceeding. See the Reasons for Confirmation below for further explanation.

Application/Control Number: 90/019,062 Page 4
Art Unit: 3992

## *Reasons for Confirmation*

Claim 1, as originally issued, is illustrative. The limitations especially important to patentability in this proceeding are emphasized below.

A method of providing audio conferencing for a plurality of clients using varying equipment and protocols, comprising the steps of:

(1) receiving an audio packet from each of the plurality of clients;

(2) determining which of the plurality of clients is an active speaker and forming an active speakers list;

(3) determining that a first subset of the plurality of clients has the capability to mix multiple audio streams;

(4) **determining that a second subset of the plurality of clients does not have the capability to mix multiple audio streams**;

(5) multiplexing said packets of audio data received from each client on said active speakers list into a multiplexed stream;

(6) sending said multiplexed stream to each of said first subset of the plurality of clients;

(7) **mixing said packets of audio data received from each client on said active speakers list into one combined packet**; and

(8) **sending said combined packet to each of said second subset of the plurality of clients**;

whereby said plurality of clients can simultaneously participate in a single audio conference application.

The closest applied prior art of record in the reexamination proceeding is Pearce.

However, Pearce fails to teach "determining that a second subset of plurality of unicast clients does not have the capability to monitor a mix multiple audio streams" as required by the claims (see illustrative claim 1 above). While Pearce determines whether a device is unicast-capable and multicast-capable, Pearce determines the presence of a unicast devices because "unicast telephony devices are not capable of monitoring a multicast group address to determine if any messages are being sent to the

multicast group" 10: 16-30. In such a case, a multicast intermediary is required. Abstract, 10:31-34. That is, Pearce determines that a second subset of the plurality of clients (unicast devices) does not have the capability to monitor a multicast group address, not an incapability to mix audio streams as required by the claims. See also the Goossen Decl., ¶¶ 31, 32. See also the Response, 10-12.

Moreover, Pearce suggests that unicast devices do indeed have the capability to mix multiple audio streams. Pearce explains that when all of the telephony devices are using unicast, "[e]ach unicast is an **individual data stream sent to the particular destination device**. ... [and] a separate, but identical, data stream must be generated for each destination device." 9:15-19 (emphasis added). "Using a **conference call** as an example, instead of each telephony device transmitting **unicast streaming** to **each of the other** telephony **devices participating** in the **conference call** . . . ." 9:58-63. Thus, Pearce discloses a unicast device receiving multiple individual audio (speaker) streams in order to participate in conference calls, which requires processing and mixing together the multiple conference streams at the unicast device into order to yield conference audio that supports each actively speaking participant. See also the Goossen Decl., ¶¶ 33-38. See also the Response, 12-16.

Thus, Pearce also fails to explicitly disclose the premixing limitations of "mixing said packets of audio data received from each client on said active speakers lit into one combined packet" and "sending said combined packet to each of said second subset of the plurality of clients" which as required by the claims "do[] . . . not have the capability to mix multiple audio streams."

Typically, the primary source of prior art will be the patents and printed publications cited in the request for ex parte reexamination. MPEP 2256. The remaining, applied prior art of record in the proceeding (see, e.g., the Request) fails to fairly teach or suggest significantly modifying Pearce by remedying the basic, structural shortcoming of Pearce (a failure to disclose any system to determine that a second subset of clients does not have the capability to mix multiple audio streams resulting in premixing) in order to arrive at the invention as claimed in detail by the Patent Owner.

### *Conclusion*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the Chu patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

| | |
|---|---|
| Application/Control Number: 90/019,062 | Page 7 |
| Art Unit: 3992 | |

All correspondence relating to this *ex parte* reexamination proceeding should be directed as follows:

EFS:    Registered users may submit via the electronic filing system EFS-Web, at https://efs.uspto.gov/efile/myportal/efs-registered.

By Mail to:    Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to:    (571) 273-9900
Central Reexamination Unit

By hand to:    Customer Service Window
Randolph Building
401 Dulany St.
Alexandria, VA 22314

For EFS-Web transmission, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning this communication should be directed to Roland Foster at telephone number 571-272-7538.

Signed:
/ROLAND G FOSTER/
Primary Examiner, Art Unit 3992
(571) 272-7538

Conferee:   /DAVID E ENGLAND/
            Primary Examiner, Art Unit 3992
/MICHAEL FUELLING/
Supervisory Patent Examiner, Art Unit 3992