IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § | |
| *Plaintiff* | § | |
| -vs- | § | 6:21-CV-00757-ADA |
| **CISCO SYSTEMS, INC.,** | § | |
| *Defendant* | § | |

### ORDER ON MOTIONS *IN LIMINE*

The Court issues this Order *sua sponte*. To allow for reasonable and relevant *limine* practice as part of the Pretrial Conference, the Court imposes the following set of standard *limine* rulings to be applied mutually to both parties. In addition to these *limine* orders, each party will be permitted to propose and argue (if opposed) up to five (5) of its own motions *in limine* at the Pretrial Conference. *Limine* motions outside these limits will not be considered. *Limine* motions that are multifarious so as to exceed the above limitations will also not be considered.

It is therefore **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

Court MIL No. 1:    **The parties shall be precluded from introducing evidence, testimony, or argument regarding pretrial proceedings or issues including but not limited to discovery disputes or dispositive motion practice.**

Court MIL No. 2:    **The parties shall be precluded from introducing evidence, testimony, or argument that raises religious or political beliefs, race, ethnicity, gender, national origin, sexual orientation, or health (including but not limited to vaccination status) of a party, witness, attorney, or law firm.**

Court MIL No. 3:     The parties shall be precluded from introducing evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation.

Court MIL No. 4:     The parties shall be precluded from introducing evidence, testimony, or argument regarding prior art that is not disclosed in a specific combination set forth in any party's expert report or invalidity contentions.

Court MIL No. 5:     The parties shall be precluded from introducing evidence, testimony, or argument before the jury that relates only to equitable defenses or counterclaims (*i.e.*, evidence that does not also serve another evidentiary purpose relevant to jury issues).

Court MIL No. 6:     The parties shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, *inter partes* review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court.

Court MIL No. 7:     The parties shall be precluded from introducing evidence, testimony, or argument suggesting that there is anything legally improper in filing a patent application or writing patent claims to cover an adverse party's product.

Court MIL No. 8:     The parties shall be precluded from introducing any argument, evidence, testimony, insinuation, reference, or assertion regarding a witness' choice to testify in his or her native or chosen language (being any language other than English).

Court MIL No. 9:     The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity as "greedy," "corrupt," "evil," or "dishonest," or using any other pejorative term. The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as "stealing," "copying," "misappropriating," "pirating," "trespassing," or any similar terms.

Court MIL No. 10:    The parties shall be precluded from introducing evidence, testimony, or argument bolstering or disparaging the U.S. Patent Office, its examiners, or the process for prosecuting patent applications or granting patents in the United States. This does not preclude factual evidence as to the operations of the USPTO.

Court MIL No. 11:  The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity in disparaging ways, such as a "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shell company," "shakedown artist," "patent assertion entity," or any such similar terms. Use of the term "non-practicing entity" is permitted.

Court MIL No. 12:  The parties shall be precluded from introducing evidence, testimony, or argument regarding funding of the litigation or regarding any comment on attorney-fee compensation including amounts or structure.

Court MIL No. 13:  The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.

Court MIL No. 14:  The parties shall be precluded from introducing evidence, testimony, or argument regarding the size of the parties' law firms or the number of attorneys representing the parties.

Court MIL No. 15:  The parties shall be precluded from introducing evidence, testimony, or argument regarding the fact that testimony or opinions offered by any expert may have been criticized, excluded, or found to be unreliable in any other forum.

Court MIL No. 16:  The parties shall be precluded from introducing evidence, testimony, or argument referring to the role or presence in the courtroom of jury consultants or shadow jurors, or the use of focus groups or mock proceedings to assist with trial preparation, jury selection, or trial.

Court MIL No. 17:  The parties shall be precluded from introducing evidence, testimony, or argument relating to the Court's Claim Construction Order other than the Court's actual adopted constructions, including the Court's reasoning or the parties' agreements.

Court MIL No. 18:  The parties shall be precluded from introducing evidence, testimony, or argument for purposes of non-infringement comparing the accused product or method to the preferred embodiments, the specification, or any non-accused product or method.

Court MIL No. 19:  The parties shall be precluded from introducing evidence,

<div style="margin-left: 2em;">

Court MIL No. 19 (cont.): testimony, or argument suggesting that a verdict in one party's favor would impact the cost of goods or services or would have other commercial impacts.

Court MIL No. 20: **The parties shall be precluded from introducing evidence, testimony, or argument suggesting that the Western District of Texas is an improper or inconvenient venue in which to try this case.**

Court MIL No. 21: **The parties shall be precluded from introducing evidence, testimony, or argument suggesting that the other party had an affirmative duty to seek opinion of counsel, and/or any inference that may be drawn as to what the contents of such an opinion would have been.**

Court MIL No. 22: **Neither party will ask questions or make statements to invoke a privileged or protected answer, including any materials that are privileged, or that have been presented outside of the jury to establish/prevent a finding of privilege.**

Court MIL No. 23: **No expert witness may testify to expert opinions outside the established parameters of her/his expert report, and counsel shall not raise such an objection for strategic or other non-meritorious purposes.**

</div>

**So ORDERED this 25th day of April, 2023.**

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

4