**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| PALTALK HOLDINGS, INC., *Plaintiff*, | § | |
| | § | CIVIL ACTION 6:21-cv-00757-ADA |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC., *Defendant.* | § | |
| | § | |

**PALTALK'S OPPOSITION TO THE COURT'S MIL NO. 6**

## TABLE OF CONTENTS

INTRODUCTION .....1

BACKGROUND .....2

ARGUMENT .....3

I. Evidence of the Reexamination is Relevant. .....3

II. Evidence of the Reexamination at Trial Will Not Cause Cisco Undue Prejudice or Mislead the Jury. .....4

A. Cisco has opened the door to evidence of the reexamination. .....5

B. The reexamination has concluded. .....6

C. Evidence of the reexamination will not mislead the jury. .....6

III. If the Court Precludes Evidence or Argument Related to the Reexamination, Paltalk Should Be Permitted to Examine Mr. Bress on His Prior Statements. .....6

CONCLUSION .....7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*,
889 F.3d 735 (Fed. Cir. 2018)....................3

*Callaway Golf Co. v. Acushnet Co.*,
576 F.3d 1331 (Fed. Cir. 2009)....................6

*Cognex Corp. v. VCode Holdings, Inc.*,
No. CV 06-1040, 2006 WL 8443326 (D. Minn. Dec. 12, 2006)....................4

*Dentsply Sirona Inc. v. Edge Endo, LLC*,
No. 1:17CV1041-JFB-SCY, 2020 WL 6392764 (D.N.M. Nov. 2, 2020)....................5

*Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*,
597 F. Supp. 2d 897 (N.D. Iowa 2009)....................6

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
No. SACV 12-00329AG, 2014 WL 8096334 (C.D. Cal. Apr. 21, 2014)....................5, 6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)....................4

*Wherevertv, Inc. v. Comcast Cable Commc'ns, LLC*,
No. 2:18-CV-529-WJF-NPM, 2023 WL 2664200 (M.D. Fla. Mar. 28, 2023)....................5

**Rules**

Fed. R. Evid. 401....................3

**INTRODUCTION**

Plaintiff Paltalk Holdings, Inc. respectfully requests that the Court modify Court MIL No. 6 to allow Paltalk to introduce evidence and to make arguments related to the reexamination of U.S. Patent No. 6,683,858 (the "Asserted Patent") without first approaching the Court. In the alternative, Paltalk respectfully requests that it be allowed to examine James Bress, Cisco's invalidity expert, using his declaration from the reexamination without first approaching the Court.

Two days before the parties' *Markman* hearing, Cisco sought a reexamination of the Asserted Patent. In its 157-page petition for reexamination, Cisco laid out its best case for invalidating the Asserted Patent using 10 combinations of references. The USPTO implemented reexamination, and the Examiners considered each of Cisco's references and invalidity arguments. After eight months of reexamination, the USPTO rejected all of Cisco's invalidity arguments, confirmed all challenged claims of the Asserted Patent, and concluded the reexamination. There is no risk of confusion because the reexamination has concluded. Paltalk should be permitted to mention the reexamination and introduce related evidence.

The reexamination is relevant to the issues at trial. Cisco relies on the same references at trial that Cisco relied on during the reexamination. James Bress, Cisco's invalidity expert at trial, submitted a declaration in support of Cisco's reexamination arguments. Cisco will not be unduly prejudiced by evidence of the reexamination at trial because (1) Cisco is relying on similar references and Mr. Bress's testimony and (2) the reexamination is final. Evidence and argument about the reexamination will not mislead the jury because the jury will be given an appropriate instruction on the burdens and standards of proof associated with invalidity.

## BACKGROUND

Paltalk filed this lawsuit on July 23, 2021. On February 22, 2022, Cisco filed a petition for reexamination of the Asserted Patent. Cisco's petition argued that there were significant questions of patentability with respect to claims 1-10 of the Asserted Patent.

On April 18, 2022, the USPTO granted Cisco's request for reexamination. The Examiners considered the following combinations of prior art and whether they rendered claims 1-10 of the Asserted Patent obvious:

| Cisco's Reexamination References |
|---|
| Pearce + Oran |
| Pearce + Oran + Hoshi |
| Pearce + Oran + Rosenberg |
| Pearce + Oran + Hoshi + Robert |
| Pearce + Oran + Rosenberg + Robert |
| Pearce + Oran + Hoshi + Salama |
| Pearce + Oran + Rosenberg + Salama |
| Botzko + Kumar |
| Botzko + Kumar + Hoshi |
| Botzko + Kuman + Rosenberg |

On January 19, 2023, the USPTO issued an Ex Parte Reexamination Certificate confirming the patentability of claims 1-10 of the Asserted Patent and rejecting ***all*** of Cisco's asserted prior art and invalidity arguments. *See* Ex. 1. On January 30, 2023, Paltalk added the Ex Parte Reexamination Certificate to its Trial Exhibit List. On April 25, 2023, Paltalk received the Court's Order on Motions in Limine (Dkt. No. 108), including Court MIL No.6 which says, "The parties

shall be precluded from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, inter partes review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court."

**ARGUMENT**

**I. Evidence of the Reexamination is Relevant.**

Courts routinely find reexamination records relevant and allow their introduction at trial. *See, e.g., 01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 744 (Fed. Cir. 2018) (affirming trial court's decision to allow parties to use PTO reexamination record at trial). "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. The Examiner's rejection of Cisco's invalidity arguments and Bress's statements in support of those arguments makes it less probable that Cisco can demonstrate by clear and convincing evidence that the Asserted Patent is invalid.

This is especially true because Cisco initiated the reexamination (and not some third party), and Cisco opted to use the ***same expert*** and ***substantially similar references*** in both the reexamination and this case, as shown below:

| Cisco's Reexamination References | Cisco's Trial References |
|---|---|
| Pearce + Oran (cls. 1-10) | Pearce (cl. 1), *considered in the reexamination with Pearce + Oran references* |
| Pearce + Oran + Hoshi (cls. 1-10) | Pearce + Oran + Robert (cls. 2-3), *considered in the reexamination with Pearce + Oran+ Rosenburg + Robert* |
| Pearce + Oran + Rosenberg (cls. 1-10) | Pearce + Oran + Salama (cls. 3-4), *considered in the reexamination with Pearce + Oran + Hoshi + Salama* |
| Pearce + Oran + Hoshi + Robert (cls. 1-10) | Botzko (cls. 1-5), *considered in the reexamination with Botzko + Kumar references* |

| | |
|---|---|
| Pearce + Oran + Rosenberg + Robert (cls. 1-10) | Botzko + Rosenberg (cls. 4-5), *considered in the reexamination with Botzko + Kumar + Rosenberg* |
| Pearce + Oran + Hoshi + Salama (cls. 1-10) | CallManager |
| Pearce + Oran + Rosenberg + Salama (cls. 1-10) | |
| Botzko + Kumar (cls. 1-10) | |
| Botzko + Kumar + Hoshi (cls. 1-10) | |
| Botzko + Kuman + Rosenberg (cls. 1-10) | |

Given the similarity in Cisco's reexamination references and trial references, the reexamination "necessarily provides some assistance in simplifying the issues for trial." *Cognex Corp. v. VCode Holdings, Inc.*, No. CV 06-1040 (JNE-JJG), 2006 WL 8443326, at *5 (D. Minn. Dec. 12, 2006). Unlike cases where only some claims are challenged on reexamination, the reexamination of the Asserted Patent initiated by Cisco is particularly relevant because Cisco challenged ***all*** claims of the asserted claims and used all but one of its trial references in the reexamination. "Patent office proceedings that are directed to all asserted claims and therefore can 'dispose of the entire litigation' present 'the ultimate simplification of issues.'" Cisco's Notice and Opposed Motion to Stay Pending Ex Parte Reexamination Addressing All Asserted Claims, Dkt. 45 (Sep 16., 2022) (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014)).

## II. Evidence of the Reexamination at Trial Will Not Cause Cisco Undue Prejudice or Mislead the Jury.

The introduction of evidence of the reexamination will not cause Cisco undue prejudice for at least two reasons. First, Cisco opened the door to evidence of the reexamination by relying on similar combinations of references and testimony from the same expert. Second, the reexamination has concluded, and the parties have the Examiner's final decision, eliminating any prejudice

associated with uncertainty in ongoing reexaminations. Moreover, evidence of the reexamination will not confuse the jury because they jury can be given an appropriate instruction.

**A. Cisco has opened the door to evidence of the reexamination.**

Cisco's reliance on similar references in both the reexamination and trial opens the door for evidence and argument related to the reexamination. Courts routinely hold that where a defendant asserts a substantially similar invalidity theory at both trial and in a proceeding before the USPTO, evidence of that proceeding is relevant and more probative than prejudicial.[1] *See, e.g., Wherevertv, Inc. v. Comcast Cable Commc'ns, LLC*, No. 2:18-CV-529-WJF-NPM, 2023 WL 2664200, at *7 (M.D. Fla. Mar. 28, 2023); *Dentsply Sirona Inc. v. Edge Endo, LLC*, No. 1:17CV1041-JFB-SCY, 2020 WL 6392764, at *5 (D.N.M. Nov. 2, 2020) (denying motion to exclude evidence of IPR proceedings "to the extent that the defendants opened the door by referencing at trial prior art that they had relied upon in the IPR"); *Universal Elecs., Inc. v. Universal Remote Control, Inc.,* No. SACV 12-00329AG, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014) (denying defendant's motion to exclude evidence concerning IPR.)

Cisco has opened the door to the reexamination, and evidence from the reexamination is relevant to the Asserted Patent's prosecution history and to examine Mr. Bress on his endorsement of references that were rejected by the PTO. *See Wherevertv, Inc.,* 2023 WL 2664200, at *7. Any prejudice associated with the introduction of evidence of the reexamination is Cisco's own doing by virtue of Cisco's choice to rely on similar references and the same expert at reexamination and trial. Cisco cannot claim unfair prejudice because it was Cisco's strategic choice to link its invalidity arguments from the reexamination to trial.

---

[1] While the cases cited involve IPRs, the outcome should be the same. Where a party opens the door with respect to an IPR proceeding or a reexamination, that party cannot claim prejudice when the IPR or reexamination is introduced at trial. Paltalk has found no principled reason to distinguish between IPRs and reexams in this context.

**B. The reexamination has concluded.**

Courts often exclude mention of *ongoing* reexaminations for fear of unfair prejudice or misleading the jury. *See, e.g., Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1343 (Fed. Cir. 2009) ("The district court did not abuse its discretion in concluding that the prejudicial nature of evidence concerning the ***ongoing*** parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might have had in this case."); *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.,* 597 F. Supp. 2d 897, 907-08 (N.D. Iowa 2009) (granting motion in limine to preclude evidence of a pending reexamination). Here, there is no risk of an ongoing reexamination confusing the jury or prejudicing the parties because the reexamination of the Asserted Patent concluded on January 19, 2023. *See* Ex. 1.

**C. Evidence of the reexamination will not mislead the jury.**

Evidence of the reexamination will not mislead the jury. The patent prosecution process will be explained to the jury, and the reexamination can be explained at the same time. Any concern about misleading the jury can be addressed in a jury instruction that explains Cisco's burden and standard of proof on invalidity. *See Universal Elecs., Inc.*, 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014) ("Any potential confusion can be addressed by appropriate jury instructions on the standard of proof applicable to patent invalidity defenses and counterclaims."). The parties' proposed jury instructions can be easily amended to include an instruction on reexamination or to modify the existing instruction on the PTO and the patent prosecution process.

**III. If the Court Precludes Evidence or Argument Related to the Reexamination, Paltalk Should Be Permitted to Examine Mr. Bress on His Prior Statements.**

Even if the Court precludes evidence or argument of the reexamination, Paltalk should be permitted to examine Mr. Bress using his reexamination declaration for the reasons described above. To the extent that Mr. Bress takes new or conflicting positions with the positions he took

in his reexamination declaration, Paltalk should be permitted to impeach him consistent with the Federal Rules of Evidence.

## CONCLUSION

For the aforementioned reasons, Paltalk should be permitted to introduce both evidence and argument related to the reexamination. At the very least, Paltalk should be permitted to impeach Mr. Bress using his reexamination declaration.

Dated: June 8, 2023                                                    Respectfully submitted,

*Max L. Tribble, Jr.*
Max L. Tribble, Jr.
Texas Bar No. 2021395
Ryan Caughey
Texas Bar No. 24080827
Bryce T. Barcelo *(pro hac vice)*
Texas Bar No. 24092081
Amber B. Magee (admitted *pro hac vice*)
Texas Bar No. 24121572
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
rcaughey@susmangodfrey.com
bbarcelo@susmangodfrey.com
amagee@susmangodfrey.com


Kalpana Srinivasan
California Bar No. 237460
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
P: (254) 732-2242
F: (866) 627-3509
msiegmund@cjsjlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above document was filed through the Court's CM/ECF system on June 8, 2023.

*/s/ Amber B. Magee*
Amber B. Magee