# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § § § | |
| Plaintiff | § § | |
| vs. | § § | No. 6:21-cv-00757-ADA |
| **CISCO SYSTEMS, INC.,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

## CISCO SYSTEMS, INC.'S RESPONSE TO PALTALK'S OPPOSITION TO THE COURT'S MOTION IN LIMINE NO. 6

**TABLE OF CONTENTS**

I. INTRODUCTION ......................................................................................................... 1
II. ARGUMENT ............................................................................................................... 1
   A. Paltalk's Reliance on What Other Courts Have Done Is Misplaced ................................. 1
   B. Paltalk Seeks to Mislead and Confuse the Jury ................................................................ 3
   C. The *Ex Parte* Reexamination Declaration May Be Used for Purposes of Impeachment ... 5
III. CONCLUSION............................................................................................................ 5

**I.     INTRODUCTION**

The Court should reject plaintiff Paltalk Holdings, Inc.'s ("Paltalk") request to "introduce evidence and to make arguments related to the reexamination of U.S. Patent No. 6,683,858 (the 'Asserted Patent')" (Dkt. 124 at 1).  Despite characterizing it as an "Opposition" (Dkt. 124), Paltalk seeks reconsideration of the Court's Order on Motions *in Limine* (Dkt. 108) related to the Court's MIL No. 6.  Paltalk makes the same arguments this Court has heard *many* times before.  *See, e.g.*, *Ecofactor, Inc. v. Ecobee, Inc.*, No. 6:21-cv-00428-ADA (W.D. Tex. June 1, 2023), ECF No. 209 (granting Plaintiff's MIL No. 2 to "preclude evidence or argument regarding inter partes reviews, ex parte reexaminations, or other post-grant proceedings"); *Hafeman v. LG Elecs. Inc.*, No. 6:21-CV-00696-ADA (W.D. Tex. Apr. 14, 2023), ECF No. 203 (granting Plaintiff's MIL No. 1 to exclude "evidence or argument concerning the IPRs or grounds raised in the IPRs").  Nothing in Paltalk's papers merits reconsideration or modification of the Court's Order.  There is nothing unique about Paltalk's argument or the *ex parte* reexamination before the United States Patent and Trademark Office ("PTO").  As Paltalk acknowledges in its papers, it seeks to influence the jury and increase the burden of proof on Defendant Cisco Systems, Inc. ("Cisco") on invalidity.  (Dkt. 124 at 3.)  Discussion of the *ex parte* reexamination will mislead and confuse the jury, and is prejudicial.  The Court should confirm its MIL No. 6.

**II.    ARGUMENT**

    **A.    Paltalk's Reliance on What Other Courts Have Done Is Misplaced**

Paltalk's argument centers on what other courts have done.  This is neither binding nor persuasive.  Paltalk's assertion that "[c]ourts routinely find reexamination records relevant and allow their introduction at trial" (Dkt. 124 at 3) is incorrect.  *See, e.g.*, *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2022 WL 2800911, at *1 (D. Del. June 27, 2022) (excluding

evidence, testimony, or argument at trial concerning post-issuance PTO proceedings); *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-CV-00220-MLH (KSx), 2020 WL 978731, at *7 (C.D. Cal. Feb. 28, 2020) (same); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *4 (E.D. Tex. Apr. 26, 2018) (same); *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 WL 4560071, at *9-10 (N.D. Cal. Aug. 22, 2016) (same); *Personalized User Model, L.L.P. v. Google Inc.*, No. 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (same).

The cases Paltalk relies on in support of its assertion that this evidence is routinely allowed are not relevant or do not support the proposition for which they are cited. For example, Paltalk cites cases related to motions to stay for the proposition that PTO proceedings can narrow issues for trial (by cancelling claims or providing guidance on claim construction). (Dkt. 124 at 4 (citing *Cognex Corp. v. VCode Holdings, Inc.*, No. 06-1040 (JNE-JJG), 2006 WL 8443326, at *5 (D. Minn. Dec. 12, 2006) and *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014)).) These cases have no bearing on whether evidence of a reexamination proceeding should be introduced to a jury at trial.

Similarly, the case that Paltalk cites for its statement that courts routinely permit introduction of reexamination proceedings undermines Paltalk's argument. (Dkt. 124 at 3 (citing *01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 744 (Fed. Cir. 2018)).) In *01 Communique*, while the court held that "the reexamination record could be used in a limited manner at trial," no reference could be made to the defendant having filed the reexamination and all proceedings before the PTO had to be referred to as the prosecution history. *See 01 Communique*, 889 F.3d at 739. The district court was concerned that "[t]he jurors [might] put undue weight on the fact that it was [defendant] who advanced the arguments which, in the

end, were rejected by the PTO, even though the PTO does not make its decision based upon the same standard as used in an infringement/invalidity lawsuit, nor does it have the benefit of the full array of evidence that [would] be presented to a jury for its consideration." *Id.* (internal quotation marks and citation omitted). That is the same concern here.

### B. Paltalk Seeks to Mislead and Confuse the Jury

Paltalk has already signaled that it intends to encourage the jury to place undue weight on the fact that PTO rejected Cisco's invalidity arguments in the *ex parte* reexamination. Paltalk claims the *ex parte* reexamination is relevant because it "makes it less probable that Cisco can demonstrate by clear and convincing evidence that the Asserted Patent is invalid." (Dkt. 124 at 3.) Paltalk seeks to increase Cisco's burden of proof by introducing the result of the *ex parte* reexamination and for the jury to defer to the PTO, displacing the role of the jury in deciding invalidity. Any possible relevance of the *ex parte* reexamination is outweighed by the prejudice to Cisco, and the likelihood that this issue will confuse and mislead the jury.

Paltalk argues that Cisco "opened the door" to permit this evidence (Dkt. 124 at 5), but the cases Paltalk cites are distinguishable because they relate to *inter partes* review ("IPR"). *See Wherevertv, Inc. v. Comcast Cable Commc'ns, LLC*, No. 2:18-CV-529-WJF-NPM, 2023 WL 2664200, at *7 (M.D. Fla. Mar. 28, 2023); *Dentsply Sirona Inc. v. Edge Endo, LLC*, No. 1:17CV1041-JFB-SCY, 2020 WL 6392764, at *5 (D.N.M. Nov. 2, 2020); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. SACV 12-00329 AG (JPRx), 2014 WL 8096334, at *7 (C.D. Cal. Apr. 21, 2014). While Paltalk claims this should not change the outcome (Dkt. 124 at 5 n. 1), there are distinct differences between *ex parte* reexaminations and IPRs. Unlike IPRs, in an *ex parte* reexamination, the petitioner has no further involvement in the proceeding once the petition is submitted. As such, the petitioner has no opportunity to respond to arguments the patent

owner makes. There is also no hearing in front of a three ALJ panel. Rather, it is a single patent examiner that interacts exclusively with the patent owner. In this instance, Paltalk retained an expert for the reexamination that is not involved in this litigation. That expert, Dr. Keith W. Goossen, filed a declaration in support of Paltalk's arguments against the art raised in the reexamination. Cisco had no opportunity to depose or otherwise challenge Dr. Goossen's declaration. Paltalk also had an interview with the examiner. But Cisco was not present during the interview, had no opportunity to conduct discovery into what was said, and otherwise had no ability to respond to the arguments Paltalk made to the examiner. At trial, there will be no witness at the hearing that Cisco can question on the stand regarding Paltalk's arguments made in the reexamination. Allowing Paltalk to introduce the outcome of the reexamination without providing Cisco the opportunity to challenge the evidence and arguments Paltalk made would be prejudicial.

Further, if the Court were to grant this motion, the Court would then need to sort through the various reexamination rulings and explain them to the jury. Allowing discussion of only the outcome without an explanation regarding the entirety of the process would further confuse the jury, waste trial time, and result in unfair prejudice implicating FRE 401, 402 and/or 403.

The court in *Dentsply* explained that defendants "opened the door" to introduction of evidence from the IPR because defendants planned to rely on the IPR decisions in defense of plaintiff's willfulness claims. *See Dentsply*, 2020 WL 6392764, at *4. The court commented that defendants "cannot expect to enter such evidence on their behalf and then argue that the plaintiffs cannot do so." *Id.* at *5. In contrast, Cisco does not intend to mention the *ex parte* reexamination. Relying on same references should not qualify as the type of door opening that would allow introduction of the *ex parte* reexamination. Otherwise, PTO proceedings would be introduced in more cases rather than excluded.

Paltalk's other arguments are unavailing. While Paltalk claims that the fact the *ex parte* reexamination is complete is relevant (Dkt. 124 at 6), it does not alleviate the confusion from introducing evidence of the *ex parte* reexamination or the fact that Paltalk wants to be able to reference the results of the reexamination to mislead the jury into believing the PTO has already decided the issue of validity. Similarly, Paltalk claims that evidence of the *ex parte* reexamination will not mislead the jury. (*Id.*) Paltalk's assertions are conclusory and countered by the fact that Paltalk identifies one of the reasons it wants to introduce the *ex parte* reexamination is because it makes it less probable Cisco will be able to prove invalidity. (*Id.* at 3.) Paltalk seeks to mislead the jury on the import of the *ex parte* reexamination and no instruction or explanation will be sufficient to counter this.

The Court should reject Paltalk's request and confirm MIL No. 6.

### C. The *Ex Parte* Reexamination Declaration May Be Used for Purposes of Impeachment

Paltalk seeks to use the declaration of James Bress, Cisco's expert, from the *ex parte* reexamination. (Dkt. 124 at 6-7.) Cisco does not object to use of the declaration for purposes of impeachment to the extent Mr. Bress takes an inconsistent position. Paltalk can do so without referencing that it came from a reexamination proceeding. Using Mr. Bress's declaration as a premise to say the PTO disagreed with him is not impeachment and is likely to confuse the jury and prejudice Cisco.

### III. CONCLUSION

For the reasons stated herein, the Court should confirm its order on Court MIL No. 6.

Dated: June 20, 2023                                  Respectfully submitted,


    */s/ Sarah E. Piepmeier*
Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
Robin L. Brewer (admitted *pro hac vice*)
Karl Johnston (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
RBrewer@perkinscoie.com
KJohnston@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Ryan Hawkins (admitted *pro hac vice*)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
RHawkins@perkinscoie.com
Telephone: (858) 720-5709
Facsimile: (858) 720-5809

Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
JDelacenserie@perkinscoie.com
Telephone: (206) 359-3644

Olivia S. Radics (admitted *pro hac vice*)
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI  53703
ORadics@perkinscoie.com
Telephone: (608) 663-7460

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX  75702
mikejones@potterminton.com

shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 20, 2023.

/s/Sarah E. Piepmeier
Sarah E. Piepmeier