**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § | |
| **Plaintiff** | § § § | |
| | § | |
| **vs.** | § | **No. 6:21-cv-00757-ADA** |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION FOR CLARIFICATION**
**ON THE COURT'S PRETRIAL CONFERENCE RULINGS**

## I.      BACKGROUND

On June 29, 2023, the Court held a Pretrial Conference and heard argument regarding summary judgment and *Daubert* motions. At the conclusion of the hearing, the Court provided oral rulings. That same day, the Court issued a minute entry (Dkt. 130) summarizing the rulings.

As discussed below, certain of the Court's rulings remain unclear to Cisco. The parties' meet and confer exacerbated that lack of clarity because the parties appear to have differing interpretations of the Court's rulings. Accordingly, Cisco respectfully requests clarification regarding the Court's rulings.

## II.     SUMMARY JUDGMENT OF NON-INFRINGEMENT – "EACH"

Cisco's Motion for Summary Judgment of Non-Infringement (Dkt. 54) included two separate dispositive grounds. *See* Hearing Tr. at 5:9-12. The first was directed to the plain and ordinary meaning of the term "each." In particular, Cisco argued that Paltalk's expert agreed that Cisco does not infringe if the plain and ordinary meaning of "each" is "all" or "every." Instead, Paltalk's expert admitted in deposition that his infringement opinion depended on "each" meaning "one or more."

At the hearing, the Court ruled that the plain and ordinary meaning "*can include* one or more." Pretrial Conference Hearing Tr. at 156:9-17 ("I'm going to find that the plain and ordinary meaning of 'each' – 'each' has a plain and ordinary meaning which can include one or more.") (emphasis added); *see also* Minute Entry Dkt. 130 ("Court construes each and plain and ordinary meaning, wherein each *can mean* one or more.") (emphasis added).

Paltalk argued that the term "each" did not require construction, that it would be improper for the Court to construe the term at the hearing, that the plain and ordinary meaning of the term "each" is a fact issue, and that the parties should be able to present evidence on the plain and ordinary meaning of the term to the jury:

-1-

> And essentially what we have is the two experts in the case disagree in what that means to them as persons of ordinary skill. So there's a fact dispute. It's a classic battle of the experts.
>
> And this is common in cases where the experts disagree on the plain and ordinary meaning of certain terms. And that is a fact issue to be presented to the jury.
>
> At a minimum, it is not proper to ask this Court to sit and become a person of ordinary skill in this art and decide without any testimony, without hearing any testimony from the experts on what the proper meaning of these terms should be.

Hearing Tr. at 20:22-21:9.

The Court denied Cisco's Motion for Summary Judgment on this issue. Because the Court construed "each" to have its "plain and ordinary meaning, wherein each *can include* one or more," it is unclear to Cisco whether (a) the Court agreed with Paltalk that the plain and ordinary meaning of the term is a factual dispute such that the parties will present argument and testimony regarding the meaning of the term to the jury, or (b) the Court ruled that as a matter of law the term "each" *means* "one or more." During the meet and confer, Paltalk indicated that its understanding is (b); i.e., that the Court ruled as a matter of law that the term means "one or more."

Cisco submits that clarification is necessary before the parties can begin to prepare supplemental expert reports.

## III.   SUMMARY JUDGMENT OF NON-INFRINGEMENT – LACK OF ANTECEDENT BASIS

The second ground Cisco raised in its Motion for Summary Judgment was that the term "said multiplexed stream" must refer to the preceding "a multiplexed stream" for that limitation to have an antecedent basis in claim 1. Dkt. 54 at 19-20; Dkt. 87 at 10.

> (5) multiplexing said packets of audio data received from each client on said active speakers list into *a multiplexed stream*;
>
> (6) sending *said multiplexed stream* to each of said first subset of the plurality of clients;

The Court's ruling specifically addressed Cisco's "each" argument, but it did not mention the independent argument regarding "said multiplexed stream." Cisco therefore seeks clarification as to whether the Court determined that Claim 1's "said multiplexed stream" in limitation 1(6) is not required to be the same "multiplexed stream" created in limitation 1(5), whether the Court denied Cisco's motion on this ground on a different basis, or whether the Court has not yet ruled on that ground.

## IV.    PARTIAL SUMMARY JUDGMENT – MARKING

The Court denied Cisco's Motion for Partial Summary Judgment of No Pre-Suit Damages Due to Failure to Mark. Dkt. 57. In order to prepare supplemental reports and proceed to trial, Cisco seeks clarification on whether the Court determined that (1) the marking statute does not apply (and if so on which of the two bases argued by Paltalk), or (2) there were fact issues for the jury to address.

## V.    SUPPLEMENTAL EXPERT REPORTS

The final issue on which Cisco seeks clarification is whether the Court granted Paltalk leave to amend its expert report on infringement. The Court specifically stated that Cisco would be permitted to serve a supplemental invalidity and noninfringement expert reports: "Now, I think that that may require Cisco to – knowing that now may require Cisco to have more time to deal with that issue either with regard to invalidity or infringement. And you're going to get it." Hearing Tr. at 156:13-17. The Court then stated that it would allow the parties "to redo expert reports to address issues that have been raised in the Daubert." *Id.* at 157:6-8.

During the meet and confer, Paltalk indicated that it intends to serve a supplemental infringement expert report. But Cisco believes that the Court's order did not grant such leave to Paltalk. Nor should it. Paltalk repeatedly told the Court that it has always understood the plain and ordinary meaning of "each" to mean "one or more," that it fully disclosed this argument in

its infringement contentions, and that its expert provided his infringement opinions based on this

interpretation.

> Paltalk's understanding of each has been apparent since at least
> Paltalk's April 2022 Final Infringement Contentions.
>
> …
>
> Paltalk's infringement opinions on claims 1(e) and the related
> claim 1(f) have been apparent since at least April 2022, when
> Paltalk served its Final Infringement Contentions in light of the
> Court's Markman ruling. … Paltalk's infringement expert Dr.
> Schaefer advanced the identical theory in his September 29 expert
> report.

Paltalk's Opposition to Cisco's Motion for Summary Judgment, Dkt. 78, at 5 and 7. If this is

true, then there is nothing Paltalk needs to supplement. The Court should not permit Paltalk to

provide a supplemental expert report revising its infringement theory.

## VI.   CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court clarify (1) whether

the Court *construed* the term "each" as a matter of law as meaning "one or more" or whether the

term "each" *can mean* "one or more" such that its meaning is a question of fact for the jury to

decide; (2) whether the Court's ruling on the Motion for Summary Judgment of Noninfringement

determined that "said multiplexed stream" does not have to refer to the preceding "a multiplexed

stream" in Claim 1; (3) whether the Court found that the marking statute does not apply or

whether the Court believed there were questions of fact for the jury; and (4) whether the Court

granted Paltalk leave to revise its infringement theory in a supplemental expert report.

Dated: July 14, 2023

Respectfully submitted,

*/s/ Sarah E. Piepmeier*

Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
Robin L. Brewer (admitted *pro hac vice*)
Karl M. Johnston (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
RBrewer@perkinscoie.com
KJohnston@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Ryan Hawkins (admitted *pro hac vice*)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
RHawkins@perkinscoie.com
Telephone: (858) 720-5709
Facsimile: (858) 720-5809

Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
JDelacenserie@perkinscoie.com
Telephone: (206) 359-3644

Olivia S. Radics (admitted *pro hac vice*)
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703
ORadics@perkinscoie.com
Telephone: (608) 663-7460

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX  75702
mikejones@potterminton.com

-5-

-6-

shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

162921563.5

-7-

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are

being served with a copy of this document via electronic mail on July 14, 2023.


/s/ Sarah E. Piepmeier
Sarah E. Piepmeier

162921563.5