IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § § § | |
| **Plaintiff** | § § | |
| vs. | § § | No. 6:21-cv-00757 |
| **CISCO SYSTEMS, INC.,** | § § § | |
| **Defendant.** | § § | |

## ORDER ON DISCOVERY DISPUTE

Before the Court is a discovery dispute between Plaintiff Paltalk Holdings, Inc. ("Paltalk") and Defendant Cisco Systems, Inc. ("Cisco"). The issues presented are (1) whether the supplemental depositions of the parties' expert witnesses should be limited by scope or duration and (2) whether the parties can file supplemental *Daubert* and summary judgment motions. Following submission of the parties' discovery dispute chart to the Court on September 21, 2023, the Court held a hearing on September 27, 2023, to address this dispute.

### Paltalk's Position – Issue 1

**Issue**: At the June 2023 pretrial conference, the Court allowed the experts to supplement their reports. The parties agree that additional expert depositions can occur, at least on new opinions. Cisco refuses to agree to *any* time or scope limits on additional expert depositions despite the limited nature of expert report supplementation. Notwithstanding the fact that Dr. Schaefer made **no changes** to his infringement opinions, Cisco inexplicably seeks to redo his seven-hour deposition on his long-disclosed infringement opinions.

**Basis for Relief**: Long before the pretrial conference, the parties engaged in extensive expert discovery, exchanged hundreds of pages of expert reports and took full-day depositions of

1

all experts. By contrast, the experts' supplemental opinions and reports are limited in scope. The Court's decision at the pretrial conference to reopen expert discovery in a limited fashion is not grounds to require the experts to sit for additional full-day depositions or testify about previously disclosed opinions. Cisco initially argued that the scope of expert reports should be limited but now seeks to redo expert depositions on old opinions. *See* Cisco's Motion for Clarification, Dkt. 133, at 4 (asking the Court to limit Paltalk's ability to supplement its expert reports).

For example, on the parties' September 12, 2023 meet and confer, Cisco said it intends to ask Dr. Scott Schaefer, Paltalk's infringement expert, the same questions that Cisco already asked in his initial, seven-hour deposition. Cisco intends to ask Schaefer about the meaning of "each" whenever it appears in the Asserted Claims of the '858 Patent. But Cisco has already asked Schaefer 36 questions about his interpretation of "each" and all instances of "each" in the Asserted Claims. *See, e.g.,* Schaefer Tr 92:20-23 ("Q: Okay. Reading the literal claim language itself, though, does Claim Element 1.a require receiving an audio packet from each of the plurality of clients?); *id.* 149:6-12, 151:5-6 (claim 1(e)); *id.* 151:13-16, 152:25-153:3 (claim 1(f)); *id.* 180:12-17 (claim 1(g)); *id.* 151:5-6, 151:13-16, 152:25-153:3 (claim 1(h)).

Cisco does not deny that it has already asked Schaefer extensive questions about "each" every time it appears in the '858 Patent. Cisco's sole justification for seeking a redo of Schaefer's deposition is a demonstrably false allegation that Schaefer's opinion on "each" was first disclosed in his November 9, 2022 deposition. Cisco's September 29, 2022 non-infringement report belies this allegation because it rebuts Schaefer's understanding of "each." See, e.g. Willis Rpt. ¶ 121 ("Nonetheless, to the extent that Paltalk attempts to argue that claim [1.6] does not require the same stream to be sent to each/all of the first subset of clients, I note that such position is contrary to the plain language of the claim.").

Cisco's expert knew Schaefer's opinions on "each" by the time of his report, so Cisco's argument fails.

Cisco had every opportunity to question Schaefer about his interpretation of "each" in his initial deposition, and Cisco took that opportunity. Schaefer's supplemental report did not amend or supplement his infringement opinions in any way, so there is simply no reason why the parties should waste additional time and expense re-doing a deposition on opinions that have been disclosed for more than a year. See Paltalk's Opposition to Cisco's Motion for Summary Judgment, Dkt. 78, at 5 and 7 ("Paltalk's understanding of each has been apparent since at least Paltalk's April 2022 Final Infringement Contentions.").

Schaefer's new opinions relate to apportionment and the date of first infringement. These opinions are straightforward, Cisco will have the opportunity to depose Schaefer on these opinions, and Cisco will not need more than 2 hours to depose Schaefer on these topics.

Allowing lengthy supplemental expert depositions unlimited in scope would be inefficient, unnecessary, and disproportionate to the needs of the case. More importantly, a complete redo is not in line with the Court's comments and expectations at the final pre-trial conference.

The Court should instead allow 2 hour depositions limited to experts' newly disclosed opinions. Two hours is more than enough time for the experts' new opinions and prepare this case for trial.

**Relief**:  Order that any expert depositions that follow the parties' supplemental expert reports be limited to 2 hours in duration and be limited in scope to newly disclosed opinions in the supplemental expert reports.

**Cisco's Position – Issue 1**

**Deposition Scope**: The dispute here is about what is "new" in the expert reports. Cisco's position is that the Court's order at the pretrial conference provided a new interpretation of the claim term "each" that Cisco should be permitted to ask Paltalk's expert about.

Paltalk did not disclose its interpretation of the claim term "each" in its contentions or expert report. Cisco only learned that Dr. Schaefer was interpreting "each" to mean "one or more" during his deposition. Paltalk argued that it was going to raise this as a "battle of the experts" for the first time at trial. Hearing Tr. at 2:22-25.

Paltalk, however, seeks to shield Dr. Schaefer from such questions on the basis that he did not provide any opinions in his supplemental report regarding infringement. This is nonsensical. The Court's ruling was not available to Cisco when it first questioned Dr. Schaefer.

At the pretrial conference, the Court stated that it was going to give Cisco the opportunity to challenge Paltalk's interpretation:

> "Now, I think that that may require Cisco to – knowing that now may require Cisco to have more time to deal with that issue either with regard to invalidity or infringement. And you're going to get it."

Hearing Tr. at 156:13–17.  No matter how Paltalk interprets the Court's order, the meaning of the term has changed at least as to Cisco. Cisco was not prepared to ask Dr. Schaefer about this previously undisclosed interpretation of the term. The phrase "one or more" did not exist in the substantive portions of either Paltalk's contentions or Dr. Schaefer's report. Tellingly, Paltalk cites to Cisco's rebuttal expert report  where Cisco was concerned that Paltalk was hiding its theories and noted that to the extent Paltalk was arguing that the claim required less than all, such an interpretation was contrary to the claim language. And despite Paltalk's selective citations, Cisco was not able to ask Dr. Schaefer about how the Court's formulation—"'each' has a plain

4

and ordinary meaning which can include one or more"—would impact the five separate uses of the term in the asserted claims.

Cisco does not intend to ask the same questions it asked previously. Cisco will be asking about the same limitations, but now under the Court's interpretation from the pretrial order.

What Paltalk asks the Court to do is reward its intentional failure to disclose this opinion prior to the expert deposition and make it so that Cisco is given no meaningful opportunity to question Paltalk's expert regarding this interpretation.

**No Basis to Limit Duration**: Paltalk has not presented sufficient justification for deviating from the default time limits under the Federal Rules. While Paltalk characterizes Dr. Schaefer's supplemental report as "straightforward," his report is an eye-popping 101 pages and 223 paragraphs, in which approximately 40 pages relate to his new damages and apportionment opinions, and 43 pages relate to his infringement opinions.

Given the complexity of the issues in this case—including the impact of the Court's order at the pre-trial conference—Paltalk's requested limitation to a mere 2 hours is inadequate. While Cisco will, of course, conduct its depositions as efficiently as possible and may not need 7 hours, arbitrarily limiting the depositions to 2 hours is neither necessary nor required by the case.

**Relief Requested**: Deny Paltalk's requested relief and order that expert depositions should be limited to newly disclosed opinions and how their prior opinions are affected (if at all) by the Court's orders during the pre-trial conference.

## Paltalk's Position – Issue 2

**Issue**: Cisco refuses to agree to limit the scope of any potential Daubert motions to newly available grounds, even though Cisco previously had an opportunity to challenge (and did challenge) previously disclosed expert opinions.

**Basis for Relief**: This relief should be uncontroversial. Under the Court's scheduling order, in 2022 the parties served expert reports and then took full-day depositions of the experts. In late 2022, the parties filed Daubert motions challenging the experts' opinions. Cisco filed multiple Daubert motions. There is no basis for additional Daubert motions on previously disclosed opinions.

At the pretrial conference, the Court instructed the parties to confer on a schedule for supplementing expert reports and filing new Daubert motions based on new opinions. See, e.g., Hearing Tr. 158:15–16 ("If you want to – if you need to file new Daubert motions, I'll take those up at a pretrial conference.").

Cisco now seeks a wholesale redo of its MSJs and Daubert motion through its proposed schedule. Cisco's proposal is inconsistent with the Court's intentions expressed at the pretrial conference. Cisco's proposal is also inconsistent with the narrow view of the Court's intentions as explained in Cisco's Motion for Clarification. See Dkt. No. 133 at 3-4. First, Cisco argued that the Court's instructions were narrow and prevented Paltalk from supplementing its infringement opinions. Id. Now, Cisco argues that the Court's instructions were broad enough to permit a laundry-list of MSJs that could have been filed before the pretrial conference.

The Court never suggested that the parties could file additional Daubert motions challenging long-disclosed expert opinions. And the Court certainly did not suggest it would entertain new motions for summary judgment. Cisco's attempts to relitigate issues (or correct its own prior work) are judicially wasteful and would incur additional, unnecessary briefing, cost, and potential delay upon the parties.

The time has come to finish pretrial work and try this case. The remaining work should be kept limited and focused.

**Relief**: Order that parties can file new Daubert only to challenge newly disclosed expert opinions. New summary judgment motions are not permitted.

### Cisco's Position – Issue 2

*Daubert* **Motions**. Paltalk's proposed narrowing of the scope of pretrial motions improperly seeks to shield Paltalk's experts from being challenged on issues they failed to resolve through supplementation. The Court explained that the parties were to redo the expert reports to address the issues raised in the *Daubert* motions, including Mr. Bratic's faulty hypothetical negotiation date and the failure to support his apportionment analysis. Pretrial Hearing Tr. at 158:12–20. As to future *Daubert* challenges, the Court stated: "I am denying the motions – the *Daubert* motions now.  Now, once you all have the expert report – new expert reports, amended expert reports, we'll all be back here again, I guess, maybe. If you want to – if you need to file new *Daubert* motions, I'll take those up at a pretrial conference." *Id.* at 158:13–17.

The Court did not limit the scope of any potential *Daubert* motion to "newly available grounds" as Paltalk suggests. For good reason. The Court found "serious holes" with Paltalk's damages expert report, and it provided Paltalk with the opportunity to correct those issues. *See id.* at 157:12–16.

The core problem with Paltalk's proposed restriction is that Cisco would be precluded from challenging issues that the Court already found faulty and Paltalk failed to correct. Cisco should be permitted to file a new *Daubert* motion to address reliability issues with Mr. Bratic's opinions that Paltalk plans to present to the jury—whether those issues are newly introduced or unresolved by supplementation. To avoid unnecessary burden to the Court, Cisco is willing to

limit the parties' opening and responsive *Daubert* motions to a maximum of 30 pages (down from 40).

**Motions for Summary Judgment**. The Court's ruling regarding the term "each" acknowledged that invalidity and noninfringement theories are now materially altered: "Now, I think that that may require Cisco to – knowing that now may require Cisco to have more time to deal with that issue either with regard to invalidity or infringement. And you're going to get it." Hearing Tr. at 156:13–17.

Cisco expects that it will have novel and dispositive arguments that the patents are invalid and/or that Cisco does not infringe under the Court's order. It would make no sense, and it would be a waste of party and judicial resources, to deny Cisco the right to move for summary judgment on these new issues. Paltalk's assertion that this would be a "do-over" is wrong.

**Relief Requested**: Deny Paltalk's requested relief and order that the parties may file new *Daubert* and summary judgment motions.

## Resolution

After reviewing the parties' positions, case file, and applicable law, the Court GRANTS-IN-PART and DENIES-IN-PART Paltalk's requested relief, as follows:

- Paltalk's request that supplemental expert depositions be limited to 2 hours in duration and be limited in scope to newly disclosed opinions in the supplemental expert reports is DENIED;

- Paltalk's request that the parties can file new *Daubert* to challenge only newly disclosed expert opinions is DENIED;

- Paltalk's request that the parties not be permitted to file new summary judgment motions is GRANTED;

SIGNED this 13th day of October, 2023.

                                                 ALAN D ALBRIGHT
                                                 UNITED STATES DISTRICT JUDGE