**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | No. 6:21-cv-00757-ADA |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

**DEFENDANT CISCO SYSTEMS, INC.'S OPPOSITION**
**TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN**
**OPINIONS OF CISCO'S INVALIDITY EXPERT JAMES BRESS**

## I.      INTRODUCTION

The Court should allow Cisco's invalidity expert, James Bress, to testify regarding the H.323 and RFC 2543 prior art references because they are directly responsive to the Court's ruling at the June 29, 2023 Pre-Trial Conference regarding the meaning of the term "each." Indeed, the Court specifically noted that it would allow Cisco to supplement its invalidity expert report to address this new construction. ECF No. 151-9 (Hearing Tr.) at 156:13–17.

*First*, Mr. Bress's opinions on H.323 and RFC 2543 are responsive to and necessitated by the Court's order regarding the claim term "each." The Court's ruling—i.e., that "each has a plain and ordinary meaning which can include one or more"—necessarily affects the parties' understanding of the scope of the invention and thus the universe of relevant prior art, including H.323 and RFC 2545. Because Paltalk never indicated that it understood "each" to mean or include "one or more" prior to expert depositions, Cisco's invalidity expert, Dr. Bress, had no occasion to provide expert opinions regarding prior art that is relevant under this new interpretation of the term. That Cisco and Mr. Bress were aware of both H.323 and RFC 2543 prior to the Court's ruling is irrelevant because neither understood that Paltalk would take the position that "each" means anything other than "all."

*Second*, Cisco has not reneged on any agreement with Paltalk. It is true that, via the parties' expert reports, both sides narrowed the asserted claims and prior art references prior to trial naturally, without any agreements on specific limits. Joint Report on Results of Narrowing of Meet and Confers, ECF No. 60. Paltalk's expert report only addressed Claims 1-5 because they had chosen to drop claims 6-10. Cisco's expert report had also narrowed the number of references to reflect those it intended to present at trial. But Cisco certainly never agreed to limit its invalidity

references to a specific number. It would be highly prejudicial for Cisco to be precluded from presenting prior art addressing a later construction.

Because the H.323 and RFC 2543 prior art references directly address the Court's new construction, Mr. Bress should be permitted to testify regarding those opinions.

## II.    BACKGROUND

Paltalk filed this suit asserting that Cisco infringes U.S. Patent No. 6,683, 858 ("the '858 Patent") on July 23, 2021 and now asserts claims 1–5 of the '858 Patent. The Court held a Markman hearing on February 24, 2022. Fact and expert discovery concluded on September 22, 2022 and November 17, 2022, respectively.

Paltalk did not disclose its interpretation of the claim term "each" to mean "one or more" in its infringement contentions or its expert reports. Neither party sought construction of the term "each" during the Markman proceedings. Similarly, during reexamination of the '858 Patent, Paltalk did not take the position that "each" means "one or more." Ex. A: Response to Office Action, In re Reexamination of U.S. Patent No. 6,683,858.

The first time Paltalk disclosed its position that "each" means "one or more" was during Dr. Schaefer's deposition on November 11, 2022:

> Q. [Y]our interpretation of Claim 1.f, that limitation in Claim 1.f is that the term "each" means one or more; is that correct?
>
> A. That's interesting. That's the way I have previously been interpreting it.

Ex. B (Scott Schaefer deposition transcript) at 158:17-22; *see also*, *id*. at 260:16-18 ("Q. Okay. So that limitation, in your mind, that 'each' means one or more again? A. Based on the specification, yes.").

At the June 29, 2023 Pretrial Conference, the Court decided Cisco's Motions for Summary Judgment and the parties' Daubert motions. The Court also ruled that "each" has "a plain and

ordinary meaning which can include one or more." ECF No. 151-9 (Pretrial Conference Tr.) at

156:9–12.[1]

The Court also specifically permitted Cisco the opportunity to supplement its expert reports

to address this new interpretation:

> Now, I think that that may require Cisco to – knowing that now may require
> Cisco to have more time to deal with that issue either with regard to invalidity or
> infringement. And you're going to get it.

ECF No. 151-9 (Pretrial Conference Tr.) at 156:13–17.

## III.   ARGUMENT

### A.   Mr. Bress's opinions regarding H.323 and RFC 2543 directly address the Court's new construction of "each."

Mr. Bress should be permitted to testify regarding H.323 and RFC 2543 because they are

directly responsive to the Court's new ruling on the meaning of the term "each" at the June 2023

Pretrial Conference. The Court's determination that "'each' has a "plain and ordinary meaning that

can include one or more" changed the scope of the invention and led Mr. Bress to include H.323

and RFC 2543 in his supplemental invalidity report.

Mr. Bress's supplemental invalidity report is the first occasion where Cisco's invalidity

expert had the opportunity to address the revised interpretation of "each." Prior to the June 2023

Pretrial Conference, Cisco had understood the plain and ordinary meaning of "each" to be "all."

Mr. Bress's original invalidity expert report thus interpreted the multiplexing limitations of the

patent to require the creation of "a multiplexed stream" and then "sending said multiplexed stream"

to each (all) of the participants. As noted above, Cisco first heard Paltalk's interpretation of "each"

during Dr. Schaefer's deposition: Neither party raised this construction during *Markman*, and

Paltalk never took this position during the re-examination.

---

[1] Cisco has filed a Motion for Clarification with the Court on the Court's Pretrial Conference Rulings, including the Court's construction of "each." ECF No. 133 (Mot. for Clarification).

As a result of the Court's June 2023 ruling, Paltalk now asserts a broader invention. In particular, instead of requiring an audio conference with at least three participants to meet claim 1, a simple telephone call between two participants (where only one person has to speak and only one person's audio has to be sent) is apparently sufficient. That is because, as noted in Cisco's Motion for Clarification, Paltalk asserts that the Court's construction means that "said multiplexed stream" does not have to refer back to the prior "a multiplexed stream." ECF No. 133 at 4 (Mot. for Clarification). Despite Paltalk's argument to the contrary, there can be no doubt that H.323 and RFC 2543 both address such a situation. H.323 discloses two high-level types of conferences, one of which is a "[p]oint-to-[p]oint conference … between two terminals." Ex. C (Bress Supplemental Invalidity Report), ¶ 101. And FC 2543 expressly suggests using SIP "in conjunction with other call setup and signaling protocols," such as H.323. *Id.* ¶ 394.

Mr. Bress's opinions regarding H.323 and RFC 2543 address the Court's ruling on "each."

**B.      Cisco has not limited the scope of its prior art references to a set number.**

Contrary to Paltalk's assertion, the parties never agreed to limit the number of prior art references that Cisco would present at trial. Via expert reports, both sides independently and naturally narrowed the asserted claims and prior art references as the parties were approaching trial. ECF No. 60 (Joint Report on Results of Narrowing of Meet and Confers). Paltalk dropped claims 6-10 of the Asserted Patent. Cisco never agreed to limit its prior art references to a set number, as Paltalk claims.

Moreover, the parties' agreement to proceed based on their narrowed claims and prior art disclosed in expert reports occurred *before* Paltalk disclosed its position regarding "each" and the Court issued its ruling on the term. Before to the Court's construction of "each" at the June 2023 Pretrial Conference, the seven prior art references in Mr. Bress's invalidity report were the best

references for addressing an audio-conferencing system with more than two participants that sent the active speaker's audio to "all" participants. Paltalk cannot expect to preclude Cisco from addressing prior art that became relevant after Cisco's original invalidity report when Paltalk disclosed its new interpretation of "each," which the Court ruled on, only after Cisco served that invalidity report, due to the Court's new construction of "each."

## IV.    CONCLUSION

For the reasons described above, the Court should deny Paltalk's motion to exclude certain opinions of Cisco's invalidity expert Mr. Bress.

Dated:  November 21, 2023                Respectfully submitted,

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
Robin L. Brewer (admitted *pro hac vice*)
Nathan B. Sabri (admitted *pro hac vice*)
Karl M. Johnston (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
RBrewer@perkinscoie.com
KJohnston@perkinscoie.com
NSabri@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Ryan Hawkins (admitted *pro hac vice*)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
RHawkins@perkinscoie.com
Telephone: (858) 720-5709
Facsimile: (858) 720-5809

Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
JDelacenserie@perkinscoie.com
Telephone: (206) 359-3644

Olivia S. Radics (admitted *pro hac vice*)
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703
ORadics@perkinscoie.com
Telephone: (608) 663-7460

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX 75702
mikejones@potterminton.com
shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 21, 2023.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier
