**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § § § | |
| **Plaintiff** | § § | |
| vs. | § § | No. 6:21-cv-00757-ADA |
| **CISCO SYSTEMS, INC.,** | § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § § | |

# DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO CONTINUE TRIAL

I.      INTRODUCTION

Cisco Systems, Inc. ("Cisco") respectfully moves the Court for a continuance of the trial scheduled to begin on April 8, 2024 (ECF No. 163). The Court previously asked the parties about potential conflicts for an April 8, 2024 trial; on August 31, 2023, counsel for Cisco provided the Court its conflicts for the week of April 8. *See* Elise Edlin Declaration ("Edlin Decl."), Ex. A (Aug. 31, 2023 email to J. Shultz.)  Thereafter, the Court scheduled the trial for May 6, 2024. ECF No. 136.  On January 8, 2024, the Court issued an order rescheduling the trial for April 8, 2024. The parties met and conferred by email, but Paltalk opposes this motion.

An April 8, 2024 trial setting presents a significant burden for Cisco for two reasons. First, its entire in-house (four attorney) patent litigation team will be preparing for and attending trials before this Court during the weeks immediately before (*WSOU v. Cisco* (WDTX, 6:21-cv-00128-ADA)) and after (*Corrigent v. Cisco* (WDTX, 6:22-cv-00396)) the week of April 8.  Trying *Paltalk v. Cisco* the week of April 8, 2024 would thus prejudice Cisco in all three of these cases.  Second, after confirming the May 6, 2024 trial date, one of Cisco's will-call fact witnesses scheduled business travel to Singapore that week, and one of Cisco's expert witnesses booked a family vacation.

II.     CISCO WILL BE PREJUDICED BY AN APRIL 8, 2024 TRIAL

Cisco's in-house patent litigators actively participate in its trials, working diligently behind the scenes to develop strategy, prepare witnesses, and negotiate settlement proposals, and they attend the trials each day.  Here, it would be impossible for Cisco to meaningfully participate in any trial preparations in advance of the *Paltalk* trial without missing portions of the *WSOU* trial and significantly sacrificing its preparation for that case.  Similarly, Cisco's in-house team will have virtually no ability to prepare for the *Corrigent* trial, as it would be consumed with *WSOU* and *Paltalk* for at least the two weeks before that trial begins (likely longer as preparations would

need to commence at least a few weeks before the first trial). The scheduling of witness preparations weeks in advance of trial would not only inconvenience the witnesses who will have to travel multiple times, but also present challenges as the testimony and evidence evolve. A single, three (or more) week trial is common and taxing. But that is far more manageable than three back-to-back-to-back trials that will be covering different patents, and have different witnesses, accused products, technologies, experts, and outside counsel. It is unduly burdensome for Cisco's small in-house legal team to manage and actively participate in Cisco's defense in such a scenario.

In addition, although they previously made themselves available for the April 8, 2024 proposed date, once the Court scheduled trial for May 6, 2024, two of Cisco's witnesses booked travel during the week of April 8: One of Cisco's will-call fact witnesses scheduled business travel to Singapore, where he will be presenting to customers, and one of Cisco's experts booked a family vacation to travel to an optimal viewing location to see the total solar eclipse, which will not happen in the United states for another twenty years. While family vacations can normally be rescheduled, this is a once in a lifetime event that the family specifically scheduled their vacation around (taking into account the original May 6, 2024 trial date, which did not present any conflict).

### III. PALTALK WILL NOT BE PREJUDICED BY A MINOR TRIAL DELAY

The *Paltalk v. Cisco* trial has now been scheduled five times,[1] each of which has been changed due to either Paltalk or the Court's conflicts. Cisco has never requested that a trial date be moved. In fact, when each of these conflicts arose, Cisco coordinated with all seven of its

---

[1] The Court has previously scheduled trial for February 14, 2023 (ECF 24); February 23, 2023 (ECF 42); March 6, 2023 (ECF 100) (this date was rescheduled to accommodate a conflict that Paltalk had the week *after* the March 6 trial date); July 17, 2023 (ECF 105); the Court tentatively scheduled trial on December 11, 2023 (*see* Edlin Decl., Ex. E (June. 1, 2023 email)) but Paltalk notified the Court of a conflict and requested additional dates; the Court ordered trial on May 6, 2024 (ECF No. 136); and this week the Court ordered trial on April 8, 2024 (ECF 163).

witnesses to ensure their availability and has been able to accommodate all scheduling changes other than this one.

The sole asserted patent expired on July 26, 2022, so with only past damages at issue Paltalk will not be prejudiced by the minor delay necessitated by a continuance. *See LS Cloud Storage Techs. v. Google, LLC*, 1:22-CV-00853-RP, at *4-5 (W.D. Tex. July 25, 2023) ("LS Could Storage Technologies is only seeking money damages, undermining its claims of prejudice.") (citing *Uniloc 2017 LLC v. LG Elecs. USA, Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("stay will not diminish the monetary damages to which [a party] will be entitled if it succeeds in its infringement suit – it only delays realization of those damages"). Indeed, Paltalk has been the party to request changes to the trial schedule on multiple occasions (*see* Edlin Decl., Exs. B-D), without concern about delay. Cisco's request is to simply move the trial back to its original May 6, 2024 date (if available) or within a reasonable time after May 6 if the Court is unavailable that week.

**IV.     CONCLUSION/REQUEST**

Cisco appreciates the challenges that the Court faces scheduling trials and does not make this request lightly. But since this is the first time Cisco has been unable to accommodate the Court's schedule, Cisco respectfully requests the Court continue the trial to the date most recently set (May 6, 2024) or a date when the Court and all parties are available.

Dated: January 16, 2024                                  Respectfully submitted,

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
Robin L. Brewer (admitted *pro hac vice*)
Karl M. Johnston (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
RBrewer@perkinscoie.com
KJohnston@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Ryan Hawkins (admitted *pro hac vice*)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
RHawkins@perkinscoie.com
Telephone: (858) 720-5709
Facsimile: (858) 720-5809

Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
JDelacenserie@perkinscoie.com
Telephone: (206) 359-3644

Olivia S. Radics (admitted *pro hac vice*)
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703
ORadics@perkinscoie.com
Telephone: (608) 663-7460

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX  75702
mikejones@potterminton.com

-5-

        shaunhassett@potterminton.com
        Telephone: (903) 597.8311
        Facsimile: (903) 593.0846

        ATTORNEYS FOR DEFENDANT
        CISCO SYSTEMS, INC.

## **CERTIFICATE OF CONFERENCE**

I certify that the parties conferred via email regarding the relief requested in this motion. Counsel for Paltalk indicated that they are opposed to the relief requested.

Dated: January 16, 2024                    Respectfully submitted,

                            */s/ Sarah E. Piepmeier*
                            Sarah E. Piepmeier

-7-

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on January 16, 2024.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier
