# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., | |
| Plaintiff, | **CIVIL  ACTION  NO.: 6:21-cv-00757-ADA-DTG** |
| v. | |
| CISCO SYSTEMS, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## PLAINTIFF PALTALK HOLDINGS, INC.'S RESPONSE TO CISCO SYSTEMS, INC.'S MOTION FOR CONTINUANCE

Paltalk Holdings, Inc. ("Paltalk") asks the Court to deny Cisco Systems, Inc.'s ("Cisco") Motion for Continuance ("Motion") because Cisco has not demonstrated compelling reasons that show substantial prejudice will result without a continuance.

## I.    INTRODUCTION

On July 23, 2021, Paltalk sued Cisco for infringement of U.S. Patent No. 6,683,858 ("the '858 Patent"). The '858 Patent discloses several features integral to audioconferencing applications, including the ability to host both traditional phones and computers in a single conference, echo cancellation, the identification of active speakers and creation of an active speakers' list, and the ability to have the aforementioned features at relatively low bandwidths.

Trial is currently set for April 8, 2024, after this Court—on its own initiative—rescheduled it from a trial date of May 6, 2024. *See* ECF No. 163; ECF No. 139.  Notably, the current April 8, 2024 trial date was chosen by the Court ***after*** it had been made aware of Cisco's opposition to such date back in August 2023, due to alleged conflicts based on other trial dates the weeks of April 1, 2024 and April 15, 2024. *See* ECF No. 164-1 (Elise Edlin Declaration); ECF No. 164-2 (Exhibit

A to Elise Edlin Declaration).  Apparently, like Paltalk, the Court does not think Cisco's arguments against the April 8, 2024 trial date are valid.  Despite the communications with both parties from August 2023, in which Cisco made clear it did not prefer the April 8, 2024 trial date, the Court has still chosen such date.

Cisco's Motion requests a continuance under the pretense that it will be prejudiced by the April 8, 2024 trial date due to the other trials that are scheduled immediately before and immediately after (***but not during***) the one at hand, as well as due to alleged witness and expert conflicts.  As shown below, Cisco's complaints regarding the April 8, 2024 trial date do not establish that any prejudice will result from that date, and in fact, one of the alleged conflicts no longer exists.

## II.   ARGUMENT

### 1.  Legal Standard

Although a court has broad discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner, this is not a case in which the Court should do so. *See Myers v. CitiMortgage, Inc.*, 557 F. App'x 296, 298 (5th Cir. 2014) (denial of continuance was proper where case had been pending for over a year, trial had already been rescheduled twice, the Court had time at the scheduled trial date to hear the case, and parties had plenty of time to pursue a potential resolution).

The decision whether to grant a continuance is within the sound discretion of the trial court. *United States v. Rounds*, 749 F.3d 326, 336 (5th Cir. 2014). "The judgment range [for such a decision] is exceedingly wide," and when faced with a scheduling decision, the district court must consider not only the facts of the case but also the demands on counsel's and the Court's time. *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000); *Fontenot v. Upjohn Co.*, 780 F.2d 1190,

1193 (5th Cir. 1986). "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling witnesses, lawyers, and jurors at the same place, at the same time, and this burden counsels against continuances except for compelling reasons." *Morris v. Slappy,* 461 U.S. 1, 11 (1983).

Courts have made clear that under Fed. R. Civ. P. 16(b), district courts need not tolerate undue delay, and they have inherent authority "to promote the just, speedy, and inexpensive determination of every action." *See G. Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F.2d 648 (1989) (en banc); *see also* 6 C. Wright and A. Miller, § 1522, at 572 (1971).

Like *Myers*, the Motion should be denied because the case at hand has been pending for well over a year, has been rescheduled for trial now six times, the Court appears to have time to hear the case on April 8, 2024, and the parties have had plenty of time to pursue a potential resolution.  Like *Morris*, this Court deserves and requires latitude in its scheduling of trials except for compelling reasons, which are not present in this case, as shown below.  Therefore, Cisco's Motion should be denied.

### 2.  Cisco Will Not Be Prejudiced by the April 8, 2024 Trial Date Because the Attorneys Listed in the Pleadings Can Handle the Litigation

Cisco first argues that an April 8, 2024 trial setting presents a "significant burden" for Cisco because its "entire in-house (four attorney) patent litigation team will be preparing for and attending trials before this Court during the weeks immediately before (*WSOU v. Cisco* (WDTX, 6:21-cv-00128- ADA)) and after (*Corrigent v. Cisco* (WDTX, 6:22-cv-00396)) the week of April 8". *See* ECF No. 164, p. 1. This is not a compelling cause for a continuance. *See e.g.*, *U.S. v. Coffee*, 715 F. Supp. 795, 796 (N.D. Tex. 1989) (where Court declined to continue a trial due to attorney unavailability due to other trial obligation); *see also U.S. v. Barrentine*, 591 F.2d 1069 (5th Cir. 1979), cert. denied, 444 U.S. 990 (1979) (where Fifth Circuit upheld trial court order

denying continuance despite attorney scheduling conflict and other qualified attorneys were available to assume the defendants' defense). In fact, in the cases cited above, the *trial* attorneys had conflicts (unlike here), and the courts still found a continuance was not warranted. This is especially true since **Cisco's trial attorneys do not have a conflict** with the April 8, 2024 trial date.

Cisco's claim that its in-house litigation team will be busy preparing for trials before and after the April 8, 2024 trial date is not only an invalid reason to continue the trial of the case at hand, but it is also now a moot point. Specifically, the Court has moved the April 1, 2024 *WSOU* case that was originally preceding the trial of the instant case, and which Cisco complains about in its Motion, to June 3, 2024. *See* ECF No. 223 (1-19-24 Order Setting Jury Trial). Consequently, **Cisco will not be in trial the week preceding April 8, 2024**, and it will be able to have its in-house attorneys participate in trial preparation for this case without missing another trial setting. Additionally, all parties involved or familiar with this case are well-aware that Cisco's in-house attorneys—while extremely knowledgeable and legally trained—are not the main litigators of this case. A quick look at the signature block of the pleadings on file shows that Cisco has enlisted legal teams at Perkins Coie LLP and Potter Minton to defend the case and manage the litigation. Cisco has failed to state why the attorneys listed in the pleadings cannot handle the case, and therefore, a continuance is improper.

### 3.  Cisco's Claims that it Will Be Prejudiced by the April 8, 2024 Trial Date Due to Witness Unavailability are Not Compelling

Cisco's next argument that a continuance is warranted is because "one of Cisco's will-call fact witnesses scheduled business travel to Singapore that week, and one of Cisco's expert witnesses booked a family vacation." *See* ECF No. 164, p. 1. Once again, these are not compelling reasons to merit a continuance.

Cisco contends that an April 8, 2024 trial date cannot occur due to one of its experts

planning a vacation to travel to an "optimal viewing location to see the total solar eclipse." *See* ECF No. 164, p. 2. Interestingly, the location of the upcoming trial in Waco, Texas, is one of the best spots in the United States to view the solar eclipse.[1] It is hard to see how the expert could be present in a more ideal location than Waco to view this once-in-a-lifetime event. And, if it is a vacation the expert needs, that can be rescheduled. A vacation to see a solar eclipse is not a good cause to move a trial date in a case that has been pending for two-and-a-half years, and which has been rescheduled six times. Additionally, Cisco's expert has a more than ample three months' notice for vacation re-scheduling purposes. Further, if it becomes necessary, Cisco could offer the expert's deposition testimony in lieu of live trial testimony or have the expert testify remotely. The absence of a witness or party from trial is not enough to prove prejudice and justify a continuance when the testimony is available by deposition or by remote methods. *See, e.g.*, *Mraovic v. Elgin, Joliet & Eastern Ry. Co.*, 897 F.2d 268, 271 (7th Cir. 1990) (where Seventh Circuit held that district court's refusal to postpone trial because medical experts were unavailable was not unreasonable because case was more than two years old, party had more than two-and-a-half months to arrange testimony from his doctors after the district court set a firm trial date and an additional three weeks to arrange their testimony after court denied motion for continuance, and

---

[1] *See* Christopher De Los Santos, *Waco to offer ideal viewing for 2024 solar eclipse, two years from Friday*, WACO TRIBUNE-HERALD (Apr. 8, 2022), https://wacotrib.com/news/local/waco-to-offer-ideal-viewing-for-2024-total-solar-eclipse-two-years-from-friday/article_c89c33c4-b775-11ec-8f7d-5fbf69cf36d9.html; *See* Christopher De Los Santos, *Tourists to flock to Waco for solar eclipse viewing in April*, WACO TRIBUNE-HERALD (Sept. 6, 2023), https://wacotrib.com/news/local/tourists-to-flock-to-waco-for-solar-eclipse-viewing-in-april/article_964ef710-4ccc-11ee-904d-0fb9aa3f1f9c.html#tncms-source=login; *See 'Eclipse Over Texas: Live from Waco' to Celebrate April 8, 2024 Total Solar Eclipse*, BAYLOR UNIVERSITY MEDIA AND PUBLIC RELATIONS (Apr. 8, 2022), https://news.web.baylor.edu/news/story/2022/eclipse-over-texas-live-waco-celebrate-april-8-2024-total-solar-eclipse.

party put forward no compelling reasons for continuance).

Likewise, Cisco's complaint that a fact witness has scheduled business travel during the week of April 8, 2024 falls flat.  Business travel can be rescheduled with three months' notice. Moreover, similar to an expert witness and as shown above, a fact witness' testimony can be presented via deposition in lieu of live testimony, if it becomes necessary. Or the witness could appear remotely to testify live at trial. Regardless, this fact witness's business travel is certainly not a compelling reason for a continuance in this case. *See, e.g.*, *Command-Aire Corp. v. Ontario Mechanical Sales and Service Inc.*, 963 F.2d 90, 96 (5th Cir. 1992) (where court not required to delay case indefinitely because of witness's incapacity).

In its Motion, ***Cisco failed to even name the unavailable expert and witness***, or to describe their anticipated testimony and what it is expected to prove. *See, e.g.*, *Gardner v. Federated Dept. Stores*, 907 F.2d 1348, 1354 (2d Cir.1990) (description of proposed testimony showed that it was speculative in nature and continuance was properly denied).  Cisco also failed to show that the witness's testimony is material. *See, e.g.*, *Gardner*, 907 F.2d at 1354 (movant did not demonstrate that excluded witness's testimony was material); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1158–59 (5th Cir.1985) (movant did not explain how absent witness's testimony would have been anything other than expert testimony and district court acted within its discretion in denying motion for continuance).

Cisco has failed to specifically show how the unavailability of an unnamed expert and fact witness will be substantially prejudicial to Cisco if the trial is not continued, and therefore, its Motion should be denied.

## III.    CONCLUSION

Cisco will not be prejudiced by the court-ordered trial date of April 8, 2024.  Not only does

it have competent legal representation that can handle the trial, but it also has numerous solutions to its alleged expert and fact witness conflicts.  There are no compelling reasons to re-schedule the trial of this matter for a seventh time, and in the interest of counsel's and the Court's time, a continuance is not warranted. For these reasons, Paltalk asks the Court to deny Cisco's motion for continuance.

Dated: January 22, 2024                      Respectfully submitted,

                                             */s/ Mark D. Siegmund*
                                             Max L. Tribble, Jr.
                                             Texas Bar No. 2021395
                                             Ryan Caughey
                                             Texas Bar No. 24080827
                                             Bryce T. Barcelo
                                             Texas Bar No. 24092081
                                             Amber B. Magee (admitted *pro hac vice*)
                                             Texas Bar No. 24121572
                                             **SUSMAN GODFREY LLP**
                                             1000 Louisiana Street, Suite 5100
                                             Houston, Texas 77002-5096
                                             Telephone: (713) 651-9366
                                             Fax: (713) 654-6666
                                             mtribble@susmangodfrey.com
                                             rcaughey@susmangodfrey.com
                                             bbarcelo@susmangodfrey.com
                                             amagee@susmangodfrey.com

                                             Kalpana Srinivasan
                                             California Bar No. 237460
                                             **SUSMAN GODFREY LLP**
                                             1900 Avenue of the Stars, 14th Floor
                                             Los Angeles, California 90067-6029
                                             Telephone: (310) 789-3100
                                             Fax: (310) 789-3150
                                             ksrinivasan@susmangodfrey.com

                                             Mark D. Siegmund
                                             State Bar No. 24117055
                                             **CHERRY JOHNSON SIEGMUND**

**JAMES PLLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
P: (254) 732-224
F: (866) 627-3509
msiegmund@cjsjlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on January 22, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/Mark D. Siegmund*
**Mark D. Siegmund**