# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| PALTALK HOLDINGS, INC., | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION 6:21-cv-00757-ADA |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC., | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## FINAL PRETRIAL ORDER

Plaintiff Paltalk Holdings, Inc. ("Plaintiff" or "Paltalk") and Defendant Cisco Systems, Inc. ("Defendant" or "Cisco") hereby submit the following proposed Joint Pretrial Order pursuant to the Amended Scheduling Order (Dkt. 161), the Court's Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases, the Federal Rules of Civil Procedure, and the Local Rules of this Court. The parties have stipulated to various matters identified herein and have identified factual contentions and trial issues. The Parties' appearances of counsel, joint statements of the case, contentions, exhibit lists (and objection thereto), witness lists (and objections thereto), deposition designations and counter-designations (and objections thereto), joint proposed preliminary jury instructions, joint proposed final jury instructions, proposed voir dire questions, joint proposed jury questionnaire, proposed verdict forms, and Paltalk's opposed motions in limine are attached as exhibits A-K.

## I.    STIPULATED FACTS

1.    This Court has jurisdiction over the parties and all claims and defenses in this action.

2.      Plaintiff Paltalk Holdings, Inc. is a Delaware corporation with its principal place of business at 30 Jericho Executive Plaza, Jericho, New York 11753.

3.      Defendant Cisco Systems, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 170 W. Tasman Dr., San Jose, CA 95134. Cisco Systems is registered to do business in the State of Texas.

4.      The Asserted Patent is U.S. Patent No. 6,683,858 (the "'858 Patent").

5.      The '858 Patent, entitled "Hybrid server architecture for mixing and non-mixing client conferencing" was filed as PCT application No. 09/604,961 on June 28, 2000, and was issued by the USPTO on January 27, 2004.

6.      Paltalk Holdings Inc. is the assignee and owner of the '858 Patent.

7.      The Asserted Claims of the '858 Patent are Claims 1, 2, 3, 4, and 5.

8.      On July 23, 2021, Paltalk filed a Complaint against Cisco asserting infringement of the '858 Patent.

9.      The '858 Patent expired July 26, 2022.

## II.    STIPULATIONS AND TRIAL DISCLOSURES

The following stipulation were agreed upon by the parties as discussed below and are made a part of this Pretrial Order.

The parties agree to the following procedure which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

1.  Continued Meet-and-Confer. The parties will continue to meet and confer to attempt to resolve their objections to jury instructions, deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that

2

additional stipulations are agreed by the parties.

2. <u>Motions.</u> The parties request that all motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court, and responded to, orally or in writing. Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of service of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties reserve their right to seek reasonable extension of these deadlines subject to the Court's approval.

3. <u>Documentary Demonstratives</u>. The parties will exchange copies of all forms of documentary demonstratives that they plan to use during opening statements or direct examination—but not for cross-examination (including of a party's own witness that the opposing party has called adversely) or closing statements. Opening demonstratives will be exchanged by a time mutually agreed upon by the parties the day before their intended use. Direct demonstratives will be exchanged by 7:00 PM Central Time on the night before their intended use. The party seeking to use a demonstrative will provide, via email, a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide a copy to the other side in electronic form. Any animations must be provided in executable form. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide, via email, a color representation as a PDF or 8.5x11 copies of the exhibits. The parties shall exchange objections to opening demonstratives by a time mutually agreed upon by the parties on the day the opening demonstratives are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to the opening demonstratives at a time mutually agreed upon by the parties

on the day the demonstratives are received. The parties shall exchange objections to direct demonstratives by 8:30 PM Central Time on the day the direct demonstratives are received. The parties shall meet and confer telephonically in an attempt to resolve any objections to the direct demonstratives by 9:30 PM Central Time on the day the demonstratives are received. Non-substantive corrections of typographical type errors to demonstratives may be made prior to use. Demonstratives previously displayed in the course of the trial need not be disclosed again.

    i.    This stipulation applies to demonstratives specifically created for the purpose of the trial and for illustrative purposes only, and do not include (1) demonstratives created in the courtroom during testimony or opening at trial; or (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

    ii.    Demonstratives need not be included in the parties' respective exhibit lists.

    iii.    Neither party will use the other party's own demonstratives before they are used by the disclosing party.

4. <u>Non-Documentary and/or Live Demonstratives</u>. The parties will make available for inspection all non-documentary demonstratives or live demonstratives, such as physical exhibits, physical prior art or physical products, that they plan to use during direct examination or during opening or closing statements—but not for cross-examination (including of a party's own witness that the opposing party has called adversely)—by 8:00 PM Central Time two nights before their intended use. The parties

162246192.2

shall exchange objections to these non-documentary demonstratives or live demonstratives by 8:30 PM Central Time on the night before their intended use. The parties shall meet and confer telephonically in an attempt to resolve any objections to the non-documentary demonstratives or live demonstratives by 9:30 PM Central Time on the night before their intended use. Demonstratives previously displayed in the course of the trial need not be disclosed again.

5. <u>Witnesses</u>. The parties will identify witnesses to be called live and the reasonably anticipated order of witnesses either live or by deposition at 7:00 PM Central Time two nights before the day of trial during which the witnesses are expected to testify. In other words, if a witness will testify on a Wednesday, the witness should be identified by 7:00 PM Central Time on Monday. Thereafter, each side shall update its expected witnesses at the end of each trial day at 7:00 PM Central Time. If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible. The time required for direct examination shall count against the offering party and the time required for cross-examination shall be counted against the cross-examining party. Fact witnesses are not to be allowed in the courtroom before they testify on the stand, or after, if they are subject to recall. The only exceptions are for a party or a party's client representative, who will be allowed in the courtroom even if testifying in the case. The parties will also exchange lists of exhibits they intend to use during direct examination or by witnesses called by designation by 7:00 PM Central Time the night before their intended use, and an identification of the witnesses each such exhibit will be used with on direction examination or by designation. The parties shall exchange any objections by 8:30 PM Central Time on the day the lists of exhibits they intend to use during direct examination or by witness called by designation are

received. The parties shall meet and confer telephonically in an attempt to resolve any objections to the exhibits identified on these lists by 9:30 PM Central Time on the day the lists are received. This stipulation does not apply to witnesses called adverse, which the parties will identify at 7:00 PM Central Time two nights before the day of trial during which the witnesses are expected to testify, but not their anticipated exhibits or demonstratives. The parties' disclosures will reflect a good faith estimate of the exhibits that will be used with a particular witness and reasonable efforts will be made to streamline disclosures such that they do not include excessive numbers of exhibits that do not ultimately get used.

6. <u>Deposition Designations</u>. For each witness that a party intends to call by deposition, the party shall, by 7:00 PM Central Time three calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played. The receiving party shall provide a final list of objections and counter-designations by 7:00 PM Central Time two calendar days prior to the date the witness is to be called. Objections to the counter-designations are due by 10:30 PM the same evening. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and counter-designation testimony, and remove any attorney objections, and provide a final version of the deposition testimony excerpts (testimony clip report) to the other party by 7:00 PM the day before it is to be shown to the jury.  The parties are to meet and confer at 9:30 PM Central Time the day before the deposition testimony is to be shown to the jury in an attempt to resolve any objections to the deposition.

    i.    Witnesses presented by video will be divided by the actual time for designations and counter-designations by each party. The parties

6

shall provide the Court with a stipulated record of the total time allocated to each party's designations.

ii.   If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together.

iii.   The party who seeks to introduce the deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side.

iv.   No objections, preambles, or exchanges between counsel in depositions will be played or read.

v.   Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment, even if such testimony was not specifically designated in advance.

vi.   Copies of exhibits referred to during the introduction of deposition testimony will be offered into the trial evidence record to the extent admissible.

vii.   The designations and counter-designations must be presented in the order they appear in the transcript.

viii.   The parties will endeavor to work together to ensure that deposition testimony of each witness is only played once in order to ensure that a witness's testimony is heard completely by the jury just as if it would be if the witness were appearing live.

7.   <u>Resolution of Objections</u>. The parties will meet and confer regarding any objections by 9:30 PM Central on the night the objections are exchanged. The parties will cooperate

in seeking to have the Court resolve any remaining evidentiary disputes in advance of entry of any disputed exhibit, demonstrative, or deposition testimony.

8. <u>Exhibit List Descriptions</u>. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

9. <u>Materials Designated Confidential</u>. The parties will confer regarding the types of exhibits, testimony, or discussion that either party wishes to be sealed at trial as required by the Court's standing order and will cooperate with each other in notifying the Court of any such requests in accordance with the Court's standing order. That being said, pursuant to Paragraph 18 of this Court's Stipulated Protective Order (Dkt. 29), nothing shall be deemed to prevent the parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action.

10. <u>Witness Binders</u>. The parties agree that there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide at least one copy to the opposing side at the same time the binder is presented to the witness at trial.

11. <u>Stipulations Regarding Subject Matter Not to Be Presented to the Jury:</u>

    a. No party shall introduce any evidence, reference, or argument related to any theory of infringement, prior art, combination of prior art, or damages that was not specifically disclosed in an expert report.

    b. No party shall introduce any evidence, reference, damages theory, defense, or argument that has been dropped by a party or otherwise eliminated a result of a ruling by this Court on any Motion to Exclude or Motion for Summary

Judgment. Matters dropped thus far include claims 6-10 of the '858 Patent, infringement via the doctrine of equivalents, indirect infringement, willful infringement, prosecution history estoppel, and laches.

    c.    The parties acknowledge they have read and will comply with the Court's Order on Motions *in Limine* (Dkt. 108), subject to the Court's ruling on Paltalk's Opposition to Court MIL No. 6.

12. <u>Notice of Intent to Rest</u>. A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 PM Central Time or prior to leaving court, whichever is later, the day before that party expects to rest and provide a good-faith estimate of how much additional trial time the party expects to use before resting.

13. <u>A/V Equipment</u>. The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

14. <u>Juror Notebooks</u>. Copies of an agreed Juror Notebook will be provided to the Court containing: the Asserted Patents; each asserted claim; and a page for each witness expected to be called with a color photograph of the witness (provided by the offering party) and space for the juror to take notes.

## III.    EXHIBITS

- The Parties' Appearance of Counsel is attached hereto as **Exhibit A.**

- The Parties' Joint Statement of the Case is attached hereto as **Exhibit B.**

- Paltalk's Contentions are attached hereto as **Exhibit C-1.**

- Cisco's Contentions are attached hereto as **Exhibit C-2.**

- Paltalk's Exhibit List (with Cisco's objections) is attached hereto as **Exhibit D-1.**

- Cisco's Exhibit List (with Paltalk's objections) is attached hereto as **Exhibit D-2.**

- Paltalk's Witness List is attached hereto as **Exhibit E-1.**

- Cisco's Witness List is attached hereto as **Exhibit E-2.**

- Paltalk's objections to Cisco's Witness List are attached hereto as **Exhibit E-3.**

- Paltalk's deposition designations (and Cisco's objections and counter-designations and Paltalk's objections) are attached hereto as **Exhibit F-1.**

- Cisco's deposition designations (and Paltalk's objections and counter-designations and Paltalk's objections) are attached hereto as **Exhibit F-2.**

- The Parties' Joint Proposed Preliminary Jury Instructions are attached as **Exhibit G-1.**

- The Parties' Joint Proposed Final Jury Instructions are attached as **Exhibit G-2.**

- Paltalk's Proposed Voir Dire Questions are attached as **Exhibit H-1.**

- Cisco's Proposed Voir Dire Questions are attached as **Exhibit H-2.**

- The Parties' Joint Proposed Jury Questionnaire is attached as **Exhibit I.**

- Paltalk's Proposed Verdict Form is attached as **Exhibit J-1.**

- Cisco's Proposed Verdict Form is attached as **Exhibit J-2**

- Paltalk's Motions in Limine are attached hereto as **Exhibit K.** The parties resolved all of Cisco's Motions in Limine.

- A clean version of The Parties' Joint Proposed Preliminary Jury Instructions (omitting all arguments and citations) is attached as **Exhibit L-1.**

- A clean version of The Parties' Joint Proposed Final Jury Instructions (omitting all arguments and citations) is attached as **Exhibit L-2.**

- Paltalk's discovery designations are attached hereto as **Exhibit M-1.**

- Cisco's discovery designations are attached hereto as **Exhibit M-2.**

The parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

162246192.2

## IV.    ORDER OF PRESENTATION AT TRIAL

**A.    Opening Statements:** The trial presentations shall begin with opening statements by each party. Plaintiff shall present its opening statements first, followed by Defendant's opening statements.

**B.    Evidence:** The parties agree that unless the Court orders otherwise, the order of the presentation of evidence will follow the burden of proof, except to the extent that a witness must be taken out of order due to scheduling issues of the witness (in which event the parties will meet and confer and propose appropriate adjustments as needed). Plaintiff shall present its case first on the issue of infringement and damages. Defendants may then present its response on infringement and damages, and its case-in-chief on invalidity. Plaintiff may then present its response on invalidity and its rebuttal to Defendants' response on infringement and damages.

**C.    Closing Arguments:** After Plaintiff presents its rebuttal case, the parties shall conclude with closing arguments. Plaintiff shall have the option to reserve time for closing statement to respond to Defendants' closing, not to exceed 1/3 of the allotted closing time.

**D.    Agreed Juror Notebook:** Copies of an agreed Juror Notebook will be provided to the Court containing: the Asserted Patent; each asserted claim; and a page for each witness expected to be called with a color photograph of the witness (provided by the offering party) and space for the juror to take notes.

## V.    LIST OF PENDING MOTIONS

The following motions by Paltalk remain pending:

- Plaintiff's Renewed Motion to Strike Certain Opinions of Cisco's Damages Expert Ms. Kindler (Dkt. 153)

- Paltalk's Motion to Exclude Certain Opinions of Cisco's Expert Dean Willis (Dkt. 149)
- Paltalk's Motion to Exclude Certain Opinions of Cisco's Invalidity Expert James Bress (Dkt. 150)
- Paltalk's Motions in Limine (Dkt. 110)
- Paltalk's Opposition to the Court's MIL No. 6 (Dkt. 124)

The following motions by Cisco remain pending:

- Cisco's Motion to Exclude Portions of Expert Testimony by Mr. Walter Bratic and Dr. Scott Schaefer (Dkt. 151)
- Cisco's Motion for Clarification on the Court's Pretrial Conference Rulings (Dkt. 133)

The parties disputes on issues of law are all reflected in the motions listed above, along with any responses and replies thereto.

## VI.    LENGTH OF TRIAL

The trial is scheduled to begin after Jury Selection on April 8, 2024. Parties request 10 hours per side.

162246192.2

Dated: January 23, 2024

Respectfully submitted,

*/s/ Max L. Tribble, Jr.*

Mark D. Siegmund
State Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
P: (254) 732-2242
F: (866) 627-3509
msiegmund@cjsjlaw.com

Max L. Tribble, Jr.
Texas Bar No. 2021395
Ryan Caughey
Texas Bar No. 24080827
Bryce T. Barcelo
Texas Bar No. 24092081
Amber B. Magee (admitted *pro hac vice*)
Texas Bar No. 24121572
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
rcaughey@susmangodfrey.com
bbarcelo@susmangodfrey.com

Kalpana Srinivasan
California Bar No. 237460
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

162246192.2

Dated: January 23, 2024                    Respectfully submitted,


                                           /s/*Sarah E. Piepmeier*
                                           Sarah E. Piepmeier
                                           Robin L. Brewer (admitted *pro hac vice*)
                                           Elise Edlin (admitted *pro hac vice*)
                                           Karl M. Johnston (admitted *pro hac vice*)
                                           **PERKINS COIE LLP**
                                           505 Howard Street, Suite 1000
                                           San Francisco, CA  94105
                                           SPiepmeier@perkinscoie.com
                                           RBrewer@perkinscoie.com
                                           EEdlin@perkinscoie.com
                                           KJohnston@perkinscoie.com
                                           Telephone: (415) 344-7000
                                           Facsimile: (415) 344-7050

                                           Ryan Hawkins (admitted *pro hac vice*)
                                           **PERKINS COIE LLP**
                                           11452 El Camino Real, Suite 300
                                           San Diego, CA 92130-2080
                                           RHawkins@perkinscoie.com
                                           Telephone: (858) 720-5709
                                           Facsimile: (858) 720-5809

                                           Jessica J. Delacenserie (admitted *pro hac vice*)
                                           **PERKINS COIE LLP**
                                           1201 Third Avenue, Suite 4900
                                           Seattle, WA 98101-3099
                                           JDelacenserie@perkinscoie.com
                                           Telephone: (206) 359-3644

                                           Olivia S. Radics (admitted *pro hac vice*)
                                           **PERKINS COIE LLP**
                                           33 East Main Street, Suite 201
                                           Madison, WI  53703
                                           ORadics@perkinscoie.com
                                           Telephone: (608) 663-7460

                                           Michael E. Jones (SBN: 10929400)
                                           Shaun W. Hassett (SBN: 24074372)
                                           **POTTER MINTON**
                                           110 North College
                                           500 Plaza Tower

Tyler, TX  75702
mikejones@potterminton.com
shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846

162246192.2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document and all exhibits

attached hereto were served on counsel of record via email on January 23, 2024.

_/s/ Amber B. Magee_
Amber B. Magee