# EXHIBIT C-1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | CASE NO. 6:21-CV-00757-ADA <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF PALTALK HOLDINGS, INC.'S CONTENTIONS**

Pursuant to the Court's Standing Order Governing Proceedings in Patent Cases, Plaintiff Paltalk Holdings, Inc. ("Paltalk") hereby provides the following contentions that it may use at the jury trial scheduled to begin May 6, 2024 and to continue from day to day thereafter. Paltalk reserves the right to amend, supplement, or alter these contentions.

**Paltalk's Contentions**

Paltalk's contentions are set forth in detail in Paltalk's pleadings, discovery responses, expert reports, and motion papers, including Paltalk's *Daubert* motions, motions *in limine*, and oppositions to Cisco's summary judgment motions, all of which are incorporated here by reference.

Paltalk provides the following statement of contentions without waiver of any claim, response given during discovery, pending motion (including any motions *in limine*, motions for summary judgment, Daubert motions, and motions to strike), or any opinion expressed by Paltalk's experts.

1. Paltalk denies each of Cisco's contentions.

2. Paltalk Holdings, Inc. purchased all substantial rights associated with the '858 Patent on December 19, 2001.

3. The priority date of the '858 Patent is June 28, 2000.

4. Paltalk owns all rights associated with the Asserted Patent, entitled "Hybrid server architecture for mixing and non-mixing client conferencing."

5. The patent-in-suit has been issued by the United States Patent and Trademark Office and therefore is entitled to a presumption of validity. Paltalk contends that Defendants cannot prove by clear and convincing evidence that any Asserted Claim is invalid as anticipated or obvious in view of prior art under 35 U.S.C. §§ 102 and/or 103 or for lack of written description and enablement under 35 U.S.C. § 112.

6. Paltalk contends that Cisco infringes Claims 1, 2, 3, 4, and 5 of the '858 Patent under 35 U.S.C. § 271 by making, using, offering for sale, selling, and/or importing such audio conferencing methods that are implemented in at least the following products: Webex for Microsoft Windows, Webex for Apple IOS, Webex for Google Android, Webex for Apple macOS,

Webex Meetings, Webex Teams (including Webex Teams Desktop), Webex VDI, Webex Training Center, Webex Support Center, Webex Event Center, Webex Sales Center, Webex Enterprise Edition, and Webex Connect (collectively the "Accused Products") in the United States, and importing these products into the United States.

7. Paltalk contends that the Asserted Patent is valid, eligible and enforceable and that its claims are not barred or otherwise limited as a result of any of the affirmative defenses raised by Cisco.

8. Paltalk contends that Cisco is not entitled to any finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

9. Paltalk contends that it has suffered damages in an amount to be determined at trial that is not less than a reasonable royalty adequate to compensate it for Cisco's infringement of the Asserted Patent as a direct and proximate cause of Cisco's infringement, and that it is entitled to an award of damages adequate to compensate Paltalk for Cisco's infringement.

10. Paltalk contends that it is entitled to actual and/or compensatory damages, reasonable royalties, and pre-judgment and post-judgment interest and any other relief that it is entitled to receive from Cisco and that the Court deems equitable and just.

11. Paltalk contends that the starting period for the reasonable royalty is July 23, 2015, six years before the day on which Paltalk filed this lawsuit.

12. Paltalk contends that its damages for Cisco's past infringement of the '858 Patent are not barred or limited by U.S.C. § 287 or any other legal or equitable theories asserted by Cisco.

Dated: December 12, 2023                                                 Respectfully submitted,

/s/ *Max L. Tribble, Jr.*
Max L. Tribble, Jr.
Texas Bar No. 2021395
Ryan Caughey
Texas Bar No. 24080827
Bryce T. Barcelo
Texas Bar No. 24092081
Amber B. Magee (admitted *pro hac vice*)
Texas Bar No. 24121572
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
rcaughey@susmangodfrey.com
bbarcelo@susmangodfrey.com
amagee@susmangodfrey.com

Kalpana Srinivasan
California Bar No. 237460
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

Mark D. Siegmund
State Bar No. 24117055
**Cherry Johnson Siegmund James PLLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
P: (254) 732-224
F: (866) 627-3509
msiegmund@cjsjlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above document was served via email on all counsel of record on December 12, 2023.

 /s/ *Amber B. Magee*
Amber B. Magee

4