# EXHIBIT C-2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PALTALK HOLDINGS, INC., | § | |
| Plaintiff | § § § | |
| vs. | § § | No. 6:21-cv-00757-ADA |
| CISCO SYSTEMS, INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## CISCO'S CONTENTIONS

Cisco's contentions are set forth in detail in Cisco's pleadings, discovery responses, expert reports, and motion papers, including Cisco's summary judgment motions, *Daubert* motions, and oppositions to Paltalk's motions, all of which are incorporated here by reference.

Cisco provides the following statement of contentions without waiver of any claim, response given during discovery, pending motion (including any motions for summary judgment, Daubert motions, and motions to strike), or any opinion expressed by Cisco's experts. By providing these contentions Cisco does not concede that all of these issues are appropriate for trial. In particular, Cisco does not waive any of its pending or future filed motions which, if granted, may render some or all of these issues moot.

1. Cisco denies each of Paltalk's contentions.

2. Cisco does not dispute that the priority date of the '858 Patent is June 28, 2000. The '858 Patent expired July 26, 2022.

3. Paltalk asserts Claims 1, 2, 3, 4, and 5 of the '858 Patent, which are all method claims. Cisco denies that any method claim may be infringed under 35 U.S.C. § 271 by making, offering for sale, selling, and/or importing any product.

4. Cisco denies that it has infringed Claims 1, 2, 3, 4, and 5 of the '858 Patent.

5. Specifically, Cisco denies that Webex for Microsoft Windows, Webex for Apple IOS, Webex for Google Android, Webex for Apple macOS, Webex Meetings, Webex Teams (including Webex Teams Desktop), Webex VDI, Webex Training Center, Webex Support Center, Webex Event Center, Webex Sales Center, Webex Enterprise Edition, and Webex Connect infringed Claims 1, 2, 3, 4, and 5 of the '858 Patent.

6. Cisco contends that each of the Asserted Claims is invalid under 35 U.S.C. § 103, at least based on one or more of the following prior art references:

- U.S. Patent No. 7,079,495 ("Pearce");
- U.S. Patent No. 6,418,125 ("Oran");

- U.S. Patent No. 6,327,276 ("Robert");
- U.S. Patent No. 6,584,093 ("Salama");
- U.S. Patent No. 6,141,597 ("Botzko");
- "An RTP Payload Format for User Multiplexing," Rosenberg, et al., IETF Internet Draft in the AVT Working Group (May 6, 1998) ("Rosenberg"); and
- Cisco Communication Network using Cisco/Selsius CallManager ("CallManager").
- ITU-T Recommendation H.323 (02/98)
- IETF RFC-2543

7. Cisco contends that the prior art can be applied to the claims to prove obviousness as shown below:

| Claim of the '858 Patent | References |
|---|---|
| 1 | Pearce |
| | Botzko |
| | CallManager |
| | ITU-T Recommendation H.323 (2/98) |
| 2-3 | Pearce + Oran + Robert |
| | Botzko |
| | CallManager |
| | ITU-T Recommendation H.323 (02/98) |
| 4 | Pearce + Oran + Salama |
| | Botzko + Rosenberg |
| | CallManager |
| | ITU-T Recommendation H.323 (02/98) + IETF RFC-2543 |
| 5 | Pearce + Oran + Salama |
| | Botzko + Rosenberg |
| | CallManager |
| | ITU-T Recommendation H.323 |

8. Cisco contends the Asserted Claims of the '858 Patent are not adequately enabled, and are invalid under 35 U.S.C. § 112.

9. Cisco contends that the Asserted Claims of the '858 Patent are invalid under 35 U.S.C. § 112 for failure to comply with the written description requirement and because they are indefinite.

10. Cisco contends that Paltalk is not entitled to damages at all.

11. Cisco contends that should any Asserted Claim be determined valid and infringed, Paltalk's damages calculations are inflated and inaccurate. Cisco contends in particular, as detailed in Cisco's motion to exclude the expert testimony of Walter Bratic, Dkt. 55 and Cisco's renewed motion to exclude the expert testimony of Walter Bratic, Dkt. 151 that Paltalk's damages theory is legally deficient and methodologically unsound and thus should be excluded from trial. Cisco further contends that additional deficiencies and inaccuracies in the expert reports of Mr. Bratic, as set forth in the expert reports of Lauren R. Kindler, cause Paltalk's requested damages to be inflated, inaccurate, and not reflective of the outcome of a hypothetical negotiation between the parties at the time of first alleged infringement.

12. Cisco disputes that Paltalk has suffered damages and, specifically, disputes Paltalk's calculations of a reasonable royalty for the '858 patent. To the extent any award of damages is appropriate, it should not be based on Paltalk's asserted reasonable royalty amount. Rather, it should be an amount determined at trial based on all the evidence presented.

13. Cisco contends that should any Asserted Claim of the '858 patent be determined to be valid and infringed, damages, if any, are limited to a reasonable royalty calculated using the methodology set forth in the expert reports of Ms. Lauren Kindler.

14. Cisco contends that should any Asserted Claim of the '858 patent be determined to be valid and infringed, Paltalk is not entitled to damages for any infringement that began prior to

the filing of the complaint on July 23, 2021 because Paltalk failed to comply with the marking statute of 35 U.S.C. § 287.

15. Cisco contends the date for the hypothetical negotiation is January 2004.

16. Cisco contends that if one or more of the Asserted Claims are found to be valid and infringed, Paltalk is not entitled to its costs (including expert witness fees), expenses, or reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

17. Cisco contends that if one or more of the Asserted Claims are found to be valid and infringed, Paltalk is not entitled to recover pre-judgment or post-judgment interest.

18. Cisco contends that the Court should exclude the opinions of Paltalk's expert Dr. Scott Schaefer concerning apportionment. *See* Dkt. 55 and Dkt. 151.

19. Cisco contends that the Court should exclude the opinions of Paltalk's expert Dr. Walter Bratic concerning damages. *See* Dkt. 55 and Dkt. 151.

20. Cisco contends that the Court should exclude the opinions of Paltalk's expert Dr. Scott Schaefer concerning the improper construction of the claim term "each." *See* Dkt. 53.

Dated: December 12, 2023                                  Respectfully submitted,

/s/ Sarah E. Piepmeier
Sarah E. Piepmeier (admitted, Cal. SBN. 227094)
Elise Edlin (admitted *pro hac vice*)
Robin L. Brewer (admitted *pro hac vice*)
Karl M. Johnston (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
RBrewer@perkinscoie.com
KJohnston@perkinscoie.com
Telephone: 415.344.7000
Facsimile: 415.344.7050

Ryan Hawkins (*pro hac vice*)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130
RHawkins@perkinscoie.com
Telephone: 858.720.5700
Facsimile: 858.720.5799

Jessica J. Delacenserie (*pro hac vice*)
PERKINS COIE LLP
1201 3rd Ave, Suite 4900
Seattle, Washington 98101
JDelacenserie@perkinscoie.com
Telephone: 206.359.8000
Facsimile: 206.359.9000

Olivia S. Radics (admitted *pro hac vice*)
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703
ORadics@perkinscoie.com
Telephone: (608) 663-7460

Michael E. Jones (SBN. 10929400)
Shaun W. Hassett (SBN. 24074372)
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
mikejones@potterminton.com
shaunhassett@potterminton.com
Telephone: 903-597-8311
Facsimile: 903-531-3939

Attorneys for Defendant
CISCO SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was served via email to all counsel of record on the 12th day of December 2023.

                                              */s/ Sarah E. Piepmeier*
                                              Sarah E. Piepmeier