# EXHIBIT L-1

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

PALTALK HOLDINGS, INC.,

                Plaintiff,

v.

CISCO SYSTEMS, INC.,

                Defendant.

**CIVIL ACTION NO.: 6:21-cv-00757-ADA-DTG**

**JURY TRIAL DEMANDED**

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS

**PRELIMINARY JURY INSTRUCTION NO. 1:  INSTRUCTIONS FOR BEGINNING OF TRIAL**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off.  Do not turn it to vibrate or silent; power it down.  During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate.  I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court.  You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.  Some of the people you encounter may have some connection to the case.  If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method.  Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony.  Do not in any way research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.  If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court.  If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination.  It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this

country and you will have done an injustice.  It is very important that you abide by these rules.  Failure to follow these instructions could result in the case having to be retried.

**PRELIMINARY JURY INSTRUCTION NO. 2:  PRELIMINARY INSTRUCTIONS TO JURY**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony and evidence.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes everyone you know:  your spouse, children, relatives, friends, coworkers, and anyone that you deal with during the day. During your jury service, you must not communicate any information about this case by any means, by or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Twitter YouTube, SnapChat, Instagram, or TikTok, or any other way to communicate. You may not communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not discuss this case with other jurors until the end of the case when I tell you that it is okay for you to begin to deliberate. It is unfair to discuss the case before then because you won't have all the evidence and you must never become an advocate for one side or the other. The parties, the witnesses, the attorneys, and everyone associated with this case are not permitted to communicate with you. So do not think that they are being impolite. They are simply following my instructions. Do not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel. And by that, I mean you are free to talk about the Dallas Cowboys, the weather, or other related matters because you're going to be spending a fair amount of time together this week.

Do not conduct any independent investigation of this case. You must rely solely on what you see and hear within this courtroom. Do not try to obtain information about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue that might be related to this case. Do not go online or read any newspaper account of this trial or listen to any newscast about it in any format. Do not visit or view any place that might be discussed in this case and do not use Internet programs or other devices to search for or to view any place that is discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or myself until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide, and they are not properly discussed in your

presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

Do not consider the fact that either I permit a conference to happen or I do not, or the fact that we had a conference, to influence you in any way about how I might feel about this case. In fact, do not let anything I do or say from now through the end of the trial give you any indication about how I feel about the case.

You are the judges of the facts. My opinion does not matter.

Finally, keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

**PRELIMINARY JURY INSTRUCTION NO. 3:  THE NATURE OF THE ACTION AND THE PARTIES**

This is a patent case.

The plaintiff is seated most closely to you. That is Paltalk Holdings, Inc. You will probably hear them referred to throughout the course of the trial as Paltalk for short. They are the owner of the patent in this case which is identified as U.S. Patent Number 6,683,858. For your convenience, the parties and I will often refer to the U.S. Patent Number by the last three numbers of the patent number, namely, the 858 patent.

This patent will be explained in much greater detail by the witnesses, and the opening statements and closing arguments that you will hear. You may also hear the patents referred to as the "Paltalk patent" or the "asserted patent," or the "patent-in-suit."

The defendants who are seated a little bit further over to my left are Cisco Systems, Inc., or Cisco for short.

**PRELIMINARY JURY INSTRUCTION NO. 4:  WHAT A PATENT IS AND HOW ONE IS OBTAINED**

This case involves a dispute relating to a United States patent.  Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  A valid United States patent gives the patent holder the right for 20 years from the earliest date to which the patent claims priority to prevent others from making, using, offering to sell, or selling the patented invention within the United States without the patent holder's permission.

A violation of the patent holder's rights is called infringement.  The patent holder may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

The process of obtaining a patent is called patent prosecution.  To obtain a patent, one must first file an application with the PTO.  The PTO is an agency of the Federal Government and employs trained Examiners who review applications for patents.  The application includes what is called a "specification," which contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims."  If a patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, an Examiner reviews the application to determine whether or not the claims are patentable (appropriate for patent protection) and whether or not the specification adequately describes the invention claimed.  In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed.  The PTO searches for and reviews information that is publicly available or that is submitted by the applicant.  This information is called "prior art."  The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time.  Prior art is defined by law, and I will give you, at a later time during these instructions, specific instructions as to what constitutes prior art.

However, in general, prior art includes information that demonstrates the state of technology that existed before the claimed invention was made or before the application was filed.  A patent lists the prior art that the Examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and, thus, would be "allowed."  This writing from the Examiner is called an "Office Action."  If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims, and to change the claims or to submit new claims.  This process may go back and forth for some time until the Examiner is satisfied that the application meets the requirements for a patent and the application issues as a patent, or that the application should be rejected and no patent should issue.  Sometimes, patents are issued after appeals within the PTO or to a court.  The papers generated during these communications between

the Examiner and the applicant are called the "prosecution history."

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all other prior art that will be presented to you. In addition, there is the possibility that mistakes were made or that information was overlooked. Examiners have a lot of work to do and no process is perfect. Also, unlike a court proceeding, patent prosecution takes place without input from those who are later alleged to infringe the patent. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent. It is your job to consider the evidence presented by the parties and determine independently whether or not Cisco has proven that the patent is invalid.

**PRELIMINARY JURY INSTRUCTION NO. 5:  PATENT CLAIMS**

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

To know what a claim covers, a claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. The requirements of a claim are often referred to as "claim elements" or "claim limitations." The coverage of a patent is assessed claim- by-claim. When a thing (such as a product or a process) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product or process where each of the claim elements or limitations is present in that product or process.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid. The first step is to understand the meaning of the words used in the patent claim.

The law says that it is my role to define the terms of the claims and it is your role to apply my definitions of the terms I have construed to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined the meaning of certain claim terms and I will provide to you my definitions of certain claim terms. You must accept my definitions of these words in the claims as being correct. It is your job to take these definitions and apply them to the issues that you are deciding, including the issues of infringement and validity.

The beginning portion, also known as the preamble, of a claim often uses the word "comprising." The word "comprising," when used in the preamble, means "including but not limited to" or "containing but not limited to." When "comprising" is used in the preamble, if you decide that an accused product includes all of the requirements of that claim, the claim is infringed. This is true even if the accused product contains additional elements.

For any words in the claim for which I have not provided you with a definition, you should apply the ordinary meaning of those terms in the field of the patent. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. These issues are yours to decide.

**PRELIMINARY JURY INSTRUCTION NO. 6: SUMMARY OF CONTENTIONS**

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The case involves United States Patent No. 6,683,858, or the '858 Patent, which was purchased by and now owned by Paltalk. This patent will be referred to as "the '858 Patent." Paltalk filed suit in this court seeking money damages from Cisco for allegedly infringing the '858 Patent by using in the United States methods that are covered by claims 1-5 of the '858 Patent. These claims may be referred to as the "Asserted Claims."

The products that are alleged to infringe are Cisco's WebEx audio-conferencing products, including WebEx App, WebEx Suite, WebEx Meeting, WebEx Messaging, WebEx Calling, WebEx iOS App, WebEx Android App, WebEx Meetings for iOS, WebEx Meetings for Android, WebEx Teams, WebEx Meetings for Microsoft Teams, and WebEx Training.

Cisco denies that it has infringed any of the Asserted Claims of the '858 Patent and also argues that these claims are invalid

If you decide that any Asserted Claim of the '858 Patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to compensate it for the infringement.

**PRELIMINARY JURY INSTRUCTION NO. 7:  PATENT AT ISSUE**

*[The Court should show the jury the patent at issue and point out the parts, which include the specification, drawings, and claims, including the claims at issue. The Court may wish to include a joint, nonargumentative statement of the patented subject matter at this point in the instructions. The Court may wish to hand out its claim constructions (if the claims have been construed at this point) and the glossary at this time. If the claim constructions are handed out, the following instruction should be read:]*

I have already determined the meaning of certain terms used in the Asserted Claims. All terms are to be given their plain and ordinary meanings in the field of the Patent, including any terms for which I have not provided you with a definition. I will provide you with more detailed instructions on the meaning of the claims again before you retire to deliberate your verdict.

**PRELIMINARY JURY INSTRUCTION NO. 8:  OVERVIEW OF APPLICABLE LAW**

PALTALK'S PROPOSED INSTRUCTION:

In deciding the issues I just discussed, you will be asked to consider specific legal standards.  I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Cisco has infringed any of the Asserted Claims of the '858 Patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. To prove infringement, Paltalk must prove by a preponderance of the evidence that Cisco made, used, sold, or offered for sale in the United States, or imported into the United States, a method meeting all the requirements of an asserted claim of the '858 Patent.

Another issue you will be asked to decide is whether the '858 Patent is invalid. Invalidity is assessed on a claim-by-claim basis. Patents like those at issue here, which are granted by the United States Patent and Trademark office, are presumed valid. A patent claim may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious. For a claim to be invalid because it is not new, Cisco must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication or patent. We call these "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it is shown by clear and convincing evidence that it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time in view of one or more prior art references or systems. You will need to consider a number of questions in deciding whether the invention(s) claimed in the '858 Patent is obvious. I will provide you detailed instructions on these questions at the conclusion of the case.

A patent may also be invalid if its description in the specification does not meet certain requirements. To be valid, a patent must meet the "written description" requirement. In order to meet this requirement, the description of the invention in the specification portion of the patent must be detailed enough to demonstrate that the applicant actually possessed the invention as broadly claimed in the claims of the issued patent.

If you decide that any claim of the '858 Patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Paltalk to compensate Paltalk for the infringement. A damages award should put Paltalk in approximately the same financial position that she would have been in had the infringement not occurred, but in no event may the damages award be less than what Paltalk would have received had she been paid a reasonable royalty. I will instruct you later on the meaning of a reasonable royalty. The damages you award are meant to compensate Paltalk and not to punish Cisco. You may not include in your award any additional

amount as a fine or penalty in order to punish Cisco.  I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

CISCO'S PROPOSED INSTRUCTION:

In deciding the issues I just discussed, you will be asked to consider specific legal standards.  I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Cisco has infringed any of the Asserted Claims of the '858 Patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. To prove infringement, Paltalk must prove by a preponderance of the evidence that Cisco made, used, sold, or offered for sale in the United States, or imported into the United States, a method meeting all the requirements of an asserted claim of the '858 Patent.

Another issue you will be asked to decide is whether the '858 Patent is invalid. Invalidity is assessed on a claim-by-claim basis. A patent claim may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious. For a claim to be invalid because it is not new, Cisco must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication or patent. We call these "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it is shown by clear and convincing evidence that it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time in view of one or more prior art references or systems. You will need to consider a number of questions in deciding whether the invention(s) claimed in the '858 Patent is obvious. I will provide you detailed instructions on these questions at the conclusion of the case.

A patent may also be invalid if its description in the specification does not meet certain requirements. To be valid, a patent must meet the "written description" requirement. In order to meet this requirement, the description of the invention in the specification portion of the patent must be detailed enough to demonstrate that the applicant actually possessed the invention as broadly claimed in the claims of the issued patent.

If you decide that any claim of the '858 Patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Paltalk to compensate Paltalk for the infringement. A damages award should put Paltalk in approximately the same financial position that she would have been in had the infringement not occurred, but in no event may the damages award be less than what Paltalk would have received had she been paid a reasonable royalty. I will instruct you later on the meaning of a reasonable royalty. The damages you award are meant to compensate Paltalk and not to punish Cisco. You may not include in your award any additional amount as a fine or penalty in order to punish Cisco.  I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

**PRELIMINARY JURY INSTRUCTION NO. 9:  OUTLINE OF TRIAL**

PALTALK'S PROPOSED INSTRUCTION:

The trial will begin shortly.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an opportunity for the lawyers to explain what they expect the evidence will show.  It will be up to you to determine whether the evidence, that is the testimony of the witnesses and any documents that are admitted, support what the attorneys tell you in their opening statements.

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.  On some issues, you must decide whether certain facts have been proven by a preponderance of the evidence.  A preponderance of the evidence means that the fact that is to be proven is more likely true than not, that is, that the evidence in favor of that fact being true is sufficient to tip the scale, even if slightly, in its favor.  You may think of this preponderance of the evidence standard as slightly greater than 50%.

On other issues that I will identify for you, such as invalidity, you must use a higher standard and decide whether the fact has been proven by clear and convincing evidence, that is, that you have been left with a clear conviction that the fact has been proven. Clear and convincing evidence is evidence so clear, direct, weighty, and convincing as to enable you to come to a clear conviction without hesitancy.

These standards are different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt.  On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

After the opening statements, which are not evidence, Paltalk will present its evidence in support of its contention that some of the claims of the '858 Patent have been infringed by Cisco. To prove infringement of any claim, Paltalk must persuade you that it is more likely than not that Cisco has directly infringed that claim.

After Paltalk concludes, Cisco will then present its evidence that the asserted claims of the '858 Patent are invalid. To prove invalidity of any claim, Cisco must demonstrate by clear and convincing evidence that the claim is invalid. In addition to presenting evidence of invalidity, Cisco will put on evidence responding to Paltalk's evidence of infringement.

Paltalk may then put on additional evidence responding to Cisco's evidence that the claims of the '858 Patent are invalid, and to offer any additional evidence of infringement. This is referred to as "rebuttal" evidence.  Paltalk's "rebuttal" evidence may respond to any evidence offered by Cisco.

After the evidence has been presented, the attorneys will make closing arguments, which are again not evidence, and I will give you final instructions on the law that applies to the case.  These

closing arguments by the attorneys are not evidence. After the closing arguments and instructions, you will then decide the case. Remember, just like the opening statements, the closing arguments are just an outline and summary of what the evidence you just heard was.

After the closing arguments, I will release you and you will begin your deliberation.

CISCO'S PROPOSED INSTRUCTION:

The trial will begin shortly. First, each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show. It will be up to you to determine whether the evidence, that is the testimony of the witnesses and any documents that are admitted, support what the attorneys tell you in their opening statements.

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether certain facts have been proven by a preponderance of the evidence. A preponderance of the evidence means that the fact that is to be proven is more likely true than not, that is, that the evidence in favor of that fact being true is sufficient to tip the scale, even if slightly, in its favor.

On other issues that I will identify for you, such as invalidity, you must use a higher standard and decide whether the fact has been proven by clear and convincing evidence, that is, that you have been left with a clear conviction that the fact has been proven.

These standards are different from what you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt. On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

After the opening statements, Paltalk will present its evidence in support of its contention that some of the claims of the '858 Patent have been infringed by Cisco. To prove infringement of any claim, Paltalk must persuade you that it is more likely than not that Cisco has infringed that claim.

After Paltalk concludes, Cisco will then present its evidence that the asserted claims of the '858 Patent are invalid. To prove invalidity of any claim, Cisco must demonstrate by clear and convincing evidence that the claim is invalid. In addition to presenting evidence of invalidity, Cisco will put on evidence responding to Paltalk's evidence of infringement.

Paltalk may then put on additional evidence responding to Cisco's evidence that the claims of the '858 Patent are invalid, and to offer any additional evidence of infringement. This is referred to as "rebuttal" evidence. Paltalk's "rebuttal" evidence may respond to any evidence offered by Cisco.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. These closing arguments by the attorneys are not evidence. After the closing arguments and instructions, you will then decide the case. Remember, just like the opening statements, the closing arguments are just an outline and summary of what the evidence you just heard was.

After the closing arguments, I will release you and you will begin your deliberation.

**PRELIMINARY JURY INSTRUCTION NO. 10:  JURY NOTEBOOKS**

I will now instruct the court security officer to pass out your juror notebooks. I ask that you write your name on your notebook. It is important that we not get them confused. As you leave to take a break or at the end of the day, please leave your notebook on the table in the jury room. I ask you to do that because I do not want anyone losing their notebook. Your juror notebook should either be with you at all times in the courtroom or on the table in the jury room and not anywhere else.

Your juror notebook is to assist in your deliberation. Inside, you will find:

- Paper;
- A copy of the Asserted Patent;
- A glossary including important patent terms;
- A copy of the court's claim construction order; and
- Witness photographs.

These materials have been jointly submitted by the parties. Please refer to these materials to assist you during trial.

**PRELIMINARY JURY INSTRUCTION NO. 11:  EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses here at trial or at a deposition that will be presented to you, the documents and exhibits that I will admit into evidence, and any facts the lawyers agreed or stipulated to. You are to apply any fair inferences and reasonable conclusions you draw from the facts and circumstances that you believe have been proven.

Nothing else is evidence. The statements, arguments, and questions by the attorneys are not evidence. Objections to questions are not evidence. The attorneys that are seated in front of you may object if they believe that documents or testimony that is attempted to be offered into evidence is improper under the rules of evidence. My legal rulings are not evidence. My comments and questions are not evidence. The notes taken by any juror are not evidence.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.

Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you determine the facts from all the evidence that you hear in this case, whether direct, circumstantial, or any combination.

In judging the facts, you must consider all the evidence, both direct and circumstantial.  That does not mean you have to believe all of the evidence.  It is entirely up to you to give the evidence you receive in this case whatever weight you individually believe it deserves.  It will be up to you to decide which witnesses to believe, which witnesses not to believe, the weight you give any testimony you hear, and how much of any witness's testimony you choose to accept or reject.

The fact that Paltalk filed a lawsuit is not evidence that she is entitled to a judgment. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence. Likewise, the fact that Cisco has raised arguments against the claims asserted is not evidence that Cisco is entitled to a judgment. The act of making defensive arguments, by itself, does not in any way tend to establish that such arguments have merit and is not evidence.

You must not conduct any independent research or investigation. You must make your decision based only on the evidence here and nothing else.

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**PRELIMINARY JURY INSTRUCTION NO. 12:  WITNESSES AND WITNESS CREDIBILITY**

You alone are to determine the questions of credibility or truthfulness of the witnesses.

In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  For instance, has the witness been contradicted by other credible evidence?  Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**PRELIMINARY JURY INSTRUCTION NO. 13: IMPEACHMENT BY A WITNESS'S INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that contradicted the testimony given by that witness at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that misstatement may depend on whether it has to do with an important fact or with only an unimportant detail. This instruction applies to the testimony of all witnesses.

**PRELIMINARY JURY INSTRUCTION NO. 14: DEPOSITION AND REMOTE LIVE TESTIMONY**

Certain testimony may be presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you. This deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**PRELIMINARY JURY INSTRUCTION NO. 15:  EXPERT TESTIMONY**

You are going to hear from what are known as expert witnesses. Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

You will get to weigh the expert's testimony just like you will consider any witness's testimony. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness.

Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You should measure it against all the other testimony and evidence in the case. Again, just like with any other witness, you are free to accept or reject the testimony of experts.