# EXHIBIT M-2

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| **PALTALK HOLDINGS, INC.,** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **vs.** | § | **No. 6:21-cv-00757-ADA** |
| **CISCO SYSTEMS, INC.,** | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |
| | § | |
| | § | |

## <u>CISCO'S DISCOVERY DESIGNATIONS FOR TRIAL</u>

## I.    PALTALK'S APRIL 4, 2022 RESPONSES TO CISCO'S FIRST SET OF INTERROGATORIES

RESPONSE TO INTERROGATORY NO. 1:

Paltalk objects to Interrogatory No. 1 to the extent it improperly seeks to require Paltalk to marshal all its available proof and limit the evidence that Paltalk may present at the trial of this matter. Paltalk objects to this interrogatory to the extent it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule.

Paltalk also objects to this interrogatory because it seeks certain information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this litigation. Paltalk objects to this interrogatory to the extent Defendant attempts to use it to shift the burden of proof regarding proof of invalidity. Defendant has the sole burden to prove invalidity. *Tech Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2243 (2011) ("[T]he burden of proving invalidity [is] on the attacker. That burden is constant and never changes."). Paltalk further objects to this interrogatory to the extent it seeks information that is not within Paltalk's knowledge or control.

Subject to and without waiving its foregoing objections, Paltalk responds with the information it currently has based on a reasonably diligent investigation. The inventions

disclosed in the Asserted Patent were invented by Frank J. Chu, Virgil Patrick Dobjanschi, Corey Gates, Katherine W. Kwan, and Daniel W. Wright prior to June 28, 2000. The inventors were associated with HearMe.com, a leading-edge technology company that sought to revolutionize online conferencing applications. HearMe was formerly known as Mpath Interactive. Formed in 1996, Mpath Interactive was an online gaming company. Mpath Interactive became HearMe.com and then exited the gaming business in approximately December 2000. HearMe.com created programs and applications for voice over IP communications. Among its products was an innovative voice over IP application that allowed parties to join voice conferences from both phones and PCs. HearMe also generated significant publicity when it developed voice chat capabilities for Yahoo! Chat alongside Yahoo! Inc. HearMe also developed HearMe SDK, which allowed web sites to add live voice into their existing applications. In approximately December 2000, the inventors assigned the rights to the Asserted Patent to HearMe.

In the aftermath of the tech bubble bursting, HearMe liquidated its assets in 2001. Paltalk Holdings, Inc. purchased several pieces of intellectual property from HearMe on December 19, 2001. As a part of that purchase, Paltalk purchased the intellectual property associated with the Asserted Patent, including the patent application and all rights to the intellectual property of the Asserted Patent. The Asserted Patent was granted on January 27, 2004.

Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 2:

Paltalk objects to Interrogatory No. 2 to the extent it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions.

Paltalk objects to this interrogatory because it seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this litigation. Paltalk further objects to this interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the local rules of the Western District of Texas. Paltalk also objects to the extent this interrogatory seeks to impose burdens and obligations different from those imposed by the Federal Rules of Civil Procedure or seeks information disproportionate to the needs of this case.

Paltalk objects to this interrogatory to the extent Defendant attempts to use it to shift the burden of proof regarding proof of invalidity. Defendant has the sole burden to prove invalidity. *Tech Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2243 (2011) ("[T]he burden of proving invalidity [is] on the attacker. That burden is constant and never changes.").

Paltalk further objects to this interrogatory to the extent it seeks information that is not within Paltalk's knowledge or control. Paltalk was not involved in the conception, reduction to practice, or diligence in reduction to practice of the '858 Patent because Paltalk did not acquire the rights to the claimed invention until after the '858 Patent application was signed. Information responsive to this interrogatory may be in possession of the Patent's inventors.

Subject to and without waiving its foregoing objections, Paltalk refers to its response to Interrogatory No. 1.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Paltalk further responds that Paltalk does not have currently have additional knowledge about the first written description, offer for sale, sale, public disclosure, public use, and disclosure of the alleged invention beyond HearMe's sale of the Asserted Patent to Paltalk. Paltalk refers to

the purchase agreement produced by Paltalk at PT_0000767-816 and other documents relating to HearMe that have been produced by Paltalk. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 3:

Paltalk objects to Interrogatory No. 3 because it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule. Paltalk objects to this interrogatory because it is overbroad, unduly burdensome, and imposes burdens disproportionate to the needs of the case. Paltalk objects to this interrogatory to the extent it seeks discovery regarding Paltalk's pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center states that the "best practice is to deny such discovery").

Paltalk also objects to this interrogatory to the extent Defendant attempts to use it to shift the burden of proof regarding proof of invalidity. Defendant has the sole burden to prove invalidity. *Tech Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2243 (2011) ("[T]he burden of proving invalidity [is] on the attacker. That burden is constant and never changes.").

Paltalk further objects to this interrogatory to the extent it seeks information that is not within Paltalk's knowledge or control. Paltalk was not involved in the conception, reduction to practice, or diligence in reduction to practice of the '858 Patent because Paltalk did not acquire the rights to the claimed invention until after the '858 Patent application was issued.

Subject to and without waiving its foregoing objections, Paltalk refers Cisco to Prior Art cited in the '858 Patent prosecution history and '858 Patent application. Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

Paltalk further responds by identifying the '858 Patent prosecution history and '858 Patent application, produced at PT_0000012-106, including the alleged prior art referenced therein. Paltalk further refers to the re-examination petition filed by Cisco and the alleged prior art referenced therein. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 4:

Paltalk objects to Interrogatory No. 4 to the extent it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule.

Paltalk objects to this interrogatory to the extent Defendant attempts to use it to shift the burden of proof regarding proof of invalidity. Defendant has the sole burden to prove invalidity. *Tech Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2243 (2011) ("[T]he burden of proving invalidity [is] on the attacker. That burden is constant and never changes."). Paltalk further objects to this interrogatory to the extent it is a premature contention interrogatory and a premature request for expert opinions.

Subject to and without waiving its foregoing objections, Paltalk responds that no reference present, either alone or in combination, in Cisco's invalidity contentions presents a basis for

invalidating any of the asserted claims. Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Paltalk reasserts its objections, including the objection that this interrogatory seeks premature expert discovery. *See, e.g., StratosAudio, Inc. v. Volvo Cars USA, LLC*, No. 6:20-cv-1129-ADA, 2022 WL 1261651, at *3 (W.D. Tex. Apr. 28, 2022) ("For interrogatories typically answered in expert reports, the Court's usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due.") Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 5:

Paltalk objects to Interrogatory No. 5 because it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions. Paltalk objects to this interrogatory to the extent it improperly seeks to require Paltalk to marshal all its available proof and limit the evidence that Paltalk may present at the trial of this matter. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule.

Paltalk objects to this interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the local rules of the Western District of Texas. Paltalk objects to the extent this interrogatory seeks to impose burdens and obligations different from those imposed by the Federal Rules of Civil Procedure or seeks information disproportionate to the needs of this case.

Paltalk also objects to this interrogatory to the extent it seeks discovery regarding Paltalk's pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-

248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center states that the "best practice is to deny such discovery").

Paltalk further objects to this interrogatory to the extent Defendant attempts to use it to shift the burden of proof regarding proof of invalidity. Defendant has the sole burden to prove invalidity. *Tech Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008); *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2243 (2011) ("[T]he burden of proving invalidity [is] on the attacker. That burden is constant and never changes.").

Subject to and without waiving the foregoing objections, Paltalk responds that each claim of the Asserted Patent is presumed valid by virtue of its issuance by the United States Patent & Trademark Office such that there is no need for Paltalk to rely upon secondary considerations or objective indicia probative of non-obviousness. To the extent that Defendant identifies any claim element that they believe does not satisfy such requirements, and state with specificity why they believe that to be true, Paltalk will respond to such assertions in accordance with the schedule and expert deadlines established by the Court and/or the parties, including by setting forth any pertinent secondary considerations or objective indicia probative of non-obviousness. Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Paltalk reasserts its objections, including the objection that this interrogatory seeks premature expert discovery. *See, e.g., StratosAudio, Inc. v. Volvo Cars USA, LLC*, No. 6:20-cv-1129-ADA, 2022 WL 1261651, at *3 (W.D. Tex. Apr. 28, 2022) ("For interrogatories typically

answered in expert reports, the Court's usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due.")

Subject to all its foregoing objections, Paltalk responds that it may rely on documents, licenses and purchase agreements produced in this litigation by both parties, including those produced at PT_0000979-0001028. Paltalk also refers to its response to Interrogatory No. 1. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 6:

Paltalk objects to this Interrogatory as vague and ambiguous to the extent it seeks materials "relating to" to the Asserted Patent. Paltalk objects to this interrogatory because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Paltalk also objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule. Paltalk objects to this interrogatory because it seeks to impose burdens disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, Paltalk responds that after a reasonable investigation, it did not identify any responsive information. Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 7:

Paltalk objects to Interrogatory No. 7 because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Paltalk further objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule, or which are otherwise protected from discovery by the Federal Rules of Civil Procedure.

Subject to and without waiving its foregoing objections, Paltalk has an interest in this case. Paltalk is a wholly owned subsidiary of Paltalk, Inc., which is a publicly traded company with many shareholders. There is no additional responsive information that is relevant or discoverable.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:

Paltalk has provided all relevant information in response to this interrogatory. To the extent Cisco seeks any potential funding materials between Paltalk and third parties, that information is deemed not relevant to the extent it is not also privileged. *See, e.g., Fleet Connect Sols. LLC v. Waste Connections US, Inc.*, No. 2:21-CV-00365-JRG, 2022 WL 2805132, at *2 (E.D. Tex. June 29, 2022).

RESPONSE TO INTERROGATORY NO. 8:

Paltalk objects to Interrogatory No. 8 because it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions.

Subject to and without waiving its foregoing objections, Paltalk responds that a person of ordinary skill in the art would have at least a four-year degree in electrical engineering, computer science, or a related field and two years of experience in the field.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:

Paltalk reasserts its objections and responses and further states that Paltalk expects this to be the subject of expert analysis that is forthcoming. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 9:

Paltalk objects to Interrogatory No. 9 because it seeks information and documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Paltalk objects to this interrogatory to the extent it improperly seeks legal conclusions or analysis, and/or expert opinions. Paltalk objects to this interrogatory because it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule.

Paltalk further objects to this interrogatory to the extent it seeks discovery regarding Paltalk's pre-suit investigation. *TQP Development, LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv- 248, Dkt. No. 290 (E.D. Tex. July 22, 2013) (denying motion to compel pre-suit investigation noting that the Patent Case Management Judicial Guide produced by the Federal Judicial Center states that the "best practice is to deny such discovery").

Subject to and without waiving the foregoing objections, Paltalk responds that it has no non-privileged information or documents responsive to this request other than the publicly available information regarding Defendant's infringing products, which Paltalk already has disclosed in its preliminary infringement contentions and complaint. Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 10:

Paltalk objects to Interrogatory No. 10 because it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions. Paltalk objects to this interrogatory because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule, or which are otherwise protected from discovery by the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Paltalk responds that after a reasonably diligent investigation, Paltalk did not discover any such valuation. Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 11:

Paltalk objects to Interrogatory No. 11 to the extent it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions. Paltalk further objects to this interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the local rules of the Western District of Texas. Paltalk objects to this interrogatory to the extent it is a premature contention interrogatory and a premature request for expert opinions. Paltalk also objects to the extent this interrogatory seeks to impose burdens and obligations different from those imposed by the Federal Rules of Civil Procedure or seeks information disproportionate to the needs of this case.

Subject to and without waiving its foregoing objections, Paltalk responds that its investigation is ongoing and that it reserves the right to supplement this response.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:

Paltalk reasserts its objection that this interrogatory prematurely seeks expert testimony. The identification of "comparable" licenses is a topic for expert discovery.

Subject to and without waiving its objections, Paltalk responds that it may rely on licenses previously produced by Cisco, licenses that Cisco is obligated to produce but has not yet produced, and licenses produced by Paltalk at PT_0000979 - PT_0001028. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 12:

Paltalk objects to Interrogatory No. 12 because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the

local rules of the Western District of Texas. Paltalk further objects to the extent this interrogatory seeks to impose burdens and obligations different from those imposed by the Federal Rules of Civil Procedure or seeks information disproportionate to the needs of this case.

Paltalk further objects to this interrogatory to the extent it is a premature contention interrogatory and a premature request for expert opinions. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule.

Subject to and without waiving its foregoing objections, Paltalk responds that it does not currently plan to pursue a theory of induced infringement.

RESPONSE TO INTERROGATORY NO. 13:

Paltalk objects to Interrogatory No. 13 to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule. Paltalk further objects because this Interrogatory seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its foregoing objections, Paltalk responds that Jason Katz, Paltalk CEO, is most knowledgeable about any anticipation of litigation, and that future litigation was reasonably anticipated as of approximately May 2020. Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 14:

Paltalk objects to Interrogatory No. 14 because it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions. Paltalk objects to this interrogatory to the extent it improperly seeks to require Paltalk to marshal all its available proof and limit the evidence that

Paltalk may present at the trial of this matter. Paltalk also objects to this interrogatory to the extent it is a premature contention interrogatory. Paltalk further objects to this interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the local rules of the Western District of Texas. Paltalk also objects to the extent this interrogatory seeks to impose burdens and obligations different from those imposed by the Federal Rules of Civil Procedure.

Subject to and without waiving its foregoing objections, Paltalk responds that all Asserted Claims of the '858 Patent "create[], drive[], or generate[] customer demand for the Accused Product[s] or features thereof." Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 15:

Paltalk objects to Interrogatory No. 15 to the extent it improperly seeks to require Paltalk to marshal all its available proof and limit the evidence that Paltalk may present at the trial of this matter.

Paltalk further objects to this interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the local rules of this District. Paltalk further objects to the extent this interrogatory seeks to impose burdens and obligations different from those imposed by the Federal Rules of Civil Procedure or seeks information disproportionate to the needs of this case. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule.

Subject to and without waiving its foregoing objections, Paltalk responds that it will make reasonable efforts to identify and produce any relevant, non-privileged communications between

Paltalk and any individual Paltalk calls as a witness at trial and any person listed in Paltalk's Initial Disclosures. Paltalk further responds that its investigation is ongoing and that it reserves the right to supplement this response.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:

Paltalk further responds as to its non-privileged communications. Paltalk attempted to contact Frank Chu via LinkedIn message, in September 2021, but Frank Chu has not responded to that message.

RESPONSE TO INTERROGATORY NO. 16:

Paltalk objects to Interrogatory No. 16 because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Paltalk also objects to this interrogatory as vague to the extent it seeks information about a person or entity's "financial, ownership, or other interest" in the Asserted Patent. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule, or which are otherwise protected from discovery by the Federal Rules of Civil Procedure. Paltalk also objects to this interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the local rules of this District. Paltalk further objects to the extent this interrogatory seeks to impose burdens and obligations different from those imposed by the Federal Rules of Civil Procedure or seeks information disproportionate to the needs of this case.

Subject to and without waiving its foregoing objections, Paltalk responds its parent company, Paltalk, Inc., is a publicly traded company (PALT) that receives and responds to investment solicitations, attends conferences, and has many investors in its publicly traded stock. There is no additional responsive information that is relevant or discoverable. Paltalk further

responds that its investigation is ongoing and that it reserves the right to supplement this response.

## II.    PALTALK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CISCO'S SECOND SET OF INTERROGATORIES, DATED SEPTEMBER 7, 2022

<u>RESPONSE TO INTERROGATORY NO. 17:</u>

Paltalk objects to Interrogatory No. 17 because it seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this litigation. Paltalk further objects to this interrogatory because it is overbroad, unduly burdensome, and imposes unreasonable burdens and obligations different from, and beyond those imposed by the local rules of the Western District of Texas.

Paltalk objects to this interrogatory as vague and ambiguous to the extent it seeks materials relating to products "embodying or purportedly" embodying inventions in the Asserted Patents. Paltalk also objects to this interrogatory as beyond the scope of the Federal Rules of Civil Procedure to the extent it seeks information about the actions of others that is outside Paltalk's possession, custody, and control.

Subject to and without waiving its foregoing objections, Paltalk responds with the information it currently has based on a reasonable investigation. HearMe.com owned the rights to the Asserted Patent. HearMe liquidated its assets in 2001, and Paltalk purchased the rights to the Asserted Patent, including the patent application and all rights to the intellectual property of the Asserted Patent, on December 19, 2001. Paltalk has provided information presently known to it about HearMe.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:</u>

Paltalk does not have any further knowledge about HearMe or any other entities that may have developed or marketed a product that embodies one or more of the Asserted Claims. Paltalk further responds that Paltalk has not developed or marketed a product that embodies one or more of the Asserted Claims. Paltalk's investigation is ongoing, and it reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 18:

Paltalk objects to Interrogatory No. 18 to the extent it improperly and prematurely seeks legal conclusions or analysis, and/or expert opinions. Paltalk objects to this interrogatory to the extent it requests information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rules.

Subject to and without waiving its foregoing objections, Paltalk responds that its position on damages and methodology for determining damages will be provided according to the Court's deadlines for expert discovery. *See, e.g., StratosAudio, Inc. v. Volvo Cars USA, LLC*, No. 6:20-cv-1129-ADA, 2022 WL 1261651, at *3 (W.D. Tex. Apr. 28, 2022) ("For interrogatories typically answered in expert reports, the Court's usual practice is to allow a party to defer answering the interrogatory until the corresponding expert report is due.")

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:

Paltalk further responds that the identification of comparable licenses is a topic of expert discovery.

Subject to and without waiving its objections, Paltalk responds that its damages theories may utilize licenses previously produced by Cisco, licenses that Cisco is obligated to produce

but has not yet produced, and licenses produced by Paltalk at PT_0000979 - PT_0001028.

Paltalk reserves the right to supplement this response.

## III.   PALTALK HOLDINGS, INC.'S RESPONSES AND OBJECTIONS TO CISCO SYSTEMS, INC.'S THIRD INTERROGATORIES, DATED SEPTEMBER 21, 2022

RESPONSE TO INTERROGATORY NO. 19:

Paltalk objects to the phrase "written description support" as vague and ambiguous. Paltalk also objects to this interrogatory as premature expert discovery.

Subject to and without waiving its foregoing objections, Paltalk responds that the '858 Patent specification may illustrate the claims of the '858 Patent but not limit the claims of the '858 Patent. *See Hill-Rom Servs. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014) ("[W]e do not read limitations from the embodiments in the specification into the claims.").

Paltalk further responds that at least the following sections of the '858 Patent specification depict some part of the '858 Patent's "multiplexing" and "multiplexed stream" functionalities: '858 Patent Figures 1-3, '858 Patent 2:18-3:11, 3:25-3:33, and 3:43-6:29. Paltalk also refers to Dkt. 26, Paltalk's Resp. Claim Construction Brief and Dkt. 30, Paltalk's Sur-Reply Claim Construction Brief. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 20:

Paltalk objects to the phrase "written description support" as vague and ambiguous. Paltalk also objects to this interrogatory as premature expert discovery.

Subject to and without waiving its foregoing objections, Paltalk responds that the '858 Patent specification may illustrate the claims of the '858 Patent, the specification does not limit the claims of the '858 Patent. *See Hill-Rom Servs. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014) ("[W]e do not read limitations from the embodiments in the specification into the claims.");

Paltalk further responds that at least the following sections of the '858 Patent specification depict some part of the '858 Patent's ability to "determin[e] that a first subset of the plurality of clients has the capability to mix multiple audio streams": '858 Patent Figures 1-3, '858 Patent 2:18-30, 2:42-50, 3:3-6, 3:25-33, 4:49-58 5:24-43. Paltalk also refers to Dkt. 26, Paltalk's Resp. Claim Construction Brief and Dkt. 30, Paltalk's Sur-Reply Claim Construction Brief. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 21:

Paltalk objects to the phrase "written description support" as vague and ambiguous. Paltalk also objects to this interrogatory as premature expert discovery.

Subject to and without waiving its foregoing objections, Paltalk responds that the '858 Patent specification may illustrate the claims of the '858 Patent, the specification does not limit the claims of the '858 Patent. *See Hill-Rom Servs. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014) ("[W]e do not read limitations from the embodiments in the specification into the claims.");

Paltalk further responds that at least the following sections of the '858 Patent specification depict some part of the '858 Patent's ability to "determin[e] that a second subset of the plurality of clients does not have the capability to mix multiple audio streams": '858 Patent Figures 1-3, '858 Patent 2:18-30, 2:42-50, 2:66-3:2; 3:25-33, 4:49-58, 5:24-43. Paltalk also refers to Dkt. 26, Paltalk's Resp. Claim Construction Brief and Dkt. 30, Paltalk's Sur-Reply Claim Construction Brief. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 22:

Paltalk objects to the phrase "written description support" as vague and ambiguous. Paltalk also objects to this interrogatory as premature expert discovery.

Subject to and without waiving its foregoing objections, Paltalk responds that the '858 Patent specification may illustrate the claims of the '858 Patent, the specification does not limit the claims of the '858 Patent. *See Hill-Rom Servs. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014) ("[W]e do not read limitations from the embodiments in the specification into the claims.");

Paltalk further responds that at least the following sections of the '858 Patent specification depict some part of the '858 Patent's removal feature as described in claims 2 and 7: '858 Patent Figures 1-3, '858 Patent 2:18-30, 2:54-61, 3:25-33, 5:24-6:10. Paltalk also refers to Dkt. 26, Paltalk's Resp. Claim Construction Brief and Dkt. 30, Paltalk's Sur-Reply Claim Construction Brief. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 23:

Paltalk objects to the phrase "written description support" as vague and ambiguous. Paltalk also objects to this interrogatory as premature expert discovery.

Subject to and without waiving its foregoing objections, Paltalk responds that the '858 Patent specification may illustrate the claims of the '858 Patent, the specification does not limit the claims of the '858 Patent. *See Hill-Rom Servs. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014) ("[W]e do not read limitations from the embodiments in the specification into the claims.");

Paltalk further responds that at least the following sections of the '858 Patent specification depict some part of the '858 Patent's removal feature as described in claims 3 and 8: '858 Patent Figures 1-3, '858 Patent 2:18-30, 2:54-61, 3:25-33, 5:24-43, 5:53-67. Paltalk also refers to Dkt. 26, Paltalk's Resp. Claim Construction Brief and Dkt. 30, Paltalk's Sur-Reply Claim Construction Brief. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 24:

Paltalk objects to this interrogatory as not relevant, overbroad, and unduly burdensome to the extent it seeks testimony about any entities other than Paltalk Holdings, Inc or any of Paltalk's intellectual property other than the '858 Patent. No other entities or patents are relevant to the claims or defenses of this lawsuit, and this topic seeks information well beyond what is relevant to the claims or defenses in this case. Paltalk also objects to this topic as beyond the scope of acceptable discovery under the local rules and the Federal Rules of Evidence to the extent it seeks information about other entities that is outside of Paltalk's personal knowledge. Paltalk further objects to this interrogatory to the extent it is duplicative with Interrogatory 6.

Subject to and without waiving its objections, Paltalk responds that it has not sold, licensed or previously attempted to sell or license the '858 Patent. Paltalk further responds by reference under Rule 33(d) to licenses previously produced by Paltalk at PT_0000979-0001028. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 25:

Paltalk objects to this interrogatory as not relevant, overbroad, and unduly burdensome to the extent it seeks testimony about any entities other than Paltalk Holdings, Inc or any of Paltalk's intellectual property other than the '858 Patent. No other entities or patents are relevant to the claims or defenses of this lawsuit, and this topic seeks information well beyond what is relevant to the claims or defenses in this case. Paltalk also objects to this topic as beyond the scope of acceptable discovery under the local rules and the Federal Rules of Evidence to the extent it seeks information about other entities that is outside of Paltalk's personal knowledge. Paltalk further objects to this interrogatory to the extent it is duplicative with Interrogatory 6.

Subject to and without waiving its objections, Paltalk responds that it has not licensed or previously attempted to license the '858 Patent. Paltalk further responds by reference under Rule

33(d) to documents previously produced by Paltalk at PT_0000979-0001028 and PT_0000767-816. Paltalk reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 26:

Paltalk objects to this interrogatory as not relevant, overbroad, and unduly burdensome to the extent it seeks testimony about any entities other than Paltalk Holdings, Inc or any of Paltalk's intellectual property other than the '858 Patent. No other entities or patents are relevant to the claims or defenses of this lawsuit, and this topic seeks information well beyond what is relevant to the claims or defenses in this case. Paltalk also objects to this topic as beyond the scope of acceptable discovery under the local rules and the Federal Rules of Evidence to the extent it seeks information about other entities that is outside of Paltalk's personal knowledge.

Subject to and without waiving its objections, Paltalk responds that it has not sold or attempted to sell any products that practice the '858 Patent. Paltalk does offer a video chatting product available via download from Paltalk's publicly available website. Paltalk does not regularly communicate with its video chatting customers, although customers may seek product support via an online chat feature.

RESPONSE TO INTERROGATORY NO. 27:

Paltalk objects to this interrogatory as not relevant, overbroad, and unduly burdensome to the extent it seeks testimony about any entities other than Paltalk Holdings, Inc. No other entities or patents are relevant to the claims or defenses of this lawsuit, and this topic seeks information well beyond what is relevant to the claims or defenses in this case.

Subject to and without waiving its objections, Paltalk responds that there are no "Related Entities." Paltalk did not acquire HearMe and only acquired assets from HearMe in the agreement produced by Paltalk at PT_0000767-816. Paltalk reserves the right to supplement this response.

<u>RESPONSE TO INTERROGATORY NO. 28:</u>

Paltalk objects to Interrogatory No. 28 because it is duplicative of Interrogatory No. 15. Paltalk reiterates its objections to Interrogatory No. 15, including Paltalk's objection that this request seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, law, or rule.

Subject to and without waiving its foregoing objections, Paltalk responds that it has not identified any non-privileged communications between Paltalk and any individual Paltalk may call as a witness at trial, or any person listed in Paltalk's Initial Disclosures. Paltalk reserves the right to supplement this response.

Dated: December 15, 2022

Respectfully submitted,

*/s/ Sarah E. Piepmeier*

_____

Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Ryan Hawkins (admitted *pro hac vice*)
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
RHawkins@perkinscoie.com
Telephone: (858) 720-5709
Facsimile: (858) 720-5809

Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
JDelacenserie@perkinscoie.com
Telephone: (206) 359-3644

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
110 North College
500 Plaza Tower
Tyler, TX  75702
mikejones@potterminton.com
shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846
ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 15, 2022.

*/s/ Sarah E. Piepmeier*
Sarah E. Piepmeier