# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | CIV. NO.: 6:21-cv-00757-ADA-DTG <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF PALTALK HOLDINGS, INC.'S RESPONSE TO CISCO SYSTEMS, INC.'S MOTION FOR MISTRIAL

The Court should deny Cisco's Motion for Mistrial. Cisco contends that the Court has made inconsistent rulings, and that Cisco has been prejudiced as a result. That is flatly and indisputably wrong. The Court's position has been unwavering:

- At the June 29, 2023 pretrial conference, the Court ruled that "'each' has a plain and ordinary meaning which can include 'one or more.'"

- Cisco moved for clarification, and at the August 1, 2024 pretrial conference, counsel for Cisco asked: "So just to clarify, Your Honor's ruling is that 'each' takes its plain and ordinary meaning, that can include one or more …." The Court answered in the affirmative.

- During trial, the Court explained that "the intent of my construction … is that it can include 'one or more' but it doesn't have to." Aug. 27 Tr. at 640:7-10.

- Throughout trial, the Court has allowed both parties to present its June 2023 construction—verbatim—to the experts and the jury.

The Court's approach has not changed. It has instead become evident that Cisco and its infringement expert did not accept the Court's longstanding construction because doing so would have led to the obvious result: Cisco infringes.

Cisco now claims that it "crafted its trial presentation with a primary aim of establishing that 'each' meant 'all' or 'every' in the asserted claims of the '858 patent." Motion at 6. And true to its word, Cisco and its experts have tried to avoid liability, not by putting on a technical case—Cisco discussed only a single technical exhibit in their *entire* case in chief—but by obfuscating the Court's construction. Seeing that its plan is not working, Cisco seeks a mistrial. The Court should deny Cisco's request.

As explained, the Court's approach has been consistent. The Court even allowed Cisco to amend its expert reports to provide opinions consistent with its construction of the term "each" after the June 2023 hearing. Cisco did so, serving hundreds of pages of supplemental reports on non-infringement, invalidity, and damages. The Court also allowed a second round of expert depositions. If Cisco and its experts have no viable noninfringement read where "each" can include one or more, then Cisco should have said so and narrowed the disputed issues for trial. Instead, in the middle of trial, Cisco feigned confusion over the Court's order, did not align its expert analysis to the Court's construction, and now seeks a redo.

Cisco has had ample opportunity to advance—and did advance—its position regarding the term "each" in its examinations of its infringement and invalidity experts. *See* Aug. 28 Tr. at 700:2-701:21 (Cisco's expert: "I understand that the Court has constructed the term 'each' to have the property that it can include 'one or more.' So 'one or more' means it might include one or it might include anything more than one. Two, six, everything…. I determined that as my understanding of the construction, 'each' can mean 'one [or] more' or 'everything.' So I assessed it in place based on the supporting language as to how I would understand it in the context of the '858 patent."); Aug. 28 Tr. at 864:14-17 (Cisco's expert agreeing that "each" "[c]an be 'one or more.'").

The Court should deny Cisco's motion.

I.   **LEGAL STANDARD FOR MISTRIAL**

The Federal Circuit reviews rulings on motions for new trial under the law of the regional circuit. *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1406 (Fed. Cir. 2004). The Fifth Circuit has explained that district courts "do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Id*. (citing *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999)). A mistrial is an extraordinary remedy that should be granted only when an error or issue results in a fundamental miscarriage of justice, such that it is impossible

to proceed fairly. In patent litigation, particularly with issues of claim construction, it is imperative to show that the alleged error has caused substantial harm or prevented a fair trial. That is not the case here.

## II.     THE CLAIM CONSTRUCTION DISPUTE

### A.     Nature of the Dispute

Cisco's Motion is centered on a resolved dispute regarding the interpretation of a single patent claim term—namely, the "each" term, as recited in the asserted '858 Patent. Claim construction is a matter of law that is resolved by the court, which the Court did here at summary judgment and in pretrial proceedings. Contrary to the arguments raised in Cisco's Motion, the Court's pretrial claim construction of "each" is consistent with the Court's instructions during trial.

At the June 2023 and August 2024 pretrial conferences, the Court ruled that the term "each" takes its plain and ordinary meaning, which can include "one or more." June 29, 2023 Tr. at 156:8-12 (court's ruling that "'each' has a plain and ordinary meaning which can include 'one or more'"); Aug. 1, 2024 Tr. at 8:3-12 ("Counsel: So just to clarify, Your Honor's ruling is that 'each' takes its plain and ordinary meaning, that can include one or more, it does not have to include ... THE COURT: Correct. Yes, ma'am").

During trial, the Court continued to give "each" its plain and ordinary meaning, which can "include one or more." Paltalk's experts appropriately offered testimony

applying that construction. *See* Aug. 27 Tr. at 624:1-16. And Cisco's counsel repeatedly asked its own technical expert (Mr. Willis) how he understood the term "each" as a person of ordinary skill in the art. Cisco asked the same questions of its validity expert Mr. Bress. Both of Cisco's experts opined that they viewed the term "each" as all, and Bress acknowledged all is a subset of one or more. *See* Aug. 28 Tr. at 863:19-864:3 ("Let's say you had five things. One, two, three, four, five. So you have five. So five is 'all.' So five is a subset. That's the 'one or more.' So that's broader. 'All' is narrow.").

### B.  The Court Resolved the Claim Construction Issue

#### 1. Pretrial Rulings

As Cisco acknowledges, Cisco was afforded the opportunity to fully brief the disputed construction of the "each" claim term at summary judgment. Motion at 1. Cisco further acknowledges that at the June 29, 2023[1] pretrial conference, the Court denied Cisco's summary-judgment motion and held that "'each' has a plain and ordinary meaning which *can include* one or more." *Id*. at 2 (citing 2023.06.30 PTC Tr. 156:8–12) (quotations omitted) (emphasis by Cisco).

Cisco asked for clarification of the Court's claim construction ruling for the "each" term and the Court agreed to hear the issue at the August 1, 2024 final pretrial conference. Cisco's Motion includes an excerpt of the transcript from that hearing

---

[1] The Motion erroneously states the pretrial conference occurred a year earlier on June 30, 2022.

5

where Cisco asked whether the Court had construed "each" to *mean* "one or more" or to be *inclusive* in scope of "one or more." Motion at 2–3 (citing PTC 2024.08.01 Tr. 8:3–21). The Court confirmed that the Court had construed "each" under its plain and ordinary meaning to be inclusive in scope of "one or more." *Id*.

Nevertheless, Cisco alleges it had based a strategy for the three weeks following the final pretrial conference on the (misguided) understanding that the jury would not be informed of the Court's construction. Motion at 3.

### 2. Trial

Trial began on August 26, 2024. When Cisco complained at trial that it should be afforded an opportunity to be heard again on that disputed issue over the construction of "each," the Court confirmed on the record that the Court has already "done that" by construing the plain and ordinary meaning for "each" to "include one or more." *Id*. at 10:2, 11–14.

On the second day of trial, the Court underscored its consistency, stating "the intent of my construction [for the 'each' term] is that it can include 'one or more,' but it doesn't have to. It could be 'one or more' or it could be 'all' or 'every.'" 2024.08.27 Trial Tr. 640:7–10; *see also id*. 641:12-15.

In referring to the second day of trial, Cisco takes a statement out of context in asserting that the Court intended to have the jury decide the legal dispute regarding the proper construction of "each." Motion at 4 (citing 2024.08.27 Trial Tr. 653:11–12).

That is wrong. The Court properly instructed the parties (and by extension, their experts) that they should present their cases in reliance on the Court's construction. When the Court stated on Tuesday, "the jury will decide it" (Tr. 653:11–12), the Court was not referring to the resolved legal issue of claim construction. Rather, the reference to "it" referred to the jury making an ultimate finding on infringement.

Cisco complains that Paltalk's experts were allowed at trial to rely on statements from the Court concerning the construction of the "each" term. Motion at 6–7. Of course they could: experts *must* rely on the Court's constructions. Cisco further contends that it was not allowed to cross-examine Plaintiff's expert, Dr. Schaefer, on the basis that "each" exclusively refers to "all or every." *Id*. Cisco also claims prejudice from being prohibited from asking its own fact witnesses to opine on how "each" should be construed. *Id*.

### III.   NO GROUNDS FOR MISTRIAL

#### A.   The Court's Consistent Approach

Cisco seeks a mistrial on the basis that it has been prejudiced by an alleged change of direction by the Court. But there was no change in direction. The Court construed a term when it realized it was disputed. The Court allowed the parties to supplement their expert materials and take additional depositions. The Court then instructed the parties and the experts to proceed at trial consistent with its approach.

## B.   Prejudice and Impact

The standard for a mistrial requires a showing of significant prejudice that impacts the fundamental fairness of the trial. Cisco's Motion does not make this showing. Cisco's theory is essentially that the Court changed direction to Cisco's prejudice. Cisco argues that "[o]n day one of trial, however, the Court applied different parameters." Motion at 3.

Even if that were true (it is not), there is no prejudice because Cisco had ample opportunity to address the court's construction—and did address that construction—with its experts at considerable length. *See, e.g.*, Aug. 28 Tr. at 700:2-701:21. Cisco also addressed the construction of "each" in opening and presumably will do so in closing as well.[2]

Caselaw also refutes Cisco's position. In *Power Mosfet*, 378 F.3d at 1406, for instance, the Federal Circuit affirmed a ruling that the movant failed to show prejudice resulting from the district court changing its claim construction at trial, from a pretrial construction that the parties agreed was incomplete. *Id*. Analogous reasoning would defeat Cisco's motion, even if the Court had altered its claim construction for the

---

[2] The lack of prejudice is particularly apparent given Cisco's own experts' reports. Messrs. Willis and Bress both explicitly acknowledged the Court's construction and purported to base their opinions on the Court's guidance. *See* Oct. 3, 2023 Rpt. of Willis ¶ 71 ("At the conclusion of that hearing, Judge Albright stated "I'm going to find that the plain and ordinary meaning of 'each'— 'each' has a plain and ordinary meaning which can include one or more."); Aug. 22, 2023 Rpt. of Bress ¶ 52 ("I understand that at a hearing on June 29, 2023, the Court stated that the term 'each' 'has a plain and ordinary meaning which can include one or more' (citing same pretrial conference transcript shown in court)).

"each" term during trial. As to its fact witnesses, Cisco has not established that its fact witnesses would be permitted to offer their views on the construction of terms in a patent, and those witnesses were never designated as experts under Rule 26(a)(2)(c). *See* FRE 701.

## IV. CONCLUSION

The Court should deny Cisco's Motion for a mistrial.

Dated: August 28, 2024

Respectfully submitted,

/s/ *Max L. Tribble, Jr.*
Max L. Tribble, Jr.
Texas Bar No. 2021395
Ryan Caughey
Texas Bar No. 24080827
Amber B. Magee (admitted *pro hac vice*)
Texas Bar No. 24121572
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
rcaughey@susmangodfrey.com
bbarcelo@susmangodfrey.com
amagee@susmangodfrey.com

Kalpana Srinivasan
California Bar No. 237460
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

9

Mark D. Siegmund
State Bar No. 24117055
**Cherry Johnson Siegmund James PLLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
P: (254) 732-224
F: (866) 627-3509
msiegmund@cjsjlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the parties, or the attorney(s) of record for all parties to the above cause in accordance with the Federal Rules of Civil Procedure on this 28th day of August, 2024.

*/s/ Max L. Tribble, Jr.*
Max L. Tribble, Jr.
