UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TEXAS
WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | CIVIL ACTION NO.: 6:21-cv-00757-ADA-DTG <br><br> JURY TRIAL DEMANDED |

**PALTALK'S MOTION TO AMEND THE FINAL JUDGMENT**

Paltalk moves to amend the Final Judgment to add prejudgment and post-judgment interest. Paltalk prevailed at trial, and the Court should award prejudgment and post-judgment interest to fully compensate Paltalk for Cisco's infringement. Applying this Court's precedent on the accrual of prejudgment interest and the rate of prejudgment interest, prejudgment interest should be awarded in the amount of $8,960,896. Post-judgment interest should be calculated at the rate prescribed by 28 U.S.C. § 1961(a). Paltalk respectfully requests that the Court enter an Amended Final Judgment awarding Paltalk $8,960,896 in prejudgment interest and awarding Paltalk post-judgment interest under 28 U.S.C. § 1961.[1]

**I.    BACKGROUND**

On August 29, 2024, the jury returned a verdict that Cisco infringed the '858 Patent and awarded Paltalk damages in the amount of $65,700,000.00. Dkt. 211. On October 8, 2024, the Court entered Final Judgment on the jury's verdict. Dkt. 221.

---

[1] Paltalk's proposed Amended Final Judgment is attached as Exhibit 1.

## II.     ARGUMENT

Paltalk prevailed at trial and now seeks prejudgment and post-judgment interest as compensation for Cisco's infringement. Prejudgment interest is the rule, not the exception, and should be denied only under exceptional circumstances. None of those circumstances exists here, and the Court should award Paltalk prejudgment interest.

Paltalk expects Cisco to argue that Paltalk is not entitled to prejudgment interest because Paltalk supposedly delayed unreasonably. That is false. The Court should award Paltalk prejudgment interest over Cisco's unreasonable delay argument for three reasons. First, Paltalk did not unreasonably delay. Second, Cisco was not prejudiced by any purported delay. Third, this case is distinguishable from cases where prejudgment interest has been withheld for delay.

The Court should award $8,960,896 in prejudgment interest. This amount is consistent with this Court's precedent that prejudgment interest begins accruing when damages begin and is calculated using the Treasury Bill rate. The Court should also award Paltalk post-judgment interest on both the damages award and the amount of prejudgment interest calculated by the Court.

### A.     Paltalk should be awarded prejudgment interest.

"Upon finding for the claimant the court **shall** award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284 (emphasis added). That amount includes prejudgment interest, which should be awarded in all but the most "exceptional circumstances." *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, 2022 WL 1477728, at *3 (W.D. Tex. May 10, 2022) (explaining that prejudgment interest should be awarded unless "exceptional circumstances exist") "The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty

rather than infringe." *Id.* (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1094 (Fed. Cir. 2014)).

Paltalk prevailed at trial and should be awarded prejudgment interest as calculated in Exhibit 2. *See* Ex. 2, Schedule 1. During the parties' post-trial meet and confers, Cisco did not object to Paltalk's method of calculating prejudgment interest or present an alternative calculation; Cisco asserted only that Paltalk is not entitled to prejudgment interest "due to the unreasonable delay in filing suit." Ex. 3 at 1. There was no unreasonable delay.[2] And in any event, withholding prejudgment interest based on alleged delay is the exception, not the rule. *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988). For three reasons, Cisco cannot demonstrate that this case is exceptional and that prejudgment interest should be denied.

***First***, Paltalk did not unreasonably delay. Paltalk filed this lawsuit well before the patent expired and within the six-year statute of limitations in 35 U.S.C. § 286. Cisco argues that Paltalk should have filed this lawsuit sooner, but the evidence shows that Paltalk's approach was reasonable. Paltalk is a small company with 17 employees whose primary business is providing software to consumers. Ex. 4 79:1-3. Paltalk has limited bandwidth for projects outside its primary business. *See* Ex. 5 39:7-24 ("[W]e are a small company, and we don't have a whole lot of bandwidth for many things. We have to sort of focus."). Paltalk filed unrelated patent infringement lawsuits in 2006. *Id.* 40:8-11 (Q: Paltalk first filed litigation on either the '523 or '686 patent in approximately 2006; is that right? A: That's right.). The last of Paltalk's previous patent suits concluded in 2020.

---

[2] Moreover, some courts have rejected the unreasonable delay argument against prejudgment interest after *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC,* 580 U.S. 328 (2017) (holding that laches is no defense to infringement for cases filed within 35 U.S.C. § 286's limitations period). These cases include *Provisur Techs., Inc. v. Weber, Inc.*, No. 19-CV-06021-SRB, 2023 WL 11950360, at *3 (W.D. Mo. Jan. 9, 2023) (citing *SCA Hygiene* and rejecting argument that prejudgment interest should be denied for delay) and *Ironworks Pats., LLC v. Apple, Inc.*, 255 F. Supp. 3d 513, 533 (D. Del. 2017) (same).

After its other litigation concluded, Paltalk re-evaluated its patent portfolio in late 2020 or early 2021 and promptly brought this lawsuit in July 2021. Ex. 4 117:15-18 (explaining that Paltalk began investigating Cisco in 2020 or 2021). Cisco may argue that Paltalk should have litigated the '858 Patent sooner, but Paltalk—a revenue-generating operating company—reasonably (perhaps necessarily) chose to focus its efforts on one set of litigation at a time. *See* Ex. 5 39:24-35:1 ("So that other litigation had been, I think, ongoing from 2016. It was four years. *There was no way we could be doing anything else*."). Paltalk brought this lawsuit as soon as it realistically could after its other litigation ended. The Court should not penalize smaller companies like Paltalk for lacking the bandwidth to pursue multiple complex cases involving distinct intellectual property at once.

**Second**, Cisco was not prejudiced by any purported delay. "[A]bsent prejudice to the defendants, any delay by [Plaintiff] does not support the denial of prejudgment interest." *Lummus*, 862 F.2d at 275; *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2008 WL 5263903, at *1 (D. Del. Dec. 12, 2008) ("[L]itigation delays will not support the denial of prejudgment interest unless those delays cause prejudice."). Cisco may argue that it was prejudiced by Paltalk filing suit in 2021 because Cisco's Webex sales were higher in 2021, but this argument is unavailing. If Paltalk had filed suit earlier, Paltalk would have sought a running royalty to account for future use (a royalty that may have resulted in damages exceeding those awarded by the jury). Running royalties are, of course "dependent on the level of sales or usage by the licensee." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1326 (Fed. Cir. 2009). As Cisco's Webex sales increased, the amount of money Cisco owed Paltalk under the running royalty would have also increased. Because a running royalty would have also captured Webex's recent increase in revenues, any argument that Cisco was prejudiced because of higher sales should be rejected.

4

Any argument that Cisco was prejudiced by a loss of evidence or unavailability of witnesses should be rejected too. Paltalk preserved and produced the relevant documents, and Cisco never raised any dispute about the availability of evidence. Nor were there any disputes about unavailable witnesses – Paltalk's CEO testified about the HearMe acquisition and the intellectual property Paltalk received from HearMe, and Cisco spoke to several of the '858 Patent inventors and retained one of them. Cisco has no basis to claim prejudice.

**Third**, this case is distinguishable from *Crystal Semiconductor* and its progeny, which Paltalk expects Cisco to cite. In *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336 (Fed. Cir. 2001), the Federal Circuit affirmed the denial of prejudgment interest because the plaintiff delayed suing as part of a litigation tactic. *Id.* at 1362. The evidence demonstrated that the plaintiff discovered the defendant's infringement more than two years before suing, notified 30-40 companies (excluding defendants) that they were all infringing the plaintiff's patent, but failed to tell defendants that they were infringing because the plaintiff wanted to do business with companies that had relationships with defendants. *See id.*

None of these facts are present here. Paltalk started investigating Cisco's potential infringement in late 2020 or early 2021 and promptly filed this suit in July 2021. *See* Ex. 4 117:15-18. Paltalk did not notify other companies that they were likely infringing the '858 Patent and intentionally omit Cisco from the list, and neither commercial considerations nor litigation tactics influenced the timing of Paltalk's lawsuit.

*Soverain Software LLC v. J.C. Penney Corp., Inc.*, 899 F. Supp. 2d 574 (E.D. Tex. 2012),[3] demonstrates why prejudgment interest should be awarded here. There, the defendant opposed prejudgment interest based on delay. The plaintiff argued that it had not delayed in suing and had

---

[3] *Rev'd sub nom. Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC,* 778 F.3d 1311 (Fed. Cir. 2015).

been occupied by "actively enforcing its patents in other cases while also defending the patents in reexamination proceedings." *Id.* at 587. The same is true here. Paltalk was litigating other parts of its patent portfolio through 2020 and did not reasonably have the bandwidth to litigate the '858 Patent prior to 2021. *See* Ex. 5 39:24-35:1. Once Paltalk had the bandwidth to litigate other patents, Paltalk conducted an investigation and promptly filed suit.

Cisco cannot demonstrate that Paltalk unreasonably delayed or that any delay prejudiced Cisco. For these reasons, the Court should award Paltalk prejudgment interest.

### B. Prejudgment interest equates to $8,960,896.

Paltalk's damages expert, Walter Bratic, has calculated the amount of prejudgment interest owed on Paltalk's damages award. Because Bratic's calculation is consistent with this Court's precedent on the accrual of prejudgment interest and the rate of prejudgment interest, the Court should adopt Mr. Bratic's calculation.

#### 1. Prejudgment interest began accruing on July 23, 2015.

Paltalk seeks prejudgment interest from the date damages began on July 23, 2015 through the date of final judgment on October 8, 2024. *See* Ex. 2, Schedules 1 and 2. This interest period is consistent with this Court's guidance and Federal Circuit precedent. *See, e.g.*, *VLSI Tech. LLC*, 2022 WL 1477728, at *3 ("The interest period for prejudgment interest typically begins from the date of infringement to the date of judgment."); *Nickson Indus., Inc. v. Rol Mfg. Co.,* 847 F.2d 795, 800 (Fed. Cir. 1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment."). It is undisputed that the damages period began on July 23, 2015. The Court should conclude that prejudgment interest started accruing on July 23, 2015.

### 2. The Court should calculate prejudgment interest using the average one-year Treasury Bill Rate, compounded annually.

The district court has discretion in deciding "[t]he rate of prejudgment interest and whether it should be compounded or uncompounded." *VLSI Tech. LLC*, 2022 WL 1477728, at *2. Some courts award prejudgment interest at the prime rate. *Id.* at *2 (collecting cases). Others award prejudgment interest at the lower Treasury Bill rate. *Id.* (collecting cases).

Bratic calculated prejudgment interest using the average one-year Treasury Bill rate, compounded annually and distributed ratably over the damages period. *See* Ex. 2, Schedules 1-3. Though Bratic could have calculated prejudgment interest using the higher prime rate, Bratic used the Treasury Bill rate to be conservative and consistent with this Court's precedent. *See VLSI Tech. LLC*, 2022 WL 1477728, at *2-3 (using Treasury Bill rate to calculate prejudgment interest and compounding interest annually).

Bratic's methodology and prejudgment interest calculation is both consistent with the Court's precedent and conservative. The Court should enter prejudgment interest in the amount of $8,960,896.

### C.   The Court should award Paltalk post-judgment interest on both the damages award and the prejudgment interest award.

Under 28 U.S.C. § 1961, "post-judgment interest shall be allowed on any money judgment in a civil case recovered in a district court." *NCS Multistage Inc. v. Nine Energy Serv., Inc.*, No. 6:20-CV-00277-ADA, 2023 WL 149071, at *4 (W.D. Tex. Jan. 9, 2023) (internal quotation marks omitted). Post-judgment interest accrues on the damages award and on prejudgment interest. *See id.* at *4 ("NCS is entitled to post-judgment interest on the entire judgment amount…"); *see also Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 248 F. Supp. 3d 837, 847 (S.D. Tex. 2017) ("Post-judgment interest accrues on the prejudgment interest."). Post-judgment accrues from the date of

final judgment until the date of payment, and is calculated using the weekly average 1-year constant maturity Treasury yield, computed daily and compounded annually. *See VLSI Tech. LLC*, 2022 WL 1477728, at *4 (accrual); *NCS Multistage Inc,* 2023 WL 149071, at *4 (calculation).

Because Paltalk prevailed at trial, Paltalk should be awarded post-judgment interest. The Court should calculate post-judgment interest on both the damages award and the prejudgment interest. Paltalk respectfully requests that the Court award post-judgment interest on the entire judgment amount.

## CONCLUSION

Paltalk respectfully requests that the Court amend the Final Judgment to award prejudgment interest in the amount of $8,960,896 and to award post-judgment interest consistent with 28 U.S.C. § 1961.

Dated: November 5, 2024              Respectfully submitted,

By: */s/ Max L. Tribble, Jr.*
  Max L. Tribble, Jr.
  State Bar No. 2021395
  SUSMAN GODFREY L.L.P.
  1000 Louisiana Street, Suite 5100
  Houston, Texas 77002-5096
  Telephone: (713) 651-9366
  Fax: (713) 654-6666
  mtribble@susmangodfrey.com

  **ATTORNEY-IN-CHARGE FOR**
  **PLAINTIFF PALTALK HOLDINGS, INC.**

OF COUNSEL:

Ryan Caughey
State Bar No. 24080827
Amber Magee (*admitted pro hac vice*)
State Bar No. 24121572
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
rcaughey@susmangodfrey.com
amagee@susmangodfrey.com

Kalpana Srinivasan
State Bar No. 237460
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

Mark D. Siegmund
State Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES, PLLC
400 Austin Ave., 9th Floor
Waco, Texas 76701
Telephone: (254) 732-2242
Fax: (866) 627-3509
msiegmund@cjsjlaw.com

## CERTIFICATE OF SERVICE

This document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Amber B. Magee*
Amber B. Magee
