IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | CIVIL ACTION NO. 6:21-CV-00757-ADA <br><br><br> JURY TRIAL DEMANDED |

**PALTALK'S REPLY IN SUPPORT OF ITS MOTION TO AMEND AND TO ADD PREJUDGMENT INTEREST**

# INTRODUCTION

Cisco does not contest either Paltalk's proposed methodology for calculating prejudgment interest or the amount of interest yielded by that calculation. It is therefore undisputed that if prejudgment interest is awarded, the Court should award $8,960,896 in prejudgment interest.[1]

Cisco argues instead that prejudgment interest should not be awarded at all. The Court should reject that notion. It is well-established in this district and nationwide that prejudgment interest should be awarded in all but exceptional cases. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, 2022 WL 1477728, at *3 (W.D. Tex. May 10, 2022) (prejudgment interest should be awarded unless "exceptional circumstances exist."). "[T]he withholding of prejudgment interest based on delay is the exception, not the rule …." *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988). This is not an exceptional case.

- <u>Paltalk did not "unduly" delay</u>. The unrebutted evidence establishes that Paltalk is an operating company with a widely used online platform. It has scant time and resources to devote to IP enforcement, so it pursued this lawsuit only when it had the capacity to do so. That is not "undue" delay—it is a reasonable and uncontested explanation.

- <u>Paltalk did not benefit from the timing of the lawsuit</u>. Cisco makes a bizarre assertion: that Paltalk strategically delayed filing until after COVID hit. But Paltalk could not have predicted COVID and, therefore, could not have sought to delay until after a pandemic hit. In any event, if Paltalk had sued earlier, it would have sought a running royalty that would have compensated Paltalk through the COVID era.

- <u>Cisco was not prejudiced</u>. Cisco argues that it was prejudiced because different usage data might be available if Paltalk had sued earlier. This argument is illogical. Cisco avers to preserving 13 months of usage data. Thus, regardless of Paltalk's timing, the same volume of usage data would have been available. And there is reason to believe that had Paltalk sued earlier—when hybrid conferences were likely more common—apportionment would have been more favorable to Paltalk.

- <u>The jury's award did not include interest</u>. Cisco's final argument is that the jury already fully compensated Paltalk, so no interest should be awarded. This argument finds no support in the law. The patent statute provides clearly that it is the Court's—not the jury's—role to calculate and award interest. In keeping with that edict, neither party

---

[1] The parties have also agreed on a rate of post-judgment interest. *See* Dkt. 228.

1

presented evidence of interest to the jury, which issued an award that did not include interest. The Court should amend the judgment to include interest.

The Court should grant Paltalk's motion to amend the judgment and award $8,960,896 in prejudgment interest.

## ARGUMENT

**I.     Cisco is wrong that Paltalk's alleged "delay" forecloses prejudgment interest.**

**A.     The unrebutted facts show that Paltalk did not engage in undue delay.**

Cisco points out the obvious: since the 2007-2010 period, Paltalk was aware of Cisco's and Webex's existence and had general familiarity with the video- and audioconferencing space. Cisco Opp. at 2. On that basis, Cisco complains that even though the accused functionalities were present in 2010, Paltalk did not sue until 2021. *Id.* Cisco characterizes this timing as "undue" delay. *Id.* at 3. Cisco is wrong as a matter of both fact and law.

*First*, the facts are unrebutted: Paltalk did not strategically delay in filing but instead filed promptly upon coming to believe that the '858 Patent was infringed. Cisco acknowledges the testimony that Paltalk is a small company that has focused on its operating business. Cisco Opp. at 3. And it's true: the evidence is undisputed that Paltalk had limited bandwidth outside of its core business and has only sporadically enforced its IP. *See* Mtn. at 4. And when Paltalk's prior IP litigation ceased, Paltalk evaluated its portfolio and pursued this lawsuit. *See id.* Those facts, standing alone, refute Cisco's "undue delay" allegation.

*Second*, Cisco cites no authority for the proposition Paltalk's timing forecloses an award of prejudgment interest. Cisco cites *General Motors Corp v. Devex Corp.*, 461 U.S. 648, 656 (1983), in support of the proposition that Paltalk's alleged delay should bar prejudgment interest. But *General Motors* is unhelpful to Cisco: it summarily affirmed an award of prejudgment interest, reciting the bedrock principle that "prejudgment interest should ordinarily be awarded absent some

2

justification for withholding such an award, a decision to award prejudgment interest will only be set aside if it constitutes an abuse of discretion."

Cisco next cites *Crystal Semiconductor Corp. v. TriTech Microelectronics International, Inc.*, 246 F.3d 1336, 1346 (Fed. Cir. 2001), to suggest that a "two-year delay" in suing for infringement bars prejudgment interest. But in *Crystal Semiconductor*, the court found that Crystal used "delay [as] a litigation tactic" by sending "letters to 30 or 40 companies" but strategically leaving out the defendants "even though Crystal had already determined that [they] were infringing Crystal's patents." *Id.* at 1362. Here, there is no suggestion that Paltalk's timing was a "litigation tactic"—and there is no evidence that Paltalk was aware of Cisco's infringement earlier in the '858 Patent's lifespan.

Finally, Cisco cites *Uniroyal v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1546 (Fed. Cir. 1991), but there the issue was whether the plaintiff was entitled to prejudgment interest for a period where the case was stayed at the plaintiff's request. Here, there was no stay—much less a pretrial delay incited by Paltalk. Most of the delays in this case's time to trial were due to COVID. The exceptional circumstance from *Uniroyal* is far afield from the situation here.

Cisco cites no authority suggesting that Paltalk's timing was "undue delay" that could jeopardize an award of prejudgment interest.

**B.      Regardless of Paltalk's timing, Cisco suffered no prejudice.**

Irrespective of Paltalk's timing, "absent prejudice to the defendants, any delay … does not support the denial of prejudgment interest." *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267,

275 (Fed. Cir. 1988). Cisco argues it suffered two forms of prejudice: (1) increased damages due to COVID, and (2) unavailability of certain usage data. Neither point withstands scrutiny.

### 1.     *Paltalk did not gain a tactical advantage by suing in 2021.*

Cisco's contends that Paltalk's decision to sue in 2021—as opposed to the 2007 date of first infringement—"strategically positioned Paltalk to capitalize on the increased usage of Webex during the COVID-19 pandemic." Cisco Opp. at 1. This argument is nonsense: Paltalk is not clairvoyant. Even Cisco acknowledges that the pandemic "was a sudden and unforeseen phenomenon." *Id.* Paltalk did not gain any advantage from COVID—but even if it had, Paltalk could never have predicted a global pandemic (much less "strategically" delayed for profit). Unlike in *Crystal Semiconductor*, for instance, where the record reflected Crystal's use of delay as a "litigation tactic" to inflate damages, here any damages due to COVID usage were happenstance.

In any event, there is no reason to believe the pandemic yielded higher damages. As Paltalk explained in its Motion, had Paltalk sued earlier, it would have sought a running royalty. *See* Mtn. at 4-5. That running royalty would have captured damages associated with Cisco's COVID-era usage and might have yielded a greater recovery than the one awarded by the jury. *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1326 (Fed. Cir. 2009) (running royalties are "dependent on the level of sales or usage by the licensee"). Cisco's opposition did not respond to (or even mention) this point.

The only case that Cisco cites for this "economic prejudice" argument—*ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1065 (Fed. Cir. 1995)—had nothing to do with prejudgment interest. It did not even mention prejudgment interest. *ABB Robotics* instead addressed the affirmative defense of estoppel; it has no bearing on the question of what sort of delay or "economic prejudice" could affect a prejudgment interest award. Cisco cites no authority

4

suggesting that damages from COVID-era sales could provide a basis to deny prejudgment interest.

  2.  *Cisco's presentation of evidence at trial was not prejudiced by the timing of this lawsuit.*

Cisco also argues that, had Paltalk sued earlier, Cisco might have retained additional usage data that could have undercut Paltalk's damages apportionment. Cisco Opp. at 4-5. Cisco's contention is that, because it preserves usage data for only 13 months, Paltalk's timing deprived Cisco of earlier usage evidence. *See id.* Cisco's argument is illogical.

For the 2024 trial, Cisco preserved 13 months of data. If Cisco had sued in any prior year (say, 2012 or 2016), Cisco would have preserved the same 13 months of usage data. There is no reason to believe that, in an earlier trial, Cisco would have been able to present a longer period of usage data. The circumstances would have been identical: Paltalk would have sued and Cisco would have gathered the 13 months' of usage data available to it at the time. But there *is* reason to believe that, with older usage data, the apportionment would have yielded an apportionment more favorable to Paltalk. Over time, PSTN usage has decreased vis-à-vis VoIP usage, which suggests that hybrid PSTN-VoIP conferencing (i.e., infringing conferences) may well have been more common earlier in the '858 Patent's lifespan. *See* Trial Tr. 504:3-8 (noting that usage of "PSTN along with VoIP" "has been steadily declining and consistently declining"). If hybrid conferences were more common in earlier years, it may well be Paltalk that was prejudiced by Cisco's failure to preserve more than 13 months of data.

Cisco also cites no law supporting the notion that the usage data issue it concocts could affect prejudgment interest. The only case Cisco cites on the issue— *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1033 (Fed. Cir. 1992)—addressed laches, did not mention prejudgment interest, and did not even analyze the types or magnitude of lost records that could

5

support a laches defense. *A.C. Aukerman* includes only a boilerplate recitation that "lost records" could be a form of prejudice that supports a finding of laches. Cisco has identified no case where prejudgment interest was denied in a situation anything analogous to the present one.[2]

Finally, the Court should note that Cisco's alleged prejudice is marginal. Cisco does not contend that any witnesses were unavailable—it even retained one of the lead inventors as a consultant. Nor does Cisco identify any facts, source code, or other technical information that was unavailable. Cisco was more than able to mount a robust defense.

## II.   The jury's award of damages does not foreclose an award of prejudgment interest.

Finally, Cisco argues that prejudgment interest should not be awarded because the jury already fully compensated Paltalk and "left no room for additional interest." Cisco Opp. at 1. That is false. It was the jury's task to specify a reasonable royalty given the infringement it found. It was not the jury's task to calculate interest that would be due to Paltalk—it is *the Court's* role to do so.

The patent laws make clear that, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, ***together with interest and costs as fixed by the court***." 35 U.S.C. § 284 (emphasis added). The statute couldn't be clearer: "interest and costs" are to be awarded "by the Court"—not by the jury. Neither side presented evidence of interest to the jury; nor would it have been proper to do so.

---

[2] Also notable is the fact that the jury appears not to have fully accepted Paltalk's apportionment. As Cisco recognizes, the jury awarded $65.7 million—a significant haircut on the $102.6 million in damages it asked for. *See* Cisco Opp. at 5. The jury could have (and likely did) accept Cisco's argument that Dr. Schaefer's technical apportionment should be reduced in light of Cisco's usage data. There is no basis to conclude that the jury rejected the usage analysis Cisco's experts presented. And if the jury accepted Cisco's analysis, there could have been no prejudice.

Cisco's argument is contrary to *General Motors* and countless other authorities supporting the well-established proposition that prejudgment interest should be awarded unless "exceptional circumstances exist." *VLSI Tech. LLC v. Intel Corp.*, 2022 WL 1477728, at *3 (W.D. Tex. May 10, 2022). There is no expectation that a jury's award would already account for prejudgment interest; nor could there be given the clear law that interest is fixed by the court. 35 U.S.C. § 284.

Cisco cites no authority supporting its novel argument that the jury's award itself forecloses prejudgment interest. Cisco's first authority, *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 37 (Fed. Cir. 2012), is contrary to Cisco's argument; it strongly supports the award of prejudgment interest. There, applying an abuse of discretion standard, the Federal Circuit *reversed* a district court's denial of prejudgment interest. *Id.* The Court noted that the jury's award could not have included prejudgment interest, so the court should award it. But the same is true here, as neither side presented evidence of or argument about interest.

Cisco also cites *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1373-75 (Fed. Cir. 2022), apparently in a spirit of candor, because *Kaufman* is on-point precedent that destroys Cisco's argument. In *Kaufman*, the Court reversed a denial of prejudgment interest, recognizing that because prejudgment interest is "fixed by the court," it is the court's role to assess interest, and it should not be assumed that a jury's verdict includes interest. *Id.* In the present case, as in *Kaufman*, the "the jury verdict cannot reasonably be understood to include interest," as "[n]o testimony … would have given the jury any basis for calculating how to include interest." *Id.*

Cisco cites no other authorities, and Paltalk is aware of no authority in any jurisdiction where prejudgment interest has been denied as a result of an argument like the one Cisco makes here. Only by awarding prejudgment interest can the Court "ensure that [Paltalk] is placed in as

7

good a position as [it] would have been in had [Cisco] entered into a reasonable royalty agreement." *Gen. Motors*, 461 U.S. at 655.

## CONCLUSION

The Court should grant Cisco's Motion to Amend the Judgment and award prejudgment interest in the amount of $8,960,896.

Dated: November 26, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: */s/ Max L. Tribble, Jr.*
　　　　　　　　　　　　　　　　　　　　Max L. Tribble, Jr.
　　　　　　　　　　　　　　　　　　　　State Bar No. 2021395
　　　　　　　　　　　　　　　　　　　　SUSMAN GODFREY L.L.P.
　　　　　　　　　　　　　　　　　　　　1000 Louisiana Street, Suite 5100
　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002-5096
　　　　　　　　　　　　　　　　　　　　Telephone: (713) 651-9366
　　　　　　　　　　　　　　　　　　　　Fax: (713) 654-6666
　　　　　　　　　　　　　　　　　　　　mtribble@susmangodfrey.com

　　　　　　　　　　　　　　　　　　　　**ATTORNEY-IN-CHARGE FOR**
　　　　　　　　　　　　　　　　　　　　**PLAINTIFF PALTALK HOLDINGS, INC.**

OF COUNSEL:

Ryan Caughey
State Bar No. 24080827
Amber Magee (*admitted pro hac vice*)
State Bar No. 24121572
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
rcaughey@susmangodfrey.com
amagee@susmangodfrey.com

Kalpana Srinivasan
State Bar No. 237460
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029

Telephone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

Mark D. Siegmund
State Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES, PLLC
400 Austin Ave., 9th Floor
Waco, Texas 76701
Telephone: (254) 732-2242
Fax: (866) 627-3509
msiegmund@cjsjlaw.com

## CERTIFICATE OF SERVICE

      This document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure.

            */s/ Ryan Caughey*
            Ryan Caughey