IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PALTALK HOLDINGS, INC.,<br><br>    Plaintiff<br><br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | §§§§§§§§§§§<br><br>No. 6:21-cv-00757-ADA<br><br>JURY TRIAL DEMANDED |

### PRELIMINARY RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ON DATE OF FIRST INFRINGEMENT AND REQUEST FOR LEAVE TO RESPOND

Without seeking the Court's permission, informing Cisco's counsel, or waiting for the Court to request supplemental information, Paltalk filed a "Supplemental Brief on Date of First Infringement" on April 14, 2025, three days after the April 11 hearing.  *See* Dkt. 241.

At the April 11 hearing, the Court heard approximately forty minutes of argument related to significant errors with Paltalk's damages model that warrant either a reduction in damages or a new trial.  (*See generally* April 11, 2025 Hearing Tr.).  At the conclusion of that hearing, the Court took the issue under advisement (*id.* at 28:23-29:1) and provided that it "may be reaching out to the parties for a little more help on some of the case law that's been cited . . . [a]nd if we need that, we'll let the parties know that as well."  *Id.* at 29:5-8.  The Court has not yet done so.

Cisco respects the Court's rules, guidelines, and preferred procedures and thus awaited further communications from the Court, if any, before submitting any supplemental information.  Paltalk chose instead to violate the Court's local rules and established procedures by filing what amounts to a sur-reply without any request from the Court or first seeking leave.  *See* Local Rule CV-7(e) (Following a reply, "absent leave of court, no further submissions on the motion are allowed"); *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D.

Tex. 2020) (surreplies are "heavily disfavored" and "often amount to little more than a strategy effort by the nonmovant to have the last word on a matter.") (citations and quotations omitted). Paltalk's filing also violates the parties' agreed-upon briefing procedures for post-trial motions, which do not permit or contemplate further submissions after a reply brief.  *See* Dkt. 167 at 3.

Worse yet, Paltalk's brief is a poorly concealed attempt at a complete do-over of its prior briefing and an effort to re-argue an issue the parties addressed during the April 11 hearing under the guise of "further clarify[ing] the relevant legal standard and factual record." Dkt. 241 at 1.  For instance, despite ample opportunity, Paltalk's brief raises the new argument that Ms. Kindler's testimony regarding the date of first infringement "is dispositive" in Paltalk's favor and supports Paltalk's argument that Mr. Bratic, as a damages expert, need not rely upon a technical expert's technical analysis when determining a date of first infringement at a hypothetical negotiation.  *Id.* at 6-7.  These contentions are erroneous and legally incorrect.

Paltalk's supplemental brief is a last-minute scramble to avoid the inevitable conclusion that its damages case was fatally flawed and the jury's award cannot stand.  Cisco stands ready to thoroughly and conclusively explain those flaws.  In order to do so while complying with the Court's rules and procedures, Cisco respectfully requests that the Court grant it leave to respond to Paltalk's arguments by permitting Cisco to file a response, not to exceed 10 pages in length, to Paltalk's brief on or before April 22, 2025.  Cisco respectfully awaits the Court's guidance on this issue.

Dated: April 16, 2025

Ryan Hawkins (admitted *pro hac vice*)
Abigail A. Gardner
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130
RHawkins@perkinscoie.com
AGardner@perkinscoie.com
Telephone: (858) 720-5709

Jessica J. Delacenserie (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
JDelacenserie@perkinscoie.com
Telephone: (206) 359-3644

Andrew T. Dufresne
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703
ADufresne@perkinscoie.com
Telephone: (608) 663-7460

Jonathan I. Tietz (admitted *pro hac vice*)
PERKINS COIE LLP
700 13th Street NW, Suite 800
Washington, DC 20005
JTietz@perkinscoie.com
Telephone: (202) 942-8667

Respectfully submitted,

*/s/ Shaun W. Hassett*
Sarah E. Piepmeier
Elise Edlin (admitted *pro hac vice*)
Robin L. Brewer (admitted *pro hac vice*)
Nathan B. Sabri (admitted *pro hac vice*)
Karl M. Johnston (admitted *pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105
SPiepmeier@perkinscoie.com
EEdlin@perkinscoie.com
RBrewer@perkinscoie.com
NSabri@perkinscoie.com
KJohnston@perkinscoie.com
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON
102 North College, Suite 900
Tyler, TX  75702
mikejones@potterminton.com
shaunhassett@potterminton.com
Telephone: (903) 597.8311
Facsimile: (903) 593.0846

ATTORNEYS FOR DEFENDANT
CISCO SYSTEMS, INC.