# Exhibit 2

2025–1766

---

# United States Court of Appeals for the Federal Circuit

---

Paltalk Holdings, Inc.,
*Plaintiff–Appellee*

v.

Webex Communications, Inc., Cisco Webex, LLC,
*Defendants*

Cisco Systems, Inc.,
*Defendant–Appellant*

---

Appeal from the United States District Court for the Western District of Texas in case no. 6:21-cv-00757-ADA, Judge Alan D Albright

---

## Cisco's Response to the Court's September 2, 2025, Order Directing the Parties to Inform the Court as to How the Appeal Should Proceed

---

Andrew T. Dufresne
Perkins Coie LLP
33 E. Main Street, Suite 201
Madison, Wisconsin 53703
(608) 663–7492
ADufresne@perkinscoie.com

Dan L. Bagatell
Perkins Coie LLP
3 Weatherby Road
Hanover, New Hampshire 03755
(602) 351–8250
DBagatell@perkinscoie.com

Sarah E. Piepmeier
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
(415) 344–7150
SPiepmeier@perkinscoie.com

Jonathan I. Tietz
Perkins Coie LLP
700 13th Street, N.W., Suite 800
Washington, D.C. 20005
(202) 942–8667
JTietz@perkinscoie.com

Counsel for Appellant Cisco Systems, Inc.

September 16, 2025

Regardless of whether the district court's April 10 email to the parties established that the judgment was "final except for an accounting" and thus appealable under 28 U.S.C. § 1292(c)(2), the district court's August 27 order makes clear that the judgment is *now* "final except for an accounting" because the district court has denied Cisco's post-trial motion as to all liability issues and granted a new trial as to damages only. *See* WDTX Dkt. 246.* The judgment is therefore appealable by right under § 1292(c)(2), *see Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305 (Fed. Cir. 2013) (en banc), and Cisco intends to exercise that right.

To avoid any doubt about appellate jurisdiction, Cisco plans to file an additional notice of appeal this week. *See Mondis Tech. Ltd. v. LG Elecs. Inc.*, 6 F.4th 1379 (Fed. Cir. 2021) (holding that an appellant must file its notice of a § 1292(c)(2) appeal within 30 days after resolution of post-trial motions on liability issues). Cisco submits that the filing of that notice of appeal will moot its pending motion for clarification regarding appellate jurisdiction (ECF 8).

---

 * The order is currently sealed, but the parties have agreed that it does not contain confidential information.

- 1 -

For administrative simplicity, Cisco suggests that this Court treat the forthcoming notice of appeal as an amended and supplemental notice of appeal and allow the appeal to proceed under this docket number, No. 2025–1766. *Cf.* Fed. R. App. P. 4(a)(4)(B) (a notice of appeal filed before disposition of all Rule 4(a)(4)(A) motions becomes effective when the order disposing of the last remaining motion is entered, but the appellant must file an amended notice of appeal to challenge the new order). If the Court agrees, then Cisco requests that the Court lift the current stay (ECF 13) and reset the briefing schedule such that Cisco's opening will be due within 60 days from the Court's order resetting the briefing schedule. Cisco asks the Court not to set a shorter deadline because its principal counsel, Andrew Dufresne, is away on a sabbatical until October 20 and will likely have one or more oral arguments in this Court during the Court's November 3–10 session.

If the Court prefers to dismiss the current appeal as premature, Cisco requests that the Court treat Cisco's forthcoming notice of appeal as a notice of a new appeal and docket that appeal under a new number such that Cisco's opening brief will be due 60 days from the date of docketing. *See* Fed. Cir. R. 31(a)(1)(A). Cisco is willing to pay another $605 filing fee if necessary.

Yesterday, Paltalk informed Cisco that Paltalk intends to move for reconsideration of the district court's grant of a new trial on damages. Any such filing would not change the fact that the judgment is now final as to liability, non-final as to damages, and therefore appealable. Cisco accordingly opposes Paltalk's request to hold this appeal in abeyance indefinitely pending a ruling on Paltalk's motion for reconsideration. Cisco does not, however, oppose Paltalk's alternative request to continue the current stay for 30 days to give the district court an opportunity to address Paltalk's motion.

Respectfully submitted,

PERKINS COIE LLP

/s/Dan L. Bagatell

Dan L. Bagatell

Counsel for Appellant Cisco Systems, Inc.

– 3 –